1
2
3
4
5
6

TROUTMAN SANDERS LLP
Jennifer Trusso Salinas, Bar No. 198579
jennifer.salinas@troutmansanders.com
Andre De La Cruz, Bar No. 245175
andre.delacruz@troutmansanders.com
Jenny Kim, Bar No. 282562
jenny.kim@troutmansanders.com
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:  949.622.2700
Facsimile:   949.622.2739

7
8

Attorneys for Plaintiff
SUGARFINA, INC.

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

12
13
14
15
16
17
18
19
20

| | |
|---|---|
| SUGARFINA, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>SWEET PETE'S LLC a Florida limited liability company; ML SWEETS, LLC, a Pennsylvania limited liability company; PETER BEHRINGER, an individual; and ALLISON BEHRINGER, an individual,<br><br>              Defendants. | Case No.  2:17-cv-4456<br><br>JURY TRIAL DEMAND<br><br>**COMPLAINT FOR FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, FEDERAL TRADEMARK INFRINGEMENT, FEDERAL COPYRIGHT INFRINGEMENT, STATE UNFAIR COMPETITION, COMMON LAW TRADEMARK INFRINGEMENT, PATENT INFRINGEMENT, AND UNJUST ENRICHMENT** |

21
22
23
24
25
26
27
28

SUGARFINA, INC.'S COMPLAINT

Plaintiff Sugarfina, Inc. ("Sugarfina") complains and alleges as follows against Defendants Sweet Pete's LLC, ML Sweets, LLC, Peter Behringer, and Allison Behringer (collectively, "Sweet Pete's" or "Defendants").

## NATURE OF THE ACTION

1.      Sugarfina revolutionized the candy industry when it was founded in 2012.  Its founders, Joshua Resnick and Rosie O'Neill, dreamt of creating a luxury boutique retailer of curated candies and sweets.  The inspiration behind Sugarfina was sprouted during a screening of the original "Willy Wonka and the Chocolate Factory" and the simple question: why should kids have all the fun?

2.      Since 2012, Mr. Resnick and Ms. O'Neill have traveled the world to meet with artisan candy-makers and have taste-tested thousands of candies in their search to find the best of the best.  Today, this experience has culminated in Sugarfina redefining confectioneries and the associated experience, including painstakingly creating high quality, distinctive packaging for its redefined confectionaries.  In the years since its founding, Sugarfina has established itself as offering unique luxury products and a highly engaged customer base.

3.      Sugarfina's efforts have now grown to a thriving business that employs over 300 people and operates across various commercial channels, including storefronts, e-commerce, wholesale, and corporate partnerships.

4.      Sugarfina's retail channel focuses on building a footprint at high-end luxury spaces.  Currently, Sugarfina operates over twenty-four (24) retail boutiques, with many additional storefronts planned throughout the globe.  Sugarfina also operates a series of "shop-in-shops" at fourteen (14) Nordstrom's locations in the United States and Canada.  Its wholesale channel caters to premium reseller partners such as Bergdorf Goodman and the Four Seasons Hotels.  Its corporate channel caters to institutional clients seeking to personalize packaging or coordinate events.

5.      At present, Sugarfina's distribution channels have been well established and the Sugarfina brand itself has come to be uniquely synonymous with

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

luxury boutique candy.  Although international expansion will continue, Sugarfina has already become famous for its luxury items throughout the United States and Canada.

6.     From inception, Sugarfina has cultivated unmistakable design features in its products and packaging.  These design features have been used consistently throughout the course of its business.

7.     Sugarfina currently has approximately 140 different lines of candy, i.e., products, each presented in a revolutionary and sophisticated presentation and packaging that evidences Sugarfina's commitment to luxury and quality.  Among the signature innovations of Sugarfina's branding is its presentation of candy in museum-quality Lucite that emphasizes the artisanal and rarified quality of a gourmet small-portion tasting experience.  Because of its innovative packaging and distinctive design, coupled with impeccable attention to the quality of its candy, Sugarfina products continue to thrive.

8.     Sugarfina's creative achievements have resulted in broad intellectual property protection for Sugarfina's innovations, including design patents, trademarks, copyrights, and trade dress protection.  Because of its success, Sugarfina's innovations have been the subject of emulation by its competitors, who have attempted to capitalize on Sugarfina's success by imitating Sugarfina's innovative, elegant, and distinctive products and packaging.

9.     One of these imitators is Sweet Pete's, which has introduced a line of products to compete with Sugarfina products.  Instead of pursuing independent product development, Sweet Pete's has chosen not only to copy Sugarfina's innovative, distinctive, and elegant product and packaging design, but has also copied the types of candy, and protectable names, offered by Sugarfina, in violation of Sugarfina's valuable intellectual property rights.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S COMPLAINT

10.     As alleged below, Sweet Pete's has made and packaged its candy to look like Sugarfina's products through widespread patents, copyright, trademark, and trade dress infringement.

11.     By this action, Sugarfina seeks to put a stop to Sweet Pete's illegal conduct and obtain compensation for the violations that have occurred thus far.

## THE PARTIES

12.     Plaintiff Sugarfina is a Delaware corporation having its principal place of business at 3915 West 102nd Street, Inglewood, California 90303.

13.     Defendant Sweet Pete's LLC is a Florida limited liability company with its principal office at 400 North Hogan Street, Jacksonville, Florida 32202.

14.     On information and belief, Defendant ML Sweets LLC is a Delaware limited liability company with its principal office at 794 Penllyn Blue Bell Pike, Blue Bell, Pennsylvania 19422.  The sole manager of ML Sweets LLC is Marcus Lemonis, the star of the reality television show on CNBC *The Profit*, which featured Sweet Pete's in an episode that first aired on April 1, 2014.  ML Sweets LLC is one of the managers of Sweet Pete's LLC.

15.     On information and belief, Defendant Peter Behringer is an individual that may be contacted at 400 North Hogan Street, Jacksonville, Florida 32202. Mr. Behringer is the founder of Sweet Pete's LLC.

16.     On information and belief, Defendant Allison Behringer is an individual that may be contacted at 400 North Hogan Street, Jacksonville, Florida 32202.  Ms. Behringer is the wife of Peter Behringer and one of the managers of Sweet Pete's LLC.

17.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, servant, employee, and/or alter ego of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of said agency and/or employment, and with the permission and consent, express and/or implied, of the

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

other Defendants herein.  A unity of interest and ownership exists between and among the Defendants such that there is no distinction between or among the Defendants and if the acts alleged herein by one Defendant are treated as the acts of that Defendant alone, an inequitable result will follow.  On information and belief, Defendants have utilized these entities to commit the wrongs alleged herein, to shield themselves from personal liability for their conduct, and to hinder, delay, and/or defraud others. In order to effect justice herein, the corporate fiction maintained by Defendants must be pierced, all relief and damages should be awarded against all Defendants jointly and severally, and all acts of the Defendants should be treated as the acts of the other Defendants.

## **JURISDICTION**

18.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents, copyrights, or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction); and 28 U.S.C. § 1367 (supplemental jurisdiction).

19.     This Court has personal jurisdiction over Sweet Pete's because it has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and 15 U.S.C. § 1114 and 1125, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District.  The acts by Sweet Pete's cause injury to Sugarfina within this District.

20.     Upon information and belief, Sweet Pete's also derives substantial revenue from the sale of infringing products within this District, expects its actions to have consequences within this District, and derives substantial revenue from interstate and international commerce.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 4 -

## VENUE

21.     Venue is proper within this District under 28 U.S.C. §§ 1391(b) and 1367(a) because Sweet Pete's transacts business within this district and offers for sale in this district products that infringe the Sugarfina trade dress and trademarks. In addition, venue is proper because Sugarfina's principal place of business is in this district and Sugarfina suffered harm in this district. Moreover, a substantial part of the events giving rise to the claim occurred in this district.

## BACKGROUND

### *Sugarfina's Innovations*

22.     Sugarfina is a luxury candy boutique well recognized for its distinctive products sold under the SUGARFINA® brand using novel and original designs in its packaging. Defendants are well aware that Sugarfina is the owner of numerous design patents, trademark registrations, and copyright registrations, including the following (having received a cease and desist letter dated March 15, 2016).

- U.S. Design Patent No. D755,641
- U.S. Copyright Reg. No. VA0001963483
- U.S. Copyright Reg. No. VA0001963482

23.     As a direct result of its innovative and distinctive design and packaging, Sugarfina products have been a great success, and their packaging, colors, and presentation have immediately become uniquely associated with Sugarfina as their source.

24.     Sugarfina products, with its branded packaging, have been extensively advertised throughout the United States to capitalize on the existing distribution channels, including social media and internet marketing, with the vast majority of the advertisements featuring photographs of the distinctive design of the Sugarfina products.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S COMPLAINT

25.     In addition, Sugarfina's products have received unsolicited comment and attention in print and social media throughout the world.  Each new Sugarfina product is the subject of positive commentary and receives unsolicited praise from independent social commentators.  Frequently, these unsolicited commentaries are accompanied by images of various Sugarfina products, including their unique packaging.

26.     The Sugarfina product design has come to represent and symbolize the superb quality of Sugarfina's products and enjoys substantial goodwill among consumers.

27.     Sugarfina has received a number of awards for its signature designs and innovations including, but not limited to, the Addy Gold award and the Chain Store Age Breakout Retailer award.

### *Sugarfina's IP Rights*

### *Sugarfina's Trademarks*

28.     Sweet Pete's products are not merely likely to confuse customers; they are certain to confuse customers, and have actually confused customers, as Sweet Pete's sells products with exact or near-exact replicas of Sugarfina's marks, including the following:

- CUBA LIBRE®
- PEACH BELLINI®
- FRUTTINI
- CANDY BENTO BOX®
- CANDY CUBE™
- CANDY CONCIERGE

29.     Sweet Pete's use of Sugarfina's marks creates a high likelihood of confusion, as Sweet Pete's alters virtually nothing about the marks and intentionally imports the entire appearance, sound, and meaning of Sugarfina's marks to profit from the customer's association of the marks with Sugarfina.  Sweet Pete's also

- 6 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    timed its use of Sugarfina's marks to follow closely after Sugarfina's first use.

2        30.      CUBA LIBRE®—attached as Exhibit 1 is a true and correct copy of

3    U.S. Registration No. 4,943,322. Sugarfina first used the CUBA LIBRE® mark on

4    June 6, 2012, and filed a trademark application for this mark on August 14, 2015.

5    Sweet Pete's began using the same mark on a similar product shortly after in 2016.

6        31.      The protected mark CUBA LIBRE® is used in its entirety on Sweet

7    Pete's product—i.e., with the same appearance and sound. Both products are

8    gummy candies—i.e., with the same meaning. On both products, the mark appears

9    on a die-cut label consisting of a circle and a strip over a clear cube, making the

10   overall look and feel of Sweet Pete's use of the mark similar to Sugarfina's.

11        32.      PEACH BELLINI®—attached as Exhibit 2 is a true and correct

12   copy of U.S. Registration No. 4,981752. Sugarfina first used the PEACH

13   BELLINI® mark on December 3, 2013, and filed a trademark application for this

14   mark on August 14, 2015. Sweet Pete's began using the same mark on a similar

15   product in 2016.

16        33.      The protected mark PEACH BELLINI® is used in its entirety on

17   Sweet Pete's product—i.e., with the same appearance and sound. Both products are

18   gummy candies—i.e., with the same meaning. On both products, the mark appears

19   on a die-cut label consisting of a circle and a strip over a clear cube, making the

20   overall look and feel of Sweet Pete's use of the mark similar to Sugarfina's.

21        34.      FRUTTINI—Sugarfina has common law trademark rights in the

22   FRUTTINI mark. Sugarfina began offering Blood Orange FRUTTINI and Italian

23   Lemon FRUTTINI in August 2015. Sweet Pete's began using the same mark for a

24   similar purpose in 2016.

25        35.      The protected mark FRUTTINI is used in its entirety, though with a

26   slight spelling variation, on Sweet Pete's product—i.e., with the same appearance

27   and sound. Both products are gummy candies—i.e., with the same meaning. On

28   both products, the mark appears on a die-cut label consisting of a circle and a strip

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1 over a clear cube, making the overall look and feel of Sweet Pete's use of the mark

2 similar to Sugarfina's.

3      36.     CANDY BENTO BOX®—attached as Exhibit 3 is a true and correct

4 copy of U.S. Registration No. 4,838,646. Sugarfina first used the CANDY BENTO

5 BOX® mark on November 23, 2013, and filed a trademark application for this

6 mark on January 15, 2015. Sweet Pete's began calling its candy boxes "candy

7 bento boxes" and "bento" boxes in 2016.

8      37.     Again, the protected mark CANDY BENTO BOX® is used in its

9 entirety on Sweet Pete's product—i.e., with the same appearance and sound. Both

10 products are candy boxes in which a number of smaller CANDY CUBES™ are

11 nested within—i.e., with the same meaning.

12      38.     CANDY CUBE™—attached as Exhibit 4 is a true and correct copy

13 of U.S. Application No. 87/264,489. Sugarfina began using CANDY CUBE™ on

14 or around 2013 and filed a trademark application for this mark on December 11,

15 2016. Sweet Pete's began using the same mark on identical packaging in 2016.

16      39.     The protected mark CANDY CUBE™ is used in its entirety on

17 Sweet Pete's product—i.e., with the same appearance and sound. Both products are

18 packaging for candies—i.e., with the same meaning. On both products, the mark

19 appears on a die-cut label consisting of a circle and a strip over a clear cube,

20 making the overall look and feel of Sweet Pete's use of the mark similar to

21 Sugarfina's.

22      40.     CANDY CONCIERGE—Sugarfina has common law trademark

23 rights in the CANDY CONCIERGE mark. Sugarfina began calling its customer

24 service team the CANDY CONCIERGE in 2013. Sweet Pete's began using the

25 same mark for the identical purpose in 2016.

26      41.     The protected mark CANDY CONCIERGE is used in its entirety on

27 Sweet Pete's website—i.e., with the same appearance and sound. Both uses of

28 CANDY CONCIERGE refer to the respective companies' customer service team—

i.e., with the same meaning.

*Sugarfina's Trade Dress*

42.     Sugarfina holds trade dress protection in the design and appearance of all of its confectionaries' offerings, together with their distinctive product packaging.

43.     Sugarfina's product packaging and presentation are radically different from the candy stores that preceded it.  It has a distinctive presentation and appearance—a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales techniques.  As shown below, the end result is a luxury product that is accessible and visually appealing to the ordinary observer.  Sugarfina's product design immediately became closely associated with Sugarfina.





SUGARFINA, INC.'S COMPLAINT





44.    Each of these elements of the Sugarfina products is distinctive and serves to identify Sugarfina as the source of its products.

45.    At present, certain elements of Sugarfina's product packaging designs comprise the trade dress at issue in this case (the "Sugarfina Trade Dress") and may include:

- the solid borderline around the product package

- the use of a magnetic latch

- a rectangular product package with minimal lettering;

- the inside bottom surface of the product package dominated by a series of cube wells or trays;

- the series of cube wells each being spaced from one another within the product package; and

- a series of clear cubes containing candy product that each reside in a

corresponding cube well and are immediately visible upon opening the box.

46.     Despite being on clear notice of infringement of these and other intellectual property rights owned by Sugarfina, Defendants have capitalized on Sugarfina's distinctive, novel, and original designs that customers have come to associate with the high quality and innovative candy products that Sugarfina offers.

47.     Defendants have purposely taken steps to increase Sweet Pete's similarity to Sugarfina, and to encourage consumers to confuse the two brands so as to profit from the goodwill Sugarfina has acquired through its careful and diligent marketing.

### *Sugarfina's Design Patents*

48.     Sugarfina has protected its innovative designs and packaging through design patents issued by the United States Patent and Trademark Office.  The Sugarfina design patents cover the many famous ornamental features of Sugarfina candy, such as the spaced cube arrangement, the spaced cube receiving wells, and the distinctive use of a box to hold the clear cubes.

49.     Among others, Sugarfina owns all right, title, and interest in and to the asserted U.S. Design Pat. No. D755,641, titled "Packaging," a true and correct copy of which is attached as Exhibit 5.

### *Sugarfina's Copyrights*

50.     Sugarfina has protected its innovative designs and packaging through copyrights registered with the United States Copyright Office.  The Sugarfina copyrights cover the same famous and original ornamental features of Sugarfina candy packaging as the design patents, such as the spaced cube arrangement, the spaced cube receiving wells, and the distinctive use of a box to hold the clear cubes.

51.     Sugarfina owns all right, title, and interest in and to each of the following asserted copyrights, true and correct copies of which are attached as Exhibits 6 and 7: Reg. Nos. VA0001963482 and VA0001963483.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 11 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

### Sweet Pete's Infringing Products

52.     Defendants have imported into or sold in the United States the following products, each of which infringes one or more of Sugarfina's Intellectual Property Rights: "Cuba Libre Cocktail," "Ooh So Organic Peach Bellini," "Candy Bento Box" or "Bento" box, "Passion Fruitini," and "Candy Cube," among others (collectively, the "Accused Products").  Attached as Exhibit 8 is a true and correct copy of the Accused Products.

53.     Rather than innovate and develop its own packaging and unique style for its candy products, Sweet Pete's chose to copy Sugarfina's innovative style in these infringing products.

54.     Sweet Pete's had many options in developing its candy.  Indeed, Peterbrooke Chocolatier (a predecessor entity to Sweet Pete's) had sold candy for as many as 30 years, but never embodied the same combination of design elements of Sugarfina's presentation.

55.     Sweet Pete's was a failing business prior to its radical transformation into a Sugarfina copycat.  As Peter Behringer and Alison Behringer admitted in an episode of the CNBC show, *The Profit*, published on March 28, 2014, at https://www.youtube.com/watch?v=l-kHNxz5NFI&t=178s, Sweet Pete's lost $17,000 that year and lost $3,000 the previous year, even though Sweet Pete's was not paying Peter Behringer even a fair wage of $12.00 per hour as an employee.[1] Peter Behringer and Alison Behringer made only $10,000 combined in 2013.

56.     Also during this time period before 2014, *none* of Sweet Pete's products were marketed using Sugarfina's intellectual property.  The products shown in the episode of *The Profit* are markedly different from the products sold by Sweet Pete's today, and used generic packaging with an entirely different look and feel from Sugarfina's distinctive packaging.  In contrast to Sugarfina's clean lines,

---

[1] *See* https://www.youtube.com/watch?v=l-kHNxz5NFI&t=178s, at 6:25 to 7:00.

disciplined color palette, and subtle details underscoring the sophisticated tastes of adult customers, Sweet Pete's prior look of carnival motifs of oversized lollipops, chalkboard signage, and wild patterns and colors have the aesthetic of a children's candy store.

 

 

 

SUGARFINA, INC.'S COMPLAINT

1
2
3
4
5
6
7
8





9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

57.     Sweet Pete's experienced a dramatic turnaround in success and profitability after it began infringing Sugarfina's trade dress, trademarks, patent, and copyrights.  In an episode of the *Shark Tank Podcast*, published on September 21, 2016, at https://www.youtube.com/watch?v=rwpHRzdl5T4, Peter Behringer stated that Sweet Pete's was earning revenue of $260,000 per month (or $3,120,000 per year), up from $7,500 per month (or 90,000 per year) before 2014.[2]  The newly revamped Sweet Pete's is shown to rely heavily on several design elements of Sugarfina's distinctive packaging and marketing.

---

[2] https://www.youtube.com/watch?v=rwpHRzdl5T4, at 27:05 to 27:32.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545





- 15 -



58.     Thus, without investing any of the resources or innovation required in developing a strong brand identity and intellectual property portfolio, Sweet Pete's reaped all the benefits of Sugarfina's investment and goodwill in the market.

### *Infringement of Sugarfina's Trademarks*

59.     In addition to copying Sugarfina's Product Trade Dress, Sweet Pete has also copied numerous application icons in which Sugarfina has valid trademark rights, as shown below:

///
///
///
///
///
///
///
///
///

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

a.     CUBA LIBRE®

| Sugarfina's Original Use | Sweet Pete's Infringing Use |
|---|---|
|  |  |

b.     PEACH BELLINI®

| Sugarfina's Original Use | Sweet Pete's Infringing Use |
|---|---|
|  |  |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S COMPLAINT

c.    FRUTTINI

| Sugarfina's Original Use | Sweet Pete's Infringing Use |
|---|---|
| | |

d.    CANDY BENTO BOX®

| Sugarfina's Original Use | Sweet Pete's Infringing Use |
|---|---|
| | |



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

e. CANDY CUBE ™

| Sugarfina's Original Use | Sweet Pete's Infringing Use |
|---|---|



f. CANDY CONCIERGE ™

| Sugarfina's Original Use | Sweet Pete's Infringing Use |
|---|---|

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

60.     Sweet Pete's adoption of a trade dress that copies the Sugarfina Product Trade Dress and its use of various trade names that infringe Sugarfina's trademark rights is likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into thinking that Sweet Pete's products are Sugarfina products, or that they are sponsored by or affiliated with Sugarfina, when they are not.

61.     Sugarfina's goodwill among consumers is closely tied to its position as an outlier in confectioners' products—that of luxury and sophistication.  Sweet Pete's flagrant and relentless copying of Sugarfina's intellectual property rights in its candy products not only allows Sweet Pete's to benefit from Sugarfina's investment, but it also threatens to diminish the very important goodwill that Sugarfina has cultivated with its products.  The value of such goodwill is evident in part in the success that resulted from Sweet Pete's wrongful appropriation: after stealing Sugarfina's aesthetic and branding strategies, Sweet Pete's was resurrected from a failing company that *lost* $17,000 per year to a profitable company generating an annualized revenue of $3,120,000.

62.     Sugarfina's efforts to address Sweet Pete's pervasive copying of Sugarfina's innovations and intellectual property directly with Sweet Pete's have been unsuccessful.

63.     Sweet Pete's chose to infringe Sugarfina's patent, trade dress, and trademark rights through the design, packaging and promotion of its candy products, and it did so willfully to trade upon the goodwill that Sugarfina has developed in connection with its luxury branded products.

### *Infringement of Sugarfina's Trade Dress*

64.     Sugarfina is informed and believes that Sweet Pete's began producing, selling, and marketing its copycat products after Sugarfina's first use of the asserted trade dress.

- 20 -

| Sugarfina's Original Use | Sweet Pete's Infringing Use |
|---|---|



SUGARFINA, INC.'S COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545









2014 VALENTINE'S DAY

2016 VALENTINE'S DAY

65.     Each of Sweet Pete's line of accused products embodies a combination of several elements of the Sugarfina Product Trade Dress identified above, namely, a product configuration with a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales techniques.

SUGARFINA, INC.'S COMPLAINT

*Infringement of Sugarfina's Patent*

66.     Sugarfina was selling its designer three-by-three cell candy bento boxes long before Sweet Pete's. An example is shown below.



67.     In 2014, Sugarfina filed a design patent application covering its unique packaging, such as the packaging shown above.  That design patent application issued on May 10, 2016, as U.S. Design Patent No. D755,641 (the '641 Patent), and is titled "Packaging."

68.     The '641 Patent claims "[t]he ornamental design for a packaging, as shown and described" in the patent. FIG. 1 of the '641 Patent is reproduced below. FIG. 1 depicts an exploded perspective view of the patented design.

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

SUGARFINA, INC.'S COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIG. 1

69.     FIG. 2 of the '641 Patent is reproduced below. FIG. 2 depicts a perspective view of the patented design.



FIG. 2

70.     FIGS. 3–4 of the '641 Patent are reproduced below. FIG. 3 depicts a front view of the patented design. FIG. 4 depicts a rear view of the patented design.

- 24 -



FIG. 3                    FIG. 4

71.     FIG. 5 of the '641 Patent is reproduced below. FIG. 5 depicts a top view of the patented design.



FIG. 5

72.     FIG. 6 of the '641 Patent is reproduced below. FIG. 6 depicts a side view of the patented design.



FIG. 6

SUGARFINA, INC.'S COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

73.     Sweet Pete's began marketing a copycat product in at least 2015, a sample of which is shown below.



74.     An ordinary observer of Sweet Pete's candy packaging and Sugarfina's patented design, giving such attention that a candy purchaser usually gives, would find the two designs to be substantially the same. The '641 Patent claims a packaging including three-by-three cells spaced apart and nested fully within a rectangular box with high, straight walls, with a folding cover top with a pull-tab at the end. As shown above, Sweet Pete's design also includes three-by-three cells of transparent cubes spaced apart and nested fully within a rectangular box with high, straight walls, with a folding cover top with a pull-tab at the end. An ordinary observer would recognize that Sweet Pete's design is substantially the same as the patented design in the '641 Patent.  The overall impression of the two designs is substantially the same.

75.     Further, an ordinary observer familiar with the prior art would be deceived into believing the Sweet Pete's design is the same as the design patented in the '641 Patent.  Of the many prior art candy packaging types, an ordinary observer would recognize that none of the prior art candy packaging types include,

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S COMPLAINT

for instance, the three-by-three cells of transparent cubes spaced apart and nested fully within a rectangular box with high, straight walls, with a folding cover top with a pull-tab at the end as patented in the '641 Patent.

76.      Indeed, it is axiomatic that the '641 Patent is infringed by Sweet Pete's design because in the eye of an ordinary observer, the Sweet Pete's design is substantially the same as the claimed design in the '641 Patent. And indeed, such marketplace confusion has already been shown, an example of which is below.



### *Infringement of Sugarfina's Copyrights*

77.      In addition to the aforementioned design patent protections, Sugarfina also has copyright protections for its three-piece designer candy boxes

1    and its designer candy bento boxes at Reg. Nos. VA0001963482 and
2    VA0001963483.

3         78.    In a blatant attempt to copy Sugarfina, Sweet Pete's designed and
4    developed near exact imitations of Sugarfina's registered works.

5         79.    At least as early as 2016, Sweet Pete's began actively selling these
6    infringing products to retailers and unwitting consumers.  Sweet Pete's infringing
7    products are strikingly similar imitations of Sugarfina's protected products.  Sweet
8    Pete's copied all the original and distinctive qualities of Sugarfina's products,
9    including the configuration of three-by-three cells or three cells of transparent cubes
10   spaced apart and nested fully within a rectangular box with high, straight walls; the
11   use of a die-cut labels on the clear cubes within the outer box; and specific graphic
12   elements designed by Sugarfina, such as the prints, patterns, and colors imprinted
13   on the boxes and labels.

14        80.    Sweet Pete's has no license from Sugarfina to make replicas of
15   Sugarfina's registered original works.  On the contrary, at least as early as March
16   15, 2016, Sugarfina demanded that Sweet Pete's cease its infringing activities.
17   Sweet Pete's refused to comply and continued knowingly and willfully to create,
18   market, and distribute products infringing Sugarfina's copyrights.

19   **FIRST CLAIM FOR RELIEF**
20   **(Trade Dress Infringement)**
21   **(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

22        81.    Sugarfina incorporates and realleges the preceding paragraphs of this
23   Complaint as though set forth in full.

24        82.    Sugarfina is the owner of all right and title to the distinctive
25   Sugarfina Trade Dress.  The Sugarfina Trade Dress, as embodied in Sugarfina
26   products, has acquired secondary meaning, and is not functional.  In addition, the
27   Sugarfina Trade Dress, embodied in the packaging for the Sugarfina products, is
28   inherently distinctive and not functional.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

83.     In addition, based on extensive and consistent advertising, promotion and sales throughout the United States, the Sugarfina Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Sugarfina as the source of these products.

84.     Sugarfina's extensive promotion of the distinctive Sugarfina Trade Dress has resulted in Sugarfina's acquisition of valuable, legally protected rights in the Sugarfina Trade Dress as well as considerable customer goodwill.

85.     Sweet Pete's line of products has misappropriated the Sugarfina Trade Dress by mimicking a combination of several elements of that trade dress. The manufacture and distribution of Sweet Pete products with packaging and product design features that mimic a combination of several elements of the Sugarfina Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Sweet Pete's with Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Sweet Pete's goods, services or commercial activities.

86.     Sweet Pete's actions constitute unfair competition and false designation or origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

87.     Sweet Pete's knew of Sugarfina's Product Trade Dress when it designed its products, and has refused to change its product or packaging design in response to Sugarfina's request. Accordingly, Sweet Pete's infringement has been and continues to be intentional, willful and without regard to Sugarfina's Product Trade Dress.

88.     As a direct and proximate result of Sweet Pete's unlawful acts and practices, including those set forth above, Sweet Pete's has caused, is causing, and unless immediately enjoined by this Court, will continue to cause immediate and irreparable harm to Sugarfina, for which there is no adequate remedy at law, and for which it is entitled to injunctive relief.

- 29 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

89.     Sugarfina is informed and believes, and on that basis alleges, that Sweet Pete has gained profits by virtue of its infringement of the Sugarfina Product Trade Dress.

90.     Sugarfina also has sustained damages as a direct and proximate result of Sweet Pete's infringement of the Sugarfina Product Trade Dress in an amount to be proven at trial.

91.     Because Sweet Pete's actions have been willful, Sugarfina is entitled to treble its actual damages or Sweet Pete's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement)
### (15 U.S.C. § 1114)

92.     Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

93.     Sugarfina owns two federal trademark registrations for the distinctive naming of several of its product lines, i.e., the Registered Trademarks.

94.     The Sweet Pete's line of products has infringed the Registered Trademarks by using identical names in Sweet Pete's products.

95.     Sweet Pete's use of its infringing product lineup is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Sweet Pete's with Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Sweet Pete's goods, services or commercial activities.

96.     Sweet Pete's use of the infringing product lineup enables Sweet Pete's to benefit unfairly from Sugarfina's reputation and success, thereby giving Sweet Pete's infringing products sales and commercial value they would not have otherwise.

1      97.     Before Sweet Pete's first use of the infringing product lineup, Sweet

2  Pete's was aware of Sugarfina's business and had either actual notice and

3  knowledge, or constructive notice of, Sugarfina's Registered Trademarks.

4      98.     Sweet Pete's unauthorized use of the infringing product lineup is

5  likely, if not certain, to deceive or to cause confusion or mistake among consumers

6  as to the origin, sponsorship or approval of Sweet Pete's products and/or to cause

7  confusion or mistake as to any affiliation, connection or association between

8  Sugarfina and Sweet Pete's, in violation of 15 U.S.C. § 1114(a).

9      99.     Sugarfina is informed and believes, and on that basis alleges, that

10  Sweet Pete's infringement of Sugarfina's Registered Trademarks as described

11  herein has been and continues to be intentional, willful and without regard to

12  Sugarfina's rights.

13      100.     Sugarfina is informed and believes, and on that basis alleges, that

14  Sweet Pete's has gained profits by virtue of its infringement of Sugarfina's

15  Registered Trademarks.

16      101.     Sugarfina will suffer and is suffering irreparable harm from Sweet

17  Pete's infringement of Registered Trademarks insofar as Sugarfina's invaluable

18  goodwill is being eroded by continuing infringement.

19      102.     Sugarfina has no adequate remedy at law to compensate it for the

20  loss of business reputation, customers, market position, confusion of potential

21  customers and goodwill flowing from Sweet Pete's infringing activities.  Pursuant

22  to 15 U.S.C. § 1116, Sugarfina is entitled to an injunction against Sweet Pete's

23  continuing infringement of Sugarfina's Registered Trademarks.  Unless enjoined,

24  Sweet Pete's will continue its infringing conduct.

25      103.     Because Sweet Pete's actions have been committed with intent to

26  damage Sugarfina and to confuse and deceive the public, Sugarfina is entitled to

27  treble its actual damages or Sweet Pete's profits, whichever is greater, and to an

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S COMPLAINT

1    award of costs and, this being an exceptional case, reasonable attorneys' fees

2    pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

3    **THIRD CLAIM FOR RELIEF**

4    **(Common Law Trademark Infringement)**

5    104.    Sugarfina incorporates and realleges the preceding paragraphs of this

6    Complaint as though set forth in full.

7    105.    Sugarfina has prior rights in Sugarfina's Registered Trademarks and

8    other unregistered marks, including CUBA LIBRE, PEACH BELLINI, FRUTTINI,

9    CANDY BENTO BOX, CANDY CUBE, and CANDY CONCIERGE.

10    106.    Sweet Pete's product lineup has infringed Sugarfina's Registered

11    Trademarks and unregistered common law marks by using identical or similar

12    names in Sweet Pete's products.

13    107.    Sweet Pete's use of its infringing naming convention is likely to

14    cause confusion, or to cause mistake, or to deceive the consumer as to the

15    affiliation, connection or association of Sweet Pete's with Sugarfina, or as to the

16    origin, sponsorship, or approval by Sugarfina of Sweet Pete's goods, services or

17    commercial activities.

18    108.    Sweet Pete's use of the infringing product lineup enables Sweet

19    Pete's to benefit unfairly from Sugarfina's reputation and success, thereby giving

20    Sweet Pete's infringing products sales and commercial value they would not have

21    otherwise.

22    109.    Prior to Sweet Pete's first use of the infringing application icons,

23    Sweet Pete's was aware of Sugarfina's business and had either actual notice and

24    knowledge, or constructive notice of Sugarfina's Registered Trademarks and other

25    unregistered marks.

26    110.    Sweet Pete's unauthorized use of the infringing product lineup is

27    likely, if not certain, to deceive or to cause confusion or mistake among consumers

28    as to the origin, sponsorship or approval of Sweet Pete's product lineup and/or to

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

cause confusion or mistake as to any affiliation, connection or association between Sugarfina and Sweet Pete's, in violation of 15 U.S.C. § 1114(a).

111.   Sugarfina is informed and believes, and on that basis alleges, that Sweet Pete's infringement of Sugarfina's Registered Trademarks and unregistered marks, as described herein, has been and continues to be intentional, willful and without regard to Sugarfina's rights in its Registered Trademarks and unregistered common law marks.

112.   Sugarfina is informed and believes, and on that basis alleges, that Sweet Pete's has gained profits by virtue of its infringement of Sugarfina's Registered Trademarks and unregistered common law marks.

113.   Sugarfina will suffer and is suffering irreparable harm from Sweet Pete's infringement of Sugarfina's Registered Trademarks and unregistered common law marks insofar as Sugarfina's invaluable goodwill is being eroded by Sweet Pete's continuing infringement.  Sugarfina has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from the Sweet Pete's infringing activities.

114.   Sugarfina is entitled to an injunction against Sweet Pete's continuing infringement of Sugarfina's Registered Trademarks and unregistered common law marks.  Unless enjoined, Sweet Pete's will continue its infringing conduct.

115.   Because Sweet Pete's actions have been committed with intent to damage Sugarfina and to confuse and deceive the public, Sugarfina is entitled to treble its actual damages or Sweet Pete's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

///

///

///

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 33 -

**FOURTH CLAIM FOR RELIEF**

**(Unfair Business Practices – California Business and Professions Code § 17200, *et seq.*)**

116.    Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

117.    The acts of Sweet Pete's described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, *et seq.*

118.    Sugarfina has valid and protectable prior rights in the Sugarfina Product Trade Dress, and the Registered Trademarks. The Sugarfina Product Trade Dress identifies Sugarfina as the source of its candy products.  The Sugarfina Product Trade Dress is inherently distinctive, and, through Sugarfina's long use, has come to be associated solely with Sugarfina as the source of the products on which it is used.

119.    Sweet Pete's use of its infringing trade dress is likely to cause confusion as to the source of Sweet Pete's products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Sweet Pete's and Sugarfina or that Sweet Pete's products are affiliated with or sponsored by Sugarfina.

120.    The above-described acts and practices by Sweet Pete's are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

121.    The above-described acts constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trademark and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of California Business & Professions Code §§ 17200, *et seq.*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    122.    The above-described acts also constitute unlawful infringement of

2  Sugarfina's registered patent and copyright rights under the Patent Act, 35 U.S.C. §

3  271, and the Copyright Act, 17 U.S.C. § 501, and are therefore unlawful acts in

4  violation of California Business & Professions Code §§ 17200, *et seq*.

5    123.    Sweet Pete's acted willfully and intentionally in designing its

6  infringing trade dress and product packaging, with full knowledge of Sugarfina's

7  prior rights in the distinctive Sugarfina Product Trade Dress, Registered

8  Trademarks, its common law trademarks, its patent rights, and its copyrights, and

9  with an intent to cause confusion or mistake or to deceive customers into believing

10  that there is an affiliation between Sweet Pete's and Sugarfina or between Sweet

11  Pete's products and Sugarfina's products.

12    124.    The unlawful and fraudulent business practices of Sweet Pete's

13  described above present a continuing threat to, and is meant to deceive members of,

14  the public in that Sweet Pete's desires to promote its products by wrongfully

15  trading on the goodwill of the Sugarfina Product Trade Dress, the Registered

16  Trademarks, its common law trademarks, its patent rights, and its copyrights.

17    125.    As a direct and proximate result of these acts, Sweet Pete's has

18  received, and will continue to profit from, the strength of the Sugarfina Product

19  Trade Dress, the Registered Marks, Sugarfina's common law trademarks, its patent

20  rights, and its copyrights.

21    126.    As a direct and proximate result of Sweet Pete's wrongful conduct,

22  Sugarfina has been injured in fact and has lost money and profits, and such harm

23  will continue unless Sweet Pete's acts are enjoined by the Court.

24    127.    Sugarfina has no adequate remedy at law for Sweet Pete's continuing

25  violation of Sugarfina's rights.

26    128.    Sweet Pete's should be required to restore to Sugarfina any and all

27  profits earned as a result of their unlawful and fraudulent actions, or provide

28  Sugarfina with any other restitutionary relief as the Court deems appropriate.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

129.    Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

130.    As a result of the conduct alleged herein, Sweet Pete's has been unjustly enriched to Sugarfina's detriment. Sugarfina seeks a worldwide accounting and disgorgement of all ill-gotten gains and profits resulting from Sweet Pete's inequitable activities.

## SIXTH CLAIM FOR RELIEF

### (Infringement of the '641 Patent)

131.    Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

132.    Sweet Pete's has infringed and continues to infringe the '641 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of Sweet Pete's infringing products identified in this Complaint, which embody the design covered by the '641 Patent.

133.    On information and belief, Sweet Pete's infringement of the '641 Patent has taken place with full knowledge of the patent and is willful, deliberate, and intentional, and therefore gives rise to an exceptional case under 35 U.S.C. § 285.

134.    Sweet Pete's infringement of one or more claims of the '641 Patent has injured Sugarfina, the precise amount of which cannot be ascertained at this time.  Sugarfina is entitled to recover damages adequate to compensate for Sweet Pete's infringement, which in no event can be less than a reasonable royalty.

135.    Sweet Pete's has caused Sugarfina substantial damages and irreparable injury by its infringement of one or more claims of the '641 Patent, for which there is no adequate remedy at law.  Sugarfina will continue to suffer damages and irreparable injury unless and until Sweet Pete's infringement is

1    enjoined by this Court.

2                    **SEVENTH CLAIM FOR RELIEF**

3                        **(Copyright Infringement)**

4        136.    Sugarfina incorporates and realleges the preceding paragraphs of this

5    Complaint as though set forth in full.

6        137.    Sugarfina is the owner of exclusive rights under copyright with

7    respect to the three-piece designer candy box and the designer bento box, Reg. Nos.

8    VA0001963482 and VA0001963483.

9        138.    Sugarfina has never granted to Sweet Pete's any license to make or

10   market any unauthorized copies of Sugarfina's products or registered works.

11       139.    By means of the actions complained of herein, Sweet Pete's has

12   infringed and will continue to infringe Sugarfina's copyright in and relating to its

13   registered works by creating, reproducing, distributing, selling, and/or offering for

14   sale infringing products and product packaging containing strikingly similar

15   reproductions of the registered works without authorization from Sugarfina.

16       140.    Sugarfina is entitled to an injunction restraining Sweet Pete's, and all

17   persons acting in concert with it, from engaging in further acts in violation of the

18   copyright laws.

19       141.    Sugarfina is further entitled to recover from Sweet Pete's the

20   damages Sugarfina has sustained, and will sustain, as a result of Sweet Pete's

21   wrongful acts in an amount to be proven at trial.  Sugarfina is further entitled to

22   recover from Sweet Pete's any gains, profits, and advantages Sweet Pete's has

23   obtained as a result of its wrongful acts.

24       142.    Sugarfina is also entitled to damages, pursuant to the Copyright Act

25   of 1976, 16 17 U.S.C. §§ 101, *et. seq.*, for Sweet Pete's willful and continued

26   infringement of the registered works and attorneys' fees.

27   ///

28   ///

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1

## **PRAYER FOR RELIEF**

2     WHEREFORE, Sugarfina prays for relief, as follows:

3     1.     A judgment that Defendants have infringed one or more claims of

4   Sugarfina's asserted patent;

5     2.     An order and judgment preliminarily and permanently enjoining

6   Defendants and their officers, directors, agents, servants, employees, affiliates,

7   attorneys, and all others acting in privity or in concert with them, and their

8   parents, subsidiaries, divisions, successors and assigns, from further acts of

9   infringement of Sugarfina's asserted patent;

10    3.     A judgment awarding Sugarfina all damages adequate to

11  compensate for Defendants' infringement of Sugarfina's asserted patent, and in

12  no event less than a reasonable royalty for Defendants' acts of infringement,

13  including all pre-judgment and post-judgment interest at the maximum rate

14  permitted by law;

15    4.     A judgment awarding Sugarfina all damages, including treble

16  damages, based on any infringement found to be willful, pursuant to 35 U.S.C.

17  § 284, together with prejudgment interest;

18    5.     An order preliminarily and permanently enjoining Defendants and

19  their officers, directors, agents, servants, employees, affiliates, attorneys, and all

20  others acting in privity or in concert with them, and their parents, subsidiaries,

21  divisions, successors and assigns, from directly or indirectly infringing the

22  Sugarfina Product Trade Dress, Registered Trademarks, unregistered common law

23  trademarks, or using any other product or packaging design or designations similar

24  to or likely to cause confusion with the Sugarfina Product Trade Dress, Registered

25  Trademarks, and unregistered common law trademarks; from passing off Sweet

26  Pete's products as being associated with and or sponsored or affiliated with

27  Sugarfina; from committing any other unfair business practices directed toward

28  obtaining for themselves the business and customers of Sugarfina; and from

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Sugarfina.

6. Actual damages suffered by Sugarfina as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

7. Reasonable funds for future corrective advertising;

8. An accounting of Defendants' profits pursuant to 15 U.S.C. § 1117;

9. A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

10. Punitive damages pursuant to California Civil Code § 3294;

11. Restitutionary relief against Defendants and in favor of Sugarfina, including disgorgement of wrongfully obtained profits and any other appropriate relief;

12. Costs of suit and reasonable attorneys' fees, including, but not limited to, a finding that this case is exceptional and awarding attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

13. Any other remedy to which Sugarfina may be entitled, including all remedies provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof Code §§ 17200, *et seq.,* 17500, *et seq.,* and under any other California law.

Dated:  June 15, 2017    Respectfully submitted,

         TROUTMAN SANDERS LLP


         By: */s/ Jennifer Trusso Salinas*
          Jennifer T. Salinas
          André De La Cruz
          Jenny Kim

          Attorneys for Plaintiff
          SUGARFINA, INC.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545