1  TROUTMAN SANDERS LLP
   Jennifer Trusso Salinas, Bar No. 198579
2  jennifer.salinas@troutmansanders.com
   Andre De La Cruz, Bar No. 245175
3  andre.delacruz@troutmansanders.com
   Jenny Kim, Bar No. 282562
4  jenny.kim@troutmansanders.com
   5 Park Plaza, Suite 1400
5  Irvine, CA  92614-2545
   Telephone:  949.622.2700
6  Facsimile:   949.622.2739

7  Attorneys for Plaintiff
   SUGARFINA, INC.
8

9
                   UNITED STATES DISTRICT COURT
10
                 CENTRAL DISTRICT OF CALIFORNIA
11

12
   SUGARFINA, INC., a Delaware          Case No. 2:17-cv-4456 RSWL (JEMx)
13 corporation,
                                        **PLAINTIFF SUGARFINA, INC.'S**
14            Plaintiff,                **OPPOSITION TO DEFENDANTS'**
                                        **MOTION TO DISMISS**
15       v.
                                        Hearing Date:   August 29, 2017
16 SWEET PETE'S LLC a Florida          Time:           10:00 a.m.
   limited liability company; ML        Place:          TBD
17 SWEETS, LLC, a Pennsylvania
   limited liability company; PETER
18 BEHRINGER, an individual; and
   ALLISON BEHRINGER, an
19 individual,

20            Defendants.

21

22

23

24

25

26

27

28

32101044v2

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# **TABLE OF CONTENTS**

**Page**

I.    Introduction .................................................................................................1

II.   Legal Standard ...........................................................................................1

III.  Argument ....................................................................................................3

    A.    Trade Dress infringement (Count I) Is Sufficiently Pled.....................3

        1.    Functionality Is a Question of Fact...........................................6

        2.    Distinctiveness Is a Question of Fact......................................10

    B.    Trademark Infringement Under the Lanham Act (Count II) Is Sufficiently Pled.................................................................................12

    C.    Common Law Trademark Infringement (Count III) Is Sufficiently Pled.................................................................................14

    D.    Unfair Competition (Count IV) Is Sufficiently Pled..........................15

    E.    Unjust Enrichment (Count V) Is Sufficiently Pled ............................16

    F.    Design Patent Infringement (Count VI) Is Sufficiently Pled.............17

    G.    Copyright Infringement (Count VII) Is Sufficiently Pled .................17

IV.  Sweet Pete's Motion is Procedurally Deficient.........................................18

    A.    Sweet Pete's Failed to Meet and Confer Before Filing this Motion ................................................................................................18

    B.    Peter and Allison Behringer Are in Default and Their Motion to Dismiss Is Untimely ......................................................................21

V.    In the Alternative, the Complaint should be Amended instead of Dismissed..................................................................................................21

VI.  Conclusion ................................................................................................22

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................1, 2

*Astiana v. Hain Celestial Grp., Inc.,*
    783 F.3d 753 (9th Cir. 2015) ...................................................16

*Axis Imex, Inc. v. Sunset Bay Rattan, Inc.,*
    Case No. C 08-3931, 2009 U.S. Dist. LEXIS 2667 (N.D. Cal. Jan. 7, 2009) ........................................................................................6

*Beats Elecs. LLC v. Yamaha Corp. of Am.,*
    Case No. SACV 13-00209, 2013 U.S. Dist. LEXIS 197449 (C.D. Cal. Apr. 22, 2013)...................................................................5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...........................................................................1, 2

*Brian Lichtenberg, LLC v. Alex & Chloe, Inc.,*
    Case No. CV 13-06837, 2014 U.S. Dist. LEXIS 18607 (C.D. Cal. Feb. 13, 2014) ...................................................................................10

*Broam v. Bogan,*
    320 F.3d 1023 (9th Cir. 2003) ...........................................2, 21

*California Cooler, Inc. v. Loretto Winery, Ltd.,*
    774 F.2d 1451 (9th Cir. 1985) .....................................13, 14

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986)...........................................................................3

*Clamp Mfg. Co., Inc. v. Enco Mfg. Co., Inc.,*
    870 F.2d 512 (9th Cir. 1989) .............................................10

*Clicks Billiards, Inc. v. SixShooters, Inc.,*
    251 F.3d 1252 (9th Cir. 2001) .......................................3, 6, 7

*Cook v. Brewer,*
    637 F.3d 1002 (9th Cir. 2011) ...........................................2

SUGARFINA, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## TABLE OF AUTHORITIES
### (continued)

Page

*Dahlia v. Rodriguez*,
735 F.3d 1060 (9th Cir. 2013) (en banc) .................................................... 2

*Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*,
2015 U.S. Dist. LEXIS 188274 (C.D. Cal. May 8, 2015) .......................... 5

*DeSoto v. Yellow Freight Sys., Inc.*,
957 F.2d 655 (9th Cir. 1992) ..................................................................... 22

*Direct Techs., LLC v. Elec. Arts, Inc.*,
836 F.3d 1059 (9th Cir. 2016) ............................................................ 17, 18

*DocMagic, Inc. v. Ellie Mae, Inc.*,
745 F. Supp. 2d 1119 (N.D. Cal. Oct. 12, 2010) ...................................... 10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ................................................................................... 17

*First Brands Corp. v. Fred Meyer, Inc.*,
809 F.2d 1378 (9th Cir. 1987) ................................................................... 10

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*,
826 F.2d 837 (9th Cir. 1987) ....................................................................... 6

*Greenberg v. Johnston*,
2014 U.S. Dist. LEXIS 194325 (C.D. Cal. Oct. 22, 2014) ......................... 4

*Ingrid & Isabel, LLC v. Baby Be Mine*,
LLC, 70 F. Supp. 3d 1105 .......................................................................... 7

*Kasky v. Nike, Inc.*,
27 Cal. 4th 939 (Cal. 2002) ....................................................................... 16

*Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*,
150 F.3d 1042 (9th Cir. 1998) ................................................................... 12

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*,
408 F.3d 596 (9th Cir. 2005) ..................................................................... 12

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ....................................................................... 3

SUGARFINA, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Lepton Labs, LLC v. Walker*,
    55 F. Supp. 3d 1230...................................................................4

*Limo Hosting, Inc. v. Fiks*,
    No. C 08-2474 BZ (N.D. Cal. Dec. 17, 2008)......................................7

*Lindy Pen Co. v. Bic Pen Corp.*,
    982 F.2d 1400 (9th Cir. 1993) .................................................16

*Mercado Latino, Inc. v. Indio Prods.*, Case No. CV 13-01027, 2017 U.S.
    Dist. LEXIS 55304 (C.D. Cal. Apr. 11, 2017) .........................5, 10, 11

*Millennium Labs. v. Ameritox, Ltd.*,
    817 F.3d 1123 (9th Cir. 2016) ..................................................3

*Morton v. Rank Am., Inc.*,
    812 F. Supp. 1062 (C.D. Cal. 1993) ............................................6

*N. Am. Wellness Ctr. Holdings LLC v. Temecula Valley Real Estate, Inc.*,
    Case No. 5:16-CV-02010, Dkt. No. 74 (C.D. Cal. July 18, 2017) (Phillips,
    C.J.)...............................................................................18

*Neev v. Abbott Medical Optics Inc.*,
    Case No. 8:15-cv-01992, Dkt. No. 207 (C.D. Cal. Feb. 23, 2017) ...................19

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*,
    638 F.3d 1137 (9th Cir. 2011) .................................................12

*OSU Student Alliance v. Ray*,
    699 F.3d 1053 (9th Cir. 2012) ..................................................1

*Qualitex Co. v. Jacobson Prods. Co., Inc.*,
    514 U.S. 159 (1995).............................................................7

*Quoc Viet Foods, Inc. v. VV Foods, LLC*,
    192 F. Supp. 3d 1067 (C.D. Cal. 2016) ........................................13

*Rearden LLC v. Rearden Commerce, Inc.*,
    683 F.3d 1190 (9th Cir. 2012) .................................................14

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1
2

**TABLE OF AUTHORITIES**
(continued)

Page

3
4

*Sam Rubin Entm't, Inc. v. AARP, Inc.,*
2016 U.S. Dist. LEXIS 174457 (C.D. Cal. Dec. 16, 2016) (Lew, J.) ..............1, 2

5
6

*Sambonet Paderno Industrie, S.P.A. v. Sur La Table, Inc.,*
Case No. CV 14-9473, 2015 U.S. Dist. LEXIS 96329 (C.D. Cal. July 23, 2015) ........................................................................................................6, 9

7
8

*Secalt S.A. v. Wuxi Shenxi Constr. Machinery Co., Ltd.,*
668 F.3d 677 (9th Cir. 2012) ...............................................................6

9
10

*Sleep Science Partners v. Lieberman,*
2010 U.S. Dist. LEXIS 45385 (N.D. Cal. May 10, 2010)...............................4, 5

11
12

*Starr v. Baca,*
652 F.3d 1202 (9th Cir. Cal. July 25, 2011) ........................................2

13
14

*Swierkiewicz v. Sorema N.A.,*
534 U.S. 506 (2002)....................................................................2

15
16

*Toho Co. v. Sears, Roebuck & Co.,*
645 F.2d 788 (9th Cir. 1981) ..........................................................13

17
18

*Two Pesos, Inc. v. Taco Cabana, Inc.,*
505 U.S. 763 (1992)....................................................................13

19

*United States v. Ritchie,*
342 F.3d 903 (9th Cir. 2003) ............................................................3

20
21

*Walker & Zanger, Inc. v. Paragon, Indus.,*
549 F. Supp. 2d 1168 (N.D. Cal. 2007)..............................................4

22
23
24

*Wild v. HarperCollins Publrs., LLC,*
Case No. SACV 12-1191, 2012 U.S. Dist. LEXIS 196356 (C.D. Cal. Nov. 29, 2012) ...............................................................................15

25
26

*Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc.,*
419 F.3d 925 (9th Cir. 2005) ..........................................................15

27

*Zobmondo Entm't, LLC v. Falls Media, LLC,*
602 F.3d 1108 (9th Cir. 2010) ....................................................10, 13

28

SUGARFINA, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# TABLE OF AUTHORITIES
## (continued)

**Page**

**STATUTES**

15 U.S.C. 1125 ........................................................................................ 6

15 U.S.C. § 1091 .................................................................................... 14

15 U.S.C. § 1114 .................................................................................... 12

17 U.S.C. § 106(2) ................................................................................. 18

35 U.S.C. § 271 ...................................................................................... 17

35 U.S.C. § 285 ...................................................................................... 17

Cal. Bus. & Prof. Code § 172000 *et seq.* ............................................ 15

**OTHER AUTHORITIES**

2 McCarthy on Unfair Competition § 12:59 (4th ed.) ........................... 15

Fed. R. Civ. P. 8(a) .................................................................................. 2

Fed. R. Civ. P. 8(d)(2) ........................................................................... 16

Fed. R. Civ. P. 12(b)(6) ................................................................... passim

Fed. R. Civ. P. 12(c) ................................................................................ 5

Fed. R. Civ. P. 56 .................................................................................... 3

Fed. R. Civ. P. 56(c)(1)(A) ..................................................................... 3

Local Rule 7-3 ........................................................................... 18, 19, 20

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1

## I.      **INTRODUCTION**

2        Defendants Sweet Pete's, LLC, ML Sweets, LLC, Peter Behringer, and

3   Allison Behringer's[1] (collectively, "Sweet Pete's") Motion to Dismiss improperly

4   rests on the merits of Sugarfina's claims and has very little to do with the

5   sufficiency of Sugarfina's allegations. Sugarfina's Complaint makes detailed

6   factual allegations that go well beyond reciting the elements of its asserted claims.

7   These allegations are neither "bald" nor "conclusory," and hence are entitled to the

8   presumption of truth. In accordance with *Iqbal*, *Twombly*, and Ninth Circuit

9   precedent, Sugarfina's allegations are sufficiently detailed to give notice to Sweet

10  Pete's of the nature of Sugarfina's claims against it and to give Sweet Pete's a fair

11  opportunity to defend against them. The Complaint more than "plausibly suggests"

12  an entitlement to relief, such that it is not unfair to require Sweet Pete's be

13  subjected to the expense of discovery and continued litigation. The Motion should

14  therefore be denied.

15  ## II.      **LEGAL STANDARD**

16       Contrary to what Sweet Pete's argues, the Ninth Circuit has repeatedly held

17  that *Iqbal* and *Twombly* do not stand for the proposition that a plaintiff must include

18  all the evidence that supports its claims in its complaint. "[W]here the claim is

19  plausible—meaning something more than 'a sheer possibility,' but less than a

20  probability—the plaintiff's failure to prove the case on the pleadings does not

21  warrant dismissal." *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1078 (9th Cir.

22  2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Sam Rubin*

23  *Entm't, Inc. v. AARP, Inc.*, 2016 U.S. Dist. LEXIS 174457, at *6 (C.D. Cal. Dec.

24  16, 2016) (Lew, J.) ("The question presented by a motion to dismiss is not whether

25

26  ───────────

[1] Peter Behringer and Allison Behringer are in default, and Sugarfina objects to

27  their joining this Motion as untimely. As evidenced by the proofs of service on file

28  with this Court (Dkt. Nos. 11 & 12), Peter Behringer and Allison Behringer were required to respond to the Complaint by July 14, 2017. *See infra.*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

the plaintiff will ultimately prevail, but whether the plaintiff has alleged sufficient factual grounds to support a plausible claim to relief, thereby entitling the plaintiff to offer evidence in support of its claim" (citing *Iqbal*, 556 U.S. at 678 (2009)). "A motion to dismiss does not ask whether Plaintiff will prevail in the action, but whether Plaintiff is entitled to offer evidence in support of its claim." *Sam Rubin Entm't, Inc .,* at \*21 citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).

The standard for demonstrating that the claims fail for implausibility is fairly high. "Plaintiff's complaint may be dismissed only when *defendant's plausible alternative explanation* is so convincing that plaintiff's explanation is implausible. . . . As the Court wrote in *Twombly*, Rule 8(a) 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that *discovery will reveal evidence*' to support the allegations." *Starr v. Baca*, 652 F.3d 1202, 1216-1217 (9th Cir. Cal. July 25, 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); emphases added).

*Iqbal* and *Twombly*, therefore, are clear that Federal Rule of Civil Procedure 8(a) requires only that the plaintiff "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Accordingly, "Rule 12(b)(6) motions are viewed with disfavor[,]" *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003), and "[d]ismissal under Rule 12(b)(6) is inappropriate unless [the plaintiff's] complaint fails to 'state a claim to relief that is plausible on its face.'" *Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013) (en banc) (quoting *Twombly*, 550 U.S. at 570). The Court may dismiss a claim "only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief[,]" *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted), after construing the "complaint . . . in the light most favorable to the plaintiff" and "accept[ing] as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them." *Broam*, 320 F.3d at 1028 (citations omitted).

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92814-2545

1    To ensure that a Rule 12(b)(6) motion does not try the case on the merits, as

2    Sweet Pete's attempts to do here, "[a]s a general rule, a district court may not

3    consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."

4    *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation and

5    quotation marks omitted). The only evidence that may be considered outside the

6    four corners of the complaint are "documents attached to the complaint, documents

7    incorporated by reference in the complaint, or matters of judicial notice." *United*

8    *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). When a court considers

9    materials outside the pleadings, the Rule 12(b)(6) motion becomes a motion for

10   summary judgment, in which the defendant bears the burden of proof. *See Celotex*

11   *Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In that case, "all parties shall be given

12   reasonable opportunity to present all material made pertinent to such a motion by

13   Rule 56[,]" Fed. R. Civ. P. 12(b)(6), including supporting factual allegations in the

14   motion with evidence from discovery. *See* Fed. R. Civ. P. 56(c)(1)(A). Thus where,

15   as here, the defendant seeks to rely on evidence or the absence of evidence to prove

16   failure to state a claim before discovery has even commenced, the motion to

17   dismiss is premature and should be denied.

18   **III.   ARGUMENT**

19   **A.    Trade Dress infringement (Count I) Is Sufficiently Pled**

20   The Lanham Act "provides protection for a trade dress, which is the total

21   image of a product, including features such as size, shape, color, texture, and

22   graphics[.]" *Millennium Labs. v. Ameritox, Ltd.*, 817 F.3d 1123, 1126 (9th Cir.

23   2016) (citations and quotation marks omitted). To ultimately prevail on a trade

24   dress claim, the plaintiff must establish: "(1) that its claimed dress is nonfunctional;

25   (2) that its claimed dress serves a source-identifying role either because it is

26   inherently distinctive or has acquired secondary meaning; and (3) that the

27   defendant's product or service creates a likelihood of consumer confusion." *Clicks*

28   *Billiards, Inc. v. SixShooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001) (citation

omitted). This District has recognized that the plaintiff's ultimate burden of proof at trial is not equivalent to the standard for what must be alleged at the pleading stage. At this stage, it is enough for a plaintiff to allege (explicitly or by reasonable inference) that its trade dress satisfies all of the above essential elements. *See Lepton Labs, LLC v. Walker*, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014) ("While a plaintiff cannot adopt a shifting-sands approach to pleading its alleged trade dress, it is also difficult to require the plaintiff to essentially prove—as opposed to simply allege—that its trade dress satisfies all of the essential elements at the pleading stage.")

Sweet Pete's true objection to the trade dress claim is not that it "fails to put Defendants on sufficient notice of Sugarfina's claim" (*see* Mot. 5), but instead takes issue with whether the essential elements can be proven (e.g., whether the asserted features are non-functional and have inherent distinctiveness and/or secondary meaning).[2] Sweet Pete's feigned ignorance over which features are "non-

---

[2]    None of Sweet Pete's cited authority is on point for the proposition that Sugarfina's trade dress claim is not sufficiently articulated. (*See* Mot. 3-7.) *Walker & Zanger, Inc. v. Paragon, Indus.*, 549 F. Supp. 2d 1168 (N.D. Cal. 2007), clearly does not apply because it relates to a motion for summary judgment, not a motion based on the pleadings. In *Greenberg v. Johnston*, 2014 U.S. Dist. LEXIS 194325 (C.D. Cal. Oct. 22, 2014), the only "trade dress" asserted was the plaintiff's use of the registered business name "California Apostille Services." The court, while noting that the trade dress claim added no information to distinguish it from a trademark infringement claim that had previously been dismissed by the court, held that a registered business name by itself does not constitute a *prima facie* case of trade dress. *Id.* at *9-10.

*Sleep Science Partners v. Lieberman*, 2010 U.S. Dist. LEXIS 45385 (N.D. Cal. May 10, 2010) is likewise distinguishable. The plaintiff there attempted to claim trade dress in its *entire* website, telephone ordering system, and television commercial, without either defining its trade dress as the three marketing components in combination, or alleging that specific elements interact to create a particular visual impression. Unlike Sugarfina's Complaint, the *Sleep Science* complaint claimed broad trade dress rights in the "size and location" of the text and graphics on the website; the fact that the website employed hyperlinks; the fact that the plaintiff used a telephone ordering system at all; and a general description of the

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

functional" is belied by its arguments that the "magnetic latch" and "series of cube wells" perform a function. (*See id.*) In other words, Sweet Pete's knows exactly what features are claimed as trade dress. In fact, those discrete and identifiable features are clearly depicted in photographs in paragraph 43 of the Complaint, which is supplemented by detailed descriptions in paragraph 45. Such allegations combined with the images are sufficient to survive a Rule 12(b)(6) motion. *See, e.g.*, *Mercado Latino, Inc. v. Indio Prods.*, Case No. CV 13-01027, 2017 U.S. Dist. LEXIS 55304, at *5-6 (C.D. Cal. Apr. 11, 2017) (finding that "Plaintiff's relatively detailed description of its claimed trade dress is adequate to put defendant on notice, particularly in light of Plaintiff's inclusion of images of the claimed trade dress," and denying the Rule 12(c) motion where "Defendant's argument regarding Plaintiff's description of the claimed trade dress appears to be less a question of articulation . . . than of overbreadth"); *Beats Elecs. LLC v. Yamaha Corp. of Am.*, Case No. SACV 13-00209, 2013 U.S. Dist. LEXIS 197449, at *4-5 (C.D. Cal. Apr. 22, 2013) (finding adequate notice of the claim where the plaintiff "supplemented this written description with photographs of its headphones showing their

television commercial without "details of the graphics or any other element of its television advertisement to qualify as protected trade dress." *Id.*, at *8-10. Sugarfina has clearly done more than that, since instead of merely saying it uses text and graphics of an indefinite size and location, it identifies specific stylistic features, such as the solid borderline, the minimal lettering, and other features described in paragraph 45 and depicted in the photographs, which in combination comprise Sugarfina's trade dress.

    *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, 2015 U.S. Dist. LEXIS 188274 (C.D. Cal. May 8, 2015) is also distinguishable. Unlike the *Deckers* plaintiff (*id.* at *12), Sugarfina has alleged facts showing the existence of alternative designs that would support the inference that Sugarfina's unique designs are not functional. (*See* Compl. ¶ 56.) Similarly, unlike the *Deckers* plaintiff who never alleged any consumer association (*id.* at *15), Sugarfina has alleged that customers associate the asserted trade dress with Sugarfina and have found Sweet Pete's infringing uses of the trade dress to be confusingly similar. (*See* Compl. ¶ 76.)

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

distinctive design"); *Axis Imex, Inc. v. Sunset Bay Rattan, Inc.*, Case No. C 08-3931, 2009 U.S. Dist. LEXIS 2667, at *8-9 (N.D. Cal. Jan. 7, 2009) ("[The] attached picture in combination with the pleadings regarding the shape, size, and placement of the bows and ribbons, sufficiently identifies the trade dress with particularity to warrant denial of the motion to dismiss the trade dress claim.").

Although Sweet Pete's argues that the trade dress is not sufficiently described, it is clear from its argument that the real dispute is over whether Sugarfina's asserted trade dress is nonfunctional and distinctive. But both these prongs, much like the third prong of likelihood of confusion, are questions of fact that need not be resolved to satisfy the pleading standard.

### 1.    Functionality Is a Question of Fact

Because "the functionality analysis . . . is a question of fact," *Secalt S.A. v. Wuxi Shenxi Constr. Machinery Co., Ltd.*, 668 F.3d 677, 683 (9th Cir. 2012), courts find that "a motion to dismiss is not a proper vehicle by which the court should weigh functionality in a trade dress infringement claim." *Sambonet Paderno Industrie, S.P.A. v. Sur La Table, Inc.*, Case No. CV 14-9473, 2015 U.S. Dist. LEXIS 96329, at *9 (C.D. Cal. July 23, 2015); *see also Morton v. Rank Am., Inc.*, 812 F. Supp. 1062, 1069 (C.D. Cal. 1993) ("Because functionality is a question of fact, Plaintiffs' claim under Section 43(a) of the Lanham Act cannot be dismissed on the grounds that the [asserted] trade dress is functional."). Nor is it proper to examine individual features of the claimed dress, such as a magnetic latch or cube wells in isolation, in order to characterize them as functional. Courts "examine trade dress as a whole to determine its functionality; functional elements that are separately unprotectable can be protected together as part of a trade dress." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 842 (9th Cir. 1987) (citations omitted); *see also Clicks Billiards*, 251 F.3d 1252.[3]

---

[3] For example, in *Clicks Billiards*, 251 F.3d 1252, the Ninth Circuit reversed the district court's summary judgment finding that the claimed trade dress was

1    Furthermore, a design feature is functional "if it is essential to the use or

2    purpose of the article or if it affects the cost or quality of the article, that is, if

3    exclusive use of the feature would put competitors at a significant, non-reputation-

4    related disadvantage." *Qualitex Co. v. Jacobson Prods. Co., Inc.*, 514 U.S. 159, 165

5    (1995) (citation and quotations omitted). Purely aesthetic features are not

6    functional. *Clicks Billiards*, 251 F.3d at 1260. Because the crux of the functionality

7    question is whether competition will be unduly impeded if the plaintiff claims a

8    monopoly on an essential feature, "as long as there are alternate ways to design [the

9    accused product], beyond the arrangement protected by the trade dress, the [trade

10   dress] should not be considered functional." *Ingrid & Isabel, LLC v. Baby Be Mine*,

11   LLC, 70 F. Supp. 3d 1105, 1137-38 (N.D. Cal. 2014) (citation and quotations

12   marks omitted); *see also Clicks Billiards*, 251 F.3d at 1260 (weighing "whether

13   alternative designs are available" as one of four factors of the functionality test);

14   Mot. 6 (citing *Limo Hosting, Inc. v. Fiks*, No. C 08-2474 BZ (N.D. Cal. Dec. 17,

15   2008) identifying "utilitarian advantage, availability of alternative designs, and

16   economies in manufacture or use" as indicia of functionality).

17   Here, alternative designs are amply illustrated in Sweet Pete's pre-2014

18   packaging, which is provided in paragraphs 54 and 56 of the Complaint.

19

20

21

_____

22   functional based on the fact that it included "size, placement, and layout of the pool
     tables; the color combination, including the contrast between the carpet and the
23   dark wood; the lighting; the neon beer signs, bar tap handles, and the like; the cue
     racks; the selection of video games; the floor covering; the wall treatment; the drink
24   rails; and the millwork." *Id.*, at 1261. While acknowledging that "many of these
     elements, considered in isolation, may be functional," the court emphasized that
25   "[t]he issue, however, is whether, taken as a whole, the overall look and feel of the
26   establishment is functional." *Id.* Based on this standard, the court concluded that the
     plaintiff sufficiently raised an issue of fact that the trade dress of its pool halls was
27   nonfunctional.

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

 

 

 



SUGARFINA, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1
2
3
4
5
6

 

7    These allegations support a reasonable inference that Sweet Pete's was

8  capable of packaging and selling candy for 30 years[4] without stealing any of

9  Sugarfina's unique aesthetic innovations that it now tries to claim are functional.

10 The photographs of Sweet Pete's own alternative designs make it abundantly clear

11 that the solid borderline around the product package; the use of a magnetic latch; a

12 rectangular product package with minimal lettering; the inside bottom surface of the

13 product package dominated by a series of cube wells or trays; and other claimed

14 features, both alone and in combination, are neither essential to packaging candy

15 nor confer any benefit to Sweet Pete's aside from enabling it to trade on Sugarfina's

16 reputation by carefully imitating the look and feel of Sugarfina's trade dress.

17    Though the plaintiff, at summary judgment or trial, "may ultimately be

18 unable to prove that the features it alleges as its trade dress are not functional,"

19 dismissing the trade dress claim on a Rule 12(b)(6) motion is premature because

20 "the opposite may be true as well. Construing [plaintiffs'] complaint liberally, the

21 question now is whether its allegations have been sufficiently pled." *Sambonet*,

22 2015 U.S. Dist. LEXIS 96329, at *8 (citation and quotation marks omitted). Sweet

23 Pete's cannot credibly argue that it has no idea what protectable trade dress claims

24 Sugarfina may assert when Sweet Pete's itself dissected and copied precisely the

25 same features identified in the Complaint in order to give itself a total brand

26
27
28

---

[4] Sweet Pete's predecessor company Peterbrooke Chocolatier had sold candy for as many as 30 years, but never embodied the same combination of design elements of Sugarfina's presentation. (Compl. ¶ 54.)

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    makeover imitating Sugarfina. Sweet Pete's also cannot credibly argue these

2    features were copied because of any of these feature's "function."

3                2.        **Distinctiveness Is a Question of Fact**

4            Like functionality, the distinctiveness of a trade dress is a question of fact.

5    *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010).

6    As a result, "[p]laintiff need not make any showing or provide any evidence at the

7    pleading stage." *Mercado Latino*, 2017 U.S. Dist. LEXIS 55304, at *8. Because

8    "[a] product's trade dress acquires secondary meaning when the purchasing public

9    associates the dress with a single producer or source rather than just the product

10   itself[,]" courts have found that distinctiveness may be sufficiently pled with factual

11   allegations that the asserted trade dress was extensively advertised, promoted, and

12   used exclusively by the plaintiff. *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d

13   1378, 1383 (9th Cir. 1987); *see, e.g.*, *Clamp Mfg. Co., Inc. v. Enco Mfg. Co., Inc.*,

14   870 F.2d 512, 517 (9th Cir. 1989) ("Evidence of use and advertising over a

15   substantial period of time is enough to establish secondary meaning."); *DocMagic,*

16   *Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1140 (N.D. Cal. Oct. 12, 2010)

17   (finding "a plausible inference that consumers generally viewed the alleged trade

18   dress as primarily identifying [plaintiff] as the source of the product," where the

19   complaint alleged that "use of this trade dress was long-standing and exclusive, that

20   it has been used consistently on [plaintiff's products], and that users of the re-

21   branded services knew that those services were being provided by [plaintiff] based

22   on this trade dress."). Allegations that customers recognize the plaintiff's trade

23   dress, or have confused the source of the accused products to be the plaintiff, may

24   also be sufficient to show distinctiveness. *See, e.g.*, *Brian Lichtenberg, LLC v. Alex*

25   *& Chloe, Inc.*, Case No. CV 13-06837, 2014 U.S. Dist. LEXIS 18607, at *14 (C.D.

26   Cal. Feb. 13, 2014) (finding trade dress claims sufficiently pled where the

27   complaint "repeatedly alleges that consumers 'instantly recognize' [plaintiff's]

28   designs and products, that 'the public has come to know [the trade dress]

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

32101044v2

- 10 -

exclusively as hallmarks' of [plaintiff's] products, and that consumers have been confused when presented with images of [defendant's] products bearing the alleged trade dress").

Here, Sugarfina has provided ample facts to support secondary meaning. The Complaint alleges that Sugarfina's trade dress was extensively advertised, promoted, and used exclusively by Sugarfina, even to the point that it won awards for Sugarfina. (*See* Compl. ¶¶ 6, 24-27, 83-84; Mot. 6-7.) Customers identify the trade dress with Sugarfina so closely that the purchasing public has noted that Sweet Pete's product packaging is confusingly similar to Sugarfina's. (*See* Compl. ¶ 76.[5]) Sweet Pete's is free to rebut these allegations with contrary evidence on summary judgment or at trial. However, on a Rule 12(b)(6) motion, these factual

_____

[5] Since filing the Complaint, Sugarfina has obtained further evidence of likely or actual customer confusion. On June 17, 2017, Marcus Lemonis, the manager of Defendant ML Sweets, published a post on Facebook denouncing the lawsuit, including making demonstrably false and libelous statements: "It's total bs and based on public records they do have a habit of doing it to others." Some customers in the marketplace responded to the post—i.e., individuals who follow or *are "friends" with Marcus Lemonis*—commenting that the packaging is similar.

· "Marcus Lemonis, these are sugarfina, did they have all this packaging first? Even the colors are the similar. I googled and couldn't find any evidence of the company having a history of frivolous lawsuits. I'm not saying that you are a liar but I am asking where that information would be found?"

· "It is too similar and the fact that Sweet Pete copied the trademark name 'Cuba Libre' in the top row of the candy boxes will not look good and really proves they were looking at the Sugarfina brand and their bento box marketing concept[.]"

· "If the other product has a similar appearance, packaging, that causes confusion then it is most likely a trademark case and give[n] the comparative timelines and Sweet Pete's notoriety it looks like there's both confusion and intent."

To the extent it may be helpful to the Court in deciding whether the allegations of secondary meaning should be amended, and if the Court elects to review extrinsic evidence and convert Sweet Pete's motion into a motion for summary judgment, Sugarfina respectfully requests leave to submit the above Facebook publication, as well as additional evidence, in support of secondary meaning.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    allegations must be accepted as true. *See Mercado Latino*, 2017 U.S. Dist. LEXIS

2    55304, at *8-9 ("Although the veracity of those allegations remains to be seen, they

3    are adequate to survive a motion for judgment on the pleadings.").

**B.    Trademark Infringement Under the Lanham Act (Count II) Is Sufficiently Pled**

6        "To prevail on a claim of trademark infringement under the Lanham Act, 15

7    U.S.C. § 1114 *ff.*, a party must prove: (1) that it has a protectable ownership interest

8    in the mark; and (2) that the defendant's use of the mark is likely to cause consumer

9    confusion." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d

10   1137, 1144 (9th Cir. 2011) (citation and quotation marks omitted). Sweet Pete's

11   Motion appears to challenge the first prong only, on the basis that Sugarfina's

12   asserted marks CUBA LIBRE and CANDY BENTO BOX are not protectable.

13   Notably, Sweet Pete's does ***not*** challenge Sugarfina's mark PEACH BELLINI; this

14   alone makes dismissal of the *entire* Count II unwarranted, as there is at least one

15   mark for which Sweet Pete's has raised no arguments to meet its burden on a Rule

16   12(b)(6) motion.

17       Sweet Pete's only basis for moving to dismiss the trademark infringement

18   claim is that the marks CUBA LIBRE and CANDY BENTO BOX are registered on

19   the Supplemental Register. But Sweet Pete's misguided focus on the Supplemental

20   Register is improper for multiple reasons. First, the case is at the pleadings stage

21   and the Court is precluded from inferring that registration on the Supplemental

22   Register is a concession that the marks are not protected. Instead, trademark

23   validity is "an intensely factual issue[,]" *KP Permanent Make-Up, Inc. v. Lasting

24   Impression I, Inc.*, 408 F.3d 596, 605 (9th Cir. 2005), that should not be resolved on

25   a Rule 12(b)(6) motion.

26       Second, distinctiveness, not registration, determines whether a mark is

27   entitled to protection. Although an inherently distinctive mark—i.e., arbitrary,

28   fanciful, or suggestive mark—is automatically entitled to protection, *Kendall-*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  *Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1998),

2  a descriptive mark is protectable if the trademark owner proves the mark has

3  secondary meaning. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769

4  (1992). Though registration on the Principal Register "provides 'prima facie

5  evidence' of the mark's validity," *Zobmondo*, 602 F.3d at 1113, the lack of such

6  registration says nothing about the mark's distinctiveness. "[A] claimant may prove

7  the validity of an unregistered mark without the benefit of the presumption of

8  validity that registration confers." *Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788,

9  790 (9th Cir. 1981).

10          Contrary to Sweet Pete's misleading assertions, registration on the

11  Supplemental Register does ***not*** constitute an admission that the marks are

12  descriptive as a matter of law. (*See* Mot. 8.) Sweet Pete's cited authority, *Quoc Viet*

13  *Foods, Inc. v. VV Foods, LLC*, 192 F. Supp. 3d 1067 (C.D. Cal. 2016), pertains to

14  the admissibility and weight of evidence at trial—not the legal sufficiency of a

15  trademark infringement claim. The court in that case observed that registration on

16  the Supplemental Register was properly admitted at trial as an *admission against*

17  *interest*, but that the plaintiff was free to present contrary evidence that the mark

18  was suggestive—i.e., inherently distinctive. Contrary to Sweet Pete's argument, the

19  court explicitly rejected the notion that "the marks are descriptive as a matter of law

20  because [plaintiff] chose to accept registration on the Supplemental Register." *Id.* at

21  1076 n.7. Rather, because "[r]egistration (or failure to register) 'neither expands nor

22  diminishes common law rights,'" the court emphasized that "a party who registers a

23  trademark on the Supplemental Register does not 'come[] away with fewer rights

24  than it would have had if it had not sought registration at all.'" *Id.* (quoting

25  *California Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1454 (9th Cir.

26  1985)).

27          Thus, Sweet Pete's cannot use Sugarfina's registrations on the Supplemental

28  Register as a "gotcha" tactic to foreclose future arguments for validity and/or to

32101044v2

- 13 -

1   prove that the CUBA LIBRE and CANDY BENTO BOX marks are invalid as a

2   matter of law. Moreover, to the extent that Sugarfina is required to make factual

3   allegations in the Complaint to support a reasonable inference of validity, Sugarfina

4   has done so by pleading facts relating to its extensive advertisement, promotion,

5   and exclusive use the marks to establish secondary meaning. (*See* Compl. ¶¶ 6, 24-

6   27.)

7   **C.    Common Law Trademark Infringement (Count III) Is Sufficiently**

8   **Pled**

9   For the same reasons stated above, Sugarfina's Count III for common law

10  trademark infringement should withstand Sweet Pete's Motion to Dismiss. The

11  Motion concedes that common law trademark infringement claims have the same

12  elements as Lanham Act claims: (1) ownership of a valid mark and (2) likelihood of

13  confusion. (Mot. 9.) But the overlap between the legal standards does not make the

14  Complaint "allege[] violations of the Lanham Act rather than infringement under

15  California common law" (*id.*), so as to require dismissal of the common law count.

16  The Ninth Circuit recognizes that the two types of trademark infringement claims

17  are distinct, even where the plaintiff's "state law trademark infringement claim (as

18  well as [its] claim under the UCL to the extent it is based on infringement grounds)

19  is subject to the same legal standards as the[] Lanham Act trademark claim."

20  *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1221 (9th Cir. 2012).

21  Sweet Pete's raises the same incorrect objection to the common law count as

22  to the Lanham Act count, that Sugarfina has not made sufficient allegations as to

23  the validity of Sugarfina's registered and unregistered marks. To bolster this

24  argument, Sweet Pete's attempts to demonstrate that the marks are "generic." (*See*

25  Mot. 9-10.) But Sweet Pete's is clearly wrong as to the genericness of CUBA

26  LIBRE and CANDY BENTO BOX, since even "[r]egistration on the supplemental

27  register means that the trademark examiner has determined that the mark is

28  'capable of distinguishing.'" *California Cooler*, 774 F.2d at 1454 (quoting 15

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

U.S.C. § 1091). A mark that may be 'capable of distinguishing' is not generic. *See Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005) ("Generic marks lack any distinctive quality, and therefore are not entitled to trademark protection"); 2 McCarthy on Trademarks and Unfair Competition § 12:59 (4th ed.) ("A designation which is a generic name for goods or services cannot appear on the Supplemental Register . . . ."). Thus, CUBA LIBRE and CANDY BENTO BOX are not generic.

Sweet Pete's then attempts to prove genericness by impermissibly relying on evidence that is not in the Complaint, not part of the record of the case, not subject to judicial notice, and that has not even been introduced as evidence for the Motion through a declaration from an authenticating witness. Sweet Pete's presents only naked attorney argument—e.g., that "'Fruttini' and 'Cuba Libre' are generic for the flavors of drinks that Plaintiff's candies seek to replicate"—or inadmissible hearsay—e.g., citing an online dictionary to offer definitions for "bento box" and "concierge." (*See* Mot. 9-10.)  To the extent the parties disagree that the asserted marks are valid and distinctive, that dispute should be resolved on summary judgment or at trial, not on a motion to dismiss, and certainly not on the basis of conjecture and hearsay. *See Wild v. HarperCollins Publrs., LLC*, Case No. SACV 12-1191, 2012 U.S. Dist. LEXIS 196356, at *10 (C.D. Cal. Nov. 29, 2012) ("[T]he validity of Plaintiff's unregistered marks is not a matter that the Court will resolve on a motion to dismiss.").

### D.    Unfair Competition (Count IV) Is Sufficiently Pled

Sweet Pete's is correct that Sugarfina's claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 172000 *et seq.*, may be "substantially congruent" to the trademark infringement claims. (Mot. 11.) To the extent the Court finds that the trademark infringement claims are adequately pled, the Court should likewise deny the motion to dismiss the UCL claims.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    But even if the Court were to determine that the trademark infringement

2  claims should be dismissed, it does not necessarily follow that the UCL claims must

3  fail as well. In addition to pleading unlawful conduct based on trademark

4  infringement, the Complaint also alleges that Sweet Pete's engaged in unlawful

5  conduct by violating Sugarfina's patents and copyrights. (*See* Compl. ¶ 122.) Thus,

6  so long as one of those claims remains valid, Sugarfina has pled sufficient facts to

7  support the UCL claim. *See Kasky v. Nike, Inc.*, 27 Cal. 4th 939 (Cal. 2002) ("[T]he

8  UCL permits violations of other laws to be treated as unfair competition that is

9  independently actionable.").

10    **E.    Unjust Enrichment (Count V) Is Sufficiently Pled**

11    The Ninth Circuit recognizes that an unjust enrichment claim may be

12  separately pled as a claim for restitution, even if it is not a standalone cause of

13  action under state law. "[U]njust enrichment and restitution are not irrelevant in

14  California law. Rather, they describe the theory underlying a claim that a defendant

15  has been unjustly conferred a benefit through mistake, fraud, coercion, or request."

16  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation and

17  quotation marks omitted). Here, Sweet Pete's has been unjustly conferred a benefit

18  by taking a unilateral license to Sugarfina's intellectual property rights. The unjust

19  enrichment claim permits recovery on the theory that this forced license entitles

20  Sugarfina to a reasonable royalty as the unwilling licensor. *See, e.g., Lindy Pen Co.*

21  *v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993) (superseded on other

22  grounds) ("Because proof of actual damage is often difficult, a court may award

23  damages based on defendant's profits on the theory of unjust enrichment."). That

24  the unjust enrichment claim may be "duplicative of or superfluous" to Sugarfina's

25  other claims "is not grounds for dismissal." *Astiana*, 783 F.3d at 762. *See also* Fed.

26  R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense

27  alternatively or hypothetically, either in a single count or defense or in separate

28  ones."). Thus, the Ninth Circuit instructs that "[w]hen a plaintiff alleges unjust

1  enrichment, a court may construe the cause of action as a quasi-contract claim

2  seeking restitution" instead of dismissing the claim. *Astiana*, 783 F.3d at 762.

3  **F.    Design Patent Infringement (Count VI) Is Sufficiently Pled**

4  Sweet Pete's erroneously states that the claim for design patent infringement

5  "cites only a single section of the Patent Act, 35 U.S.C. § 285." (Mot. 12.) Sweet

6  Pete's is mistaken, since Count VI incorporates by reference all the preceding

7  paragraphs in the Complaint. (*See* Compl. ¶ 131.) Paragraphs 19 and 122 allege that

8  Sweet Pete's committed acts of patent infringement in violation of 35 U.S.C. § 271.

9  Thus, Sweet Pete's is on clear notice of "which section(s) of the patent law Plaintiff

10  contends Defendants violated." (Mot. 12.)

11  **G.    Copyright Infringement (Count VII) Is Sufficiently Pled**

12  The allegations in the Complaint fully address the two elements of copyright

13  infringement: (1) ownership of the asserted copyrights is alleged at paragraphs 51,

14  71, and 137, and (2) copying and substantial similarity are alleged in paragraphs 53

15  to 58, 78, 79, and 139. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340,

16  361 (1991) ("To establish infringement, two elements must be proven: (1)

17  ownership of a valid copyright, and (2) copying of constituent elements of the work

18  that are original."); Mot. 12 (same). Moreover, substantial similarity is evident in

19  the photographs and exhibits in the Complaint, since both Sugarfina's copyrighted

20  works and Sweet Pete's infringing works are visual works that can be readily

21  compared from the images incorporated into the Complaint.

22  As with the trade dress and trademark claims, Sweet Pete's does not dispute

23  that it has adequate notice of the facts relied on to establish the two elements of the

24  copyright claim. Instead, Sweet Pete's disputes whether Sugarfina's copyrights

25  protect truly "original" works, again arguing that the design features Sweet Pete's

26  stole are functional or utilitarian features that cannot be considered when

27  determining originality. (*See* Mot. 12.) But because originality is a question of fact,

28  Sweet Pete's argument should be disregarded as improperly addressing the merits

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  of the claim, not the sufficiency of the pleadings. *See Direct Techs., LLC v. Elec.*

2  *Arts, Inc.*, 836 F.3d 1059, 1068 (9th Cir. 2016) ("[T]he question of originality

3  warrants decision by a jury.").

4      Sweet Pete's further raises the irrelevant point that "Plaintiff's copyright

5  protection extends only to the particular two-dimensional expression embodied in

6  Plaintiff's works, and not functional ideas . . . ." (Mot. 13.) Sugarfina's copyrights

7  cover designs for products and ornamentation, which although registered as 2-D

8  works, contemplate and depict 3-D works. Thus, any 3-D rendering of the

9  copyrighted 2-D designs would be a derivative work to which Sugarfina has

10  exclusive rights. *See* 17 U.S.C. § 106(2). If any question remains as to whether

11  Sweet Pete's 3-D renderings are sufficiently different from the copyrighted 2-D

12  works to avoid infringement, the dispute is a factual question that should not be

13  resolved on a motion to dismiss. *See Direct Techs.*, 836 F.3d at 1067 ("[I]t cannot

14  properly be said as a matter of law that the manner in which [defendant] designed

15  the [derivative work] was merely utilitarian or functional. A reasonable jury could

16  answer that question in either party's favor.").

17  **IV.  SWEET PETE'S MOTION IS PROCEDURALLY DEFICIENT**

18      Sweet Pete's Motion should be denied because Sweet Pete's failed to comply

19  with the applicable federal and local rules, including (1) failing to meet and confer

20  and (2) responding on behalf of the two individual defendants who are already in

21  default.

22      **A.    Sweet Pete's Failed to Meet and Confer Before Filing this Motion**

23      Sweet Pete's Motion fails to comply with Local Rule 7-3, which requires that

24  "counsel contemplating the filing of any motion shall first contact opposing counsel

25  to discuss thoroughly, preferably in person, the substance of the contemplated

26  motion and any potential resolution . . . at least seven (7) days prior to the filing of

27  the motion." The Court may strike motions that are brought without the required

28  meet-and-confer. *See, e.g.*, *N. Am. Wellness Ctr. Holdings LLC v. Temecula Valley*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92814-2545

*Real Estate, Inc.*, Case No. 5:16-CV-02010, Dkt. No. 74 (C.D. Cal. July 18, 2017) (Phillips, C.J.) ("[T]he parties must comply with Local Rule 7-3 and are ordered to meet and confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many disputes as possible."). The Court may also deny a motion that was brought after a meet-and-confer, if that meet-and-confer did not take place sufficiently in advance of filing the motion. *See, e.g.*, *Neev v. Abbott Medical Optics Inc.*, Case No. 8:15-cv-01992, Dkt. No. 207 (C.D. Cal. Feb. 23, 2017) ("Here, [cross-defendant] did not comply with Local Rule 7-3 because he filed his motion only five days after he met and conferred with [cross-plaintiff].").

Here, the only conversation that took place between counsel regarding this Motion was the spontaneous call from Sweet Pete's counsel, Michael Kelber, to Sugarfina's counsel, Jennifer Trusso Salinas, on July 25, 2017—only three days before Sweet Pete's deadline to respond to the Complaint. (Declaration of Jennifer Trusso Salinas ("Salinas Decl.") ¶ 3.) Sugarfina had no notice that Sweet Pete's intended to file a motion to dismiss, or time to prepare for a substantive discussion. (*Id.*, at ¶ 4.) Mr. Kelber called Ms. Salinas and asked if she had some time to discuss the case. (*Id.*) Mr. Kelber stated that he was calling to see if Sugarfina would be willing to amend its complaint to address "some deficiencies." (*Id.*) Mr. Kelber stated that if Sugarfina did not agree to amend the complaint, Sweet Pete's would be filing a motion to dismiss. (*Id.*) Ms. Salinas advised Mr. Kelber that a motion to dismiss would be inappropriate since the parties never held a meet and confer conference. (*Id.*, at ¶ 5.) Mr. Kelber admitted that he was unaware of the meet and confer requirement of Local Rule 7-3. (*Id.*, at ¶ 6.) Never once did Mr. Kelber ask that the parties conduct the meet and confer conference at that time or some later time when they could, in accordance with Local Rule 7-3, "discuss **thoroughly** … the substance of the contemplated motion and any potential resolution." (*Id.*, at ¶ 7.) Instead, Mr. Kelber stated that if Sweet Pete's was time barred from bringing a motion to dismiss it would bring a motion for judgment on

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  the pleadings and, therefore, it might behoove Sugarfina to amend its Complaint

2  now. (*Id.*)

3       Moreover, Sweet Pete's counsel continued to undermine the purpose of the

4  meet-and-confer process by requesting that Sugarfina promise to amend its

5  Complaint *before* he would agree to share Sweet Pete's bases for the motion to

6  dismiss. (*Id.*, at ¶ 8.) When Ms. Salinas informed Mr. Kelber that it would be

7  difficult to get such an agreement from Sugarfina without knowing the bases for the

8  motion, Mr. Kelber finally agreed to provide some of these details. (*Id.*, at ¶ 9.)

9  However, as Ms. Salinas repeatedly advised Mr. Kelber, Ms. Salinas was simply

10  going to take notes of what Mr. Kelber stated since she was not prepared to have a

11  substantive discussion. (*Id.*, at ¶ 10.) More specifically, Ms. Salinas advised Mr.

12  Kelber that she did not have the Complaint in front of her and was not adequately

13  prepared to address every single topic he raised since she was blindsided by the

14  phone call. (*Id.*) Although Mr. Kelber proceeded to discuss some of the deficiencies

15  raised in the Motion, Mr. Kelber was also unprepared to conduct a meet and confer

16  conference. During the impromptu call, Ms. Salinas asked for examples and

17  authority supporting Sweet Pete's deficiency claims, which Mr. Kelber simply

18  could not provide. (*Id*. at ¶ 11.) For example, as demonstrated above, many of Mr.

19  Kelber's points went to the merits of the claims and not the sufficiency of the

20  pleadings. (*Id.*) When Ms. Salinas pointed this out and asked for authority that this

21  could be appropriately addressed in a motion to dismiss, Mr. Kelber could not

22  provide such authority. (*Id.*)

23       Because Sweet Pete's failed to engage in a good faith meet-and-confer

24  process that may have permitted the parties to resolve their disagreements without

25  intervention by the Court, Sweet Pete's Motion to Dismiss should be denied on

26  procedural grounds alone.

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

32101044v2

- 20 -

SUGARFINA, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**B.    Peter and Allison Behringer Are in Default and Their Motion to Dismiss Is Untimely**

In addition, the Motion is untimely at least with respect to Defendants Peter Behringer and Allison Behringer because these defendants are currently in default. Neither Peter Behringer nor Allison Behringer filed an answer or response to the Complaint by the deadline of July 14, 2017. (Salinas Decl. ¶ 18.) In fact, Defendants' counsel limited the stipulation for extension of time to the company defendants. (*Id.*, at ¶ 12-14.) Mr. Kelber represented that such stipulation would be "on behalf of both defendant LLCs who were served . . . making both parties' responsive pleadings due on the 28th." (*Id.*, at ¶ 12.)

According to Mr. Kelber's email dated July 28, 2017, he did not include Peter Behringer and Allison Behringer in the stipulation because he was "unaware that the individual defendants had been served in their individual capacities . . . " and failed to account for proper service. (*Id.*, at ¶ 17.) Yet, the ECF notices, which Defendants' counsel had access to, unambiguously state that the individual defendants had been served and that their responses to the Complaint were due on July 14, 2017. (*Id.*, at ¶ 18.) Accordingly, the Court should deny Sweet Pete's noncompliant Motion to Dismiss as untimely at least as to Peter Behringer and Allison Behringer.

**V.    IN THE ALTERNATIVE, THE COMPLAINT SHOULD BE AMENDED INSTEAD OF DISMISSED**

In the alternative, if the Court should determine that the Complaint does not plead sufficient allegations to put Sweet Pete's on notice of the claims, and that Sugarfina is not prejudiced by Sweet Pete's noncompliance with the federal and local rules in bringing this Motion, Sugarfina respectfully requests that it be granted leave to amend the Complaint to address any deficiencies. "Dismissal without leave to amend is proper only in 'extraordinary' cases," *Broam*, 320 F.3d at 1028, such as if "the court determines that the allegation of other facts consistent with the

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

32101044v2

- 21 -

SUGARFINA, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citation and quotations marks omitted). Here, to the extent there are any deficiencies, the facts alleged in the Complaint show that the claims are not beyond cure. This is not an "extraordinary" case that merits dismissal without leave to amend.

## VI.   **CONCLUSION**

In sum, because Sweet Pete's has not identified a single point of an alleged failure to state a claim that is not actually a question of fact for the jury, the Court should find that all seven counts of the Complaint are supported by sufficient factual allegations and deny Sweet Pete's Motion to Dismiss the Complaint.

Dated:  August 8, 2017

Respectfully submitted,

TROUTMAN SANDERS LLP

By: */s/ Jennifer Trusso Salinas*
Jennifer T. Salinas
Andre De La Cruz
Jenny Kim

Attorneys for Plaintiff
SUGARFINA, INC.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545