TROUTMAN SANDERS LLP
Jennifer Trusso Salinas, Bar No. 198579
jennifer.salinas@troutmansanders.com
Andre De La Cruz, Bar No. 245175
andre.delacruz@troutmansanders.com
Jenny Kim, Bar No. 282562
jenny.kim@troutmansanders.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Plaintiff
SUGARFINA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGARFINA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SWEET PETE'S LLC a Florida limited liability company; ML SWEETS, LLC, a Pennsylvania limited liability company; PETER BEHRINGER, an individual; and ALLISON BEHRINGER, an individual,<br><br>Defendants. | Case No. 2:17-cv-4456 RSWL (JEMx)<br><br>Hon. Ronald S.W. Lew<br><br>JURY TRIAL DEMAND<br><br>**DECLARATION OF JENNIFER TRUSSO SALINAS IN SUPPORT OF SUGARFINA, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing Date: August 29, 2017<br>Time: 10:00 a.m.<br>Place: TBD |

I, Jennifer Trusso Salinas, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Troutman Sanders LLP, counsel for Plaintiff Sugarfina, Inc. ("Sugarfina") in the above-captioned action.

2. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

*Lack of Mandated Meet & Confer*

3. On June 21, 2017, six (6) days after Sugarfina filed the Complaint, Michael G. Kelber reached out to me and informed me that he was counsel for Defendant Sweet Pete's, LLC.

4. On July 25, 2017, I received a telephone call from Mr. Kelber. This phone call was neither scheduled nor expected. Mr. Kelber asked if I had some time to discuss the case. Mr. Kelber stated that he was calling to see if Sugarfina would be willing to amend its complaint to address "some deficiencies." Mr. Kelber stated that if Sugarfina did not agree to amend the complaint, Sweet Pete's would be filing a motion to dismiss.

5. I advised Mr. Kelber that a motion to dismiss would be inappropriate since the parties never held a meet and confer conference.

6. Mr. Kelber admitted that he was unaware of the meet and confer requirement of Local Rule 7-3.

7. Never once did Mr. Kelber ask that the parties conduct the meet and confer conference at that time or some later time when they could, in accordance with Local Rule 7-3, "discuss thoroughly … the substance of the contemplated motion and any potential resolution." Instead, Mr. Kelber stated that if Sweet Pete's was time barred from bringing a motion to dismiss it would bring a motion for judgment on the pleadings and, therefore, it might behoove Sugarfina to amend its Complaint now.

- 1 -
DECLARATION OF J. SALINAS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

8. Mr. Kelber wanted me to promise that Sugarfina would amend its Complaint prior to him sharing his bases for Defendant's anticipated Motion to Dismiss. I declined to make such promise. Instead, I advised Mr. Kelber that I would consider amending the Complaint but only upon conferring with my client.

9. When I informed Mr. Kelber that it would be difficult to get an agreement from Sugarfina to amend the Complaint without knowing the bases for a motion to dismiss, Mr. Kelber finally agreed to provide some of these details.

10. I repeatedly advised Mr. Kelber that I was simply going to take notes of what Mr. Kelber stated since I was not prepared to have a substantive discussion. More specifically, I advised Mr. Kelber that I did not have the Complaint in front of me and was not adequately prepared to address every single topic he raised since I was expecting his phone call.

11. During the impromptu call, I asked for examples and authority supporting Sweet Pete's deficiency claims, which Mr. Kelber simply could not provide. For example, as demonstrated above, many of Mr. Kelber's points went to the merits of the claims and not the sufficiency of the pleadings. When I pointed this out and asked for authority that this could be appropriately addressed in a motion to dismiss, Mr. Kelber could not provide such authority. In fact, Mr. Kelber was only able to provide me with one case cite, *Limo Hosting, Inc. v. Fiks*, No. C 08-2474 BZ (N.D. Cal. Dec. 17, 2008), which he agreed the decision was in favor of the non-movant for the proposition being advanced.

***Default of Individual Defendants***

12. On July 12, 2017, the parties negotiated an extension to respond to the Complaint via a stipulation. This stipulation was solely for Defendant Sweet Pete's, LLC. A day later, on July 13, 2017, Defendants' counsel sent a modified stipulation and represented that such stipulation would be "on behalf of both defendant LLCs who were served . . . making both parties' responsive pleadings due on the 28th."

- 2 -
DECLARATION OF J. SALINAS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Attached hereto as **Exhibit 1** is a true and correct copy of the email from Mr. Kelber to me, dated July 13, 2017.

13. Defense counsel did not mention nor request an extension to respond on behalf of either individual defendants, Allison Behringer or Peter Behringer.

14. On July 13, local counsel for "defendant LLCs" filed the stipulation. (Dkt. No. 14.) Again, the stipulation prepared by defense counsel *did not* include or contain any reference to the individual defendants.

15. On July 28, 2017, Defendants' local counsel filed Pro Hac Vice applications for Messrs. Kelber and Fraker identifying—for the first time—their representation of the individual defendants along with the "defendant LLCs."

16. Immediately upon filing their PHV applications, I sent an email to Mr. Kelber notifying him of the fact that any response on behalf of the individuals is untimely. Attached hereto as Exhibit 2 is a true and correct copy of the email chain between me and Messrs. Kelber and Fraker, dated July 28, 2017.

17. In response to my email, defense counsel stated that they "were unaware that the individual defendants had been served in their individual capacities . . . " and failed to account for proper service. The individual defendants were never served in any other capacity but their individual capacities.

18. As indicated in Docket Entry Nos. 11 and 12, both individual defendants were personally served on June 23, 2017. The Clerk's Office further stated that their responses to the Complaint were due July 14, 2017.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of August 2017 at Irvine, California.

/s/ *Jennifer Trusso Salinas*
Jennifer Trusso Salinas

- 3 -
DECLARATION OF J. SALINAS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS