1  KARIN G. PAGNANELLI (SBN 174763)
     kgp@msk.com
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  MICHAEL G. KELBER (*pro hac vice*)
     mkelber@ngelaw.com
6  ANDREW S. FRAKER (*pro hac vice*)
     mturner@ngelaw.com
7  NEAL, GERBER & EISENBERG LLP
   Two North LaSalle Street, Suite 1700
8  Chicago, IL 60602-381
   Telephone: (312) 269-8000

9
   Attorneys for Defendants
10 SWEET PETE'S LLC, ML SWEETS, LLC,
   PETER BEHRINGER and ALLISON
11 BEHRINGER

12

13               UNITED STATES DISTRICT COURT

14                CENTRAL DISTRICT OF CALIFORNIA

15

16 SUGARFINA, INC., a Delaware        CASE NO. 2:17-cv-4456-RSWL-JEM
   corporation,
17                                    Honorable Ronald S.W. Lew
              Plaintiff,
18                                    **DEFENDANTS' REPLY IS
       v.                             SUPPORT OF MOTION TO
19                                    DISMISS**
   SWEET PETE'S LLC, a Florida limited
20 liability company; ML SWEETS, LLC,
   a Pennsylvania limited liability     DATE:   August 29, 2017
21 company; PETER BEHRINGER, an         TIME:   10:00 a.m.
   individual; and ALLISON             CTRM.:   tbd
22 BEHRINGER, an individual,

23            Defendants.

24

25

26

27

28

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................1
II.  ARGUMENT......................................................................................................1
   A. COUNT I FOR TRADE DRESS INFRINGEMENT ..................................................1
     *i. Plaintiff fails to identify allegations setting forth its trade dress with specificity*.............................................................................................................1
     *ii. ...Plaintiff fails to identify allegations setting forth facts supporting the nonfunctionality of its trade dress.* .....................................................................................................3
     *iii. Plaintiff fails to identify allegations setting forth secondary meaning in its trade dress*......................................................................................................4
   B. COUNT II FOR FEDERAL TRADEMARK INFRINGEMENT.................................6
   C. COUNT III FOR COMMON-LAW TRADEMARK INFRINGEMENT ....................7
   D. COUNT IV FOR UNFAIR COMPETITION ...........................................................7
   E. COUNT V FOR UNJUST ENRICHMENT ..............................................................8
   F. COUNT VI FOR PATENT INFRINGEMENT .........................................................9
   G. COUNT VII FOR COPYRIGHT INFRINGEMENT ................................................9
III. PLAINTIFF'S PROCEDURAL OBJECTIONS ARE BASELESS .........10
   A. THE PARTIES FULFILLED THE PURPOSE OF LOCAL RULE 7-3 ...................10
   B. DEFAULT HAS NOT BEEN ENTERED...............................................................11
IV.  CONCLUSION ...............................................................................................13

# Table of Authorities

Page(s)

**CASES**

*Aguilera v. Bigham*,
   2016 U.S. Dist. LEXIS (E.D. Cal. Aug. 30, 2016) ............................................. 12

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015) ................................................................................ 8

*Axis Imex, Inc. v. Sunset Bay Rattan, Inc.*,
   2009 U.S. Dist. LEXIS 2667 (N.D. Cal. Jan. 7, 2009) ........................................ 2

*Beats Elecs. LLC v. Yamaha Corp. of Am.*,
   2013 U.S. Dist. LEXIS 197449 (C.D. Cal. Apr. 22, 2013) ................................... 2

*Brian Lichtenberg, LLC v. Alex & Chloe Inc.*,
   2014 U.S. Dist. LEXIS 18607 (C.D. Cal. Feb. 13, 2014) .................................... 5

*Clicks Billiards Inc. v. Sixshooters Inc.*,
   251 F.3d 1252 (9th Cir. 2001) .............................................................................. 3

*De Walshe v. Togo's Eateries, Inc.*,
   567 F. Supp. 2d 1198 (C.D. Cal. 2008) .............................................................. 11

*Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*,
   2015 U.S. Dist. LEXIS 188274 (C.D. Cal. May 8, 2015) ........................... 3, 4, 5

*DocMagic, Inc. v. Ellie Mae, Inc.*,
   745 F. Supp. 2d 1119 (N.D. Cal. 2010) ............................................................... 5

*GNI Waterman LLC v. A/M Valve Co. LLC*,
   2007 U.S. Dist. LEXIS 68715 (E.D. Cal. Sep. 7, 2007) ...................................... 4

*Halton Co. v. Streivor, Inc.*,
   2010 U.S. Dist. LEXIS 50649 (N.D. Cal. May 21, 2010) ............................... 7, 8

*Implus Footcare, LLC v. Ontel Prods. Corp.*,
   2015 U.S. Dist. LEXIS 182279 (C.D. Cal. Aug. 28, 2015) ................................. 9

*Lepton Labs, LLC v. Walker*,
   55 F. Supp. 3d 1230 .............................................................................................. 2

*McDonald v. IndyMac Mortg. Servs.*,
   2013 U.S. Dist. LEXIS 72738 (N.D. Cal. May 22, 2013) ............................ 11, 12

*Mercado Latino, Inc. v. Indio Prods.*,
    2017 U.S. Dist. LEXIS 55304 (C.D. Cal. Apr. 11, 2017) ................................... 2

*Mitchell v. Metro. Life Ins. Co.*,
    2008 U.S. Dist. LEXIS 29387 (C.D. Cal. Apr. 07, 2008) ................................. 11

*N. Am. Wellness Ctr. Holdings, LLC v. Temecula Valley Real Estate, Inc.*, Case No. 5:16-CV-02010, Dkt. No. 74 (C.D. Cal. July 18, 2017) ....................................................................................................... 10

*Purcell v. Spokeo, Inc.*,
    2014 U.S. Dist. LEXIS 118280 (C.D. Cal. Aug. 25, 2014) ............................... 8

*Qualitex Co. v. Jacobson Prods. Co., Inc.*,
    514 U.S. 159 (1995) ......................................................................................... 3

*Samain v. Advent Prod. Dev.*,
    2008 U.S. Dist. LEXIS 89193 (C.D. Cal. Sept. 30, 2008) .............................. 12

*Thomas v. US Foods, Inc.*,
    2012 U.S. Dist. LEXIS 165307 (C.D. Cal. Nov. 14, 2012) ............................. 11

*Twitter, Inc. v. Skootle Corp.*,
    2012 U.S. Dist. LEXIS 87029 (N.D. Cal. June 22, 2012) .............................. 12

*White v. Twentieth Century Fox Corp.*,
    572 Fed. Appx. 475 (9th Cir. 2014) ............................................................... 10

*Wofford v. Bracks*,
    2015 U.S. Dist. LEXIS 127023 (C.D. Cal. Aug. 13, 2015) ............................ 12

## I. INTRODUCTION

Much like Plaintiff's Complaint, its Response to Defendants' Motion to Dismiss focuses heavily on irrelevant material in hopes of obscuring the fatal deficiencies in Plaintiff's actual allegations. Plaintiff attempts to misdirect with lengthy arguments that its various claims are issues of fact and that it is not required to prove its claims at the pleading stage, points that Defendants do not dispute. However, Plaintiff mentions the only relevant material – the allegations in the Complaint – only in passing. When the allegations themselves are properly brought back into focus, it is clear that they are insufficient to state Plaintiff's claims and therefore to survive the Motion to Dismiss. Because Plaintiff cannot cure the deficiencies in its allegations with argument in its brief, Defendants' Motion should be granted.

## II. ARGUMENT

### A. Count I for Trade Dress Infringement

#### i. *Plaintiff fails to identify allegations setting forth its trade dress with specificity.*

Plaintiff cites only two allegations in the Complaint with respect to the specific features of its alleged trade dress. Plaintiff contends that it has alleged "discrete and identifiable features" of the trade dress in the form of the photographs in paragraph 43 of the Compliant and the "detailed descriptions" in paragraph 45. Resp. at 5. As set forth in Defendants' Motion, these allegations describe the trade dress in general terms such as "total image and overall appearance" and "size, shape, color or color combinations." The allegations include only a list of elements that the trade dress "*may*" include, all of which are plainly unprotectable to begin with as a matter of law. *See* Compl. ¶ 45. The photographs in paragraph 43 do not serve to sufficiently clarify these vague allegations, as they depict product packages that could be considered similar to

1  each other only at the most general, unprotectable levels: they are rectangular, use
2  the colors light blue and white, and contain a design element in the center. If these
3  purported features, and those set forth in paragraph 45, are indeed "exactly what
4  features are claimed as trade dress," Resp. at 5, Plaintiff should have unequivocally
5  stated as much in the Complaint. *See, e.g., Lepton Labs, LLC v. Walker,* 55 F.
6  Supp. 3d 1230, 1240 (C.D. Cal. 2014) (adequate claim for trade dress infringement
7  requires "a <u>complete</u> recitation of the <u>concrete</u> elements of [the] alleged trade
8  dress") (emphasis added).

9        Plaintiff cites cases in which much more specific allegations with respect to
10 trade dress have survived a motion to dismiss. For example, in *Mercado Latino,*
11 *Inc. v. Indio Prods.*, 2017 U.S. Dist. LEXIS 55304 (C.D. Cal. Apr. 11, 2017), the
12 court found that the plaintiff's "relatively detailed" description of its trade dress
13 and accompanying photos were "adequate" to state a claim. *Id.* at *5-6. There, the
14 trade-dress allegations included such specifics as "a clear cylindrical container that
15 is approximately 2.25 x 2.25 x 8.0 inches in length, width and height," a "die-cut
16 label [that] has a silhouette outlined by a black border with a top portion that tapers
17 together and forms a pointed tip that resembles a 'bullet' shape," and more. *See id.*
18 at *1-2. In *Axis Imex, Inc. v. Sunset Bay Rattan, Inc.*, 2009 U.S. Dist. LEXIS 2667
19 at *8 (N.D. Cal. Jan. 7, 2009), the court denied a motion to dismiss where the trade
20 dress claim for a group of nesting boxes cited the specific "shape, size and
21 placement of the bows and ribbons," among other elements. In *Beats Elecs. LLC v.*
22 *Yamaha Corp. of Am.*, 2013 U.S. Dist. LEXIS 197449 at *4-5 (C.D. Cal. Apr. 22,
23 2013), the plaintiff identified such specific features as "the size, proportion and
24 curvature of the headband, yoke and earcups."

25       These cases underscore the inadequacy of Plaintiff's vague, general
26 allegations with respect to its trade dress. Plaintiff's claim should accordingly be
27 dismissed. If Plaintiff wishes to assert the elements set forth in paragraph 45, as
28

discussed above, it should amend the allegation to comprise those elements without equivocation.

### ii. Plaintiff fails to identify allegations setting forth facts supporting the nonfunctionality of its trade dress.

Defendants do not dispute the factual nature of the functionality inquiry with respect to trade dress, and did not do so in their Motion. However, this "does not relieve Plaintiff of its obligation to adequately *plead* non-functionality in order to state a claim for trade dress infringement." *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.,* 2015 U.S. Dist. LEXIS 188274 at *14 (C.D. Cal. May 8, 2015) (emphasis in original). Plaintiff's Complaint fails to state a cause of action because the inference that the features asserted by Plaintiff are non-functional is not plausible, and that Plaintiff has not alleged facts to support such an inference.

As Plaintiff correctly states, a design feature is functional "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article[.]" *Qualitex Co. v. Jacobson Prods. Co., Inc.*, 514 U.S. 159, 165 (1995). Plaintiff is unable to cite any factual allegations to support three of the four relevant factors, namely whether the design yields a utilitarian advantage, whether advertising touts the utilitarian advantages of the design, or whether the particular design results from a comparatively simple or inexpensive method of manufacture. *See, e,g., Clicks Billiards Inc. v. Sixshooters Inc.,* 251 F.3d 1252, 1261 (9th Cir. 2001).

Plaintiff identifies only two allegations it contends show the availability of alternative designs. Resp. at 7. These allegations state that "Sweet Pete's had many options in developing its candy" and sold candy in "markedly different" packaging until 2014. Compl. ¶¶ 54, 56.[1] It is hardly noteworthy that candy can be sold in virtually infinite varieties of packaging. Moreover, Plaintiff's allegations are

---

[1] Plaintiff's argument that "Sweet Pete's cannot credibly argue that it has no idea what protectable trade dress claims Sugarfina may assert when Sweet Pete's itself dissected and copied precisely the same features identified in the Complaint in order to give itself a total brand," Resp. at 9, is plainly circular reasoning.

3

entirely generalized and fail to specify any particular alternative designs for any specific product packaging, and why these designs would be equally beneficial in a utilitarian sense. These statements alone cannot suffice to support conclusory allegations of non-functionality where the trade dress alleged, to the extent that it is specified, consists of such facially utilitarian elements as a magnetic latch, a rectangular product package, clear cubes that display the candy inside and reside in similarly sized wells, and the spacing of the cube wells. Because Plaintiff "is not allowed to 'punt' on non-functionality," *GNI Waterman LLC v. A/M Valve Co. LLC*, 2007 U.S. Dist. LEXIS 68715 at *6 (E.D. Cal. Sep. 7, 2007), its trade-dress claim should be dismissed.

                *iii.    Plaintiff fails to identify allegations setting forth secondary meaning in its trade dress.*

        Similarly, Defendants acknowledge that the distinctiveness of trade dress is a question of fact. The problem is that Plaintiff's Complaint does not contain sufficient factual allegations to support Plaintiff's conclusory statements that its trade dress has acquired secondary meaning. In its Response, *see* Resp. at 11, Plaintiff points to only highly general allegations, such as that it has used its packaging design "consistently throughout the course of its business," Compl. ¶ 6, that it has used the packaging "extensively … throughout the United States," *id*. ¶ 24, that its products "have received unsolicited comment and attention in print and social media throughout the world," *id*. ¶ 25, and that "based on extensive and consistent advertising, promotion and sales throughout the United States, the Sugarfina Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers," *id*. ¶ 83. None of these allegations is sufficiently specific to provide factual support for Plaintiff's conclusion that its trade dress has gained secondary meaning.

        In *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.,* 2015 U.S. Dist. LEXIS 188274 at *14-18 (C.D. Cal. May 08, 2015), the court dismissed a trade dress

4

claim consisting of similarly general allegations. There, the Plaintiff alleged that "the Bailey Button Boot Trade Dress is one of its 'most well recognized and commercially successful styles;' Plaintiff has spent 'substantial time, effort and money' promoting and advertising items embodying the trade dress; the trade dress has been in 'long use' by Plaintiff; and Plaintiff has made 'extensive sales' and sold 'a substantial amount' of boots bearing the design." *Id*. at *17-18. The court noted that "the existence of secondary meaning may be inferred from evidence relating to the nature and extent of the public exposure achieved by the designation." *Id*. at *17 (internal quote and citation omitted). However, "while Plaintiff mentions the existence of some of these factors generally, the allegations implicating public exposure, sales and establishment in the market … are conclusorily pled." *Id*.[2]

      To support the sufficiency of its allegations with respect to secondary meaning, Plaintiff also argues that it has alleged actual confusion, citing paragraph 76 of the Complaint. Resp. at 11. That allegation – actually directed toward Plaintiff's patent infringement claim – shows two social-media comments that purport to show the commenter's belief that Defendants' product packaging resembles that of Plaintiff. However, this does not support an allegation of actual confusion, as the commenters do not express confusion at all. The comments do not state that Defendants' packaging *is* that of Plaintiff, or that Defendant is

---

[2] Plaintiff cites to two cases in which the factual allegations of secondary meaning and bad-faith copying were significantly more robust. In *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1140 (N.D. Cal. 2010), the complaint alleged eight years of consistent and specific trademark and trade dress use, facts showing intentional copying by a former authorized reseller of the services, and consumer knowledge that defendants' re-branded services were actually provided by the plaintiff. *See id*.; No. 3:09-cv-04017-EMC, Second Amended Complaint, Dkt. No. 89, filed Nov. 3, 2010, ¶¶ 53-55.

Similarly, in *Brian Lichtenberg, LLC v. Alex & Chloe Inc.*, 2014 U.S. Dist. LEXIS 18607 at *14 (C.D. Cal. Feb. 13, 2014), the allegations included statements that "millions of consumers" had been exposed to the asserted trade dress via specific media channels, sales of identical counterfeit products by defendants, and specific incidents of actual consumer confusion. *See id*.; No. 2:13-cv-06837-DDP-PJW, First Amended Complaint, Dkt. No. 53, filed Nov. 20, 2013, ¶¶ 16-17, 45, 96.

5

affiliated with or sponsored by Plaintiff.[3] Nor does it support an inference of secondary meaning, as there is no basis for assuming that the social media commenters were familiar with Plaintiff's purported trade dress, by itself, as an indicator of source prior to making their posts.

This single nonsupportive allegation, coupled with Plaintiff's general statements with respect to public exposure and sales, cannot support a claim of secondary meaning. For this additional reason, Plaintiff's trade dress claim should be dismissed.

### B. Count II for Federal Trademark Infringement

Plaintiff misrepresents Defendants' argument with respect to Plaintiff's marks registered on the Supplemental Register. Defendants do not argue, as Plaintiff contends (*see* Resp. at 13), that registration on the Supplemental Register constitutes an unrebuttable admission that the mark is descriptive as matter of law. Rather, because a mark registered on the Supplemental Register is not afforded the presumption of validity, a plaintiff must adequately allege that such a mark has gained secondary meaning. *See* Mot. at 8.[4]

Here, Plaintiff has not done so. Plaintiff points to five allegations from its Complaint (*see* Resp. at 14), all of which refer only to its products and packaging in general, and not to its purported word marks. *See* Compl. ¶ 6 (Plaintiff has "cultivated unmistakable design features in its products and packaging"); ¶ 24-27 (Plaintiff's products "with its branded packaging" have been "extensively advertised" and have received "unsolicited comment and attention" in media;

---

[3] Plaintiff also cites three additional purported social media posts with similar comments. Resp. at 11 n.5. These comments should not be considered, as (1) they are inadmissible at this stage because they were not included in the Complaint and Defendants have not moved for summary judgment, and (2) they constitute hearsay, as Plaintiff has not provided an authenticated source for the purported comments.

[4] Likewise, Defendants are not attempting to "foreclose future arguments for validity[.]" Resp. at 13. However, Plaintiff must at least adequately *plead* validity at this stage.

6

1  Plaintiff's product design has come to represent Plaintiff's products and has won
2  awards). Plaintiff cannot identify a single factual allegation showing that its word
3  marks CUBA LIBRE and CANDY BENTO BOX have gained secondary meaning
4  in the less than two years they have allegedly been in use. Plaintiff's Lanham Act
5  claim should therefore be dismissed with respect to those marks.

      **C.    Count III for Common-Law Trademark Infringement**

7        As an initial matter, Defendants contend that Count III alleges violations of
8  the Lanham Act rather than common-law infringement not because of the "overlap
9  between the legal standards" for the two types of claims, Resp. at 14, but because
10 Count III of the Complaint *expressly* alleges violations of the Lanham Act. *See*
11 Compl. ¶¶ 110 and 115.

12       Moreover, as with its Lanham Act claim, Plaintiff is unable to identify any
13 factual allegations showing that its word marks are either inherently distinctive or
14 have acquired secondary meaning. Plaintiff argues in its brief that its marks are not
15 generic, but such argument cannot cure Plaintiff's failure to plead facts. As set
16 forth above, Plaintiff's claim should be dismissed.

      **D.    Count IV for Unfair Competition**

18       As Plaintiff acknowledges, its unfair competition claim is "substantially
19 congruent" to its trademark claims. Resp. at 15. It should therefore be dismissed
20 for the reasons set forth above.

21       Plaintiff further argues, however, that its unfair competition claim remains
22 even if its trademark claims fail, so long as its claims for patent or copyright
23 infringement survive the Motion to Dismiss. *Id*. at 16. This is incorrect as a matter
24 of law. "A state-law claim must be 'qualitatively different from a copyright or
25 patent infringement claim' or else it is preempted." *Halton Co. v. Streivor, Inc.*,
26 2010 U.S. Dist. LEXIS 50649 at *11 (N.D. Cal. May 21, 2010) (quoting *Summit
27 Mach. Tool Mfg. Corp. v. Victor CNC Systems, Inc.*, 7 F.3d 1434, 1439 (9th Cir.

7

1993)). To avoid preemption, "the state-law claim must require proof of an element not shared by the federal law." *Id*.

Here, Plaintiff has not alleged any facts that would differentiate its unfair competition claim from its patent or copyright infringement claims.[5] Indeed, Plaintiff merely re-incorporates its preceding allegations and states that "[t]he above-described acts also constitute unlawful infringement of Sugarfina's registered patent and copyright rights … and are therefore unlawful acts in violation of California Business & Professions Code §§ 17200, *et. seq.*" Compl. ¶ 122. Plaintiff's unfair competition claim therefore cannot stand even if its patent or copyright claims survive.

### E. Count V for Unjust Enrichment

As set forth in Defendants' Motion, California does not recognize a separate cause of action for unjust enrichment. Plaintiff argues that such a claim may be plead separately "as a claim for restitution." Resp. at 16. Restitution is indeed applicable in quasi-contract cases. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (reversing dismissal of unjust enrichment claim where plaintiff had expressly alleged quasi-contract claim). However, the complaint must contain allegations directed toward a quasi-contractual theory. *See, e.g., Purcell v. Spokeo, Inc.,* 2014 U.S. Dist. LEXIS 118280 at *15 (C.D. Cal. Aug. 25, 2014) ("[T]he inquiry is whether the plaintiff merely alleges restitution as a remedy or a separate theory of liability."). If a claim for unjust enrichment is not differentiated from a plaintiff's other claims, it must be dismissed. *Id*. (dismissing unjust enrichment claim where allegations were "inextricably intertwined" with FCRA claim and did not "give rise to a separate theory of quasi-contract").

---

[5] To the extent that Plaintiff may rely on the "fraudulent" element of CBPC § 17200 rather than the "unlawful" element, Plaintiff has not alleged any fraudulent conduct by Defendants with sufficient particularity. *See, e,g. Halton Co.* at *10 (dismissing unfair competition claim under "fraud" prong because the allegations' "lack of specificity, as well as plaintiff's failure to allege a plausible theory of reliance on these supposed misrepresentations, makes it impossible for defendant to respond to these allegations").

8

In this case, Plaintiff attempts to shoehorn its other claims into a quasi-contractual posture, arguing in its brief that Defendants' purported conduct amounted to a "unilateral license," Resp. at 16. However, here again, arguments in its brief cannot cure Plaintiff's failure to make any allegations whatsoever in the Complaint itself that would support quasi-contract as a *separate* theory of liability. Indeed, in its Response, Plaintiff does not cite to a single allegation in its Complaint to support a separate theory of quasi-contractual restitution.

Accordingly, Plaintiff's claim for unjust enrichment should be dismissed.

### F. Count VI for Patent Infringement

With respect to Count VI, Defendants concede that Plaintiff's allegations invoking a specific section of the Patent Act are indeed cited, albeit couched in its allegations with regard to jurisdiction (*see* Compl. ¶ 19) and unfair competition (*see* Compl. ¶ 122) rather than its patent infringement claim.

### G. Count VII for Copyright Infringement

Plaintiff fails to substantively address the fact that the Complaint demonstrates that there is no substantial similarity between the asserted works and the accused works. Instead, Plaintiff merely states that "substantial similarity is evident in the photographs and exhibits in the Complaint, since both Sugarfina's copyrighted works and Sweet Pete's [allegedly] infringing works are visual works that can be readily compared from the images incorporated into the Complaint." Resp. at 17.[6]

It is well established that "when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." *Implus Footcare,*

---

[6] Defendants also attempt to broaden their copyright allegations in their Response, asserting that "any 3-D rendering of the copyrighted 2-D designs would be a derivative work to which Sugarfina has exclusive rights." Resp. at 18. However, Plaintiff's Complaint once again lacks any such allegations, asserting only Plaintiff's two registered copyrights and failing to even mention derivative works. *See* Compl. ¶ 137.

9

*LLC v. Ontel Prods. Corp.*, 2015 U.S. Dist. LEXIS 182279 at *7 (C.D. Cal. Aug. 28, 2015) (citing *Christianson v. West Pub. Co.*, 149 F.2d 202 , 203 (9th Cir.1945)). A lack of extrinsic, objective similarity "is fatal to a plaintiff's copyright case as a matter of law." *White v. Twentieth Century Fox Corp.*, 572 Fed. Appx. 475, 476-77 (9th Cir. 2014).

Defendants agree that the parties' works can be readily compared based on the images in the Complaint, and indeed provided a side-by-side chart for that purpose, which Plaintiffs failed to include. *See* Mot. at 14. As set forth in Defendants' Motion, it is clear based on such a comparison that the works are not substantially similar as a matter of law. Plaintiff's copyright claim should therefore be dismissed.

### III. PLAINTIFF'S PROCEDURAL OBJECTIONS ARE BASELESS

#### A. The Parties Fulfilled the Purpose of Local Rule 7-3

In a transparent attempt to avoid the need to amend the Complaint, Plaintiff puts form over substance in contending that Defendants' Motion is "procedurally deficient." Plaintiff focuses on a technical adherence to the letter of Local Rule 7-3. Resp. at 18-19. However, notwithstanding Plaintiff's mischaracterization of the communication between the parties' counsel, the parties did (as Plaintiff's counsel ultimately concedes) meet and confer, albeit two business days outside of the seven-day time frame.

As the court noted in *N. Am. Wellness Ctr. Holdings, LLC v. Temecula Valley Real Estate, Inc.*, Case No. 5:16-CV-02010, Dkt. No. 74 (C.D. Cal. July 18, 2017) (Phillips, C.J.), cited by Plaintiff, the purpose of the meet-and-confer requirement is "to eliminate the necessity for hearing the motion or to eliminate as many disputes as possible." Resp. at 18-19. As set forth in the attached Declaration of Michael G. Kelber (and not contradicted by Plaintiff's counsel), in the days before filing the instant Motion, Defendants' counsel put Plaintiff's counsel on

notice of Defendants' intent to file the Motion and met and conferred in an attempt to eliminate as many disputes as possible. Kelber Decl. ¶¶ 2-5. Defendants' counsel not only had sufficient time to confer with her client after the meet and confer, on July 27, 2017, Plaintiff's counsel unequivocally informed Defendants' counsel that Plaintiff would not amend its pleadings in any way. *Id.* ¶¶ 6 and 7.

The fact that the parties' discussions began on Tuesday, July 25, 2017, rather than Friday, July 21, 2017, is immaterial to the result, and Plaintiff cannot claim to have been prejudiced (and has not been prejudiced) in any way. Indeed, in response to Defendants' Motion, Plaintiff chose to file a substantive opposition rather than amending its Complaint. The Court should therefore consider the Motion on the merits. *See, e.g., Thomas v. US Foods, Inc.,* 2012 U.S. Dist. LEXIS 165307 at *4 n.1 (C.D. Cal. Nov. 14, 2012) (considering motion for remand where plaintiff's counsel emailed opposing counsel four days after deadline set by Local Rule 7-3); *Mitchell v. Metro. Life Ins. Co.*, 2008 U.S. Dist. LEXIS 29387 at *4 n.1 (C.D. Cal. Apr. 07, 2008) (considering motion on merits where defendant "had sufficient time to respond to the motion, for which Plaintiff's attorneys provided more than minimum notice"); *De Walshe v. Togo's Eateries, Inc.*, 567 F. Supp. 2d 1198, 1201 n.1 (C.D. Cal. 2008) (exercising discretion to evaluate summary judgment motion on merits where lack of compliance with Local Rule 7-3 did not prejudice plaintiff).

### B. Default Has Not Been Entered

Plaintiff also requests that Defendants' Motion be denied with respect to defendants Peter Behringer and Allison Behringer (the "Individual Defendants") "because these defendants are currently in default." Resp. at 21. Such a disingenuous claim is troubling, because Plaintiff has not requested the entry of default against the Individual Defendants. *See, e.g., McDonald v. IndyMac Mortg. Servs.*, 2013 U.S. Dist. LEXIS 72738 at *1 n.1 (N.D. Cal. May 22, 2013) (Plaintiff's objection to motion to dismiss as untimely was "not well taken"

11

because "the ordinary penalty for a failure to timely respond to a complaint or amended complaint is entry of default"). The Individual Defendants cannot possibly be in default absent such a request and the Clerk's entry of default against them. *See, e.g., Aguilera v. Bigham*, 2016 U.S. Dist. LEXIS at *2 (E.D. Cal. Aug. 30, 2016) (denying motion for default judgment where defendant filed motion to dismiss after response deadline but before plaintiff filed motion for default, noting that "the clerk of court did not enter defendant's default, and therefore defendant was not in default at the time she filed her motion to dismiss"); *Samain v. Advent Prod. Dev.*, 2008 U.S. Dist. LEXIS 89193 at *2 n.2 (C.D. Cal. Sept. 30, 2008) (granting motion to transfer and refusing to consider plaintiff's objection that venue argument was raised in defendant's untimely answer because "Defendant filed his Answer and subsequent Motion regarding venue before any default was entered").

Plaintiff presumably has not formally requested an entry of default because Plaintiff is well aware that such a request would be improper. *See Aguilera* at *2 ("the court cannot enter default once the defendant has filed her responsive pleading" despite motion to dismiss being filed shortly after the filing deadline); *McDonald*, 2013 U.S. Dist. LEXIS 72738 at *1 n.1. ("given the brevity of the delay," entry of judgment "was neither requested nor warranted"); *Wofford v. Bracks*, 2015 U.S. Dist. LEXIS 127023 at *3 (C.D. Cal. Aug. 13, 2015) (denying motion to strike answers to complaint because "[t]hat the answers were filed late is irrelevant, since they were filed before plaintiff's application for entry of default"); *Twitter, Inc. v. Skootle Corp.*, 2012 U.S. Dist. LEXIS 87029 at *2 n.2 (N.D. Cal. June 22, 2012) (deciding motion to dismiss on merits where motion was filed seven days late because short delay did not prejudice plaintiff and "exceptional circumstances" to justify entry of default were not present).

Plaintiff nonetheless, and without legal basis, requests that the Court disregard the merits of Defendants' Motion with respect to the Individual

12

Defendants. Plaintiff's baseless request should be denied because, contrary to Plaintiff's assertion, default has not been entered or requested against the Individual Defendants, and Plaintiff cannot possibly be prejudiced by the Court's consideration of Defendants' Motion with respect to all defendants.

## IV. CONCLUSION

For the reasons set forth above and in Defendants' Motion, Defendants request that the Court grant the Motion and dismiss Plaintiff's claims with prejudice.

DATED: August 15, 2017

KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

MICHAEL G. KELBER
ANDREW S. FRAKER
NEAL, GERBER & EISENBERG LLP

By: /s/ Karin G. Pagnanelli
Karin G. Pagnanelli
Attorneys for Defendants
SWEET PETE'S LLC, ML SWEETS, LLC, PETER BEHRINGER and ALLISON BEHRINGER

9175184.1/48546-00001