**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUGARFINA, INC., | ) 17-cv-4456-RSWL-JEM |
| Plaintiff, | ) |
| v. | ) **ORDER RE: DEFENDANTS'** |
| | ) **MOTION TO DISMISS** [18] |
| SWEET PETE'S LLC; ML | ) |
| SWEETS, LLC; PETER | ) |
| BEHRINGER; AND ALLISON | ) |
| BEHRINGER, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Sugarfina, Inc. ("Plaintiff" or "Sugarfina") brought the instant Action against Defendants Sweet Pete's LLC ("Sweet Pete's"); ML Sweets, LLC ("ML Sweets"); Peter Behringer; and Allison Behringer (collectively, "Defendants") alleging trade dress infringement, trademark infringement, unfair business practices, unjust enrichment, patent infringement, and copyright infringement. Currently before the Court is Defendants' Motion to Dismiss the

1

Complaint pursuant to Federal Rule of Civil Procedure
("FRCP" or "Rule") 12(b)(6) ("Motion") [18]. Having
reviewed all papers submitted pertaining to the Motion,
the Court **NOW FINDS AND RULES AS FOLLOWS:** Defendants'
Motion to Dismiss is **GRANTED in part and DENIED in
part**.

## I. BACKGROUND

**A.   <u>Factual Background</u>**

Since its founding in 2012, Sugarfina, a luxury
candy boutique, has grown to a company with over 300
employees and 24 retail boutiques.  Compl. ¶¶ 1, 3-4,
ECF No. 1.  Sugarfina focuses on high-end luxury spaces
including selling its products in Nordstrom, Bergdorf
Goodman, and the Four Seasons Hotels.  <u>Id.</u> ¶ 4.
Sugarfina has extensively advertised its products on
social media and internet marketing, and such
advertisements have featured photographs of Sugarfina's
designs.  <u>Id.</u> ¶ 24.

In selling its products, Sugarfina has created
unique design features for its products and packaging,
and these features have been used consistently since
its inception.  <u>Id.</u> ¶ 6.  Sugarfina alleges that its
unique product packaging design includes a solid
borderline around the product package, the use of a
magnetic latch, a rectangular product package with
minimal lettering, the inside bottom surface of the
product package dominated by a series of cube wells or
trays, the series of cube wells each being spaced from

one another within the product package, and a series of
clear cubes containing candy product that each reside
in a corresponding cube well.  Id. ¶ 45.  Sugarfina has
obtained intellectual property protection in its
products and packaging, including design patents,
trademarks, copyrights, and trade dress.  Id. ¶ 8.

Sweet Pete's is a Florida-based candy company.[1]
Id. ¶ 13.  Sweet Pete's rebranded itself in 2014
following an appearance on the CNBC Show, *The Profit*.
Id. ¶ 55.  Sweet Pete's had lost money the two years
before this rebranding.  Id. ¶ 55.  Prior to the
rebranding, Sweet Pete's branding consisted of a
carnival motif with the aesthetic of a children's candy
store.  Id. ¶ 56.  The rebranding included Sweet Pete's
selling its products in different packaging, which
Plaintiff claims copies its innovative design,
including its signature candy bento boxes.[2]  Id. ¶¶ 64-
66.  Consumers, in social media posts, have noted the
similarities between the two companies' packaging.  Id.
¶ 76.  Following the rebranding, Sweet Pete's became a
profitable company, with $3,120,000 in revenue per
year.  Id. ¶ 57.

Plaintiff also claims infringement of six marks,

---

[1] Defendant Peter Behringer is the founder of Sweet Pete's,
and his wife, Defendant Allison Behringer, is one of the managers
of Sweet Pete's.  Id. ¶¶ 15-16.  ML Sweets is one of the managers
of Sweet Pete's.  Id. ¶ 14.

[2] Plaintiff obtained a design patent on May 10, 2016 for
this packaging.  Id. ¶ 67.

including CUBA LIBRE, PEACH BELLINI, FRUTTINI, CANDY BENTO BOX, CANDY CUBE, and CANDY CONCIERGE. Id. ¶ 28. Sugarfina has used these marks for a number of years, see id. ¶¶ 30, 32, 34, 36, 38, 40, and Sweet Pete's began using each of these marks following Sugarfina's initial use of the marks, id.

Sugarfina sent a cease and desist letter to Defendants dated March 15, 2016 regarding these marks and Sugarfina's packaging design, and Defendants refused to comply with the request to cease selling the allegedly infringing products. Id. ¶¶ 22, 80.

**B. Procedural Background**

On June 15, 2017, Plaintiff filed its Complaint [1] against Sweet Pete's, ML Sweets, Peter Behringer, and Allison Behringer.

On July 13, 2017, the parties stipulated to extend the time for ML Sweets and Sweet Pete's to answer Plaintiff's Complaint [14]. The Stipulation gave ML Sweets and Sweet Pete's until July 28, 2017 to respond to the Complaint. See Stip. to Extend Time to Answer, ECF No. 14. The Stipulation did not mention Allison Behringer and Peter Behringer. Id.

On July 25, 2017, counsel for Defendants, Michael Kelber, called Plaintiff's counsel, Jennifer Trusso Salinas, to discuss the alleged deficiencies in the Complaint and Defendants' intent to file a motion to dismiss. See Decl. of Michael G. Kelber ("Kelber Decl.") ¶¶ 2-3. According to Mr. Kelber, the parties

4

had a substantive discussion regarding the merits of Defendants' potential motion to dismiss.  Id. ¶ 4.  Ms. Salinas states that she asked Mr. Kelber for authority supporting Defendants' claims that the Complaint was deficient and that he was unable to do so.  Decl. of Jennifer Trusso Salinas ("Salinas Decl.") ¶ 11.  At the end of the call, Ms. Salinas indicated that she would review the issues Mr. Kelber had raised and discuss them with her client.  Kelber Decl. ¶ 6.

Then, on July 27, 2017, Ms. Salinas emailed Mr. Kelber stating, "Sugarfina will not be amending its complaint."  Id. ¶ 7, Ex. 1.  The following day, July 28, 2017, Defendants filed their Motion to Dismiss [18].  Plaintiff filed its Opposition on August 8, 2017 [21].  Defendants filed their Reply on August 15, 2017 [23].

## II. DISCUSSION

**A.**  **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted.  To survive a motion to dismiss on 12(b)(6) grounds, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal quotation marks omitted).  Dismissal can be based on a "lack of a cognizable legal theory or the absence of sufficient

facts alleged under a cognizable legal theory."
Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699
(9th Cir. 1990).

In ruling on a 12(b)(6) motion, a court may
generally consider only allegations contained in the
pleadings, exhibits attached to the complaint, and
matters properly subject to judicial notice. Swartz v.
KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A court
must presume all factual allegations of the complaint
to be true and draw all reasonable inferences in favor
of the non-moving party. Klarfeld v. United States,
944 F.2d 583, 585 (9th Cir. 1991).

The question presented by a motion to dismiss is
not whether the plaintiff will ultimately prevail, but
whether the plaintiff has alleged sufficient factual
grounds to support a plausible claim to relief, thereby
entitling the plaintiff to offer evidence in support of
its claim. Iqbal, 556 U.S. at 678; Swierkiewicz v.
Sorema N.A., 534 U.S. 506, 511 (2002). While a
complaint need not contain detailed factual
allegations, a plaintiff must provide more than "labels
and conclusions" or "a formulaic recitation of a cause
of action's elements." Bell Atl. Corp. v. Twombly, 550
U.S. 544, 555 (2007)(internal citation omitted).
However, a complaint "should not be dismissed under
Rule 12(b)(6) 'unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his
claim which would entitle him to relief.'" Balistreri,

6

901 F.2d at 699 (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

**B. <u>Discussion</u>**

    1. <u>Plaintiff's Procedural Arguments</u>

In its Opposition, Plaintiff makes two arguments that Defendants' Motion is procedurally deficient and thus should be denied. First, Plaintiff argues that Defendants failed to properly meet and confer with Plaintiff's counsel before filing their Motion, in violation of Local Rule 7-3. Pl.'s Opp'n ("Opp'n") 18:22-27, ECF No. 21. According to Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." C.D. Cal. R. 7-3.

Courts have chosen to summarily deny a party's motion for failure to comply with Local Rule 7-3. <u>See, e.g.</u>, <u>Thomas v. Brett Sports & Entm't, Inc.</u>, No. CV 16-00480-AB (DTBx), 2016 U.S. Dist. LEXIS 112280, at *4 (C.D. Cal. Aug. 23, 2016)(denying motion to strike class allegations for failure to comply with Local Rule 7-3); <u>Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.</u>, No. CV 09-2140 PSG (JCx), 2009 U.S. Dist. LEXIS 100499, at *10 (C.D. Cal. Oct. 13, 2009)(denying motion to dismiss for lack of service of process for failure to comply with Local Rule 7-3). However, typically, in

cases where the court denied the party's motion for failure to comply with Local Rule 7-3, the moving party contacted the non-moving party on the same day the moving party filed the motion. <u>Alcatel-Lucent USA, Inc.</u>, 2009 U.S. Dist. LEXIS 100499, at *10; <u>Lopez v. Wells Fargo Bank, N.A.</u>, No. SACV 16-1409 AG (KESx), 2016 U.S. Dist. LEXIS 144380, at *6 (C.D. Cal. Oct. 17, 2016).

Here, while Defense counsel did not comply with Local Rule 7-3's requirement to meet and confer seven days prior to the filing of the Motion, the parties still had an opportunity to discuss the potential motion, and after their July 25, 2017 phone conversation, Plaintiff's counsel responded to Defense counsel with an email on July 27, 2017 stating that Plaintiff would not be amending its Complaint. <u>See</u> Kelber Decl., Ex. 1. It appears that Plaintiff's counsel had adequate time to discuss with her client Defense counsel's position and intent to file a motion to dismiss, and after conferring with her client, determined that Plaintiff would not be amending its Complaint. Based on this, Defendants' failure to timely meet and confer prior to filing their Motion did not result in prejudice to Plaintiff. <u>De Walshe v. Togo's Eateries, Inc.</u>, 567 F. Supp. 2d 1198, 1201 n.1 (C.D. Cal. 2008)(exercising discretion to evaluate summary judgment motion on merits where lack of compliance with Local Rule 7-3 did not prejudice

plaintiff).  Therefore, the Court exercises its discretion and will evaluate the merits of Defendants' Motion.

Plaintiff also argues that the Court should deny the Motion as to Peter Behringer and Allison Behringer because they are in default and their Motion is untimely.  Opp'n 21:3-4.  Peter Behringer and Allison Behringer's deadline to file a response to Plaintiff's Complaint was July 14, 2017.  While the parties filed a stipulation extending time to file a response to Plaintiff's Complaint, the stipulation only named Sweet Pete's and ML Sweets.  <u>See</u> Stip. to Extend Time to Answer.  Peter Behringer and Allison Behringer filed this Motion, their response to Plaintiff's Complaint, on July 28, 2017, two weeks after their July 14, 2017 deadline.

To date, Plaintiff has not requested an entry of default against Peter Behringer and Allison Behringer. At this point, such a request would not be warranted because "the court cannot enter default once the defendant has filed her responsive pleading." <u>Aguilera v. Bigham</u>, No. 2:15-cv-1781-KJM-EFB PS, 2016 U.S. Dist. LEXIS 116724, at *2 (E.D. Cal. Aug. 30, 2016). Further, Peter Behringer and Allison Behringer filed the instant Motion just two weeks after their deadline to answer the Complaint.  Given the brevity of the delay and the fact that Plaintiff has not shown how this two-week delay prejudiced it in any way, there are

no "exceptional circumstances that would justify entry of a default judgment." <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309, 1317 (11th Cir. 2002)(internal quotations omitted); <u>see Twitter, Inc. v. Skootle Corp.</u>, No. C 12-1721 SI, 2012 U.S. Dist. LEXIS 87029, at *2 n.2 (N.D. Cal. June 22, 2012)(deciding to address the merits of the motion to dismiss despite a delay in filing because "the plaintiff has not been prejudiced"). As such, the Court addresses the Motion on its merits despite Peter Behringer and Allison Behringer's delay in its filing.

## 2. Trade Dress Infringement

"[T]rade dress involves the total image of a product and 'may include features such as size, shape, color, color combinations, texture, or graphics.'" <u>Vision Sports, Inc. v. Melville Corp.</u>, 888 F.2d 609, 613 (9th Cir. 1989)(quoting <u>Rachel v. Banana Republic, Inc.</u>, 831 F.2d 1503, 1506 (9th Cir. 1987)). "To state a claim for trade dress infringement, a plaintiff must allege that the asserted trade dress: '(1) is nonfunctional; (2) is either inherently distinctive or has acquired a secondary meaning; and (3) [defendant's product] is likely to be confused with [plaintiff's] products by members of the consuming public.'" <u>Deckers Outdoor Corp. v. Fortune Dynamic, Inc.</u>, No. CV 15-769 PSG (SSx), 2015 U.S. Dist. LEXIS 188274, at *7 (C.D. Cal. May 8, 2015)(quoting <u>Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.</u>, 4 F.3d 819, 823 (9th Cir.

1993)).

As a threshold matter, "[a] plaintiff should clearly articulate its claimed trade dress to give a defendant sufficient notice." <u>Sleep Sci. Partners v. Lieberman</u>, No. 09-4200 CW, 2010 U.S. Dist. LEXIS 45385, at *3 (N.D. Cal. May 10, 2010)(citing <u>Walker & Zanger, Inc. v. Paragon Indus., Inc.</u>, 549 F. Supp. 2d 1168, 1174 (N.D. Cal. 2007)). Plaintiff first alleges that its packaging has "a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales techniques." Compl. ¶ 43. Plaintiff then alleges a list of elements that its trade dress **may include**. <u>Id.</u> ¶ 45.

Defendants argue that the list included in Paragraph 45 of the Complaint "fails to set forth a bounded list of elements." Mot. 4:24-26, ECF No. 18. Courts in this circuit have determined that "a plaintiff [must] allege[] a complete recitation of the concrete elements of its alleged trade dress" to proceed with its trade dress claim. <u>Lepton Labs, LLC v. Walker</u>, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014). Employing language in the Complaint that the components of the trade dress listed "are only some among many [] raises a question of whether [Plaintiff] intends to redefine its trade dress at a future stage of litigation." <u>Sleep Sci. Partners</u>, 2010 U.S. Dist. LEXIS 45385, at *9.

While "it is [] difficult to require the plaintiff to essentially prove—as opposed to simply allege—that its trade dress satisfies all of the essential elements at the pleading stage," if Plaintiff does not actually provide a complete list of the elements that make up its trade dress, Defendants do not have sufficient notice of Plaintiff's trade dress claim. <u>Lepton Labs, LLC</u>, 55 F. Supp. 3d at 1240; <u>see also</u> <u>Mike Vaughn Custom Sports, Inc. v. Piku</u>, 15 F. Supp. 3d 735, 746 (E.D. Mich. 2014)(granting motion to dismiss on trade dress claim where plaintiff failed to plead with specificity its alleged trade dress thus failing to provide defendant with notice of such trade dress).

Because Plaintiff has failed to provide a complete list of specific elements of its alleged trade dress**,** the Court **GRANTS** Defendants' Motion as to Plaintiff's trade dress infringement claim.

3. <u>Trademark Infringement Under the Lanham Act</u>

To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party "must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." <u>Network Automation, Inc. v. Advanced Sys. Concepts</u>, 638 F.3d 1137, 1144 (9th Cir. 2011)(quoting <u>Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.</u>, 448 F.3d 1118, 1124 (9th Cir. 2006)). Plaintiff alleges infringement under the Lanham Act of three registered marks, CUBA

LIBRE, PEACH BELLINI, and CANDY BENTO BOX. Compl. ¶¶ 30, 32, 36. Defendants do not challenge the allegations Plaintiff makes regarding its PEACH BELLINI mark.[3] Mot. 7:20-21. Defendants instead argue that because Plaintiff's CUBA LIBRE and CANDY BENTO BOX marks are registered on the Patent and Trademark Office's ("PTO") Supplemental Register, which does not entitle the marks to a presumption of validity, Plaintiff must allege facts to show that the marks have gained secondary meaning, which Plaintiff has failed to do. Id. at 8:4-9:2; see Spirit Clothing Co. v. N.S. Enters., No. CV 13-2203-RGK (PJWx), 2013 U.S. Dist. LEXIS 198435, at *5 (C.D. Cal. July 23, 2013)("[W]hen a mark is registered on the Supplemental Register . . . [,] the presumption of validity does not apply.").

A trademark acquires secondary meaning when the purchasing public associates the mark with a single producer or source rather than with the product itself. Int'l Jensen, Inc., 4 F.3d at 824. Merely pleading that the plaintiff has used the mark and defendants have misappropriated the mark is sufficient to adequately plead that the mark has acquired a secondary meaning. See Spirit Clothing Co., 2013 U.S. Dist.

---

[3] Plaintiff has registered the PEACH BELLINI mark on the Patent and Trademark Office's Principal Register, and therefore, the mark receives a presumption of validity. Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1047 (9th Cir. 1999)("[R]egistration of the mark on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark.").

LEXIS 198435, at *7; Mid-West Mgmt. v. Capstar Radio Operating Co., No. 04-C-720-C, 2005 U.S. Dist. LEXIS 3368, at *13 (W.D. Wis. Mar. 1, 2005)(finding secondary meaning adequately pled when plaintiff alleged that it began using the mark and continued to use the mark in broadcasts and advertising).

In its Complaint, Plaintiff alleges that it began using the CUBA LIBRE mark in 2012 and the CANDY BENTO BOX mark in 2013. Compl. ¶¶ 30, 36. Plaintiff then alleges that Sweet Pete's has used these marks in their entirety "to profit from the customer's association of the marks with Sugarfina." Id. ¶ 29. Finally, Plaintiff includes a chart with photos comparing Plaintiff's use of the marks with Sweet Pete's use of the marks. Id. ¶ 59.

The allegations demonstrate Plaintiff's consistent use of the marks for a number of years, note that customers associate the marks with Plaintiff, and establish intentional copying—allegations that all suggest the marks have attained a secondary meaning. See Humantech, Inc. v. Caterpillar, Inc., No. 11-14988, 2012 U.S. Dist. LEXIS 127499, at *24 (E.D. Mich. Sep. 7, 2012)("Although these summary allegations provide minimal detail concerning the mark's secondary meaning, they are sufficient to put Defendant on notice that [Plaintiff's mark] is associated with Plaintiff's services in the eyes of the public."). The Court therefore **DENIES** Defendants' Motion to Dismiss

Plaintiff's trademark infringement claim under the
Lanham Act.

    4.   <u>Common Law Trademark Infringement</u>

    Plaintiff also alleges common law trademark
infringement. "[F]ederal and state laws regarding
trademarks and related claims of unfair competition are
substantially congruent." <u>Int'l Order of Job's
Daughters v. Lindeburg & Co.</u>, 633 F.2d 912, 916 (9th
Cir. 1980). "[C]laims for trademark infringement and
unfair competition under California law are 'subject to
the same legal standards' as Lanham Act claims."
<u>Rearden LLC v. Rearden Commerce, Inc.</u>, 683 F.3d 1190,
1221 (9th Cir. 2012).

    When evaluating common law trademark infringement
claims, "courts must determine whether the mark is
protectable, and if so, whether there is a likelihood
of confusion as a result of the would-be infringer's
use of the mark." <u>Tumblebus Inc. v. Cranmer</u>, 399 F.3d
754, 761 (6th Cir. 2005). Defendants argue that
Plaintiff has failed to adequately plead its marks are
protectable because Plaintiff has not alleged secondary
meaning and its marks are generic. Generic marks are
ineligible for trademark protection. <u>Zobmondo Entm't,
LLC v. Falls Media, LLC</u>, 602 F.3d 1108, 1113 (9th Cir.
2010). However, in arguing that the marks are generic,
Defendants ignore the "widely-shared stance that a Rule
12(b)(6) motion is generally an improper vehicle for
establishing that a mark is generic or functional."

Pinterest Inc. v. Pintrips Inc., 15 F. Supp. 3d 992,
999 (N.D. Cal. 2014). Accordingly, Defendants'
arguments regarding the genericness of Plaintiff's
unregistered marks are premature at this stage.

Further, Plaintiff has alleged that its
unregistered marks may be entitled to protection in
that they have used the marks in commerce, see Compl.
¶¶ 30, 34, 36, 38, 40, and customers associate the
marks with Plaintiff's products, id. ¶ 29. See
BottleHood, 2012 U.S. Dist. LEXIS 57381, at *13
(finding that plaintiff sufficiently pled it had a
protectable mark by asserting that it used the mark "in
connection with the sale of its repurposed glassware
products"). Because the validity of Plaintiff's
trademarks is a question of fact, the Court will not
decide this issue at the pleading stage. Pinterest, 15
F. Supp. 3d at 999. Consequently, the Court **DENIES**
Defendants' Motion to Dismiss as to Plaintiff's common
law trademark infringement claim.

    5.  Unfair Business Practices

    "This Circuit has consistently held that state
common law claims of unfair competition and actions
pursuant to California Business and Professions Code
§ 17200 are substantially congruent to claims made
under the Lanham Act." Cleary v. News Corp., 30 F.3d
1255, 1262-63 (9th Cir. 1994). Because these claims
are substantially congruent, if Plaintiff has
sufficiently pled claims for trademark infringement, it

too has sufficiently pled a claim for unfair business practices.  See Greenberg v. Johnson, No. CV-14-04605-MWF (VBKx), 2015 U.S. Dist. LEXIS 187010, at *13 (C.D. Cal. Jan. 13, 2015).  As explained above, Plaintiff has failed to clearly articulate the elements of its trade dress and thus has failed to properly plead a claim for trade dress.  Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiff's unfair business practices claim premised on trade dress infringement.  However, because the Court has determined that Plaintiff has sufficiently pled claims for trademark infringement under the Lanham Act and common law, the Court **DENIES** Defendants' Motion as to Plaintiff's unfair business practices claims premised on its trademark infringement claims.

Plaintiff's unfair business practices cause of action also includes allegations that Defendants' infringement of Plaintiff's copyrights and patents are "unlawful acts in violation of California Business & Professions Code §§ 17200, et seq."  Compl. ¶ 122.  However, unfair business practices claims "may be preempted by federal copyright [and patent] law when the state claim incorporates by reference and merely restates federal patent and copyright claims."  Milo & Gabby, LLC v. Amazon.com, Inc., 12 F. Supp. 3d 1341, 1347 (W.D. Wash. 2014)(citing Litchfield v. Spielberg, 736 F.2d 1352, 1358 (9th Cir. 1984)).  Plaintiff's unfair business practices claim, which specifically

references the copyright and patent laws, "asserts no new or different allegations to distinguish it from [Plaintiff's] patent or copyright infringement claims." Id.; see also Fractional Villas, Inc. v. Tahoe Clubhouse, No. 08cv1396-IEG-POR, 2009 U.S. Dist. LEXIS 4191, at *14 (S.D. Cal. Jan. 22, 2009)("To the extent the [unfair competition] claim relies only on copyright infringement as a form of unfair competition, the claim is preempted by the Copyright Act."). Accordingly, Plaintiff's unfair business practices claim based on its patent and copyright claims is preempted by federal copyright and patent law. The Court **GRANTS** Defendants' Motion as to Plaintiff's unfair business practices claim premised on its patent and copyright claims.

      6. Unjust Enrichment

    As Defendants correctly note, "California does not recognize a cause of action for unjust enrichment." Mot. 11:17-18 (citing McVicar v. Goodman Glob., Inc., 1 F. Supp. 3d 1044, 1059 (C.D. Cal. 2014)). In addressing this argument in its Opposition, Plaintiff cites to Astiana v. Hain Celestial Group, Inc., 783 F.3d 753, 762 (9th Cir. 2015) where the Ninth Circuit overturned the district court's dismissal of the plaintiff's unjust enrichment claim. The court in Astiana determined that a plaintiff may allege unjust enrichment based on "quasi-contract." Id. (quoting Rutherford Holdings, LLC v. Plaza Del Rey, 166 Cal. Rptr. 3d 864, 872 (Ct. App. 2014)).

Here, Plaintiff has simply incorporated its
previous allegations into its unjust enrichment cause
of action and alleged that "Sweet Pete's has been
unjustly enriched." Compl. ¶¶ 129-30. Plaintiff has
failed to allege any quasi-contract between the
parties. Plaintiff's unjust enrichment allegations are
"inextricably intertwined" with Plaintiff's trademark
claims and "do not give rise to a separate theory of
quasi-contract." Purcell v. Spokeo, Inc., No.
2:11-cv-06003-ODW(AGRx), 2014 U.S. Dist. LEXIS 118280,
at *15 (C.D. Cal. Aug. 25, 2014). The Court therefore
**GRANTS** Defendants' Motion as to Plaintiff's unjust
enrichment claim.

    7. Patent Infringement

To sufficiently allege infringement of a design
patent, a plaintiff must: "(1) allege ownership of the
patent, (2) name each defendant, (3) cite the patent,
(4) state the means by which the defendant allegedly
infringes, and (5) point to the sections of the patent
law invoked." Deckers Outdoor Corp., 2015 U.S. Dist.
LEXIS 188274, at *17 (citing Hall v. Bed Bath & Beyond,
Inc., 705 F.3d 1357, 1362 (Fed. Cir. 2013)).

Defendants' only argument regarding Plaintiff's
patent infringement claim is that Plaintiff did not
allege the section(s) of patent law Plaintiff contends
Defendants violated. Mot. 12:8-13. However, because
Plaintiff alleges in Paragraphs 19 and 122 of the
Complaint that Defendants committed acts of patent

19

infringement in violation of 35 U.S.C. § 271, which
Defendants concede in their Reply, Reply 9:10-13, ECF
No. 23, the Court **DENIES** Defendants' Motion as to
Plaintiff's patent infringement claim.

8.   Copyright Infringement

Plaintiff alleges a cause of action for copyright
infringement based on its two registered copyrights,
the "Sugarfina Bento Box," Compl., Ex. 6, and the
"Sugarfina Slider Box," id., Ex. 7.

To maintain a claim for copyright infringement, a
plaintiff must show:  "(1) ownership of a valid
copyright, and (2) copying of constituent elements of
the work that are original." Feist Publ'ns, Inc. v.
Rural Tel. Servs. Co., 499 U.S. 340, 361 (1991).
Defendants do not dispute that Plaintiff has two
registered copyrights.  See Trade W., Inc. v. Oriental
Trading Co., No. CIVIL 16-00474 LEK-KSC, 2017 U.S.
Dist. LEXIS 47754, at *11 (D. Haw. Mar. 30, 2017)("[A]
certificate of registration is prima facie evidence of
the validity of the copyright if registration occurred
'before or within five years after first publication of
the work.'" (quoting 17 U.S.C. § 410(c))).

The second element of a copyright infringement
claim, copying, may be established by demonstrating
(1) "that the [defendant] had access to plaintiff's
copyrighted work" and (2) "that the works at issue are
substantially similar in their protected elements."
Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th

Cir. 2002). Defendants do not argue the access element. Instead, they argue that the two works are not substantially similar. Mot. 15:9-10. "[A] plaintiff establishes substantial similarity by demonstrating that the allegedly infringing work is both objectively similar (the 'extrinsic test') and subjectively similar (the 'intrinsic test') to the copyrighted work." Trade W., 2017 U.S. Dist. LEXIS 47754, at *13. On a motion to dismiss, the court may decide as a matter of law "[w]hether there is sufficient objective similarity under the extrinsic test." Erickson, 839 F. Supp. 2d at 1136.

In comparing two works to determine "objective similarity in appearance," courts can look at a number of factors including "shapes, colors, materials, and arrangement of the representations." Cavalier, 297 F.3d at 826. Plaintiff asserts its copyright claim based on its packaging design. Compl. ¶ 137. "It is well established that an artistic packaging design or label is entitled to copyright protection." Parfums Givenchy, Inc. v. C&C Beauty Sales, Inc., 832 F. Supp. 1378, 1391 (C.D. Cal. 1993).

The parties' product packaging shows that they are substantially similar. While the packages are different colors, with Plaintiff's predominantly light blue and Defendants' predominantly red, both works are covered in a matte, muted primary color. Both works have a thin, white rectangular border about one-half

inch from the edge of the packaging's cover.  The
company names are both placed in the middle of the
cover in a simplistic white font.  The remainder of the
cover of the packaging is minimalistic; there is
nothing on either party's cover except for the thin,
white rectangular border and the company name.

While Defendants point to differences in the two
parties' packaging, "'[s]uperficial changes' to the
characteristics of a copyrighted work in an accused
work may be considered 'an attempt to disguise an
intentional appropriation.'" <u>Ty, Inc. v. GMA
Accessories</u>, 959 F. Supp. 936, 942 (N.D. Ill.
1997)(quoting <u>Atari, Inc. v. N. Am. Philips Consumer
Elecs. Corp.</u>, 672 F.2d 607, 619 (7th Cir. 1982)).

Based on the substantial objective similarities
between the two works, Plaintiff has stated a plausible
copyright infringement claim.  <u>Trade W.</u>, 2017 U.S.
Dist. LEXIS 47754, at *17 (citing <u>Iqbal</u>, 556 U.S. at
678).  Therefore, the Court **DENIES** Defendants' Motion
as to Plaintiff's copyright infringement claim.

8.  <u>Leave to Amend</u>

Federal Rule of Civil Procedure 15(a) provides that
a party may amend their complaint once "as a matter of
course" before a responsive pleading is served.  After
that, the "party may amend the party's pleading only by
leave of court or by written consent of the adverse
party and leave shall be freely given when justice so
requires."  <u>Id.</u>  Leave to amend lies "within the sound

22

discretion of the trial court." <u>United States v. Webb</u>,
655 F.2d 977, 979 (9th Cir. 1981).  The Ninth Circuit
has noted "on several occasions . . . that the 'Supreme
Court has instructed the lower federal courts to heed
carefully the command of Rule 15(a), F[ed]. R. Civ. P.,
by freely granting leave to amend when justice so
requires.'"  <u>Gabrielson v. Montgomery Ward & Co.</u>, 785
F.2d 762, 765 (9th Cir. 1986)(quoting <u>Howey v. United
States</u>, 481 F.2d 1187, 1190 (9th Cir. 1973)).

The Court **GRANTS** Defendants' Motion as to
Plaintiff's trade dress claim; unfair business
practices claim premised on the trade dress, copyright,
and patent claims; and the unjust enrichment claim.
Plaintiff has yet to file an amended complaint.  It is
likely that Plaintiff will be able to cure the
deficiencies in the trade dress claim (and then in turn
the unfair business practices claim premised on the
trade dress claim) upon amendment.  Therefore, the
Court **GRANTS** leave to amend these claims.  However, as
noted, federal copyright and patent law preempts
Plaintiff's unfair business practices claim based on
its copyright and patent infringement claims.
Therefore, amendment of that claim would be futile.  As
such, the Court **DENIES** leave to amend Plaintiff's
unfair business practices claim based on its copyright
and patent infringement claims.

Finally, to proceed on its unjust enrichment
claim, Plaintiff would have to allege a quasi-

contractual relationship between itself and Defendants. See <u>Astiana</u>, 783 F.3d at 762. However, Plaintiff has "no affiliation or connection [with Defendants] to invoke a quasi-contract theory of liability." <u>Purcell</u>, 2014 U.S. Dist. LEXIS 118280, at *15 (granting motion to dismiss unjust enrichment claim without leave to amend because the plaintiff could not plead a quasi-contractual relationship). Because there is no quasi-contractual relationship between the parties that Plaintiff could plead in an amended complaint, allowing leave to amend would be futile. The Court therefore **DENIES** leave to amend Plaintiff's unjust enrichment claim.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Defendants' Motion [18] as follows:

The Court **GRANTS** Defendants' Motion as to Plaintiff's trade dress claim and gives Plaintiff **twenty-one days to amend**.

The Court **DENIES** Defendants' Motion as to Plaintiff's trademark infringement claim under the Lanham Act.

The Court **DENIES** Defendants' Motion as to Plaintiff's common law trademark infringement claim.

The Court **DENIES** Defendants' Motion as to Plaintiff's unfair business practices claim premised on Plaintiff's trademark claims.

The Court **GRANTS** Defendants' Motion as to

Plaintiff's unfair business practices claim premised on Plaintiff's trade dress claim and gives Plaintiff **twenty-one days to amend**.

The Court **GRANTS** Defendants' Motion as to Plaintiff's unfair business practices claim premised on Plaintiff's copyright and patent claims **without leave to amend**.

The Court **GRANTS** Defendants' Motion as to Plaintiff's unjust enrichment claim **without leave to amend**.

The Court **DENIES** Defendants' Motion as to Plaintiff's patent infringement claim.

The Court **DENIES** Defendants' Motion as to Plaintiff's copyright infringement claim.

**IT IS SO ORDERED.**

DATED: September 25, 2017      s/ RONALD S.W. LEW

                                    **HONORABLE RONALD S.W. LEW**
                                    Senior U.S. District Judge