1   TROUTMAN SANDERS LLP
    Jennifer Trusso Salinas, Bar No. 198579
2   jennifer.salinas@troutmansanders.com
    Andre De La Cruz, Bar No. 245175
3   andre.delacruz@troutmansanders.com
    Jenny Kim, Bar No. 282562
4   jenny.kim@troutmansanders.com
    5 Park Plaza, Suite 1400
5   Irvine, CA 92614-2545
    Telephone: 949.622.2700
6   Facsimile:  949.622.2739

7   Attorneys for Plaintiff
    SUGARFINA, INC.
8

9                  UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12  SUGARFINA, INC., a Delaware          Case No.: 2:17-CV-4456 RSWL (JEMx)
    corporation,
13                                        Hon. Ronald S.W. Lew
               Plaintiff,
14                                        JURY TRIAL DEMAND
    v.
15                                        **FIRST AMENDED COMPLAINT
    SWEET PETE'S, LLC, a Florida         FOR FEDERAL FALSE
16  limited liability company; MARCUS    DESIGNATION OF ORIGIN AND
    LEMONIS, an individual; ML           UNFAIR COMPETITION, FEDERAL
17  SWEETS, LLC, a Delaware limited      TRADEMARK INFRINGEMENT,
    liability company; PETER             FEDERAL COPYRIGHT
18  BEHRINGER, an individual; ALLISON    INFRINGEMENT, STATE UNFAIR
    BEHRINGER, an individual; ML         COMPETITION, COMMON LAW
19  BUENA PARK, LLC, a Delaware          TRADEMARK INFRINGEMENT,
    limited liability company; and ML    PATENT INFRINGEMENT, TRADE
20  FOOD GROUP, LLC, a Delaware          LIBEL, AND CIVIL CONSPIRACY**
    limited liability company,
21
               Defendants.
22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Plaintiff Sugarfina, Inc. ("Sugarfina") complains and alleges as follows against Defendants Sweet Pete's, LLC ("Sweet Pete's"), Marcus Lemonis, ML Sweets, LLC, Peter Behringer, Allison Behringer, ML Buena Park, LLC, dba Farrell's ("Farrell's"), and ML Food Group, LLC (collectively, "Defendants").

## NATURE OF THE ACTION

1.     Sugarfina revolutionized the candy industry when it was founded in 2012.  Its founders, Joshua Resnick and Rosie O'Neill, dreamt of creating a luxury boutique retailer of curated candies and sweets.  The inspiration behind Sugarfina was sprouted during a screening of the original "Willy Wonka and the Chocolate Factory" and the simple question: why should kids have all the fun?

2.     Since 2012, Mr. Resnick and Ms. O'Neill have traveled the world to meet with artisan candy-makers and have taste-tested thousands of candies in their search to find the best of the best.  Today, this experience has culminated in Sugarfina redefining confectioneries and the associated experience, including painstakingly creating high quality, distinctive packaging for its redefined confectionaries.  In the years since its founding, Sugarfina has established itself as offering unique luxury products and a highly engaged customer base.

3.     Sugarfina's efforts have now grown to a thriving business that employs over 300 people and operates across various commercial channels, including storefronts, e-commerce, wholesale, and corporate partnerships.

4.     Sugarfina's retail channel focuses on building a footprint at high-end luxury spaces.  Currently, Sugarfina operates over twenty-three (23) retail boutiques, with many additional storefronts planned throughout the globe.  Sugarfina also operates a series of "shop-in-shops" at fourteen (14) Nordstrom's locations in the United States and Canada.  Its wholesale channel caters to premium reseller partners such as Bergdorf Goodman and the Four Seasons Hotels.  Its corporate channel caters to institutional clients seeking to personalize packaging or coordinate events.

5.      At present, Sugarfina's distribution channels have been well established and the Sugarfina brand itself has come to be uniquely synonymous with luxury boutique candy.  Although international expansion will continue, Sugarfina has already become famous for its luxury items throughout the United States and Canada.

6.      From inception, Sugarfina has cultivated unmistakable design features in its products and packaging.  These design features have been used consistently throughout the course of its business.

7.      Sugarfina currently has approximately 140 different lines of candy, i.e., products, each presented in a revolutionary and sophisticated presentation and packaging that evidences Sugarfina's commitment to luxury and quality.  Among the signature innovations of Sugarfina's branding is its presentation of candy in museum-quality Lucite that emphasizes the artisanal and rarified quality of a gourmet small-portion tasting experience.  Because of its innovative packaging and distinctive design, coupled with impeccable attention to the quality of its candy, Sugarfina products continue to thrive.

8.      Sugarfina's creative achievements have resulted in broad intellectual property protection for Sugarfina's innovations, including design patents, trademarks, copyrights, and trade dress protection.  Because of its success, Sugarfina's innovations have been the subject of emulation by its competitors, who have attempted to capitalize on Sugarfina's success by imitating Sugarfina's innovative, elegant, and distinctive products and packaging.

9.      Among these imitators are Defendants, who have introduced a line of products to compete with Sugarfina products.  Defendants are a part of a conglomerate owned and controlled by television personality, Marcus Lemonis. Mr. Lemonis is the star of the CNBC show, "The Profit," which follows Mr. Lemonis as he acquires and "turns around" struggling businesses.  Defendants Sweet Pete's and Farrell's are two of those "success stories."  Unfortunately, their

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

"turn around" strategy focused on ripping-off Sugarfina's intellectual property. Instead of pursuing independent product development, Defendants have chosen not only to copy Sugarfina's innovative, distinctive, and elegant product and packaging design, but have also copied the types of candy, and protectable names, offered by Sugarfina, in violation of Sugarfina's valuable intellectual property rights.

10.     As alleged below, Defendants have made and packaged their candy to look like Sugarfina's products through widespread patent, copyright, trademark, and trade dress infringement.

11.     By this action, Sugarfina seeks to put a stop to Defendants' illegal conduct and obtain compensation for the violations that have occurred thus far.

### THE PARTIES

12.     Plaintiff Sugarfina is a Delaware corporation having its principal place of business at 3915 West 102nd Street, Inglewood, California 90303.

13.     Defendant Sweet Pete's, LLC is a Florida limited liability company with its principal office at 400 North Hogan Street, Jacksonville, Florida 32202.

14.     On information and belief, Defendant Marcus Lemonis is an individual residing in Illinois.  Mr. Lemonis is the star of the reality television show on CNBC *The Profit*, which has featured both Sweet Pete's and Farrell's.

15.     On information and belief, Defendant ML Sweets LLC is a Delaware limited liability company with its principal office at 794 Penllyn Blue Bell Pike, Blue Bell, Pennsylvania 19422.  ML Sweets, LLC is one of the managers of Sweet Pete's, LLC.  The sole manager of ML Sweets, LLC is Marcus Lemonis.

16.     On information and belief, Defendant Peter Behringer is an individual that may be contacted at 400 North Hogan Street, Jacksonville, Florida 32202. Mr. Behringer is the founder of Sweet Pete's.

17.     On information and belief, Defendant Allison Behringer is an individual that may be contacted at 400 North Hogan Street, Jacksonville, Florida 32202.  Ms. Behringer is the wife of Peter Behringer.  Ms. Behringer is one of the

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

1    managers of Sweet Pete's and one of the managers of Farrell's.

2        18.    On information and belief, Defendant Farrell's (i.e., ML Buena Park,

3    LLC, dba Farrell's) is a Delaware limited liability company with a place of business

4    at 8650 Beach Boulevard, Buena Park, CA 90620.  According to the Orange

5    County Clerk Recorder's records, File No. 20176479608, Farrell's holds

6    registrations for the fictitious business names of Sweet Pete's and Farrell's.

7    Sugarfina is informed and believes that Farrell's is the franchisor of "Farrell's"-

8    branded restaurants in other locations, including in Brea, California.

9        19.    On information and belief, Defendant ML Food Group, LLC is a

10   Delaware limited liability company with a place of business at 794 Penllyn Blue

11   Bell Pike, Suite 219, Blue Bell, Pennsylvania 19422.  ML Food Group, LLC is one

12   of the managers of Farrell's.  The sole manager of ML Food Group, LLC is Marcus

13   Lemonis.

14       20.    Plaintiff is informed and believes, and based thereon alleges, that at

15   all times herein mentioned, each of the Defendants was the agent, servant,

16   employee, and/or alter ego of each of the other Defendants, and in doing the things

17   hereinafter alleged, was acting within the course and scope of said agency and/or

18   employment, and with the permission and consent, express and/or implied, of the

19   other Defendants herein.  A unity of interest and ownership exists between and

20   among the Defendants such that there is no distinction between or among the

21   Defendants and if the acts alleged herein by one Defendant are treated as the acts of

22   that Defendant alone, an inequitable result will follow.  On information and belief,

23   Defendants have utilized these entities to commit the wrongs alleged herein, to

24   shield themselves from personal liability for their conduct, and to hinder, delay,

25   and/or defraud others. In order to effect justice herein, the corporate fiction

26   maintained by Defendants must be pierced, all relief and damages should be

27   awarded against all Defendants jointly and severally, and all acts of the Defendants

28   should be treated as the acts of the other Defendants.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## JURISDICTION

21.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents, copyrights, or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

22.     This Court has personal jurisdiction over Defendants because they have a regularly established place of business in this District, they have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271, 15 U.S.C. §§ 1114 and 1125, and 17 U.S.C. §§ 101 *et seq.*, and place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District.  The acts by Defendants cause injury to Sugarfina within this District.

23.     Upon information and belief, Defendants also derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, derive substantial revenue from interstate and international commerce, and have a regularly established place of business in this District.

## VENUE

24.     Venue is proper within this District under 28 U.S.C. §§ 1391(b) and 1367(a) because Defendants transact business within this district including having a regularly established place of business in this district and offering for sale in this district products that infringe the Sugarfina trade dress, patent, copyrights and trademarks. In addition, venue is proper because Sugarfina's principal place of business is in this district and Sugarfina suffered harm in this district.  Moreover, a substantial part of the events giving rise to the claim occurred in this district.

/ / /

## BACKGROUND

### *Sugarfina's Innovations*

25.     Sugarfina is a luxury candy boutique well recognized for its distinctive products sold under the SUGARFINA® brand using novel and original designs in its packaging.  Defendants are well aware that Sugarfina is the owner of numerous design patents, trademark registrations, and copyright registrations, including the following (having received a cease and desist letter dated March 15, 2016).

- U.S. Design Patent No. D755,641
- U.S. Copyright Reg. No. VA0001963483
- U.S. Copyright Reg. No. VA0001963482

26.     As a direct result of its innovative and distinctive design and packaging, Sugarfina products have been a great success, and their packaging, colors, and presentation have immediately become uniquely associated with Sugarfina as their source.

27.     Sugarfina products, with its branded packaging, have been extensively advertised throughout the United States to capitalize on the existing distribution channels, including social media and internet marketing, with the vast majority of the advertisements featuring photographs of the distinctive design of the Sugarfina products.

28.     In addition, Sugarfina's products have received unsolicited comment and attention in print and social media throughout the world.  Each new Sugarfina product is the subject of positive commentary and receives unsolicited praise from independent social commentators.  Frequently, these unsolicited commentaries are accompanied by images of various Sugarfina products, including their unique packaging.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

29.     The Sugarfina product design has come to represent and symbolize the superb quality of Sugarfina's products and enjoys substantial goodwill among consumers.

30.     Sugarfina has received a number of awards for its signature designs and innovations including, but not limited to, the Addy Gold award and the Chain Store Age Breakout Retailer award.

### *Sugarfina's IP Rights*
#### *Sugarfina's Trademarks*

31.     Defendants' products are not merely likely to confuse customers; they are certain to confuse customers, and have actually confused customers, as Defendants use exact or near-exact replicas of Sugarfina's marks, including the following, in connection with the sale and marketing of their products:

- SUGARFINA®
- CUBA LIBRE®
- PEACH BELLINI®
- FRUTTINI
- CANDY BENTO BOX®
- CANDY CUBE™
- CANDY CONCIERGE

32.     Defendants' use of Sugarfina's marks creates a high likelihood of confusion, as Defendants alter virtually nothing about the marks and intentionally import the entire appearance, sound, and meaning of Sugarfina's marks to profit from the customer's association of the marks with Sugarfina.  Defendants also timed their use of Sugarfina's marks to follow closely after Sugarfina's first use.

33.     SUGARFINA®—attached as Exhibit 1 is a true and correct copy of U.S. Registration No. 4,677,276.  Sugarfina first used the SUGARFINA mark on July 16, 2012, and filed a trademark application for this mark on June 3, 2013.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

34.     At least as early as 2017, shortly after Plaintiffs filed the original Complaint in this matter, Defendants began using an identical mark to redirect internet traffic to Defendants.  More specifically, the protected mark SUGARFINA® is used in its entirety by Defendants as an "AdWord" purchased through Google to prioritize the placement of Defendants' advertisements, websites and products.  Under the totality of circumstances, including the timing of Defendants' purchase of the "Sugarfina" AdWord and the wholesale infringement of Sugarfina's trade dress, trademark, patent, and copyright rights, the sum effect of Defendants' infringing use of the SUGARFINA® mark is to confuse customers into finding Sweet Pete's when they are looking for Sugarfina.

35.     CUBA LIBRE®—attached as Exhibit 2 is a true and correct copy of U.S. Registration No. 4,943,322.  Sugarfina first used the CUBA LIBRE® mark on June 6, 2012, and filed a trademark application for this mark on August 14, 2015. Defendants began using the same mark on a similar product shortly after Sugarfina in 2016.

36.     The protected mark CUBA LIBRE® is used in its entirety on Defendants' product—i.e., with the same appearance and sound. Both products are gummy candies—i.e., with the same meaning. On both products, the mark appears on a die-cut label consisting of a circle and a strip over a clear cube, making the overall look and feel of Defendants' use of the mark similar to Sugarfina's.

37.     PEACH BELLINI®—attached as Exhibit 3 is a true and correct copy of U.S. Registration No. 4,981752.  Sugarfina first used the PEACH BELLINI® mark on December 3, 2013, and filed a trademark application for this mark on August 14, 2015.  Defendants began using the same mark on a similar product in 2016.

38.     The protected mark PEACH BELLINI® is used in its entirety on Defendants' product—i.e., with the same appearance and sound. Both products are gummy candies—i.e., with the same meaning. On both products, the mark appears

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

on a die-cut label consisting of a circle and a strip over a clear cube, making the overall look and feel of Defendants' use of the mark similar to Sugarfina's.

39.     FRUTTINI—Sugarfina has common law trademark rights in the FRUTTINI mark.  Sugarfina began offering Blood Orange FRUTTINI and Italian Lemon FRUTTINI at least as early as August 2015.  Defendants began using a similar mark for the same purpose in 2016.

40.     The protected mark FRUTTINI is used in its entirety, though with a slight spelling variation, on Defendants' product—i.e., with the same appearance and sound. Both products are gummy candies—i.e., with the same meaning. On both products, the mark appears on a die-cut label consisting of a circle and a strip over a clear cube, making the overall look and feel of Defendants' use of the mark similar to Sugarfina's.

41.     CANDY BENTO BOX®—attached as Exhibit 4 is a true and correct copy of U.S. Registration No. 4,838,646.  Sugarfina first used the CANDY BENTO BOX® mark on November 23, 2013, and filed a trademark application for this mark on January 15, 2015.  Defendants began calling their candy boxes "candy bento boxes" and "bento" boxes in 2016.

42.     Again, the protected mark CANDY BENTO BOX® is used in its entirety on Defendants' product—i.e., with the same appearance and sound. Both products are candy boxes in which a number of smaller CANDY CUBES™ are nested within—i.e., with the same meaning.

43.     CANDY CUBE™— attached as Exhibit 5 is a true and correct copy of U.S. Application No. 87/264,489. Sugarfina began using CANDY CUBE™ on or around 2013 and filed a trademark application for this mark on December 11, 2016. Sugarfina also has common law trademark rights in the CANDY CUBE mark. Sweet Pete's began using the same mark on identical packaging in 2016.

44.     The protected mark CANDY CUBE™ is used in its entirety on Defendants' product—i.e., with the same appearance and sound. Both products are

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

packaging for candies—i.e., with the same meaning. On both products, the mark appears on a die-cut label consisting of a circle and a strip over a clear cube, making the overall look and feel of Defendants' use of the mark similar to Sugarfina's.

45.     CANDY CONCIERGE—Sugarfina has common law trademark rights in the CANDY CONCIERGE mark.  Sugarfina began calling its customer service team the CANDY CONCIERGE in 2013.  Defendants began using the same mark for the identical purpose in 2016.

46.     The protected mark CANDY CONCIERGE is used in its entirety on Sweet Pete's website—i.e., with the same appearance and sound. Both uses of CANDY CONCIERGE refer to the respective companies' customer service team—i.e., with the same meaning.

### *Sugarfina's Trade Dress*

47.     Sugarfina holds trade dress protection in the design and appearance of all of its confectionaries' offerings, together with their distinctive product packaging.

48.     Sugarfina's product packaging and presentation are radically different from the candy stores that preceded it.  It has a distinctive presentation and appearance—a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales techniques.  As shown below, the end result is a luxury product that is accessible and visually appealing to the ordinary observer.  Sugarfina's product design immediately became closely associated with Sugarfina.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545











SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

49.     Each of these elements of the Sugarfina products is distinctive and serves to identify Sugarfina as the source of its products.

50.     The following elements of Sugarfina's product packaging designs comprise the trade dress at issue in this case (the "Sugarfina Trade Dress"):

- the solid borderline around the product package

- the use of a magnetic latch

- a rectangular product package with minimal lettering;

- the inside bottom surface of the product package dominated by a series of cube wells or trays;

- the series of cube wells each being spaced from one another within the product package; and

- a series of clear cubes containing candy product that each reside in a corresponding cube well and are immediately visible upon opening the box.

51.     Despite being on clear notice of infringement of these and other intellectual property rights owned by Sugarfina, Defendants have capitalized on Sugarfina's distinctive, novel, and original designs that customers have come to associate with the high quality and innovative candy products that Sugarfina offers.

52.     Defendants have purposely taken steps to increase their similarity to Sugarfina, and to encourage consumers to confuse the two brands to profit from the goodwill Sugarfina has acquired through its careful and diligent marketing.

*Sugarfina's Design Patents*

53.     Sugarfina has protected its innovative designs and packaging through design patents issued by the United States Patent and Trademark Office.  The Sugarfina design patents cover the many famous ornamental features of Sugarfina candy, such as the spaced cube arrangement, the spaced cube receiving wells, and the distinctive use of a box to hold the clear cubes.

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

54.     Among others, Sugarfina owns all right, title, and interest in and to the asserted U.S. Design Pat. No. D755,641, titled "Packaging," a true and correct copy of which is attached as Exhibit 6.

*Sugarfina's Copyrights*

55.     Sugarfina has protected its innovative designs and packaging through copyrights registered with the United States Copyright Office.  The Sugarfina copyrights cover the same famous and original ornamental features of Sugarfina candy packaging as the design patents, such as the spaced cube arrangement, the spaced cube receiving wells, and the distinctive use of a box to hold the clear cubes.

56.     Sugarfina owns all right, title, and interest in and to each of the following asserted copyrights, true and correct copies of which are attached as Exhibits 7 and 8: Reg. Nos. VA0001963482 and VA0001963483.

*Defendants' Infringing Products*

57.     Defendants have imported into or sold in the United States the following products, each of which infringes one or more of Sugarfina's Intellectual Property Rights: "Cuba Libre Cocktail," "Ooh So Organic Peach Bellini," "Candy Bento Box" or "Bento" box, "Passion Fruitini," and "Candy Cube," among others (collectively, the "Accused Products").  Attached as Exhibit 9 is a true and correct copy of the Accused Products.

58.     Rather than innovate and develop its own packaging and unique style for its candy products, Defendants chose to copy Sugarfina's innovative style in these infringing products.

*Sweet Pete's*

59.     Sweet Pete's had many options in developing its candy.  Indeed, Peterbrooke Chocolatier (a predecessor entity to Sweet Pete's) had sold candy for as many as 30 years, but never embodied the same combination of design elements of Sugarfina's presentation.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

60.     Sweet Pete's was a failing business prior to its radical transformation into a Sugarfina copycat.  As Peter Behringer and Alison Behringer admitted in an episode of the CNBC show, *The Profit*, published on March 28, 2014, at https://www.youtube.com/watch?v=l-kHNxz5NFI&t=178s, Sweet Pete's lost $17,000 that year and lost $3,000 the previous year, even though Sweet Pete's was not paying Peter Behringer even a fair wage of $12.00 per hour as an employee.[1] Peter Behringer and Alison Behringer made only $10,000 combined in 2013.

61.     Also during this time period before 2014, ***none*** of Sweet Pete's products were marketed using Sugarfina's intellectual property.  The products shown in the episode of *The Profit* are markedly different from the products sold by Sweet Pete's today, and used generic packaging with an entirely different look and feel from Sugarfina's distinctive packaging.  In contrast to Sugarfina's clean lines, disciplined color palette, and subtle details underscoring the sophisticated tastes of adult customers, Sweet Pete's prior look of carnival motifs of oversized lollipops, chalkboard signage, and wild patterns and colors have the aesthetic of a children's candy store.



---

[1] *See* https://www.youtube.com/watch?v=l-kHNxz5NFI&t=178s, at 6:25 to 7:00.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545












62.     Marcus Lemonis was undoubtedly aware of Sugarfina when Sweet Pete's undertook to change its packaging and motif.  Indeed, in February 2015, Marcus Lemonis visited Sugarfina's website and opted-in to receive Sugarfina's

1  marketing materials.  Branden Stanley, the Marketing Director at Marcus Lemonis

2  LLC for Sweet Pete's and Farrell's, followed suit by signing-up for Sugarfina's

3  marketing materials shortly after she joined the company in September 2016.  They

4  both continue to receive those materials, but have never made a purchase with

5  Sugarfina.com.

6      63.     Sweet Pete's experienced a dramatic turnaround in success and

7  profitability after it began infringing Sugarfina's trade dress, trademarks, patent,

8  and copyrights.  In an episode of the *Shark Tank Podcast*, published on September

9  21, 2016, at https://www.youtube.com/watch?v=rwpHRzdl5T4, Peter Behringer

10  stated that Sweet Pete's was earning revenue of $260,000 per month (or $3,120,000

11  per year), up from $7,500 per month (or $90,000 per year) before 2014.[2]  The

12  newly revamped Sweet Pete's is shown to rely heavily on several design elements

13  of Sugarfina's distinctive packaging and marketing.



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

[2] https://www.youtube.com/watch?v=rwpHRzdl5T4, at 27:05 to 27:32.

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT





64.     Thus, without investing any of the resources or innovation required in developing a strong brand identity and intellectual property portfolio, Sweet Pete's reaped all the benefits of Sugarfina's investment and goodwill in the market.

*Farrell's*

65.     Farrell's has sold candy since 2009.  As with Sweet Pete's, Farrell's candy offerings and marketing were entirely dissimilar from Sugarfina's.  That all

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

changed, however, with Marcus Lemonis's involvement.  The "Farrell's" episode of *The Profit* aired on August 23, 2016 (available at https://www.youtube.com/watch?v=ulLQ_adBbuI).  In that episode, Marcus Lemonis described Farrell's pre-2016 candy store as resembling a local convenience store.[3]  He further opined that the candy store was key to the marketing, and ultimately the success, of Farrell's "because it's the first thing you see when you come into the store."[4]

66.     Prior to Farrell's misappropriation of Sugarfina's marketing and branding in its redesigned candy store, Farrell's candy store was a failing business. Farrell's admitted that it made only about $2,000 in candy per month, which Mr. Lemonis described as "terrible."[5]

67.     Also during this time period before 2016, *none* of Farrell's products were marketed using Sugarfina's intellectual property.  The products shown in the episode of *The Profit* are markedly different from the products sold by Farrell's today, and used generic packaging with an entirely different look and feel from Sugarfina's distinctive packaging. Here are pictures from the episode of Farrell's candy offerings before Marcus Lemonis's involvement.

---

[3] *See* https://www.youtube.com/watch?v=ulLQ_adBbuI, at 8:38.
[4] *See id.* at 9:17.
[5] *See id.* at 9:38.

SUGARFINA, INC.'S FIRST AMENDED COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

68.     As depicted below, after its "turn around" and re-launch, the newly revamped Farrell's is shown to rely heavily on several design elements that have become strongly associated with Sugarfina and established good will with the purchasing public.  Similar to the formula for Sweet Pete's "turn-around," the Farrell's recipe for success is based in large part on utilizing Sugarfina's signature packaging, motif, and look and feel.



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545



69.     In an episode of the Shark Tank Podcast, published on September 8, 2016, at https://www.youtube.com/watch?v=ywA23GXdX_0, Farrell's employee and part-owner Travis Lee attributed Farrell's newfound success to the very branding initiatives that Sweet Pete's stole from Sugarfina: "Allison and Pete have been a major part of in this rebranding of Farrell's. . . . ***What they are most famous for are their cubes*** and their sea salt caramels and their fine chocolates, and now we have all of that stuff in our Farrell's location."[6]  Mr. Lee further stated that the infringing Farrell's-branded candy cubes were available for sale online and through Sweet Pete's stores.[7]  As discussed, they are also now available directly on Farrell's own websites and in its restaurants.

### *Infringement of Sugarfina's Trademarks*

70.     In addition to copying the Sugarfina Trade Dress, Sweet Pete's has also copied and sells (and Farrell's sells) numerous products in which Sugarfina has valid trademark rights, as shown below:

---

[6] *See* https://www.youtube.com/watch?v=ywA23GXdX_0, at 6:14.
[7] *See id.* at 15:56.

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**a.** **CUBA LIBRE®**

| Sugarfina's Original Use | Defendants' Infringing Use |
|---|---|
|  |  |

**b.** **PEACH BELLINI®**

| Sugarfina's Original Use | Defendants' Infringing Use |
|---|---|
|  |  |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

**c.  FRUTTINI**

| Sugarfina's Original Use | Defendants' Infringing Use |
|---|---|
|  |  |

**d.  CANDY BENTO BOX®**

| Sugarfina's Original Use | Defendants' Infringing Use |
|---|---|
|  |  |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

e.   **CANDY CUBE**

| Sugarfina's Original Use | Defendants' Infringing Use |
|---|---|



f.   **CANDY CONCIERGE**

| Sugarfina's Original Use | Defendants' Infringing Use |
|---|---|

g.   **SUGARFINA**

71.     In addition, Defendants have deliberately taken steps to misappropriate Sugarfina's valuable brand by redirecting customers searching for Sugarfina products on the internet to Defendant's advertisements, websites, and products. As shown below, by purchasing the AdWord SUGARFINA® to prioritize the placement of Defendants' advertisements following a Google search for

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA®, Defendants invite consumer confusion and admit that they make knowing efforts to tie Sweet Pete's to Sugarfina and its goodwill, and purposefully to market Sweet Pete's products to Sugarfina's customers and potential customers.



72.     Defendants' use of various trade names that infringe Sugarfina's trademark rights, particularly in combination with its adoption of a trade dress that copies the Sugarfina Trade Dress as described below, is likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into thinking that Sweet Pete's and Farrell's products are Sugarfina products, or that they are sponsored by or affiliated with Sugarfina, when they are not.

73.     Sugarfina's goodwill among consumers is closely tied to its position as an outlier in confectioners' products—that of luxury and sophistication. Defendants' flagrant and relentless copying of Sugarfina's intellectual property rights in its candy products not only allows Defendants to benefit from Sugarfina's investment, but it also threatens to diminish the very important goodwill that Sugarfina has cultivated with its products.  The value of such goodwill is evident in part in the success that resulted from Defendants' wrongful appropriation: after stealing Sugarfina's aesthetic and branding strategies, Sweet Pete's was resurrected from a failing company that *lost* $17,000 per year to a profitable company generating an annualized revenue of $3,120,000.

74.     Sugarfina's efforts to address Defendants' pervasive copying of Sugarfina's innovations and intellectual property directly with Defendants have been unsuccessful.  Those efforts included multiple cease and desist letters to Sweet

Pete's and follow-up telephone calls to both Peter Behringer and Marcus Lemonis. Defendants chose to infringe Sugarfina's patent, copyright, trade dress, and trademark rights through the design, packaging and promotion of their candy products, and they did so willfully to trade upon the goodwill that Sugarfina has developed in connection with its luxury branded products.

### Infringement of Sugarfina's Trade Dress

75.     Sugarfina is informed and believes that Defendants began producing, selling, and marketing its copycat products after Sugarfina's first use of the asserted trade dress.

| Sugarfina's Original Use | Defendants' Infringing Use |
|---|---|



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT













SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545



2014 VALENTINE'S DAY

2016 VALENTINE'S DAY

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT



76.     Each of Defendants' Accused Products embodies a combination of several elements of the Sugarfina Trade Dress identified above, namely, a product configuration with a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales techniques.

77.     Instead of complying with Sugarfina's demand that Defendants cease their unlawful activities, Defendants escalated their unlawful activities and engaged

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

in a coordinated campaign to harm Sugarfina in the marketplace.  Finding the

wholesale theft of Sugarfina's intellectual property to be insufficient, Defendants

also used Mr. Lemonis's public platform as a television celebrity to stoke anger

against Sugarfina and to promote the sale by Sweet Pete's of the very items at issue

here.  As shown below, Defendants widely broadcasted on Facebook, without any

basis, that Sugarfina has a "habit" of suing others.





SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

78.     These statements are demonstrably false and made in bad faith, as this present action against Defendants is the first infringement litigation Sugarfina has ever filed.  In fact, this present action against Defendant is the first time Sugarfina has ever been the plaintiff in any kind of litigation.

79.     To date, these statements have been disseminated to Mr. Lemonis's approximately 830,000 Facebook followers, and to Sweet Pete's approximately 46,500 Facebook followers.

### *Infringement of Sugarfina's Patent*

80.     Sugarfina was selling its designer three-by-three cell candy bento boxes long before Defendants. An example is shown below.



81.     In 2014, Sugarfina filed a design patent application covering its unique packaging, such as the packaging shown above.  That design patent application issued on May 10, 2016, as U.S. Design Patent No. D755,641 (the '641 Patent), and is titled "Packaging."

82.     The '641 Patent claims "[t]he ornamental design for a packaging, as shown and described" in the patent. FIG. 1 of the '641 Patent is reproduced below. FIG. 1 depicts an exploded perspective view of the patented design.

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545



FIG. 1

83.      FIG. 2 of the '641 Patent is reproduced below. FIG. 2 depicts a perspective view of the patented design.



FIG. 2

84.      FIGS. 3–4 of the '641 Patent are reproduced below. FIG. 3 depicts a front view of the patented design. FIG. 4 depicts a rear view of the patented design.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT



FIG. 3          FIG. 4

85.     FIG. 5 of the '641 Patent is reproduced below. FIG. 5 depicts a top view of the patented design.



FIG. 5

86.     FIG. 6 of the '641 Patent is reproduced below. FIG. 6 depicts a side view of the patented design.



FIG. 6

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

87.     Defendants began marketing a copycat product in at least 2015, a sample of which is shown below.



88.     An ordinary observer of Defendants' candy packaging and Sugarfina's patented design, giving such attention that a candy purchaser usually gives, would find the two designs to be substantially the same. The '641 Patent claims a packaging including transparent cubes arranged in three-by-three cells spaced apart and nested fully within a rectangular box with high, straight walls, with a folding cover top with a pull-tab at the end.  As shown above, Defendants' design also includes transparent cubes arranged in three-by-three cells spaced apart and nested fully within a rectangular box with high, straight walls, with a folding cover top with a pull-tab at the end.  An ordinary observer would recognize that Defendants' design is substantially the same as the patented design in the '641 Patent.  The overall impression of the two designs is substantially the same.

89.     Further, an ordinary observer familiar with the prior art would be deceived into believing the Defendants' design is the same as the design patented in the '641 Patent.  Of the many prior art candy packaging types, an ordinary observer would recognize that none of the prior art candy packaging types include, for instance, the three-by-three cells of transparent cubes spaced apart and nested fully

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  within a rectangular box with high, straight walls, with a folding cover top with a

2  pull-tab at the end as patented in the '641 Patent.

3      90.    Indeed, it is axiomatic that the '641 Patent is infringed by

4  Defendants' design because in the eye of an ordinary observer, Defendants' design

5  is substantially the same as the claimed design in the '641 Patent. And indeed, such

6  marketplace confusion has already been shown, an example of which is below.



### *Infringement of Sugarfina's Copyrights*

25      91.    In addition to the aforementioned design patent protections,

26  Sugarfina also has copyright protections for its three-piece designer candy boxes

27  and its designer candy bento boxes at Reg. Nos. VA0001963482 and

28  VA0001963483.

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

92.     Defendants have had access to the copyrighted candy boxes because Sugarfina has been selling and marketing them to the public, in the same industry and using the same marketing channels as Defendants, since at least as early as their copyright registrations in 2013.

93.     In a blatant attempt to copy Sugarfina, Defendants designed and developed near exact imitations of Sugarfina's registered works.

94.     At least as early as 2016, Defendants began actively selling these infringing products to retailers and unwitting consumers.  Defendants' infringing products are strikingly similar imitations of Sugarfina's protected products. Defendants copied all the original and distinctive qualities of Sugarfina's products, including the configuration of three-by-three cells or three cells of transparent cubes spaced apart and nested fully within a rectangular box with high, straight walls; the use of a die-cut labels on the clear cubes within the outer box; and specific graphic elements designed by Sugarfina, such as the prints, patterns, and colors imprinted on the boxes and labels.

95.     Defendants have no license from Sugarfina to make replicas of Sugarfina's registered original works.  On the contrary, at least as early as March 15, 2016, Sugarfina demanded that Defendants cease their infringing activities. Defendants refused to comply and continued knowingly and willfully to create, market, and distribute products infringing Sugarfina's copyrights.

## **FIRST CLAIM FOR RELIEF**

### **(Trade Dress Infringement)**

### **(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

96.     Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

97.     Sugarfina is the owner of all right and title to the distinctive Sugarfina Trade Dress.  The Sugarfina Trade Dress, as embodied in Sugarfina products, has acquired secondary meaning, and is not functional.  In addition, the

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Sugarfina Trade Dress, embodied in the packaging for the Sugarfina products, is inherently distinctive and not functional.

98.    In addition, based on extensive and consistent advertising, promotion and sales throughout the United States, the Sugarfina Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Sugarfina as the source of these products.

99.    Sugarfina's extensive promotion of the distinctive Sugarfina Trade Dress has resulted in Sugarfina's acquisition of valuable, legally protected rights in the Sugarfina Trade Dress as well as considerable customer goodwill.

100.    Defendants' line of products has misappropriated the Sugarfina Trade Dress by mimicking a combination of several elements of that trade dress. The manufacture and distribution of Defendants' products with packaging and product design features that mimic a combination of several elements of the Sugarfina Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Defendants' goods, services or commercial activities.

101.    Defendants' actions constitute unfair competition and false designation or origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

102.    Defendants knew of the Sugarfina Trade Dress when they designed their products, and at least as early as March 15, 2016, have refused to change their product or packaging design in response to Sugarfina's request.  Accordingly, Defendants' infringement has been and continues to be intentional, willful and without regard to Sugarfina's rights in the Sugarfina Trade Dress.

103.    As a direct and proximate result of Defendants' unlawful acts and practices, including those set forth above, Defendants have caused, are causing, and unless immediately enjoined by this Court, will continue to cause immediate and

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

irreparable harm to Sugarfina, for which there is no adequate remedy at law, and for which it is entitled to injunctive relief.

104.    Sugarfina is informed and believes, and on that basis, alleges, that Defendants have gained profits by virtue of their infringement of the Sugarfina Trade Dress.

105.    Sugarfina also has sustained damages as a direct and proximate result of Defendants' infringement of the Sugarfina Trade Dress in an amount to be proven at trial.

106.    Because Defendants' actions have been willful, Sugarfina is entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement)
### (15 U.S.C. § 1114)

107.    Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

108.    Sugarfina owns three federal trademark registrations for the distinctive naming of several of its product lines, i.e., the Registered Trademarks.

109.    The Defendants' line of products has infringed the Registered Trademarks by using identical names in Defendants' products.

110.    Defendants' use of its infringing product lineup is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Defendants' goods, services or commercial activities.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

111.     Defendants' use of the infringing product lineup enables Defendants to benefit unfairly from Sugarfina's reputation and success, thereby giving Defendants sales and commercial value they otherwise would not have.

112.     Before Defendants' first use of the infringing product lineup, Defendants were aware of Sugarfina's business and had either actual notice and knowledge, or constructive notice of, Sugarfina's Registered Trademarks.

113.     Defendants' unauthorized use of the infringing product lineup is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of Defendants' products and/or to cause confusion or mistake as to any affiliation, connection or association between Sugarfina and Defendants, in violation of 15 U.S.C. § 1114(a).

114.     Sugarfina is informed and believes, and on that basis alleges, that Defendants' infringement of Sugarfina's Registered Trademarks as described herein has been and continues to be intentional, willful and without regard to Sugarfina's rights.

115.     Sugarfina is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of Sugarfina's Registered Trademarks.

116.     Sugarfina will suffer and is suffering irreparable harm from Defendants' infringement of Registered Trademarks insofar as Sugarfina's invaluable goodwill is being eroded by continuing infringement.

117.     Sugarfina has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from Defendants' infringing activities.  Pursuant to 15 U.S.C. § 1116, Sugarfina is entitled to an injunction against Defendants' continuing infringement of Sugarfina's Registered Trademarks.  Unless enjoined, Defendants will continue their infringing conduct.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

118.     Because Defendants' actions have been committed with intent to damage Sugarfina and to confuse and deceive the public, Sugarfina is entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

### (15 U.S.C. § 1125)

119.     Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

120.     Sugarfina has prior rights in Sugarfina's Registered Trademarks and other unregistered marks, including SUGARFINA, CUBA LIBRE, PEACH BELLINI, FRUTTINI, CANDY BENTO BOX, CANDY CUBE, and CANDY CONCIERGE.

121.     Defendants' product lineup has infringed Sugarfina's Registered Trademarks and unregistered common law marks by using identical or similar names in Defendants' products.

122.     Defendants' use of its infringing naming convention is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Defendants' goods, services or commercial activities.

123.     Defendants' use of the infringing product lineup enables Defendants to benefit unfairly from Sugarfina's reputation and success, thereby giving Defendants sales and commercial value they otherwise would not have.

124.     Prior to Defendants' first use of the infringing marks, Defendants were aware of Sugarfina's business and had either actual notice and knowledge, or constructive notice of Sugarfina's Registered Trademarks and other unregistered

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

marks.

125.    Defendants' unauthorized use of the infringing product lineup is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of Defendants' product lineup and/or to cause confusion or mistake as to any affiliation, connection or association between Sugarfina and Defendants, in violation of 15 U.S.C. § 1125(a).

126.    Sugarfina is informed and believes, and on that basis alleges, that Defendants' infringement of Sugarfina's Registered Trademarks and unregistered marks, as described herein, has been and continues to be intentional, willful and without regard to Sugarfina's rights in its Registered Trademarks and unregistered common law marks.

127.    Sugarfina is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of Sugarfina's Registered Trademarks and unregistered common law marks.

128.    Sugarfina will suffer and is suffering irreparable harm from Defendants' infringement of Sugarfina's Registered Trademarks and unregistered common law marks insofar as Sugarfina's invaluable goodwill is being eroded by Defendants' continuing infringement.  Sugarfina has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from the Defendants' infringing activities.

129.    Sugarfina is entitled to an injunction against Defendants' continuing infringement of Sugarfina's Registered Trademarks and unregistered common law marks.  Unless enjoined, Defendants will continue its infringing conduct.

130.    Because Defendants' actions have been committed with intent to damage Sugarfina and to confuse and deceive the public, Sugarfina is entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

2                          **FOURTH CLAIM FOR RELIEF**

3    **(Unfair Business Practices – California Business and Professions Code §**

4                                  **17200, *et seq.*)**

5           131.    Sugarfina incorporates and realleges the preceding paragraphs of this

6    Complaint as though set forth in full.

7           132.    The acts of Defendants described above constitute fraudulent and

8    unlawful business practices as defined by California Business & Professions Code

9    § 17200, *et seq.*

10          133.    Sugarfina has valid and protectable prior rights in the Sugarfina

11   Trade Dress, and the Registered Trademarks. The Sugarfina Trade Dress identifies

12   Sugarfina as the source of its candy products.  The Sugarfina Trade Dress is

13   inherently distinctive, and, through Sugarfina's long use, has come to be associated

14   solely with Sugarfina as the source of the products on which it is used.

15          134.    Defendants' use of its infringing trade dress is likely to cause

16   confusion as to the source of Defendants' products and is likely to cause others to

17   be confused or mistaken into believing that there is a relationship between

18   Defendants and Sugarfina or that Defendants' products are affiliated with or

19   sponsored by Sugarfina.

20          135.    The above-described acts and practices by Defendants are likely to

21   mislead or deceive the general public and therefore constitute fraudulent business

22   practices in violation of California Business & Professions Code §§ 17200, *et seq.*

23          136.    The above-described acts constitute unfair competition and trade

24   dress and trademark infringement under Section 43(a) of the Lanham Act, 15

25   U.S.C. § 1125(a), and trademark infringement under Section 32 of the Lanham Act,

26   15 U.S.C. § 1114, and are therefore unlawful acts in violation of California

27   Business & Professions Code §§ 17200, *et seq.*

28

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

137.     Defendants acted willfully and intentionally in designing its infringing trade dress and product packaging, with full knowledge of Sugarfina's prior rights in the distinctive Sugarfina Trade Dress, Registered Trademarks, and its common law trademarks, and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Defendants and Sugarfina or between Defendants' products and Sugarfina's products.

138.     The unlawful and fraudulent business practices of Defendants described above present a continuing threat to, and is meant to deceive members of, the public in that Defendants desire to promote their products by wrongfully trading on the goodwill of the Sugarfina Trade Dress, the Registered Trademarks, and its common law trademarks.

139.     As a direct and proximate result of these acts, Defendants have received, and will continue to profit from, the strength of the Sugarfina Trade Dress, the Registered Marks, Sugarfina's common law trademarks.

140.     As a direct and proximate result of Defendants' wrongful conduct, Sugarfina has been injured in fact and has lost money and profits, and such harm will continue unless Defendants' acts are enjoined by the Court.

141.     Sugarfina has no adequate remedy at law for Defendants' continuing violation of Sugarfina's rights.

142.     Defendants should be required to restore to Sugarfina any and all profits earned as a result of their unlawful and fraudulent actions, or provide Sugarfina with any other restitutionary relief as the Court deems appropriate.

## **FIFTH CLAIM FOR RELIEF**

### **(Infringement of the '641 Patent)**

### **(35 U.S.C. § 271)**

143.     Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

144.     Defendants have infringed and continue to infringe the '641 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of Defendants' infringing products identified in this Complaint, which embody the design covered by the '641 Patent, in violation of 35 U.S.C. § 271.

145.     On information and belief, Defendants' infringement of the '641 Patent has taken place with full knowledge of the patent and is willful, deliberate, and intentional, and therefore gives rise to an exceptional case under 35 U.S.C. § 285.

146.     Defendants' infringement of one or more claims of the '641 Patent has injured Sugarfina, the precise amount of which cannot be ascertained at this time.  Sugarfina is entitled to recover damages adequate to compensate for Defendants' infringement, which in no event can be less than a reasonable royalty.

147.     Defendants have caused Sugarfina substantial damages and irreparable injury by their infringement of one or more claims of the '641 Patent, for which there is no adequate remedy at law.  Sugarfina will continue to suffer damages and irreparable injury unless and until Defendants' infringement is enjoined by this Court.

## SIXTH CLAIM FOR RELIEF

### (Copyright Infringement)

### (17 U.S.C. §§ 101, *et. seq.*)

148.     Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

149.     Sugarfina is the owner of exclusive rights under copyright with respect to the three-piece designer candy box and the designer candy bento box, Reg. Nos. VA0001963482 and VA0001963483.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

150.     Sugarfina has never granted to Defendants any license to make or market any unauthorized copies of, or derivative works based on, Sugarfina's products or registered works.

151.     By means of the actions complained of herein, Defendants have infringed and will continue to infringe Sugarfina's copyright in and relating to its registered works by creating, reproducing, distributing, selling, and/or offering for sale infringing products and product packaging containing strikingly similar reproductions of the registered works without authorization from Sugarfina.

152.     Sugarfina is entitled to an injunction restraining Defendants, and all persons acting in concert with it, from engaging in further acts in violation of the copyright laws.

153.     Sugarfina is further entitled to recover from Defendants the damages Sugarfina has sustained, and will sustain, as a result of Defendants' wrongful acts in an amount to be proven at trial.  Sugarfina is further entitled to recover from Defendants any gains, profits, and advantages Defendants have obtained as a result of their wrongful acts.

154.     Sugarfina is also entitled to damages, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq.*, for Defendants' willful and continued infringement of the registered works and attorneys' fees.

## SEVENTH CLAIM FOR RELIEF

### (Trade Libel)

155.     Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

156.     On June 17, 2017, Mr. Lemonis and Sweet Pete's, in coordination with each other and the other Defendants, published identical posts on Facebook referring to this instant lawsuit: "It's total bs and based on public records they [Sugarfina] have a habit of doing it to others."  These posts, hereinafter referred to as the "Defamatory Comments," were disseminated and published to Mr.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

1  Lemonis's approximately 830,000 Facebook followers and Sweet Pete's
2  approximately 46,500 Facebook followers.

3        157.    The Defamatory Comments were made of and concerning
4  Sugarfina's business and were so understood by those who read them.  Sugarfina
5  relies heavily on its reputation for fair dealing and originality in holding itself out as
6  a leading innovator in the confectionary industry.  Sugarfina's intellectual property
7  is unique and proprietary to Sugarfina and carefully enforced so as to maintain
8  Sugarfina's valuable brand equity.

9        158.    The Defamatory Comments disparaged Sugarfina in that they impute
10  to Sugarfina a lack of honesty and integrity in its business dealings and accuse it of
11  engaging in frivolous litigation in order to vex and harass its competitors to obtain
12  an unfair advantage in the marketplace.

13        159.    On information and belief, the Defamatory Comments by Mr.
14  Lemonis and Sweet Pete's have been repeated by Defendants to others on other
15  occasions, and/or the other Defendants have ratified, endorsed, authorized or
16  otherwise consented to such comments.  The above-described comments were
17  spoken without justification and without privilege.

18        160.    The Defamatory Comments are false.

19        161.    Defendants communicated the Defamatory Comments with
20  knowledge of their falsity or with reckless disregard for their truth or falsity.

21        162.    As a proximate result of Defendants' publication of the Defamatory
22  Comments, prospective customers have been deterred from purchasing products
23  from Sugarfina and from otherwise dealing with Sugarfina.

24        163.    By making the Defamatory Comments concerning Sugarfina's
25  originality, integrity, and/or competitive strategies, Defendants acted with malice,
26  oppression and fraud in that they were motivated by ill will, hatred toward
27  Sugarfina and an attempt to seek an unfair competitive business advantage.
28  Sugarfina seeks an award of punitive damages based upon this outrageous conduct.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

On information and belief, Defendants are guilty of oppression, fraud or malice within the meaning of California Civil Code section 3294 and authorized, ratified, or performed the acts, entitling Sugarfina to punitive or exemplary damages in an amount appropriate to punish Defendants and to make an example of them to the community.

## EIGHTH CLAIM FOR RELIEF

### (Civil Conspiracy)

164.    Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

165.    Defendants entered into an agreement, combination, understanding or scheme with the intent of misappropriating Sugarfina's valuable goodwill in the marketplace and deceiving the purchasing public into believing that Defendants' products were associated with and or sponsored by or affiliated with Sugarfina.

166.    Under the direction of Mr. Lemonis, who controls Sweet Pete's and Farrell's, Defendants engaged in a coordinated campaign to undermine and usurp Sugarfina's reputation as a leading innovator in the confectionary industry, not only by their wholesale theft of Sugarfina's intellectual property, but also by misrepresenting Sugarfina as a vexatious competitor who seeks to gain an unfair advantage in the marketplace by means of frivolous litigation.

167.    Each Defendant knowingly, voluntarily and intentionally participated as a member of the conspiracy to steal Sugarfina's intellectual property and diminish the value of Sugarfina's brand in the marketplace.

## PRAYER FOR RELIEF

WHEREFORE, Sugarfina prays for relief, as follows:

1.    A judgment that Defendants have infringed one or more claims of Sugarfina's asserted patent;

2.    An order and judgment preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates,

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of Sugarfina's asserted patent;

3. A judgment awarding Sugarfina all damages adequate to compensate for Defendants' infringement of Sugarfina's asserted patent, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4. A judgment awarding Sugarfina all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5. An order preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the Sugarfina Trade Dress, Registered Trademarks, unregistered common law trademarks, or using any other product or packaging design or designations similar to or likely to cause confusion with the Sugarfina Trade Dress, Registered Trademarks, and unregistered common law trademarks; from passing off Defendants' products as being associated with and or sponsored or affiliated with Sugarfina; from committing any other unfair business practices directed toward obtaining for themselves the business and customers of Sugarfina; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Sugarfina.

6. Actual damages suffered by Sugarfina as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

7. Reasonable funds for future corrective advertising;

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT

8.      An accounting of Defendants' profits pursuant to 15 U.S.C. § 1117;

9.      A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

10.     Punitive damages pursuant to California Civil Code § 3294;

11.     Restitutionary relief against Defendants and in favor of Sugarfina, including disgorgement of wrongfully obtained profits and any other appropriate relief;

12.     Costs of suit and reasonable attorneys' fees, including, but not limited to, a finding that this case is exceptional and awarding attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

13.     Any other remedy to which Sugarfina may be entitled, including all remedies provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof Code §§ 17200, *et seq.,* 17500, *et seq.,* and under any other California law.


Dated:  October 16, 2017                Respectfully submitted,

                                        TROUTMAN SANDERS LLP


                                        By: */s/ Jennifer Trusso Salinas*
                                        Jennifer Trusso Salinas
                                        Jenny Kim
                                        Andre De La Cruz

                                        Attorneys for Plaintiff
                                        SUGARFINA, INC.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1

## **DEMAND FOR JURY TRIAL**

2

3

      Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury of all triable issues.

4

5

   Dated:     October 16, 2017         TROUTMAN SANDERS LLP

6

7

                         By: */s/ Jennifer Trusso Salinas*

8

                            Jennifer Trusso Salinas
                            Andre De La Cruz

9

                            Jenny Kim
                            Attorneys for Plaintiff

10

                            SUGARFINA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA, INC.'S FIRST AMENDED
COMPLAINT