1  KARIN G. PAGNANELLI (SBN 174763)
     kgp@msk.com
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA  90064-1683
   Telephone:  (310) 312-2000
4  Facsimile:   (310) 312-3100

5  MICHAEL G. KELBER (*pro hac vice*)
     mkelber@ngelaw.com
6  ANDREW S. FRAKER (*pro hac vice*)
     afraker@ngelaw.com
7  NEAL, GERBER & EISENBERG LLP
   Two North LaSalle Street, Suite 1700
8  Chicago, Illinois 60602-3801
   Telephone:  (312) 269-8000

9

10 Attorneys for Defendants
   SWEET PETE'S LLC, MARCUS LEMONIS,
   ML SWEETS, LLC, PETER BEHRINGER,
11 ALLISON BEHRINGER, ML BUENA PARK,
   LLC, and ML FOOD GROUP, LLC
12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15

16 SUGARFINA, INC., a Delaware           Case No. 2:17-cv-4456-RSWL-JEM
   corporation,
17                                        Honorable Ronald S.W. Lew
              Plaintiff,
18                                        **DEFENDANTS' ANSWER TO**
         v.                               **PLAINTIFF'S FIRST AMENDED**
19                                        **COMPLAINT**
   SWEET PETE'S LLC, a Florida limited
20 liability company; MARCUS              JURY TRIAL DEMANDED
   LEMONIS, an individual; ML
21 SWEETS, LLC, a Delaware limited
   liability company; PETER
22 BEHRINGER, an individual; ALLISON
   BEHRINGER, an individual; ML
23 BUENA PARK, LLC, a Delaware
   limited liability company; and ML
24 FOOD GROUP, LLC, a Delaware
   limited liability company,
25
              Defendants.
26

27

28

1    Defendants, Sweet Pete's LLC; Marcus Lemonis; ML Sweets, LLC;  Peter

2    Behringer; Allison Behringer; ML Buena Park, LLC; and ML Food Group, LLC,

3    by and through their counsel, hereby answer the Amended Complaint filed by

4    Plaintiff and allege as follows:

5                                    **ANSWER**

6                          **NATURE OF THE ACTION**

7         1.    Sugarfina revolutionized the candy industry when it was founded in

8    2012. Its founders, Joshua Resnick and Rosie O'Neill, dreamt of creating a luxury

9    boutique retailer of curated candies and sweets. The inspiration behind Sugarfina

10   was sprouted during a screening of the original "Willy Wonka and the Chocolate

11   Factory" and the simple question: why should kids have all the fun?

12   ANSWER:  Defendants are without information or knowledge sufficient to admit

13   or deny the allegations of this paragraph, and therefore deny the allegations.

14

15        2.    Since 2012, Mr. Resnick and Ms. O'Neill have traveled the world to

16   meet with artisan candy-makers and have taste-tested thousands of candies in their

17   search to find the best of the best. Today, this experience has culminated in

18   Sugarfina redefining confectioneries and the associated experience, including

19   painstakingly creating high quality, distinctive packaging for its redefined

20   confectionaries. In the years since its founding, Sugarfina has established itself as

21   offering unique luxury products and a highly engaged customer base.

22   ANSWER:  Defendants are without information or knowledge sufficient to admit

23   or deny the allegations of this paragraph, and therefore deny the allegations.

24

25        3.    Sugarfina's efforts have now grown to a thriving business that

26   employs over 300 people and operates across various commercial channels,

27   including storefronts, e-commerce, wholesale, and corporate partnerships.

28   ANSWER:  Defendants are without information or knowledge sufficient to admit

1    or deny the allegations of this paragraph, and therefore deny the allegations.

2

3        4.    Sugarfina's retail channel focuses on building a footprint at high-end

4    luxury spaces. Currently, Sugarfina operates over twenty-three (23) retail

5    boutiques, with many additional storefronts planned throughout the globe.

6    Sugarfina also operates a series of "shop-in-shops" at fourteen (14) Nordstrom's

7    locations in the United States and Canada. Its wholesale channel caters to premium

8    reseller partners such as Bergdorf Goodman and the Four Seasons Hotels. Its

9    corporate channel caters to institutional clients seeking to personalize packaging or

10   coordinate events.

11   ANSWER:  Defendants are without information or knowledge sufficient to admit

12   or deny the allegations of this paragraph, and therefore deny the allegations.

13

14       5.    At present, Sugarfina's distribution channels have been well

15   established and the Sugarfina brand itself has come to be uniquely synonymous

16   with luxury boutique candy. Although international expansion will continue,

17   Sugarfina has already become famous for its luxury items throughout the United

18   States and Canada.

19   ANSWER:  Defendants are without information or knowledge sufficient to admit

20   or deny the allegations of this paragraph, and therefore deny the allegations.

21

22       6.    From inception, Sugarfina has cultivated unmistakable design features

23   in its products and packaging. These design features have been used consistently

24   throughout the course of its business.

25   ANSWER:  Defendants are without information or knowledge sufficient to admit

26   or deny the allegations of this paragraph, and therefore deny the allegations.

27   Defendants further deny that the design elements of Sugarfina's products and

28   packaging asserted in the Amended Complaint are distinctive and nonfunctional.

7.     Sugarfina currently has approximately 140 different lines of candy, i.e., products, each presented in a revolutionary and sophisticated presentation and packaging that evidences Sugarfina's commitment to luxury and quality. Among the signature innovations of Sugarfina's branding is its presentation of candy in museum-quality Lucite that emphasizes the artisanal and rarified quality of a gourmet small-portion tasting experience. Because of its innovative packaging and distinctive design, coupled with impeccable attention to the quality of its candy, Sugarfina products continue to thrive.

ANSWER:  Defendants are without information or knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny the allegations. Defendants further deny that the design elements of Sugarfina's products and packaging asserted in the Amended Complaint are distinctive and nonfunctional.

8.     Sugarfina's creative achievements have resulted in broad intellectual property protection for Sugarfina's innovations, including design patents, trademarks, copyrights, and trade dress protection. Because of its success, Sugarfina's innovations have been the subject of emulation by its competitors, who have attempted to capitalize on Sugarfina's success by imitating Sugarfina's innovative, elegant, and distinctive products and packaging.

ANSWER:  Defendants are without information or knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny the allegations. Defendants further deny that the design elements of Sugarfina's products and packaging asserted in the Amended Complaint are distinctive and nonfunctional.

9.     Among these imitators are Defendants, who have introduced a line of products to compete with Sugarfina products. Defendants are a part of a conglomerate owned and controlled by television personality, Marcus Lemonis. Mr. Lemonis is the star of the CNBC show, "The Profit," which follows Mr. Lemonis

as he acquires and "turns around" struggling businesses. Defendants Sweet Pete's and Farrell's are two of those "success stories." Unfortunately, their "turn around" strategy focused on ripping-off Sugarfina's intellectual property. Instead of pursuing independent product development, Defendants have chosen not only to copy Sugarfina's innovative, distinctive, and elegant product and packaging design, but have also copied the types of candy, and protectable names, offered by Sugarfina, in violation of Sugarfina's valuable intellectual property rights.

ANSWER:  Defendants admit that Marcus Lemonis is the star of the CNBC show "The Profit" and that Sweet Pete's and Farrell's have been featured on the show. Defendants deny all other allegations in this paragraph. Defendants further deny that the design elements of Sugarfina's products and packaging asserted in the Amended Complaint are distinctive and nonfunctional.

10.    As alleged below, Defendants have made and packaged their candy to look like Sugarfina's products through widespread patent, copyright, trademark, and trade dress infringement.

ANSWER: Denied. Defendants further deny that the design elements of Sugarfina's products and packaging asserted in the Amended Complaint are distinctive and nonfunctional.

11.    By this action, Sugarfina seeks to put a stop to Defendants' illegal conduct and obtain compensation for the violations that have occurred thus far.

ANSWER:  Defendants are without information or knowledge sufficient to admit or deny the allegations with respect to Sugarfina's motivation for filing this action. Defendants deny that they have engaged in any illegal conduct or violations of any of Sugarfina's rights.

1

## THE PARTIES

2      12.   Plaintiff Sugarfina is a Delaware corporation having its principal place

3   of business at 3915 West 102nd Street, Inglewood, California 90303.

4   ANSWER:  Defendants are without information or knowledge sufficient to admit

5   or deny the allegations of this paragraph, and therefore deny the allegations.

6

7      13.   Defendant Sweet Pete's, LLC is a Florida limited liability company

8   with its principal office at 400 North Hogan Street, Jacksonville, Florida 32202.

9   ANSWER:  Admitted.

10

11      14.   On information and belief, Defendant Marcus Lemonis is an individual

12   residing in Illinois. Mr. Lemonis is the star of the reality television show on CNBC

13   The Profit, which has featured both Sweet Pete's and Farrell's.

14   ANSWER:  Admitted.

15

16      15.   On information and belief, Defendant ML Sweets LLC is a Delaware

17   limited liability company with its principal office at 794 Penllyn Blue Bell Pike,

18   Blue Bell, Pennsylvania 19422. ML Sweets, LLC is one of the managers of Sweet

19   Pete's, LLC. The sole manager of ML Sweets, LLC is Marcus Lemonis.

20   ANSWER:  Defendants state that ML Sweets, LLC's place of business is at 400

21   North Hogan Street, Jacksonville, Florida 32202. Defendants admit the other

22   allegations in this paragraph.

23

24      16.   On information and belief, Defendant Peter Behringer is an individual

25   that may be contacted at 400 North Hogan Street, Jacksonville, Florida 32202. Mr.

26   Behringer is the founder of Sweet Pete's.

27   ANSWER:  Admitted.

28

17.    On information and belief, Defendant Allison Behringer is an individual that may be contacted at 400 North Hogan Street, Jacksonville, Florida 32202. Ms. Behringer is the wife of Peter Behringer. Ms. Behringer is one of the managers of Sweet Pete's and one of the managers of Farrell's.

ANSWER:  Admitted.

18.    On information and belief, Defendant Farrell's (i.e., ML Buena Park, LLC, dba Farrell's) is a Delaware limited liability company with a place of business at 8650 Beach Boulevard, Buena Park, CA 90620. According to the Orange County Clerk Recorder's records, File No. 20176479608, Farrell's holds registrations for the fictitious business names of Sweet Pete's and Farrell's. Sugarfina is informed and believes that Farrell's is the franchisor of "Farrell's"- branded restaurants in other locations, including in Brea, California.

ANSWER:  Denied that ML Buena Park, LLC is the "franchisor of 'Farrell's'-branded restaurants." Defendants admit the other allegations in this paragraph.

19.    On information and belief, Defendant ML Food Group, LLC is a Delaware limited liability company with a place of business at 794 Penllyn Blue Bell Pike, Suite 219, Blue Bell, Pennsylvania 19422. ML Food Group, LLC is one of the managers of Farrell's. The sole manager of ML Food Group, LLC is Marcus Lemonis.

ANSWER:  Defendants deny that ML Food Group, LLC is one of the managers of Farrell's (i.e., ML Buena Park, LLC d/b/a Farrell's). Defendants admit the other allegations in this paragraph.

20.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, servant, employee, and/or alter ego of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of said agency and/or employment,

and with the permission and consent, express and/or implied, of the other Defendants herein. A unity of interest and ownership exists between and among the Defendants such that there is no distinction between or among the Defendants and if the acts alleged herein by one Defendant are treated as the acts of that Defendant alone, an inequitable result will follow. On information and belief, Defendants have utilized these entities to commit the wrongs alleged herein, to shield themselves from personal liability for their conduct, and to hinder, delay, and/or defraud others. In order to effect justice herein, the corporate fiction maintained by Defendants must be pierced, all relief and damages should be awarded against all Defendants jointly and severally, and all acts of the Defendants should be treated as the acts of the other Defendants.

ANSWER:  Denied.

## **JURISDICTION**

21.    This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents, copyrights, or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

ANSWER:  Admitted.

22.    This Court has personal jurisdiction over Defendants because they have a regularly established place of business in this District, they have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271, 15 U.S.C. §§ 1114 and 1125, and 17 U.S.C. §§ 101 et seq., and place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. The acts

by Defendants cause injury to Sugarfina within this District.

ANSWER: Defendants admit that this Court has personal jurisdiction over Defendants. Defendants deny all other allegations in this paragraph.

23.    Upon information and belief, Defendants also derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, derive substantial revenue from interstate and international commerce, and have a regularly established place of business in this District.

ANSWER: Defendants admit that, in a general sense, they derive substantial revenue from interstate commerce. Defendants Sweet Pete's, LLC and ML Buena Park, LLC admit that they have a regularly established place of business in this district. Defendants Marcus Lemonis; ML SWEETS, LLC; ML FOOD GROUP, LLC; Peter Behringer and Allison Behringer deny that they have a regularly established place of business in this district. Defendants deny that they have ever sold any infringing products and all other allegations in this paragraph.

## **VENUE**

24.    Venue is proper within this District under 28 U.S.C. §§ 1391(b) and 1367(a) because Defendants transact business within this district including having a regularly established place of business in this district and offering for sale in this district products that infringe the Sugarfina trade dress, patent, copyrights and trademarks. In addition, venue is proper because Sugarfina's principal place of business is in this district and Sugarfina suffered harm in this district. Moreover, a substantial part of the events giving rise to the claim occurred in this district.

ANSWER: Defendants Sweet Pete's, LLC; Marcus Lemonis; ML Buena Park, LLC; ML SWEETS, LLC; and ML FOOD GROUP, LLC admit that they transact business within this district. Defendants Peter Behringer and Allison Behringer

1    deny that they regularly transact business within this district. Defendants Sweet

2    Pete's, LLC and ML Buena Park, LLC admit that they have a regularly established

3    place of business in this district. Defendants Marcus Lemonis; ML SWEETS, LLC;

4    ML FOOD GROUP, LLC; Peter Behringer and Allison Behringer deny that they

5    have a regularly established place of business in this district. Defendants deny that

6    they have ever offered for sale any products that infringe any of Plaintiff's rights.

7    With respect to all other allegations in this paragraph, Defendants are without

8    information or knowledge sufficient to admit or deny the allegations, and therefore

9    deny the allegations.

10                              **BACKGROUND**

11                        ***Sugarfina's Innovations***

12        25.    Sugarfina is a luxury candy boutique well recognized for its distinctive

13    products sold under the SUGARFINA® brand using novel and original designs in

14    its packaging. Defendants are well aware that Sugarfina is the owner of numerous

15    design patents, trademark registrations, and copyright registrations, including the

16    following (having received a cease and desist letter dated March 15, 2016).

17        • U.S. Design Patent No. D755,641

18        • U.S. Copyright Reg. No. VA0001963483

19        • U.S. Copyright Reg. No. VA0001963482

20    ANSWER: Defendants admit that Defendant Peter Behringer received a letter

21    from Plaintiff's counsel dated March 17, 2016 and citing U.S. Copyright Reg. Nos.

22    VA0001963482 and VA0001963483. Defendants are without information or

23    knowledge sufficient to admit or deny the allegations of this paragraph, and

24    therefore deny the allegations. Defendants further deny that the design elements of

25    Sugarfina's products and packaging asserted in the Amended Complaint are

26    distinctive and nonfunctional.

27

28

26.    As a direct result of its innovative and distinctive design and packaging, Sugarfina products have been a great success, and their packaging, colors, and presentation have immediately become uniquely associated with Sugarfina as their source.

ANSWER:  Defendants are without information or knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny the allegations. Defendants further deny that the design elements of Sugarfina's products and packaging asserted in the Amended Complaint are distinctive and nonfunctional.

27.    Sugarfina products, with its branded packaging, have been extensively advertised throughout the United States to capitalize on the existing distribution channels, including social media and internet marketing, with the vast majority of the advertisements featuring photographs of the distinctive design of the Sugarfina products.

ANSWER:  Defendants are without information or knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny the allegations. Defendants further deny that the design elements of Sugarfina's products and packaging asserted in the Amended Complaint are distinctive and nonfunctional.

28.    In addition, Sugarfina's products have received unsolicited comment and attention in print and social media throughout the world. Each new Sugarfina product is the subject of positive commentary and receives unsolicited praise from independent social commentators. Frequently, these unsolicited commentaries are accompanied by images of various Sugarfina products, including their unique packaging.

ANSWER:  Defendants are without information or knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny the allegations. Defendants further deny that the design elements of Sugarfina's products and

1   packaging asserted in the Amended Complaint are distinctive and nonfunctional.

2

3       29.    The Sugarfina product design has come to represent and symbolize the

4   superb quality of Sugarfina's products and enjoys substantial goodwill among

5   consumers.

6   ANSWER:  Defendants are without information or knowledge sufficient to admit

7   or deny the allegations of this paragraph, and therefore deny the allegations.

8   Defendants further deny that the design elements of Sugarfina's products and

9   packaging asserted in the Amended Complaint are distinctive and nonfunctional.

10

11      30.    Sugarfina has received a number of awards for its signature designs

12  and innovations including, but not limited to, the Addy Gold award and the Chain

13  Store Age Breakout Retailer award.

14  ANSWER:  Defendants are without information or knowledge sufficient to admit

15  or deny the allegations of this paragraph, and therefore deny the allegations.

16  Defendants further deny that the design elements of Sugarfina's products and

17  packaging asserted in the Amended Complaint are distinctive and nonfunctional.

18

19              ***Sugarfina's IP Rights***

20              *Sugarfina's Trademarks*

21      31.    Defendants' products are not merely likely to confuse customers; they

22  are certain to confuse customers, and have actually confused customers, as

23  Defendants use exact or near-exact replicas of Sugarfina's marks, including the

24  following, in connection with the sale and marketing of their products:

25      •    SUGARFINA®

26      •    CUBA LIBRE®

27      •    PEACH BELLINI®

28      •    FRUTTINI

1      •    CANDY BENTO BOX®

2      •    CANDY CUBE<sup>TM</sup>

3      •    CANDY CONCIERGE

4    ANSWER:  Denied.

5

6          32.    Defendants' use of Sugarfina's marks creates a high likelihood of

7    confusion, as Defendants alter virtually nothing about the marks and intentionally

8    import the entire appearance, sound, and meaning of Sugarfina's marks to profit

9    from the customer's association of the marks with Sugarfina. Defendants also timed

10   their use of Sugarfina's marks to follow closely after Sugarfina's first use.

11   ANSWER:  Denied.

12

13         33.    SUGARFINA®—attached as Exhibit 1 is a true and correct copy of

14   U.S. Registration No. 4,677,276. Sugarfina first used the SUGARFINA mark on

15   July 16, 2012, and filed a trademark application for this mark on June 3, 2013.

16   ANSWER: Defendants admit that Exhibit 1 appears to show U.S. Reg. No.

17   4,677,276, which speaks for itself. With respect to all other allegations in this

18   paragraph, Defendants are without information or knowledge sufficient to admit or

19   deny the allegations of this paragraph, and therefore deny the allegations.

20

21         34.    At least as early as 2017, shortly after Plaintiffs filed the original

22   Complaint in this matter, Defendants began using an identical mark to redirect

23   internet  traffic  to  Defendants.  More  specifically,  the  protected  mark

24   SUGARFINA® is used in its entirety by Defendants as an "AdWord" purchased

25   through Google to prioritize the placement of Defendants' advertisements, websites

26   and products. Under the totality of circumstances, including the timing of

27   Defendants' purchase of the "Sugarfina" AdWord and the wholesale infringement

28   of Sugarfina's trade dress, trademark, patent, and copyright rights, the sum effect of

Defendants' infringing use of the SUGARFINA® mark is to confuse customers into finding Sweet Pete's when they are looking for Sugarfina.

ANSWER:  Defendants admit that the term "Sugarfina" was purchased as a Google AdWord on behalf of Sweet Pete's, LLC. Defendants deny all other allegations in this paragraph.

35.    CUBA LIBRE®—attached as Exhibit 2 is a true and correct copy of U.S. Registration No. 4,943,322. Sugarfina first used the CUBA LIBRE® mark on June 6, 2012, and filed a trademark application for this mark on August 14, 2015. Defendants began using the same mark on a similar product shortly after Sugarfina in 2016.

ANSWER: Defendants admit that Exhibit 2 appears to show U.S. Reg. No. 4,943,322 on the Supplemental Register, which speaks for itself. With respect to all other allegations in this paragraph, Defendants are without information or knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny the allegations.

36.    The protected mark CUBA LIBRE® is used in its entirety on Defendants' product—i.e., with the same appearance and sound. Both products are gummy candies—i.e., with the same meaning. On both products, the mark appears on a die-cut label consisting of a circle and a strip over a clear cube, making the overall look and feel of Defendants' use of the mark similar to Sugarfina's.

ANSWER:  Defendants admit that the terms "Cuba Libre Cocktail" appear on the product label as depicted in the Amended Complaint. Defendants deny all other allegations in this paragraph.

37.    PEACH BELLINI®—attached as Exhibit 3 is a true and correct copy of U.S. Registration No. 4,981752. Sugarfina first used the PEACH BELLINI®

mark on December 3, 2013, and filed a trademark application for this mark on August 14, 2015. Defendants began using the same mark on a similar product in 2016.

ANSWER: Defendants admit that Exhibit 3 appears to show U.S. Reg. No. 4,981,752, which speaks for itself. With respect to all other allegations in this paragraph, Defendants are without information or knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny the allegations.

38.    The protected mark PEACH BELLINI® is used in its entirety on Defendants' product—i.e., with the same appearance and sound. Both products are gummy candies—i.e., with the same meaning. On both products, the mark appears on a die-cut label consisting of a circle and a strip over a clear cube, making the overall look and feel of Defendants' use of the mark similar to Sugarfina's.

ANSWER: Defendants admit that the terms "Ooh So Organic Peach Bellini" appear on the product label as depicted in the Amended Complaint. Defendants deny all other allegations in this paragraph.

39.    FRUTTINI—Sugarfina has common law trademark rights in the FRUTTINI mark. Sugarfina began offering Blood Orange FRUTTINI and Italian Lemon FRUTTINI at least as early as August 2015. Defendants began using a similar mark for the same purpose in 2016.

ANSWER:  Denied.

40.    The protected mark FRUTTINI is used in its entirety, though with a slight spelling variation, on Defendants' product—i.e., with the same appearance and sound. Both products are gummy candies—i.e., with the same meaning. On both products, the mark appears on a die-cut label consisting of a circle and a strip over a clear cube, making the overall look and feel of Defendants' use of the mark

similar to Sugarfina's.

ANSWER: Defendants admit that the terms "Passion Fruitini" appear on the product label as depicted in the Amended Complaint. Defendants deny all other allegations in this paragraph.

41. CANDY BENTO BOX®—attached as Exhibit 4 is a true and correct copy of U.S. Registration No. 4,838,646. Sugarfina first used the CANDY BENTO BOX® mark on November 23, 2013, and filed a trademark application for this mark on January 15, 2015. Defendants began calling their candy boxes "candy bento boxes" and "bento" boxes in 2016.

ANSWER: Defendants admit that Exhibit 4 appears to show U.S. Reg. No. 4,838,646 on the Supplemental Register, which speaks for itself. Defendant Sweet Pete's, LLC, admits that it has used the terms "bento box" descriptively and/or generically. Defendants deny that Plaintiff has any trademark rights in the terms "candy bento box." With respect to all other allegations in this paragraph, Defendants are without information or knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny the allegations.

42. Again, the protected mark CANDY BENTO BOX® is used in its entirety on Defendants' product—i.e., with the same appearance and sound. Both products are candy boxes in which a number of smaller CANDY CUBES<sup>TM</sup> are nested within—i.e., with the same meaning.

ANSWER:  Defendant Sweet Pete's, LLC, admits that it has used the terms "bento box" descriptively and/or generically. Defendants deny that Plaintiff has any trademark rights in the terms "candy bento box." Defendants deny all other allegations in this paragraph.

43. CANDY CUBE<sup>TM</sup>— attached as Exhibit 5 is a true and correct copy of

1  U.S. Application No. 87/264,489. Sugarfina began using CANDY CUBE$^{TM}$ on or

2  around 2013 and filed a trademark application for this mark on December 11, 2016.

3  Sugarfina also has common law trademark rights in the CANDY CUBE mark.

4  Sweet Pete's began using the same mark on identical packaging in 2016.

5  ANSWER: Defendants admit that Exhibit 5 appears to show U.S. App. No.

6  87/264,489, which speaks for itself. Defendant Sweet Pete's, LLC, admits that it

7  has used the terms "candy cube" descriptively and/or generically. Defendants deny

8  that Plaintiff has any trademark rights in the terms "candy cube" and that "Sweet

9  Pete's began using the same mark on identical packaging in 2016." With respect to

10  all other allegations in this paragraph, Defendants are without information or

11  knowledge sufficient to admit or deny the allegations of this paragraph, and

12  therefore deny the allegations.

13

14      44.    The protected mark CANDY CUBE$^{TM}$ is used in its entirety on

15  Defendants' product—i.e., with the same appearance and sound. Both products are

16  packaging for candies—i.e., with the same meaning. On both products, the mark

17  appears on a die-cut label consisting of a circle and a strip over a clear cube,

18  making the overall look and feel of Defendants' use of the mark similar to

19  Sugarfina's.

20  ANSWER:  Defendant Sweet Pete's, LLC, admits that it has used the terms "candy

21  cube" descriptively and/or generically. Defendants deny that Plaintiff has any

22  trademark rights in the terms "candy bento box." Defendants deny all other

23  allegations in this paragraph.

24

25      45.    CANDY CONCIERGE—Sugarfina has common law trademark rights

26  in the CANDY CONCIERGE mark. Sugarfina began calling its customer service

27  team the CANDY CONCIERGE in 2013. Defendants began using the same mark

28  for the identical purpose in 2016.

ANSWER:  Defendant Sweet Pete's, LLC, admits that it has used the term "candy concierge" descriptively and/or generically. Defendants deny that Plaintiff has any trademark rights in the terms "candy concierge" and that "Defendants began using the same mark for the identical purpose in 2016." With respect to all other allegations in this paragraph, Defendants are without information or knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny the allegations.

46.    The protected mark CANDY CONCIERGE is used in its entirety on Sweet Pete's website—i.e., with the same appearance and sound. Both uses of CANDY CONCIERGE refer to the respective companies' customer service team¬ i.e., with the same meaning.

ANSWER:  Defendant Sweet Pete's, LLC, admits that it has used the term "candy concierge" descriptively and/or generically. Defendants deny all other allegations in this paragraph.

### *Sugarfina's Trade Dress*

47.    Sugarfina holds trade dress protection in the design and appearance of all of its confectionaries' offerings, together with their distinctive product packaging.

ANSWER:  Denied.

48.    Sugarfina's product packaging and presentation are radically different from the candy stores that preceded it. It has a distinctive presentation and appearance—a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales techniques. As shown below, the end result is a luxury product that is accessible and visually appealing to the ordinary observer. Sugarfina's product design

1   immediately became closely associated with Sugarfina.





25  ANSWER:  Denied.

27      49.    Each of these elements of the Sugarfina products is distinctive and

28  serves to identify Sugarfina as the source of its products.

1    ANSWER:  Denied.

2

3        50.    The following elements of Sugarfina's product packaging designs

4    comprise the trade dress at issue in this case (the "Sugarfina Trade Dress"):

5            •    the solid borderline around the product package

6            •    the use of a magnetic latch

7            •    a rectangular product package with minimal lettering;

8            •    the inside bottom surface of the product package dominated by a series

9    of cube wells or trays;

10           •    the series of cube wells each being spaced from one another within the

11   product package; and

12           •    a series of clear cubes containing candy product that each reside in a

13   corresponding cube well and are immediately visible upon opening the box.

14   ANSWER:  Denied.  Defendants further deny that the design elements of

15   Sugarfina's products and packaging asserted in the Amended Complaint are

16   distinctive and nonfunctional.

17

18       51.    Despite being on clear notice of infringement of these and other

19   intellectual property rights owned by Sugarfina, Defendants have capitalized on

20   Sugarfina's distinctive, novel, and original designs that customers have come to

21   associate with the high quality and innovative candy products that Sugarfina offers.

22   ANSWER:  Denied.

23

24       52.    Defendants have purposely taken steps to increase their similarity to

25   Sugarfina, and to encourage consumers to confuse the two brands to profit from the

26   goodwill Sugarfina has acquired through its careful and diligent marketing.

27   ANSWER:  Denied.

28

NEAL, GERBER &
EISENBERG LLP
ATTORNEYS AT LAW
CHICAGO

- 19 -

## SUGARFINA'S DESIGN PATENTS

53.    Sugarfina has protected its innovative designs and packaging through design patents issued by the United States Patent and Trademark Office. The Sugarfina design patents cover the many famous ornamental features of Sugarfina candy, such as the spaced cube arrangement, the spaced cube receiving wells, and the distinctive use of a box to hold the clear cubes.

ANSWER: Defendants admit that Plaintiff has attached to the Amended Complaint a document that appears to be a copy of U.S. Patent No. D755,641, which speaks for itself. Defendants deny all other allegations in this paragraph.

54.    Among others, Sugarfina owns all right, title, and interest in and to the asserted U.S. Design Pat. No. D755,641, titled "Packaging," a true and correct copy of which is attached as Exhibit 6.

ANSWER: Defendants admit that Plaintiff has attached to the Amended Complaint a document that appears to be a copy of U.S. Patent No. D755,641, which speaks for itself. Defendants deny all other allegations in this paragraph.

### *Sugarfina's Copyrights*

55.    Sugarfina has protected its innovative designs and packaging through copyrights registered with the United States Copyright Office. The Sugarfina copyrights cover the same famous and original ornamental features of Sugarfina candy packaging as the design patents, such as the spaced cube arrangement, the spaced cube receiving wells, and the distinctive use of a box to hold the clear cubes.

ANSWER: Defendants admit that Plaintiff has attached to the Amended Complaint documents that appear to be copies of registration certificates for U.S. Copyright Reg. Nos. VA0001963482 and VA0001963483, which speak for themselves. Defendants deny all other allegations in this paragraph.

56.    Sugarfina owns all right, title, and interest in and to each of the

following asserted copyrights, true and correct copies of which are attached as
Exhibits 7 and 8: Reg. Nos. VA0001963482 and VA0001963483.

ANSWER: Defendants admit that Plaintiff has attached to the Amended
Complaint documents that appear to be copies of registration certificates for U.S.
Copyright Reg. Nos. VA0001963482 and VA0001963483, which speak for
themselves. Defendants deny all other allegations in this paragraph.

### ***Defendants' Infringing Products***

57.    Defendants have imported into or sold in the United States the
following products, each of which infringes one or more of Sugarfina's Intellectual
Property Rights: "Cuba Libre Cocktail," "Ooh So Organic Peach Bellini," "Candy
Bento Box" or "Bento" box, "Passion Fruitini," and "Candy Cube," among others
(collectively, the "Accused Products"). Attached as Exhibit 9 is a true and correct
copy of the Accused Products.

ANSWER:  Defendant Sweet Pete's, LLC, admits that it has sold candy under the
names "Cuba Libre Cocktail," "Ooh So Organic Peach Bellini," "Passion Fruitini,"
and "Candy Cube" in the United States. Defendant Sweet Pete's, LLC further
admits that it has sold candy packaged in bento boxes and in cubes and has used the
terms "bento box" and "candy cube" descriptively and/or generically in referring to
such products. Defendants deny all other allegations in this paragraph.

58.    Rather than innovate and develop its own packaging and unique style
for its candy products, Defendants chose to copy Sugarfina's innovative style in
these infringing products.

ANSWER:  Denied.

### *Sweet Pete's*

59.    Sweet Pete's had many options in developing its candy. Indeed,
Peterbrooke Chocolatier (a predecessor entity to Sweet Pete's) had sold candy for

as many as 30 years, but never embodied the same combination of design elements of Sugarfina's presentation.

ANSWER:  Defendants are without information or knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny the allegations.

60.    Sweet Pete's was a failing business prior to its radical transformation into a Sugarfina copycat. As Peter Behringer and Alison Behringer admitted in an episode of the CNBC show, The Profit, published on March 28, 2014, at https://www.youtube.com/watch?v=l-kHNxz5NFI&t=178s, Sweet Pete's lost $17,000 that year and lost $3,000 the previous year, even though Sweet Pete's was not paying Peter Behringer even a fair wage of $12.00 per hour as an employee. Peter Behringer and Alison Behringer made only $10,000 combined in 2013.

ANSWER:  Defendants state that the cited video speaks for itself. Defendants deny all other allegations in this paragraph.

61.    Also during this time period before 2014, none of Sweet Pete's products were marketed using Sugarfina's intellectual property. The products shown in the episode of The Profit are markedly different from the products sold by Sweet Pete's today, and used generic packaging with an entirely different look and feel from Sugarfina's distinctive packaging. In contrast to Sugarfina's clean lines, disciplined color palette, and subtle details underscoring the sophisticated tastes of adult customers, Sweet Pete's prior look of carnival motifs of oversized lollipops, chalkboard signage, and wild patterns and colors have the aesthetic of a children's candy store.



















ANSWER: Defendants admit that Sweet Pete's packaging and store were redesigned subsequent to airing on "The Profit." Defendants deny all other allegations in this paragraph.

62.    Marcus Lemonis was undoubtedly aware of Sugarfina when Sweet Pete's undertook to change its packaging and motif. Indeed, in February 2015, Marcus Lemonis visited Sugarfina's website and opted-in to receive Sugarfina's marketing materials. Branden Stanley, the Marketing Director at Marcus Lemonis LLC for Sweet Pete's and Farrell's, followed suit by signing-up for Sugarfina's marketing materials shortly after she joined the company in September 2016. They both continue to receive those materials, but have never made a purchase with Sugarfina.com.

ANSWER:  Denied.

63.    Sweet Pete's experienced a dramatic turnaround in success and profitability after it began infringing Sugarfina's trade dress, trademarks, patent, and copyrights. In an episode of the Shark Tank Podcast, published on September 21, 2016, at https://www.youtube.com/watch?v=rwpHRzdl5T4, Peter Behringer stated that Sweet Pete's was earning revenue of $260,000 per month (or $3,120,000 per year), up from $7,500 per month (or $90,000 per year) before 2014. The newly revamped Sweet Pete's is shown to rely heavily on several design elements of Sugarfina's distinctive packaging and marketing.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





ANSWER:  Defendants state that the cited podcast speaks for itself. Defendants deny all other allegations in this paragraph.


64.    Thus, without investing any of the resources or innovation required in developing a strong brand identity and intellectual property portfolio, Sweet Pete's reaped all the benefits of Sugarfina's investment and goodwill in the market.
ANSWER:  Denied.

*Farrell's*

65.     Farrell's has sold candy since 2009. As with Sweet Pete's, Farrell's candy offerings and marketing were entirely dissimilar from Sugarfina's. That all changed, however, with Marcus Lemonis's involvement. The "Farrell's" episode of *The Profit* aired on August 23, 2016 (available at https://www.youtube.com/watch?v=ulLQ_adBbuI). In that episode, Marcus Lemonis described Farrell's pre-2016 candy store as resembling a local convenience store. He further opined that the candy store was key to the marketing, and ultimately the success, of Farrell's "because it's the first thing you see when you come into the store."

ANSWER: Defendants admit that Farrell's has sold candy since prior to Mr. Lemonis's involvement. Defendants state that the cited video speaks for itself. Defendants deny all other allegations in this paragraph.

66.     Prior to Farrell's misappropriation of Sugarfina's marketing and branding in its redesigned candy store, Farrell's candy store was a failing business. Farrell's admitted that it made only about $2,000 in candy per month, which Mr. Lemonis described as "terrible."

ANSWER: Defendants state that the cited video speaks for itself. Defendants deny all other allegations in this paragraph.

67.     Also during this time period before 2016, ***none*** of Farrell's products were marketed using Sugarfina's intellectual property. The products shown in the episode of *The Profit* are markedly different from the products sold by Farrell's today, and used generic packaging with an entirely different look and feel from Sugarfina's distinctive packaging. Here are pictures from the episode of Farrell's candy offerings before Marcus Lemonis's involvement.

1
2
3
4
5
6
7
8
9
10
11
12
13



14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13



14
15
16
17
18
19
20
21
22
23
24
25
26



27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28



1    ANSWER: Defendants state that the cited video speaks for itself. Defendants

2    admit that at least some of Farrell's candy packaging was redesigned subsequent to

3    airing on "The Profit." Defendants deny all other allegations in this paragraph.

4

5        68.    As depicted below, after its "turn around" and re-launch, the newly

6    revamped Farrell's is shown to rely heavily on several design elements that have

7    become strongly associated with Sugarfina and established good will with the

8    purchasing public. Similar to the formula for Sweet Pete's "turn-around," the

9    Farrell's recipe for success is based in large part on utilizing Sugarfina's signature

10    packaging, motif, and look and feel.

1
2
3
4
5
6
7
8
9
10
11
12
13

 

14
15
16
17

ANSWER: Defendants state that the cited video speaks for itself. Defendants admit that at least some of Farrell's candy packaging was redesigned subsequent to airing on "The Profit." Defendants deny all other allegations in this paragraph.

18
19
20
21
22
23
24
25
26
27

69.    In an episode of the Shark Tank Podcast, published on September 8, 2016, at https://www.youtube.com/watch?v=ywA23GXdX_0, Farrell's employee and part-owner Travis Lee attributed Farrell's newfound success to the very branding initiatives that Sweet Pete's stole from Sugarfina: "Allison and Pete have been a major part of in this rebranding of Farrell's. . . . *What they are most famous for are their cubes* and their sea salt caramels and their fine chocolates, and now we have all of that stuff in our Farrell's location." Mr. Lee further stated that the infringing Farrell's-branded candy cubes were available for sale online and through Sweet Pete's stores. As discussed, they are also now available directly on Farrell's own websites and in its restaurants.

28

ANSWER: Defendants state that the cited podcast speaks for itself. Defendants

1 | deny all other allegations in this paragraph.

2

3 | ***Infringement of Sugarfina's Trademarks***

4 |     70.   In addition to copying the Sugarfina Trade Dress, Sweet Pete's has

5 | also copied and sells (and Farrell's sells) numerous products in which Sugarfina has

6 | valid trademark rights, as shown below:

7 | **a.**    **CUBA LIBRE®**

8



| ***Sugarfina's Original Use*** | ***Defendants' Infringing Use*** |
|---|---|

**b.**    **PEACH BELLINI®**

| ***Sugarfina's Original Use*** | ***Defendants' Infringing Use*** |
|---|---|

1

| | |
|---|---|

2    **c.    FRUTTINI**

3

| *Sugarfina's Original Use* | *Defendants' Infringing Use* |
|---|---|
|  |  |

13    **d.    CANDY BENTO BOX®**

| *Sugarfina's Original Use* | *Defendants' Infringing Use* |
|---|---|
|  |  |

1

2     **e.**    **CANDY CUBE**

3

| *Sugarfina's Original Use* | *Defendants' Infringing Use* |
|---|---|
|  | |

13     **f.**    CANDY CONCIERGE

| *Sugarfina's Original Use* | *Defendants' Infringing Use* |
|---|---|

26     **g.**    **SUGARFINA**

27 ANSWER:  Defendant Sweet Pete's, LLC admits that it has sold the products as

28

NEAL, GERBER & EISENBERG LLP
ATTORNEYS AT LAW
CHICAGO

depicted in the Amended Complaint and has used the terms "bento box," "candy cube" and "candy concierge" descriptively and/or generically. Defendants deny all other allegations in this paragraph.

71.    In addition, Defendants have deliberately taken steps to misappropriate Sugarfina's valuable brand by redirecting customers searching for Sugarfina products on the internet to Defendant's advertisements, websites, and products. As shown below, by purchasing the AdWord SUGARFINA® to prioritize the placement of Defendants' advertisements following a Google search for SUGARFINA®, Defendants invite consumer confusion and admit that they make knowing efforts to tie Sweet Pete's to Sugarfina and its goodwill, and purposefully to market Sweet Pete's products to Sugarfina's customers and potential customers.



ANSWER:  Defendants admit that the term "Sugarfina" was purchased as a Google AdWord on behalf of Sweet Pete's, LLC. Defendants deny all other allegations in this paragraph.

72.    Defendants' use of various trade names that infringe Sugarfina's trademark rights, particularly in combination with its adoption of a trade dress that copies the Sugarfina Trade Dress as described below, is likely to cause confusion or

mistake, or to deceive consumers, purchasers, and others into thinking that Sweet Pete's and Farrell's products are Sugarfina products, or that they are sponsored by or affiliated with Sugarfina, when they are not.

ANSWER:  Denied.

73.    Sugarfina's goodwill among consumers is closely tied to its position as an outlier in confectioners' products—that of luxury and sophistication. Defendants' flagrant and relentless copying of Sugarfina's intellectual property rights in its candy products not only allows Defendants to benefit from Sugarfina's investment, but it also threatens to diminish the very important goodwill that Sugarfina has cultivated with its products. The value of such goodwill is evident in part in the success that resulted from Defendants' wrongful appropriation: after stealing Sugarfina's aesthetic and branding strategies, Sweet Pete's was resurrected from a failing company that lost $17,000 per year to a profitable company generating an annualized revenue of $3,120,000.

ANSWER:  Denied.

74.    Sugarfina's efforts to address Defendants' pervasive copying of Sugarfina's innovations and intellectual property directly with Defendants have been unsuccessful. Those efforts included multiple cease and desist letters to Sweet Pete's and follow-up telephone calls to both Peter Behringer and Marcus Lemonis. Defendants chose to infringe Sugarfina's patent, copyright, trade dress, and trademark rights through the design, packaging and promotion of their candy products, and they did so willfully to trade upon the goodwill that Sugarfina has developed in connection with its luxury branded products.

ANSWER:  Defendants admit that Peter Behringer received a letter dated March 17, 2016, citing U.S. Copyright Reg. Nos. VA0001963482 and VA0001963483. Defendants deny all other allegations in this paragraph.

1

***Infringement of Sugarfina's Trade Dress***

2    75.    Sugarfina is informed and believes that Defendants began producing,

3    selling, and marketing its copycat products after Sugarfina's first use of the asserted

4    trade dress.

5

| *Sugarfina's Original Use* | *Defendants' Infringing Use* |
|---|---|
|  |  |
|  |  |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28













2014 VALENTINE'S DAY

2016 VALENTINE'S DAY








1
2
3
4
5



6
7
8
9
10
11
12



13



14
15
16
17
18
19



20
21
22

ANSWER:   Defendants admit that Sweet Pete's, LLC and/or ML Buena Park, LLC

23

sold the products depicted above. Defendants deny all other allegations in this

24

paragraph.

25
26

76.     Each of Defendants' Accused Products embodies a combination of

27

several elements of the Sugarfina Trade Dress identified above, namely, a product

28

configuration with a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales techniques.

ANSWER: Denied. Defendants further deny that the design elements of Sugarfina's products and packaging asserted in the Amended Complaint are distinctive and nonfunctional.

77.     Instead of complying with Sugarfina's demand that Defendants cease their unlawful activities, Defendants escalated their unlawful activities and engaged in a coordinated campaign to harm Sugarfina in the marketplace. Finding the wholesale theft of Sugarfina's intellectual property to be insufficient, Defendants also used Mr. Lemonis's public platform as a television celebrity to stoke anger against Sugarfina and to promote the sale by Sweet Pete's of the very items at issue here. As shown below, Defendants widely broadcasted on Facebook, without any basis, that Sugarfina has a "habit" of suing others.





ANSWER: Defendants admit that the statements at issue were posted to the Facebook pages of Mr. Lemonis and Sweet Pete's. Defendants deny all other allegations in this paragraph.

78.    These statements are demonstrably false and made in bad faith, as this present action against Defendants is the first infringement litigation Sugarfina has ever filed. In fact, this present action against Defendant is the first time Sugarfina has ever been the plaintiff in any kind of litigation.

ANSWER: Defendants are without information or knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny the allegations.

79.    To date, these statements have been disseminated to Mr. Lemonis's approximately 830,000 Facebook followers, and to Sweet Pete's approximately 46,500 Facebook followers.

ANSWER: Defendants admit that the statements at issue were posted to the Facebook pages of Mr. Lemonis and Sweet Pete's. Defendants deny all other allegations in this paragraph.

### *Infringement of Sugarfina's Patent*

80.    Sugarfina was selling its designer three-by-three cell candy bento

1  boxes long before Defendants. An example is shown below.

2

3

4

5  

6

7

8

9

10  ANSWER:  Defendants are without information or knowledge sufficient to admit

11  or deny the allegations of this paragraph, and therefore deny the allegations.

12

13     81.    In 2014, Sugarfina filed a design patent application covering its unique

14  packaging, such as the packaging shown above. That design patent application

15  issued on May 10, 2016, as U.S. Design Patent No. D755,641 (the '641 Patent), and

16  is titled "Packaging."

17  ANSWER:  Defendants admit that Plaintiff attached to the Amended Complaint a

18  document that appears to be a copy of U.S. Design Patent No. D755,641, which

19  speaks for itself. Defendant denies all other allegations in this paragraph.

20

21     82.    The '641 Patent claims "[t]he ornamental design for a packaging, as

22  shown and described" in the patent. FIG. 1 of the '641 Patent is reproduced below.

23  FIG. 1 depicts an exploded perspective view of the patented design.

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



FIG. 1

16  ANSWER:  Defendants admit that Plaintiff attached to the Amended Complaint a

17  document that appears to be a copy of U.S. Design Patent No. D755,641, which

18  speaks for itself. Defendant denies all other allegations in this paragraph.

19

20      83.    FIG. 2 of the '641 Patent is reproduced below. FIG. 2 depicts a

21  perspective view of the patented design.

22
23
24
25
26
27
28



FIG. 2

ANSWER:  Defendants admit that Plaintiff attached to the Amended Complaint a document that appears to be a copy of U.S. Design Patent No. D755,641, which speaks for itself. Defendant denies all other allegations in this paragraph.

84.    FIGS. 3–4 of the '641 Patent are reproduced below. FIG. 3 depicts a front view of the patented design. FIG. 4 depicts a rear view of the patented design.



FIG. 3                    FIG. 4

ANSWER:  Defendants admit that Plaintiff attached to the Amended Complaint a document that appears to be a copy of U.S. Design Patent No. D755,641, which speaks for itself. Defendant denies all other allegations in this paragraph.

85.    FIG. 5 of the '641 Patent is reproduced below. FIG. 5 depicts a top view of the patented design.



FIG. 5

1    ANSWER:  Defendants admit that Plaintiff attached to the Amended Complaint a

2    document that appears to be a copy of U.S. Design Patent No. D755,641, which

3    speaks for itself. Defendant denies all other allegations in this paragraph.

4

5        86.    FIG. 6 of the '641 Patent is reproduced below. FIG. 6 depicts a side

6    view of the patented design.

7

8

9

10

11

12

13

FIG. 6

14    ANSWER:  Defendants admit that Plaintiff attached to the Amended Complaint a

15    document that appears to be a copy of U.S. Design Patent No. D755,641, which

16    speaks for itself. Defendant denies all other allegations in this paragraph.

17

18        87.    Defendants began marketing a copycat product in at least 2015, a

19    sample of which is shown below.

20

21

22

23

24

25

26

27

28    ANSWER:  Defendant Sweet Pete's, LLC admits that it sold candy in boxes like

1  the one depicted. Defendants deny all other allegations in this paragraph.

2

3       88.    An ordinary observer of Defendants' candy packaging and Sugarfina's

4  patented design, giving such attention that a candy purchaser usually gives, would

5  find the two designs to be substantially the same. The '641 Patent claims a

6  packaging including transparent cubes arranged in three-by-three cells spaced apart

7  and nested fully within a rectangular box with high, straight walls, with a folding

8  cover top with a pull-tab at the end. As shown above, Defendants' design also

9  includes transparent cubes arranged in three-by-three cells spaced apart and nested

10 fully within a rectangular box with high, straight walls, with a folding cover top

11 with a pull-tab at the end. An ordinary observer would recognize that Defendants'

12 design is substantially the same as the patented design in the '641 Patent. The

13 overall impression of the two designs is substantially the same.

14 ANSWER:  Defendants admit that Plaintiff attached to the Amended Complaint a

15 document that appears to be a copy of U.S. Design Patent No. D755,641, which

16 speaks for itself. Defendant denies all other allegations in this paragraph.

17

18      89.    Further, an ordinary observer familiar with the prior art would be

19 deceived into believing the Defendants' design is the same as the design patented in

20 the '641 Patent. Of the many prior art candy packaging types, an ordinary observer

21 would recognize that none of the prior art candy packaging types include, for

22 instance, the three-by-three cells of transparent cubes spaced apart and nested fully

23 within a rectangular box with high, straight walls, with a folding cover top with a

24 pull-tab at the end as patented in the '641 Patent.

25 ANSWER:  Denied.

26

27      90.    Indeed, it is axiomatic that the '641 Patent is infringed by Defendants'

28 design because in the eye of an ordinary observer, Defendants' design is

substantially the same as the claimed design in the '641 Patent. And indeed, such marketplace confusion has already been shown, an example of which is below.



ANSWER:  Denied.

## *Infringement of Sugarfina's Copyrights*

91.    In addition to the aforementioned design patent protections, Sugarfina also has copyright protections for its three-piece designer candy boxes and its designer candy bento boxes at Reg. Nos. VA0001963482 and VA0001963483.

ANSWER: Defendants admit that Plaintiff has attached to the Amended Complaint documents that appear to be copies of registration certificates for U.S. Copyright Reg. Nos. VA0001963482 and VA0001963483, which speak for themselves. Defendant denies all other allegations in this paragraph.

92.    Defendants have had access to the copyrighted candy boxes because Sugarfina has been selling and marketing them to the public, in the same industry

1   and using the same marketing channels as Defendants, since at least as early as their

2   copyright registrations in 2013.

3   ANSWER:  Denied.

4

5       93.    In a blatant attempt to copy Sugarfina, Defendants designed and

6   developed near exact imitations of Sugarfina's registered works.

7   ANSWER:  Denied.

8

9       94.    At least as early as 2016, Defendants began actively selling these

10  infringing products to retailers and unwitting consumers. Defendants' infringing

11  products are strikingly similar imitations of Sugarfina's protected products.

12  Defendants copied all the original and distinctive qualities of Sugarfina's products,

13  including the configuration of three-by-three cells or three cells of transparent cubes

14  spaced apart and nested fully within a rectangular box with high, straight walls; the

15  use of a die-cut labels on the clear cubes within the outer box; and specific graphic

16  elements designed by Sugarfina, such as the prints, patterns, and colors imprinted

17  on the boxes and labels.

18  ANSWER: Defendants admit that defendant Sweet Pete's, LLC marketed the

19  products depicted in the Amended Complaint. Defendants deny all other allegations

20  in this paragraph.

21

22      95.    Defendants have no license from Sugarfina to make replicas of

23  Sugarfina's registered original works. On the contrary, at least as early as March

24  15, 2016, Sugarfina demanded that Defendants cease their infringing activities.

25  Defendants refused to comply and continued knowingly and willfully to create,

26  market, and distribute products infringing Sugarfina's copyrights.

27  ANSWER:  Defendants admit that they have no license from Plaintiff but deny any

28  implication that a license was or is necessary. Defendants deny all other allegations

NEAL, GERBER &
EISENBERG LLP
ATTORNEYS AT LAW
CHICAGO

- 48 -

1    in this paragraph.

2

3                    **FIRST CLAIM FOR RELIEF**

4                    **(Trade Dress Infringement)**

5         **(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

6         96.    Sugarfina incorporates and realleges the preceding paragraphs of this

7    Complaint as though set forth in full.

8    ANSWER: Defendants incorporate and restate their answers to the preceding

9    paragraphs.

10

11        97.    Sugarfina is the owner of all right and title to the distinctive Sugarfina

12   Trade Dress. The Sugarfina Trade Dress, as embodied in Sugarfina products, has

13   acquired secondary meaning, and is not functional. In addition, the Sugarfina Trade

14   Dress, embodied in the packaging for the Sugarfina products, is inherently

15   distinctive and not functional.

16   ANSWER:  Denied.

17

18        98.    In addition, based on extensive and consistent advertising, promotion

19   and sales throughout the United States, the Sugarfina Trade Dress has acquired

20   distinctiveness and enjoys secondary meaning among consumers, identifying

21   Sugarfina as the source of these products.

22   ANSWER:  Denied.

23

24        99.    Sugarfina's extensive promotion of the distinctive Sugarfina Trade

25   Dress has resulted in Sugarfina's acquisition of valuable, legally protected rights in

26   the Sugarfina Trade Dress as well as considerable customer goodwill.

27   ANSWER:  Denied.

28

NEAL, GERBER &
EISENBERG LLP
ATTORNEYS AT LAW
CHICAGO

                                    - 49 -

1    100.    Defendants' line of products has misappropriated the Sugarfina Trade

2    Dress by mimicking a combination of several elements of that trade dress. The

3    manufacture and distribution of Defendants' products with packaging and product

4    design features that mimic a combination of several elements of the Sugarfina

5    Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the

6    consumer as to the affiliation, connection or association of Defendants with

7    Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Defendants'

8    goods, services or commercial activities.

9    ANSWER:  Denied.

10

11    101.    Defendants' actions constitute unfair competition and false designation

12    or origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

13    ANSWER:  Denied.

14

15    102.    Defendants knew of the Sugarfina Trade Dress when they designed

16    their products, and at least as early as March 15, 2016, have refused to change their

17    product or packaging design in response to Sugarfina's request. Accordingly,

18    Defendants' infringement has been and continues to be intentional, willful and

19    without regard to Sugarfina's rights in the Sugarfina Trade Dress.

20    ANSWER:  Denied.

21

22    103.    As a direct and proximate result of Defendants' unlawful acts and

23    practices, including those set forth above, Defendants have caused, are causing, and

24    unless immediately enjoined by this Court, will continue to cause immediate and

25    irreparable harm to Sugarfina, for which there is no adequate remedy at law, and for

26    which it is entitled to injunctive relief.

27    ANSWER:  Denied.

28

NEAL, GERBER &
EISENBERG LLP
ATTORNEYS AT LAW
CHICAGO

1      104.  Sugarfina is informed and believes, and on that basis, alleges, that

2  Defendants have gained profits by virtue of their infringement of the Sugarfina

3  Trade Dress.

4  ANSWER:  Denied.

5

6      105.  Sugarfina also has sustained damages as a direct and proximate result

7  of Defendants' infringement of the Sugarfina Trade Dress in an amount to be

8  proven at trial.

9  ANSWER:  Denied.

10

11      106.  Because Defendants' actions have been willful, Sugarfina is entitled to

12  treble its actual damages or Defendants' profits, whichever is greater, and to an

13  award of costs, and, this being an exceptional case, reasonable attorneys' fees

14  pursuant to 15 U.S.C. § 1117(a).

15  ANSWER:  Denied.

16

17              **SECOND CLAIM FOR RELIEF**

18            **(Federal Trademark Infringement)**

19              **(15 U.S.C. § 1114)**

20      107.  Sugarfina incorporates and realleges the preceding paragraphs of this

21  Complaint as though set forth in full.

22  ANSWER:  Defendants incorporate and restate their answers to the preceding

23  paragraphs.

24

25      108.  Sugarfina owns three federal trademark registrations for the distinctive

26  naming of several of its product lines, i.e., the Registered Trademarks.

27  ANSWER:  Defendants admit that Plaintiff attached to the Amended Complaint

28  documents that appear to show Reg. Nos. 4,677,276 and 4,981,752 on the Principal

1    Register and Reg. Nos. 4,943,322 and 4,838,646 on the Supplemental Register,

2    which speak for themselves. Defendants deny all other allegations in this paragraph.

3

4        109.   The Defendants' line of products has infringed the Registered

5    Trademarks by using identical names in Defendants' products.

6    ANSWER:  Denied.

7

8        110.   Defendants' use of its infringing product lineup is likely to cause

9    confusion, or to cause mistake, or to deceive the consumer as to the affiliation,

10   connection or association of Defendants with Sugarfina, or as to the origin,

11   sponsorship, or approval by Sugarfina of Defendants' goods, services or

12   commercial activities.

13   ANSWER:  Denied.

14

15       111.   Defendants' use of the infringing product lineup enables Defendants to

16   benefit unfairly from Sugarfina's reputation and success, thereby giving Defendants

17   sales and commercial value they otherwise would not have.

18   ANSWER:  Denied.

19

20       112.   Before Defendants' first use of the infringing product lineup,

21   Defendants were aware of Sugarfina's business and had either actual notice and

22   knowledge, or constructive notice of, Sugarfina's Registered Trademarks.

23   ANSWER:  Defendants admit that Plaintiff attached to the Amended Complaint

24   documents that appear to show Reg. Nos. 4,677,276 and 4,981,752 on the Principal

25   Register and Reg. Nos. 4,943,322 and 4,838,646 on the Supplemental Register,

26   which speak for themselves. Defendants deny all other allegations in this paragraph.

27

28       113.   Defendants' unauthorized use of the infringing product lineup is likely,

if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of Defendants' products and/or to cause confusion or mistake as to any affiliation, connection or association between Sugarfina and Defendants, in violation of 15 U.S.C. § 1114(a).

ANSWER:  Denied.

114.  Sugarfina is informed and believes, and on that basis alleges, that Defendants' infringement of Sugarfina's Registered Trademarks as described herein has been and continues to be intentional, willful and without regard to Sugarfina's rights.

ANSWER:  Denied.

115.  Sugarfina is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of Sugarfina's Registered Trademarks.

ANSWER:  Denied.

116.  Sugarfina will suffer and is suffering irreparable harm from Defendants' infringement of Registered Trademarks insofar as Sugarfina's invaluable goodwill is being eroded by continuing infringement.

ANSWER:  Denied.

117.  Sugarfina has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from Defendants' infringing activities. Pursuant to 15 U.S.C. § 1116, Sugarfina is entitled to an injunction against Defendants' continuing infringement of Sugarfina's Registered Trademarks. Unless enjoined, Defendants will continue their infringing conduct.

ANSWER:  Denied.

1

2　　118.　Because Defendants' actions have been committed with intent to

3　damage Sugarfina and to confuse and deceive the public, Sugarfina is entitled to

4　treble its actual damages or Defendants' profits, whichever is greater, and to an

5　award of costs and, this being an exceptional case, reasonable attorneys' fees

6　pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

7　ANSWER:　Denied.

8

9　　　　　　　　　**THIRD CLAIM FOR RELIEF**

10　　　　　　**(Common Law Trademark Infringement)**

11　　　　　　　　　**(15 U.S.C. § 1125)**

12　　119.　Sugarfina incorporates and realleges the preceding paragraphs of this

13　Complaint as though set forth in full.

14　ANSWER:　Defendants incorporate and restate their answers to the preceding

15　paragraphs.

16

17　　120.　Sugarfina has prior rights in Sugarfina's Registered Trademarks and

18　other unregistered marks, including SUGARFINA, CUBA LIBRE, PEACH

19　BELLINI, FRUTTINI, CANDY BENTO BOX, CANDY CUBE, and CANDY

20　CONCIERGE.

21　ANSWER:　Denied.

22

23　　121.　Defendants' product lineup has infringed Sugarfina's Registered

24　Trademarks and unregistered common law marks by using identical or similar

25　names in Defendants' products.

26　ANSWER:　Denied.

27

28　　122.　Defendants' use of its infringing naming convention is likely to cause

confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Defendants' goods, services or commercial activities.

ANSWER:  Denied.

123.    Defendants' use of the infringing product lineup enables Defendants to benefit unfairly from Sugarfina's reputation and success, thereby giving Defendants sales and commercial value they otherwise would not have.

ANSWER:  Denied.

124.    Prior to Defendants' first use of the infringing marks, Defendants were aware of Sugarfina's business and had either actual notice and knowledge, or constructive notice of Sugarfina's Registered Trademarks and other unregistered marks.

ANSWER:  Denied.

125.    Defendants' unauthorized use of the infringing product lineup is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of Defendants' product lineup and/or to cause confusion or mistake as to any affiliation, connection or association between Sugarfina and Defendants, in violation of 15 U.S.C. § 1125(a).

ANSWER:  Denied.

126.    Sugarfina is informed and believes, and on that basis alleges, that Defendants' infringement of Sugarfina's Registered Trademarks and unregistered marks, as described herein, has been and continues to be intentional, willful and without regard to Sugarfina's rights in its Registered Trademarks and unregistered common law marks.

1    ANSWER:  Denied.

2

3        127.    Sugarfina is informed and believes, and on that basis alleges, that

4    Defendants have gained profits by virtue of their infringement of Sugarfina's

5    Registered Trademarks and unregistered common law marks.

6    ANSWER:  Denied.

7

8        128.    Sugarfina will suffer and is suffering irreparable harm from

9    Defendants' infringement of Sugarfina's Registered Trademarks and unregistered

10    common law marks insofar as Sugarfina's invaluable goodwill is being eroded by

11    Defendants' continuing infringement. Sugarfina has no adequate remedy at law to

12    compensate it for the loss of business reputation, customers, market position,

13    confusion of potential customers and goodwill flowing from the Defendants'

14    infringing activities.

15    ANSWER:  Denied.

16

17        129.    Sugarfina is entitled to an injunction against Defendants' continuing

18    infringement of Sugarfina's Registered Trademarks and unregistered common law

19    marks. Unless enjoined, Defendants will continue its infringing conduct.

20    ANSWER:  Denied.

21

22        130.    Because Defendants' actions have been committed with intent to

23    damage Sugarfina and to confuse and deceive the public, Sugarfina is entitled to

24    treble its actual damages or Defendants' profits, whichever is greater, and to an

25    award of costs and, this being an exceptional case, reasonable attorneys' fees

26    pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

27    ANSWER:  Denied.

28

NEAL, GERBER &
EISENBERG LLP
ATTORNEYS AT LAW
CHICAGO

56 -

1

**FOURTH CLAIM FOR RELIEF**

2

**(Unfair Business Practices – California Business and Professions Code §**

3

**17200, *et se*q.)**

4          131.   Sugarfina incorporates and realleges the preceding paragraphs of this

5    Complaint as though set forth in full.

6    ANSWER:  Defendants incorporate and restate their answers to the preceding

7    paragraphs.

8

9          132.   The acts of Defendants described above constitute fraudulent and

10   unlawful business practices as defined by California Business & Professions Code

11   § 17200, *et seq*.

12   ANSWER:  Denied.

13

14          133.   Sugarfina has valid and protectable prior rights in the Sugarfina Trade

15   Dress, and the Registered Trademarks. The Sugarfina Trade Dress identifies

16   Sugarfina as the source of its candy products. The Sugarfina Trade Dress is

17   inherently distinctive, and, through Sugarfina's long use, has come to be associated

18   solely with Sugarfina as the source of the products on which it is used.

19   ANSWER:  Denied.

20

21          134.   Defendants' use of its infringing trade dress is likely to cause

22   confusion as to the source of Defendants' products and is likely to cause others to

23   be confused or mistaken into believing that there is a relationship between

24   Defendants and Sugarfina or that Defendants' products are affiliated with or

25   sponsored by Sugarfina.

26   ANSWER:  Denied.

27

28          135.   The above-described acts and practices by Defendants are likely to

mislead or deceive the general public and therefore constitute fraudulent business

practices in violation of California Business & Professions Code §§ 17200, et seq.

ANSWER: Denied.


136.   The above-described acts constitute unfair competition and trade dress

and trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. §

1125(a), and trademark infringement under Section 32 of the Lanham Act, 15

U.S.C. § 1114, and are therefore unlawful acts in violation of California Business &

Professions Code §§ 17200, *et seq*.

ANSWER: Denied.


137.   Defendants acted willfully and intentionally in designing its infringing

trade dress and product packaging, with full knowledge of Sugarfina's prior rights

in the distinctive Sugarfina Trade Dress, Registered Trademarks, and its common

law trademarks, and with an intent to cause confusion or mistake or to deceive

customers into believing that there is an affiliation between Defendants and

Sugarfina or between Defendants' products and Sugarfina's products.

ANSWER: Denied.


138.   The unlawful and fraudulent business practices of Defendants

described above present a continuing threat to, and is meant to deceive members of,

the public in that Defendants desire to promote their products by wrongfully trading

on the goodwill of the Sugarfina Trade Dress, the Registered Trademarks, and its

common law trademarks.

ANSWER: Denied.


139.   As a direct and proximate result of these acts, Defendants have

received, and will continue to profit from, the strength of the Sugarfina Trade

Dress, the Registered Marks, Sugarfina's common law trademarks.

ANSWER:  Denied.

140.   As a direct and proximate result of Defendants' wrongful conduct, Sugarfina has been injured in fact and has lost money and profits, and such harm will continue unless Defendants' acts are enjoined by the Court.

ANSWER:  Denied.

141.   Sugarfina has no adequate remedy at law for Defendants' continuing violation of Sugarfina's rights.

ANSWER:  Denied.

142.   Defendants should be required to restore to Sugarfina any and all profits earned as a result of their unlawful and fraudulent actions, or provide Sugarfina with any other restitutionary relief as the Court deems appropriate.

ANSWER:  Denied.

**FIFTH CLAIM FOR RELIEF**

**(Infringement of the '641 Patent)**

**(35 U.S.C. § 271)**

143.   Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

ANSWER:  Defendants incorporate and restate their answers to the preceding paragraphs.

144.   Defendants have infringed and continue to infringe the '641 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of Defendants' infringing products identified in this Complaint, which embody the design covered by the '641 Patent, in violation of 35

1  U.S.C. § 271.

2  ANSWER:  Denied.

3

4  145.  On information and belief, Defendants' infringement of the '641

5  Patent has taken place with full knowledge of the patent and is willful, deliberate,

6  and intentional, and therefore gives rise to an exceptional case under 35 U.S.C. §

7  285.

8  ANSWER:  Denied.

9

10  146.  Defendants' infringement of one or more claims of the '641 Patent has

11  injured Sugarfina, the precise amount of which cannot be ascertained at this time.

12  Sugarfina is entitled to recover damages adequate to compensate for Defendants'

13  infringement, which in no event can be less than a reasonable royalty.

14  ANSWER:  Denied.

15

16  147.  Defendants have caused Sugarfina substantial damages and irreparable

17  injury by their infringement of one or more claims of the '641 Patent, for which

18  there is no adequate remedy at law. Sugarfina will continue to suffer damages and

19  irreparable injury unless and until Defendants' infringement is enjoined by this

20  Court.

21  ANSWER:  Denied.

22

23  **SIXTH CLAIM FOR RELIEF**

24  **(Copyright Infringement)**

25  **(17 U.S.C. §§ 101, et. seq.)**

26  148.  Sugarfina incorporates and realleges the preceding paragraphs of this

27  Complaint as though set forth in full.

28  ANSWER:  Defendants incorporate and restate their answers to the preceding

1  paragraphs.

2

3      149.   Sugarfina is the owner of exclusive rights under copyright with respect

4  to the three-piece designer candy box and the designer candy bento box, Reg. Nos.

5  VA0001963482 and VA0001963483.

6  ANSWER:  Defendants  admit  that  Plaintiff  has  attached  to  the  Amended

7  Complaint documents that appear to be copies of registration certificates for U.S.

8  Copyright  Reg.  Nos.  VA0001963482  and  VA0001963483,  which  speak  for

9  themselves. Defendants deny all other allegations in this paragraph.

10

11      150.   Sugarfina  has  never  granted  to  Defendants  any  license  to  make  or

12  market  any  unauthorized  copies  of,  or  derivative  works  based  on,  Sugarfina's

13  products or registered works.

14  ANSWER:  Defendants admit that Plaintiff has never granted Defendants a license

15  but deny that any license was or is necessary. Defendant denies all other allegations

16  in this paragraph.

17

18      151.   By  means  of  the  actions  complained  of  herein,  Defendants  have

19  infringed and will continue to infringe Sugarfina's copyright in and relating to its

20  registered works by creating, reproducing, distributing, selling, and/or offering for

21  sale  infringing  products  and  product  packaging  containing  strikingly  similar

22  reproductions of the registered works without authorization from Sugarfina.

23  ANSWER:  Denied.

24

25      152.   Sugarfina  is  entitled  to  an  injunction  restraining  Defendants,  and  all

26  persons acting in concert with it, from engaging in further acts in violation of the

27  copyright laws.

28  ANSWER:  Denied.

1

2      153.  Sugarfina is further entitled to recover from Defendants the damages

3  Sugarfina has sustained, and will sustain, as a result of Defendants' wrongful acts

4  in an amount to be proven at trial. Sugarfina is further entitled to recover from

5  Defendants any gains, profits, and advantages Defendants have obtained as a result

6  of their wrongful acts.

7  ANSWER:  Denied.

8

9      154.  Sugarfina is also entitled to damages, pursuant to the Copyright Act of

10  1976, 17 U.S.C. §§ 101, *et. seq.*, for Defendants' willful and continued

11  infringement of the registered works and attorneys' fees.

12  ANSWER:  Denied.

13

14                     **<u>SEVENTH CLAIM FOR RELIEF</u>**

15                       **(Trade Libel)**

16      155.  Sugarfina incorporates and realleges the preceding paragraphs of this

17  Complaint as though set forth in full.

18  ANSWER: Defendants incorporate and restate their answers to the preceding

19  paragraphs.

20

21      156.  On June 17, 2017, Mr. Lemonis and Sweet Pete's, in coordination with

22  each other and the other Defendants, published identical posts on Facebook

23  referring to this instant lawsuit: "It's total bs and based on public records they

24  [Sugarfina] have a habit of doing it to others." These posts, hereinafter referred to

25  as the "Defamatory Comments," were disseminated and published to Mr.

26  Lemonis's approximately 830,000 Facebook followers and Sweet Pete's

27  approximately 46,500 Facebook followers.

28  ANSWER: Defendants admit that the statement quoted in Paragraph 156 was

posted to the Facebook pages of Mr. Lemonis and Sweet Pete's. Defendants deny all other allegations in this paragraph.

157.   The Defamatory Comments were made of and concerning Sugarfina's business and were so understood by those who read them. Sugarfina relies heavily on its reputation for fair dealing and originality in holding itself out as a leading innovator in the confectionary industry. Sugarfina's intellectual property is unique and proprietary to Sugarfina and carefully enforced so as to maintain Sugarfina's valuable brand equity.

ANSWER:  Denied.

158.   The Defamatory Comments disparaged Sugarfina in that they impute to Sugarfina a lack of honesty and integrity in its business dealings and accuse it of engaging in frivolous litigation in order to vex and harass its competitors to obtain an unfair advantage in the marketplace.

ANSWER:  Denied.

159.   On information and belief, the Defamatory Comments by Mr. Lemonis and Sweet Pete's have been repeated by Defendants to others on other occasions, and/or the other Defendants have ratified, endorsed, authorized or otherwise consented to such comments. The above-described comments were spoken without justification and without privilege.

ANSWER:  Denied.

160.   The Defamatory Comments are false.

ANSWER:  Defendants are without information or knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny the allegations.

1     161.   Defendants communicated the Defamatory Comments with knowledge

2     of their falsity or with reckless disregard for their truth or falsity.

3     ANSWER:  Denied.

4

5     162.   As a proximate result of Defendants' publication of the Defamatory

6     Comments, prospective customers have been deterred from purchasing products

7     from Sugarfina and from otherwise dealing with Sugarfina.

8     ANSWER:  Denied.

9

10    163.   By making the Defamatory Comments concerning Sugarfina's

11    originality, integrity, and/or competitive strategies, Defendants acted with malice,

12    oppression and fraud in that they were motivated by ill will, hatred toward

13    Sugarfina and an attempt to seek an unfair competitive business advantage.

14    Sugarfina seeks an award of punitive damages based upon this outrageous conduct.

15    On information and belief, Defendants are guilty of oppression, fraud or malice

16    within the meaning of California Civil Code section 3294 and authorized, ratified,

17    or performed the acts, entitling Sugarfina to punitive or exemplary damages in an

18    amount appropriate to punish Defendants and to make an example of them to the

19    community.

20    ANSWER:  Denied.

21

22    **<u>EIGHTH CLAIM FOR RELIEF</u>**

23    **(Civil Conspiracy)**

24    164.   Sugarfina incorporates and realleges the preceding paragraphs of this

25    Complaint as though set forth in full.

26    ANSWER:  Defendants incorporate and restate their answers to the preceding

27    paragraphs.

28

165. Defendants entered into an agreement, combination, understanding or scheme with the intent of misappropriating Sugarfina's valuable goodwill in the marketplace and deceiving the purchasing public into believing that Defendants' products were associated with and or sponsored by or affiliated with Sugarfina.

ANSWER: Denied.

166. Under the direction of Mr. Lemonis, who controls Sweet Pete's and Farrell's, Defendants engaged in a coordinated campaign to undermine and usurp Sugarfina's reputation as a leading innovator in the confectionary industry, not only by their wholesale theft of Sugarfina's intellectual property, but also by misrepresenting Sugarfina as a vexatious competitor who seeks to gain an unfair advantage in the marketplace by means of frivolous litigation.

ANSWER: Denied.

167. Each Defendant knowingly, voluntarily and intentionally participated as a member of the conspiracy to steal Sugarfina's intellectual property and diminish the value of Sugarfina's brand in the marketplace.

ANSWER: Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's alleged trade dress is invalid. Plaintiff does not have protectable trade dress rights in the elements alleged because they are nondistinctive and/or functional.

2. Plaintiff's alleged trademark rights are invalid. Plaintiff does not have protectable trademark rights in the alleged marks CUBA LIBRE, PEACH BELLINI, FRUTTINI, CANDY BENTO BOX, CANDY CUBE and CANDY CONCIERGE because they are generic and/or merely descriptive and lack secondary meaning.

3.      Plaintiff's alleged patent rights are invalid. Plaintiff does not have protectable patent rights in the alleged design because it is functional and/or lacks novelty or would be obvious to a person having ordinary skill in the art.

4.      Plaintiff does not have protectable copyrights in the alleged elements of "the configuration of three-by-three cells or three cells of transparent cubes spaced apart and nestled fully within a rectangular box with high, straight walls; the use of a die-cut labels [sic] on the clear cubes within the outer box" because such elements do not constitute protectable expression, are not original to Plaintiff, and are functional.

5.      The statement alleged to have been posted on the Facebook pages of Marcus Lemonis and Sweet Pete's, LLC expresses opinion, is protected speech under the First Amendment to the Constitution and was made without malice.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Counterclaim Plaintiff Sweet Pete's LLC, by and through its counsel, hereby asserts the following Counterclaims against Counterclaim Defendant Sugarfina, LLC as follows:

## THE PARTIES

1.      Sweet Pete's LLC is a Florida limited liability company with a place of business at 400 North Hogan Street, Jacksonville, Florida 32202.

2.      On information and belief, Sugarfina is a Delaware corporation with its principal place of business at 3915 West 102nd Street, Inglewood, California 90303.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b), and 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Sugarfina based on Sugarfina's filing of the instant suit and the fact that Sugarfina regularly conducts

1   business in this state.

2       5.      Venue is proper in this district based on Sugarfina's choice of forum

3   and the fact that Sugarfina resides in this judicial district.

4

5                       **FIRST COUNTERCLAIM –**

6             **DECLARATION OF NONINFRINGEMENT**

7             <u>**AND INVALIDITY OF TRADE DRESS**</u>

8       6.      Sugarfina has alleged that Counterclaim Plaintiffs have infringed its

9   purported trade dress rights with respect to certain elements of Sugarfina's product

10  packaging.

11      7.      The "solid borderline around Sugarfina's product package" is not

12  distinctive to Sugarfina and has not acquired secondary meaning as indicating

13  Sugarfina as a source.

14      8.      The "use of a magnetic latch" is functional for Sugarfina's products, is

15  not distinctive to Sugarfina and has not acquired secondary meaning as indicating

16  Sugarfina as a source.

17      9.      The use of "a rectangular product package with minimal lettering" is

18  functional for Sugarfina's products, is not distinctive to Sugarfina and has not

19  acquired secondary meaning as indicating Sugarfina as a source.

20      10.     The use of an "inside bottom surface of the product package

21  dominated by a series of cube wells or trays" is functional for Sugarfina's products,

22  is not distinctive to Sugarfina and has not acquired secondary meaning as indicating

23  Sugarfina as a source.

24      11.     The use of a "series of cube wells each being spaced from one another

25  within the product package" is functional for Sugarfina's products, is not distinctive

26  to Sugarfina and has not acquired secondary meaning as indicating Sugarfina as a

27  source.

28      12.     The use of a "series of clear cubes containing candy product that each

1  reside in a corresponding cube well and are immediately visible upon opening the

2  box" is functional for Sugarfina's products, is not distinctive to Sugarfina and has

3  not acquired secondary meaning as indicating Sugarfina as a source.

4      13.    None of these alleged elements, nor the combination of these alleged

5  elements, gives rise to valid or protectable trade dress rights.

6                    **SECOND COUNTERCLAIM –**

7                **DECLARATION OF NONINFRINGEMENT**

8                    <u>**OF TRADEMARKS**</u>

9      14.    Sugarfina has alleged that Counterclaim Plaintiffs have infringed its

10  purported rights in certain alleged trademarks.

11      15.    Sugarfina's alleged trademarks CUBA LIBRE, PEACH BELLINI,

12  FRUTTINI, CANDY BENTO BOX, CANDY CUBE and CANDY CONCIERGE

13  are generic for the relevant goods and services, or are merely descriptive and lack

14  secondary meaning.

15      16.    Sugarfina therefore does not have valid or protectable trademark rights

16  in these alleged marks pursuant to 15 U.S.C. § 1052(e) and/or 15 U.S.C § 1064(3).

17                    **THIRD COUNTERCLAIM –**

18  <u>**DECLARATION OF INVALIDITY OF PEACH BELLINI TRADEMARK**</u>

19      17.    Sugarfina has alleged that Counterclaim Plaintiffs have infringed its

20  purported rights in the mark PEACH BELLINI, which is registered on the Principal

21  Register.

22      18.    Sugarfina's alleged trademark PEACH BELLINI describes an aspect

23  of the goods for which Sugarfina uses the mark, namely the flavor of the candies.

24      19.    Sugarfina's alleged mark has not acquired secondary meaning as

25  distinguishing Sugarfina as the source of such candies.

26      20.    Sugarfina therefore does not have valid or protectable trademark rights

27  in the alleged mark pursuant to 15 U.S.C. § 1052(e).

28

NEAL, GERBER &
EISENBERG LLP
ATTORNEYS AT LAW
CHICAGO

1

2

3

**FOURTH COUNTERCLAIM –**

**DECLARATION OF INVALIDITY OF CUBA LIBRE AND**

**CANDY BENTO BOX TRADEMARKS**

4      21.    Sugarfina has alleged that Counterclaim Plaintiffs have infringed its
5   purported rights in the marks CUBA LIBRE and CANDY BENTO BOX, which are
6   registered on the Supplemental Register.

7      22.    Sugarfina's alleged trademarks CUBA LIBRE and CANDY BENTO
8   BOX are generic for the goods for which they are registered.

9      23.    Sugarfina therefore does not have valid or protectable trademark rights
10   in the alleged marks pursuant to 15 U.S.C. § 1064(3).

11

12

13

**FIFTH COUNTERCLAIM –**

**DECLARATION OF INVALIDITY OF**

**FRUTTINI, CANDY CUBE, AND CANDY CONCIERGE TRADEMARKS**

14      24.    Sugarfina has alleged that Counterclaim Plaintiffs have infringed its
15   purported common-law rights in the marks FRUTTINI, CANDY CUBE and
16   CANDY CONCIERGE.

17      25.    Sugarfina's alleged trademarks FRUTTINI, CANDY CUBE and
18   CANDY CONCIERGE are generic for the relevant goods and services, or are
19   merely descriptive and have not acquired secondary meaning.

20      26.    Sugarfina therefore does not have valid or protectable common-law
21   trademark rights in the alleged marks.

22

23

24

25

**SIXTH COUNTERCLAIM –**

**DECLARATION OF NONINFRINGEMENT**

**OF ALL CLAIMS OF DESIGN PATENT**

26      27.    Sugarfina has alleged that it is the owner of United States Patent No.
27   D755,641 and that Defendants have infringed the patent.

28      28.    Defendants have not engaged in any act of infringement of any valid

and enforceable claim of the patent pursuant to 35 U.S.C. § 271.

### SEVENTH COUNTERCLAIM –

### DECLARATION OF NONINFRINGEMENT

### OF COPYRIGHT

29.    Sugarfina has alleged that Defendants have infringed its purported copyrights in the works covered by U.S. Copyright Reg. Nos. VA0001963482 and VA0001963483.

30.    Sugarfina's copyright protection does not, as alleged, extend to "the configuration of three-by-three cells or three cells of transparent cubes spaced apart and nestled fully within a rectangular box with high, straight walls; the use of a die-cut labels [sic] on the clear cubes within the outer box" because such elements do not constitute protectable expression and are entirely functional, and are not original to Sugarfina, and therefore the copyrights asserted by Sugarfina are invalid.

31.    With respect to the "specific graphic elements designed by Sugarfina, such as the prints, patterns, and colors imprinted on the boxes and labels," Defendants' products are not substantially similar to Sugarfina's copyrighted designs as a matter of law.

### <u>PRAYER FOR RELIEF</u>

Wherefore, Defendants respectfully request that this Court:

A.    Order and declare that Defendants have not infringed

    (i)    Sugarfina's alleged trade dress;

    (ii)    Sugarfina's alleged trademarks CUBA LIBRE, PEACH BELLINI, FRUTTINI, CANDY BENTO BOX, CANDY CUBE and CANDY CONCIERGE;

    (iii)    U.S. Patent No. D755,641; and

    (iv)    Sugarfina's alleged copyrights;

B.    Order and declare that Sugarfina's alleged trade dress and trademarks are invalid as set forth above; and

C.    Pursuant to its power under 15 U.S.C. § 1119, order that the Director of the U.S. Patent and Trademark Office cancel U.S. Trademark Reg. Nos. 4,981,752; 4,943,322; and 4,838,646; and

D.    Grant Defendants such further relief as this Court deems just and appropriate.

Dated: October 30, 2017          KARIN G. PAGNANELLI
                                 MITCHELL SILBERBERG & KNUPP LLP

                                 MICHAEL G. KELBER
                                 ANDREW S. FRAKER
                                 NEAL, GERBER & EISENBERG LLP

                                 By: /s/ Karin G. Pagnanelli
                                     Karin G. Pagnanelli
                                     Attorneys for Defendants
                                     SWEET PETE'S LLC, MARCUS
                                     LEMONIS, ML SWEETS, LLC,
                                     PETER BEHRINGER, ALLISON
                                     BEHRINGER, ML BUENA PARK,
                                     LLC, and ML FOOD GROUP, LLC

1   **DEMAND FOR A JURY TRIAL**

2       Defendants hereby demand a jury trial on all issues so triable.

3

4   Dated: October 30, 2017              KARIN G. PAGNANELLI
                                         MITCHELL SILBERBERG & KNUPP LLP
5
                                         MICHAEL G. KELBER
6                                        ANDREW S. FRAKER
                                         NEAL, GERBER & EISENBERG LLP
7
8                                        By: /s/ Karin G. Pagnanelli
                                             Karin G. Pagnanelli
9                                            Attorneys for Defendants
                                             SWEET PETE'S LLC, MARCUS
10                                           LEMONIS, ML SWEETS, LLC,
                                             PETER BEHRINGER, ALLISON
11                                           BEHRINGER, ML BUENA PARK,
                                             LLC, and ML FOOD GROUP, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEAL, GERBER &
EISENBERG LLP
ATTORNEYS AT LAW
CHICAGO

72 -