TROUTMAN SANDERS LLP
Jennifer Trusso Salinas, Bar No. 198579
jennifer.salinas@troutman.com
Jenny Kim, Bar No. 282562
jenny.kim@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Austin Padgett, CA Bar No. 296309
austin.padgett@troutman.com
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308-2231
Telephone: 404.885.3000
Facsimile: 404.885.3900

Attorneys for Plaintiff and Counterclaim Defendant,
SUGARFINA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGARFINA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SWEET PETE'S, LLC, a Florida limited liability company; MARCUS LEMONIS, an individual; ML SWEETS, LLC, a Delaware limited liability company; PETER BEHRINGER, an individual; ALLISON BEHRINGER, an individual; ML BUENA PARK, LLC, a Delaware limited liability company; and ML FOOD GROUP, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:17-cv-4456-RSWL (JEMx)<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**<br><br><u>Scheduling Conference</u><br><br>Date: January 8, 2018<br>Time: 10:00 a.m.<br>Location: 350 W. First Street<br>Los Angeles, CA 90012<br>Room TBD<br><br>Judge: Hon. Ronald S.W. Lew<br>Trial Date: None Set |

Pursuant to Federal Rule of Civil Procedure 26(f) and Rule 26-1 of the Local Rules of the U.S. District Court for the Central District of California, Plaintiff Sugarfina, Inc. ("Sugarfina") and Defendants Sweet Pete's, LLC ("Sweet Pete's"), Marcus Lemonis, ML Sweets, LLC, Peter Behringer, Allison Behringer, ML Buena Park, LLC, dba Farrell's ("Farrell's"), and ML Food Group, LLC (collectively, "Defendants") hereby submit their Joint Rule 26(f) Report ("Report").

## I. FEDERAL RULE OF CIVIL PROCEDURE 26(F)

### A. Nature and Basis of Claims and Defenses

#### a. Plaintiff's Statement

This is an action for trade dress, trademark, patent, and copyright infringement, and unfair competition and trade libel against Defendants, who stole Sugarfina's packaging designs, misappropriated Sugarfina's goodwill in the marketplace, and defamed Sugarfina in order to compete unfairly with Sugarfina in selling candy products. Sugarfina owns and assert the following intellectual property rights:

1. SUGARFINA®
2. CUBA LIBRE®
3. PEACH BELLINI®
4. FRUTTINI
5. CANDY BENTO BOX®
6. CANDY CUBE™
7. CANDY CONCIERGE
8. Distinctive designs elements in Sugarfina's product packaging (the "Sugarfina Trade Dress")
9. U.S. Design Patent No. D755,641 (the "'641 patent" or "patent-in-suit")
10. U.S. Copyright Reg. No. VA0001963482
11. U.S. Copyright Reg. No. VA0001963483

The asserted trade dress, trademark, patent, and copyright rights relate to the distinctive packaging and branding of Sugarfina's candy products. Defendants meticulously copied the entire look and feel of Sugarfina's products and offered the same product lines in order to promote and sell competing candy products that are confusingly similar to Sugarfina's products. Sugarfina also alleges that Defendants intentionally sought to harm Sugarfina by (1) purchasing the AdWord "Sugarfina" through Google to prioritize the placement of Defendants' advertisements, websites and products to customers who search for "Sugarfina" on Google, and (2) using the public platform of Defendant Marcus Lemonis—who is the star of the CNBC show *The Profit*—to defame Sugarfina with false and damaging statements about Sugarfina's business practices. As a result, in addition to its infringement claims, Sugarfina asserts claims for false designation of origin or unfair competition, trade libel, and conspiracy, and seeks both damages and injunctive relief.

As set forth in their Answer to the First Amended Complaint, Defendants deny Sugarfina's allegations, and allege the following defenses: (i) trade dress invalidity; (ii) trademark invalidity; (iii) patent invalidity; (iv) no protectable copyright; and (v) protected speech under the First Amendment of the Constitution. Defendant Sweet Pete's further alleges counterclaims for (i) declaratory judgment of non-infringement and invalidity of the Sugarfina Trade Dress; (ii) declaratory judgment of non-infringement and invalidity of the marks CUBA LIBRE®, PEACH BELLINI®, FRUTTINI, CANDY BENTO BOX®, CANDY CUBE™, and CANDY CONCIERGE; (iii) declaratory judgment of non-infringement of the patent-in-suit; and (iv) declaratory judgment of non-infringement of copyright.

Sugarfina denies that any of these affirmative defenses and counterclaims are valid.

### b. Defendants' Statement

Plaintiff's Complaint is based on purported intellectual property rights that it does not actually own and is merely an attempt to harass a successful competitor in

the market for "upscale" candy. The Sweet Pete's brand has enjoyed considerable success in recent years, with significant increases in market share and revenue, after receiving advice and exposure in 2014 while appearing on the CNBC show The Profit. Sweet Pete's growth is not, as Plaintiff claims, the result of any violation of Plaintiff's rights. Indeed, Plaintiff appears to have a fundamental misunderstanding of the scope of intellectual property rights.

In bringing this action, Plaintiff claims the exclusive right to a broad array of unprotectable matter. Plaintiff asserts various functional and/or generic characteristics of its product packaging as purportedly protectable trade dress. Likewise, Plaintiff's asserted trademarks, with the exception of its SUGARFINA mark, are either generic or merely descriptive and lacking secondary meaning. Plaintiff's design patent similarly consists merely of invalid and unenforceable claims. Finally, Plaintiff vastly overstates the scope the copyrights it asserts, claiming protection for elements that do not constitute protectable expression, are entirely functional, and are not original to Plaintiff. Moreover, there is no substantial similarity between any of the product packaging at issue.

Plaintiff's other claims lack merit as well. As Plaintiff is aware, the mere purchase of a competitor's mark as an AdWord is not improper if the relevant ads themselves are not likely to cause confusion. In addition, the single statement cited as the basis for Plaintiff's trade libel claim fails to satisfy the relevant standard, and Plaintiff cannot possibly identify any damages attributable to the statement. Plaintiff's claim for civil conspiracy is inconsistent with Plaintiff's own factual allegations, and in any event is completely baseless.

Taken as a whole, Plaintiff's claims represent an improper attempt to use the courts to stifle legitimate competition by forcing its competitors to defend meritless allegations based on an impossibly vast conception of Plaintiff's purported rights.

**B.     Discovery Plan**

  **a. Proposed Schedule**

The parties attach hereto as Exhibit A their proposed schedule of pretrial and trial dates. The proposed discovery schedule and limits can be adjusted by agreement of the parties or leave of the Court upon a showing of good cause. The parties agree to confer in good faith regarding any such modification.

The proposed schedule does not include proposed dates for the parties to submit claim construction briefing and to participate in a *Markman* hearing. However, Defendants anticipate conducting discovery to determine whether claim construction would be appropriate in this case and reserve the right to modify their proposed schedule to accommodate a *Markman* hearing. Defendants anticipate being able to determine whether claim construction would be appropriate within 90 days. Sugarfina reserves the right to object to any modifications to the proposed schedule, including whether a *Markman* hearing is appropriate.

  **b. Changes in the Time, Form or Requirement for Disclosures (Fed. R. Civ. P. 26(f)(3)(A) & (E))**

Except as noted below, the parties will conduct discovery to comply with the requirements of Federal Rule of Civil Procedure 26(a) and the other Federal Rules pertaining to discovery. The parties do not propose modifying or changing the timing, form or requirement of initial disclosures under Rule 26(a), and will exchange initial disclosures on November 29, 2017.

The parties agree to the following changes to the Federal Rules of Civil Procedure:

<u>Interrogatories</u>. The parties may serve up to 35 written interrogatories on each party.

  **c. Subjects on Which Discovery May be Needed (Fed. R. Civ. P. 26(f)(3)(B))**

The parties anticipate taking discovery on all issues relating to Sugarfina's claims asserted in the Complaint and Defendants' defenses and counterclaims asserted in the Answer, including at least the following:

- Whether any defendant has infringed Sugarfina's intellectual property;
- Whether any defendant has engaged in false designation of origin;
- Whether any defendant has engaged in unfair competition;
- Whether any defendant has engaged in trade libel;
- Whether Defendants engaged in a conspiracy;
- Whether Plaintiff owns any valid and enforceable rights in its asserted trade dress;
- Whether Plaintiff owns any valid and enforceable rights in its asserted trademarks;
- Whether Plaintiff owns any valid and enforceable rights in its asserted patent;
- Whether Plaintiff owns any valid and enforceable rights in its asserted copyrights;
- Whether any of Defendants' affirmative defenses to Sugarfina's claims bar any such claim;
- The amount of damages to which Sugarfina is entitled to if it prevails on any of its claims;
- Whether Sugarfina is entitled to injunctive relief; and
- Whether any party is entitled to attorneys' fees and/or costs

The parties propose that discovery be completed according to the schedule attached as Exhibit A. The parties agree that discovery should not be conducted in phases or be limited to or focused on particular issues.

**d. Electronically Stored Information / Electronic Discovery (Fed. R. Civ. P. 26(f)(3)(C))**

The parties agree to exchange proposals regarding electronic discovery, and will submit to the Court a proposed ESI Order governing the production and use of electronically stored information.

### e. Protective Order (Fed. R. Civ. P. 26(f)(3)(D))

The parties agree to exchange proposals regarding confidential and privileged documents, and will submit to the Court a proposed Protective Order.

### f. Other Issues (Fed. R. Civ. P. 26(f)(3)(F))

The parties' stipulate and agree that pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), service of any paper in this action (e.g., written discovery and responses, motions, etc.) may be accomplished by sending the paper via electronic means (e.g., email). Documents are timely served by e-mail where the e-mail is sent by 11:59 pm Pacific Time on the date due.

## II. REPORT IN RESPONSE TO LOCAL RULE 26-1

### A. Manual for Complex Litigation – L.R. 26-1(a)

The parties do not believe the Manual for Complex Litigation should be utilized in this case.

### B. Schedule for Dispositive Motions – L.R. 26-1(b)

The parties' proposed motion cutoff date is set forth in Exhibit A.

### C. ADR – L.R. 26-1(c)

Although the parties do not believe that settlement is a viable option until some discovery has been taken, the parties do agree that the circumstances of the case are best suited to mediation by a private dispute resolution proceeding. The proposed timing of the ADR proceeding is set forth in Exhibit A.

### D. Trial Estimate

Sugarfina estimates that the time required for trial will be approximately 7-9 days.

Defendants estimate that the time required for trial will be approximately 5-7 days.

E.   **Additional Parties – L.R. 26-1(e)**

Sugarfina anticipates that it will conduct discovery to determine whether any additional entities associated with Defendants have allegedly committed any infringement of the asserted trade dress, trademarks, patent, or copyright by making, using, offering for sale, selling and/or importing the accused products. Investigations are continuing and additional entities may be identified through the discovery process.

Defendants anticipate that they will conduct discovery to determine whether any additional parties may be identified.

A.   **EXPERT WITNESSES – L.R. 26-1(F)**

The parties propose conducting expert discovery in accordance with Federal Rule of Civil Procedure 26(a)(2).

Dated:   November 29, 2017          Respectfully submitted,

TROUTMAN SANDERS LLP


By: */s/ Jennifer Trusso Salinas*
Jennifer Trusso Salinas
Jenny Kim
Austin Padgett
Attorneys for Plaintiff and
Counterclaim Defendant,
SUGARFINA, INC.


By: */s/ Andrew S. Fraker*
One of Defendants' Attorneys

Michael G. Kelber
Andrew S. Fraker

NEAL GERBER & EISENBERG LLP
Two North LaSalle St. - Suite 1700
Chicago, IL 60602
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

## **ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Jennifer Trusso Salinas, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:   November 29, 2017             Respectfully submitted,

TROUTMAN SANDERS LLP

By: */s/ Jennifer Trusso Salinas*
    Jennifer Trusso Salinas
    Attorney for Plaintiff and
    Counterclaim Defendant,
    SUGARFINA, INC.

# ATTACHMENT A

## Proposed Schedule

Sugarfina's Proposed Schedule

| Date | Event |
|---|---|
| 7/17/2018 (Tue) | Last day to file joint stipulation on motion to compel |
| 8/21/2018 (Tue) | Discovery cut-off |
| 10/16/2018 (Tue) | Deadline to file dispositive motions |
| 12/4/2018 (Tue) | Deadline to complete ADR |
| 12/11/2018 (Tue) | Final Pretrial Conference |
| 1/8/2019 (Tue) | First Day of Trial |

Defendants' Proposed Schedule (subject to determination on *Markman* hearing as noted above)

| Date | Event |
|---|---|
| 9/11/2018 (Tue) | Last day to file joint stipulation on motion to compel |
| 10/16/2018 (Tue) | Discovery cut-off |
| 2/5/2019 (Tue) | Deadline to file dispositive motions |
| 3/26/2018 (Tue) | Deadline to complete ADR |
| 4/2/2019 (Tue) | Final Pretrial Conference |
| 4/30/2019 (Tue) | First Day of Trial |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

33306370v2

- 10 -

RULE 26(F) REPORT