TROUTMAN SANDERS LLP
Jennifer Trusso Salinas, Bar No. 198579
jennifer.salinas@troutman.com
Jenny Kim, Bar No. 282562
jenny.kim@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Austin Padgett, CA Bar No. 296309
austin.padgett@troutman.com
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308-2231
Telephone: 404.885.3000
Facsimile: 404.885.3900

Attorneys for Plaintiff and Counterclaim Defendant,
SUGARFINA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGARFINA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SWEET PETE'S, LLC, a Florida limited liability company; MARCUS LEMONIS, an individual; ML SWEETS, LLC, a Delaware limited liability company; PETER BEHRINGER, an individual; ALLISON BEHRINGER, an individual; ML BUENA PARK, LLC, a Delaware limited liability company; and ML FOOD GROUP, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:17-cv-4456-RSWL (JEMx)<br><br>~~PROPOSED~~ STIPULATED ESI ORDER<br><br>Judge: Hon. Ronald S.W. Lew |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

After conferring on these matters, Plaintiff Sugarfina, Inc. ("Sugarfina"), on the one hand, and Defendants Sweet Pete's, LLC ("Sweet Pete's"), Marcus Lemonis, ML Sweets, LLC, Peter Behringer, Allison Behringer, ML Buena Park, LLC, dba Farrell's ("Farrell's"), and ML Food Group, LLC, on the other hand (collectively, "Defendants"; Sugarfina and Defendants are referred to as the "Parties"), hereby propose to the Court this Stipulation for an agreed protocol for electronic discovery.

**A.** **DEFINITIONS**

1. "Electronically Stored Information" or "ESI" carries its broadest possible meaning consistent with Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001.

2. "Paper Discovery" means any document or thing discoverable under Federal Rules of Civil Procedure 26(b)(1) and 34 that cannot be characterized as ESI.

3. "Document" carries its broadest meaning consistent with Federal Rule of Civil Procedure 34 and includes both ESI and Paper Discovery.

4. "E-mail" means an electronic means for communicating written information through non-SMS or -MMS systems that will send, store, process and receive information.

5. "Format" means the internal structure of a file, which defines the way it is stored and used.

6. "Native Format" means the format of ESI in the application in which such ESI was originally created and/or is currently used.

7. "Producing Party" means a Party that produces documents.

8. "Receiving Party" means a Party to whom documents are produced.

9. "Responsive Document" means any document that is responsive to any discovery requests served on the Producing Party in the Litigation that the Producing Party has agreed to produce or that the Producing Party has been ordered

to produce by the Court.

10. "Tagged Image File Format" or "TIFF" refers to the CCITT Group IV graphic file format for storing bit-mapped images, with multiple compression formats and resolutions.

11. "Litigation" means this pending federal lawsuit, *Sugarfina, Inc. v. Sweet Pete's, LLC*, Case No. 2:17-cv-4456-RSWL (JEMx) (C.D. Cal.).

**B.    SCOPE**

1. The procedures and protocols set forth in this Stipulated Order shall govern the production of Responsive Documents between the Parties in the Litigation. Any practice or procedure set forth herein may be varied by written agreement of the Parties.

2. Nothing in this Stipulated Order establishes any agreement as to either the temporal or subject matter scope of discovery in the Litigation.

3. Nothing in this Stipulated Order alters or eliminates a Party's obligation at any time to disclose any custodial or noncustodial source of Responsive Documents about which a Party learns during the course of the Litigation or to conduct reasonable searches for and produce Responsive Documents contained therein. The Parties reserve the right to request the production of Documents from noncustodial sources or individuals that the requesting Party has a good faith belief possess Responsive Documents.

4. The Parties shall not be obligated under this Stipulated Order to produce any ESI that is no longer within their possession, custody or control (i.e., lost or deleted) as a result of the routine, good-faith operation of an electronic information system, unless the Party requesting such ESI establishes that there is good cause to believe that the Party from whom such ESI is being requested intentionally failed to preserve, deleted or destroyed the ESI while under an obligation to retain it.

5. The Parties shall meet and confer to resolve any disputes that arise

under this Stipulated Order. In the event the Parties cannot reach agreement on a disputed matter, the Parties shall submit the matter to the Court.

**C.** **PRODUCTION FORMAT**

1. **ESI Production Format:** ESI shall be produced electronically, either in native format or as single page, uniquely and sequentially numbered TIFF image or PDF files not less than 300 dpi resolution to enable the generation of searchable text using Optical Character Recognition ("OCR"). Where text may be extracted when the TIFF image or PDF file is generated, the image file shall be accompanied by a text file containing the extracted text; however, there is no obligation on a Producing Party to generate searchable text using OCR. The text files shall be named to match the endorsed number assigned to the image of the first page of the Document. The images and text files shall also be accompanied by image cross-reference load files in the formats reasonably requested by each party which includes the following fields: "BegProd," "EndProd," "Pages," and "Volume." The Producing Party shall also provide a data load file corresponding to the TIFF image or PDF files and the full text files, that shall contain, where reasonably available, the following metadata listed in the Table of Metadata Fields, attached as Exhibit A. For the avoidance of doubt, there is no obligation on the Producing Party to create metadata where none exists in the original Document, if it is not possible to automate the creation of metadata when the Document is collected. The Parties reserve all rights to object to any request for the creation of metadata for Documents that do not contain metadata in the original. Data load files will be provided in both Concordance DAT and Summation dii with accompanying Summation Summary.TXT files, or in the format requested by each party.

2. **Production of Paper Discovery**: Paper Discovery shall be converted to electronic form and produced as single page, uniquely and sequentially numbered TIFF image or PDF files not less than 300 dpi resolution to enable the generation of searchable text using OCR. Where text may be extracted when the

TIFF image or PDF file is generated, the image file shall be accompanied by a text file containing the extracted text; however, there is no obligation on a Producing Party to generate searchable text using OCR. The text files shall be named to match the endorsed number assigned to the image of the first page of the Document. The images and text files shall also be accompanied by image cross-reference load files in the formats reasonably requested by each party which includes the following fields: "BegProd," "EndProd," "Pages," and "Volume." The Producing Party shall also provide a data load file corresponding to the TIFF image or PDF files that shall contain a coded "Custodian" field. A Party need not produce a non-electronic duplicate of any Paper Discovery produced as a TIFF image or PDF file pursuant to this Paragraph, except that upon a reasonable request by the Receiving Party and a showing of good cause (e.g., problems with legibility or formatting), the Producing Party must produce the Paper Discovery in its original format at a mutually agreeable time and place.

3. **Appearance and Content**: Subject to any necessary redaction, each Document's TIFF image or PDF file shall contain the same information and same physical representation as the Document did in its original format, whether paper or electronic, consistent with the processing specifications set forth in this paragraph. Documents that present imaging or formatting problems that the Receiving Party is unable to resolve shall be identified as soon as practicable by the Receiving Party by E-mail to the Producing Party, and the Producing Party shall provide a corrected Document within ten (10) days of receiving notice of the problematic Document(s).

4. **Document Unitization**: If a Document is more than one page, to the extent possible, the unitization of the Document and any attachments or affixed notes shall be maintained as it existed when collected by the Producing Party. If unitization cannot be maintained, the original unitization shall be documented in the data load file or otherwise electronically tracked. For ESI, all unitization should be defined with the data load file, this includes the designation of parent/attachments

both for E-mail and attachments and for compressed files (such as ZIP or RAR files) and their contents.

5. **Document Numbering for TIFF or PDF Images**: Each page of a Document produced in TIFF or PDF file format shall have a legible, unique numeric identifier ("Document Number") not less than seven (7) digits (with zero-padding) electronically "burned" onto the image at a place on the Document that does not obscure, conceal or interfere with any information originally appearing on the Document. The Document Number for each Document shall be created so as to identify the Producing Party and the Document Number (e.g., "ABC0000000").

6. **Production of ESI in Native Format**: All Excel, Powerpoint files, or any file types not easily converted to image format, may be produced in Native Format with an accompanying link in the data load file. To the extent a Producing Party produces video, animation or audio files such Documents shall be produced in their Native Format. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced. In the event that a Receiving Party requests production of Native Format ESI (other than mentioned above), the Parties will meet and confer to discuss such requests on a case-by-case basis. If the Parties are unable to reach agreement with regard to requests for additional documents in Native Format, the Parties reserve the right to seek relief from the Discovery Referee. No Document produced in Native Format shall be intentionally manipulated to change the appearance or substance of the Document prior to its collection, unless a redaction of privileged information is required. If such redaction takes place, it will be logged in accordance with Paragraph D.

7. **De-duplication**: To the extent identical copies of Documents (i.e., Documents with identical hash values) appear in the production, the Producing Party may produce only one such identical copy across all custodians.

8. **Production Media**: The Producing Party shall produce Document images, load files and metadata on hard drives, CDs, DVDs, via FTP, or other mutually agreeable media ("Production Media"). Each piece of Production Media shall be assigned a production number or other unique identifying label corresponding to the identity of the Producing Party, the date of the production of Documents on the Production Media and the Document Number ranges of the Documents in that production (e.g., "ABC Production March 1, 2010, ABC0000123 - ABC0000456"). To the extent that the Production Media includes any Designated Material as defined in the Protective Order, the label on such Production Media shall indicate that Production Media includes information so designated. Production Media shall include text referencing the case name and number. Further, any replacement Production Media shall cross-reference the original Production Media, clearly identify that it is a replacement and cross-reference the Document Number range that is being replaced. All Production Media that is capable of write protection should be write-protected before production. All Production Media must be properly packaged to ensure safe shipping and handling. All Production Media shall be encrypted, with the Parties to agree on a decryption key prior to production. If any piece of Production Media is known to have any physical defect, electronic defect or damaged data, or is infected with any virus or other harmful software of any kind, it should be clearly labeled so that appropriate care can be taken during its examination. Alternatively, a Party may remove any virus or defect before production but must inform any Receiving Party of any such efforts.

9. **Original Documents**: Nothing in this Stipulated Order shall eliminate or alter any Party's obligation to retain Native Format copies, including associated metadata, of all ESI produced in the Litigation and original hard copy Documents for all Paper Discovery produced in the Litigation.

10. **Third-Party Software**: To the extent that Documents produced

pursuant to this Stipulated Order cannot be rendered or viewed without the use of proprietary third-party software, the Parties shall meet and confer to minimize any expense or burden associated with the production of such Documents in an acceptable format, including issues as may arise with respect to obtaining access to any such software and operating manuals which are the property of a third party.

11. **ESI of Limited Accessibility**: Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), a party need not provide discovery of electronically stored information from sources that the party identified as not reasonably accessible because of undue burden or cost. Materials retained in tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes are deemed not reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2)(B) and, accordingly, are not subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the Court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Federal Rule of Civil Procedure 26(b)(2)(C).

12. **Voicemails and other transient data**: The parties agree that voicemail messages, text messages, random access memory, instant messages and chats, information from mobile phones, smart phones or PDAs, and dynamic fields of databases or log files will be considered not reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B) and, accordingly, need not be searched and will not be subject to production absent a showing of good cause by the requesting Party based upon specific facts that demonstrate a particular need for such evidence that justifies the burden of retrieval, and further subject to the producing party's claim of undue burden or cost. No party need deviate from the retention practices it normally exercises with respect to such voicemail messages, text messages, random

access memory, instant messages and chats, information from mobile phones, smart phones or PDAs, and when not in anticipation of litigation. Notwithstanding the provisions of this Paragraph, Documents and things published by a Party or under the Party's direction on social media sites (including, but not limited to, Facebook, Twitter, Instagram, YouTube, and LinkedIn) are considered reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B) and, accordingly, must be searched and included in the Producing Party's production.

### D. CONFIDENTIALITY AND PRIVILEGE LOG

1. The terms of the Protective Order governing the inadvertent production of privileged information also govern all production pursuant to this Stipulated ESI Order.

2. Consistent with Federal Rule of Civil Procedure 26(b)(5)(A), a Party withholding or redacting any Responsive Document on the grounds of privilege, immunity or any similar claim shall provide to the Receiving Party a log containing the information described in Paragraph D.3 ("Privilege Log"), except that a Party shall not be required to provide a Privilege Log for any Responsive Document that is subject to any claim of privilege or protection, including the attorney-client privilege or work product, that were generated after the date the Party was served with summons in this Litigation.

3. For each Document withheld or redacted, the Privilege Log shall contain the following information: (i) a sequential number associated with each Privilege Log record, (ii) the date of the Document; (iii) the identity of all persons who authored, signed or otherwise prepared the Document; (iv) the identity of all persons designated as addressees or copy recipients; (v) a description of the contents of the Document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the Document and the basis of the claim of privilege or immunity; (vi) the type or nature of the privilege asserted (e.g., attorney-client communication, work product doctrine, etc.); and (vii)

the Document Numbers corresponding to the first and last page of any withheld or redacted Document, if the Document has been assigned any such Document Numbers.

### F. MODIFICATION

The Parties may jointly agree to modify this Stipulation without the Court's leave. Any such modification shall be in a writing signed by the Parties or their respective counsel. Any disputed issues that cannot be resolved by the Parties shall be subject to resolution by a discovery motion.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 18, 2018

Respectfully submitted,

TROUTMAN SANDERS LLP

By: */s/ Jennifer Trusso Salinas*
    Jennifer Trusso Salinas
    Jenny Kim
    Austin Padgett
    Attorneys for Plaintiff and
    Counterclaim Defendant,
    SUGARFINA, INC.

By: */s/ Andrew S. Fraker*
    Karin G. Pagnanelli
    Michael G. Kelber
    Andrew S. Fraker
    Attorneys for Defendants
    MARCUS LEMONIS, ML SWEETS,
    LLC, PETER BEHRINGER, ALLISON
    BEHRINGER, ML BUENA PARK,
    LLC, AND ML FOOD GROUP, LLC
    and Defendant and Counterclaimant
    SWEET PETE'S LLC

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 1/19/18

*/s/ John E. McDermott*

~~Hon. Ronald S.W. Lew~~
~~United States District Judge~~
John E. McDermott
United States Magistrate Judge

## ATTESTATION

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Jennifer Trusso Salinas, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: January 18, 2018

Respectfully submitted,

TROUTMAN SANDERS LLP

By: */s/ Jennifer Trusso Salinas*
Jennifer Trusso Salinas
Attorney for Plaintiff and
Counterclaim Defendant,
SUGARFINA, INC.

# EXHIBIT A

# TABLE OF METADATA FIELDS

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| File path | File path | Paragraph | | The address regarding the location of the document. |
| File name | File name | Paragraph | | The name of the document. |
| Date Modified | Date | Date (MM/DD/YYYY format) | The date the document was modified. | The date the document was modified. |
| DateSent | | Date | The date the email | For email |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| | | (MM/DD/YYYY format) | was sent. | attachments, the date the parent email was sent. |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| From | From | Paragraph | The author of the email. | The author of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copy recipient(s) of an email. | |
| BCC | BCC | Paragraph | The display name of the blind copy recipient(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |

27347157.1