TROUTMAN SANDERS LLP
Michael D. Hobbs, Jr., admitted *pro hac vice*
michael.hobbs@troutman.com
Austin Padgett, CA Bar No. 296309
austin.padgett@troutman.com
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2231
Telephone: 404.885.3000
Facsimile: 404.885.3900

Jenny Kim, Bar No. 282562
jenny.kim@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Plaintiff and Counterclaim Defendant,
SUGARFINA, INC.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGARFINA, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>v.<br><br>SWEET PETE'S, LLC, a Florida limited liability company; MARCUS LEMONIS, an individual; ML SWEETS, LLC, a Delaware limited liability company; PETER BEHRINGER, an individual; ALLISON BEHRINGER, an individual; ML BUENA PARK, LLC, a Delaware limited liability company; and ML FOOD GROUP, LLC, a Delaware limited liability company,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:17-cv-4456-RSWL (JEMx)<br><br>~~PROPOSED~~ **STIPULATED FIRST AMENDED PROTECTIVE ORDER**<br><br>Judge:    Hon. Ronald S.W. Lew<br><br>[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE JOHN E. McDERMOTT] |

After conferring on these matters, Plaintiff Sugarfina, Inc. ("Sugarfina"), on the one hand, and Defendants Sweet Pete's, LLC ("Sweet Pete's"), Marcus Lemonis, ML Sweets, LLC, Peter Behringer, Allison Behringer, ML Buena Park, LLC, dba Farrell's ("Farrell's"), and ML Food Group, LLC, on the other hand (collectively, "Defendants"), hereby propose to the Court this Stipulated First Amended Protective Order.

The Court entered the Stipulated Protective Order on January 19, 2018. (Dkt. No. 54.) Since entry of the Stipulated Protective Order, the parties have agreed to modify the provisions governing disclosure of information designated CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, as set forth in section 7.3 below, to allow one (1) in-house counsel to review such information. Accordingly, for good cause recited herein and in Docket No. 54, the parties stipulate and agree as follows:

## 1. **INTRODUCTION**

### 1.1. Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated First Amended Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

under the applicable legal principles.

### 1.2. Good Cause Statement

This action is likely to involve trade secrets, customer and pricing lists, supplier and vendor contacts, and other valuable research, development,

commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.3. Acknowledgment of Procedure for Filing Under Seal

The parties further acknowledge that this Stipulated First Amended Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and*

1   *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

2   *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Elecs., Inc.*,

3   187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require

4   good cause showing), and a specific showing of good cause or compelling reasons

5   with proper evidentiary support and legal justification, must be made with respect

6   to Protected Material that a party seeks to file under seal. The parties' mere

7   designation of Material as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE

8   COUNSEL'S EYES ONLY does not—without the submission of competent

9   evidence by declaration, establishing that the material sought to be filed under seal

10   qualifies as confidential, privileged, or otherwise protectable—constitute good

11   cause.

12       Further, if a party requests sealing related to a dispositive motion or trial,

13   then compelling reasons, not only good cause, for the sealing must be shown, and

14   the relief sought shall be narrowly tailored to serve the specific interest to be

15   protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir.

16   2010). For each item or type of information, document, or thing sought to be filed

17   or introduced under seal in connection with a dispositive motion or trial, the party

18   seeking protection must articulate compelling reasons, supported by specific facts

19   and legal justification, for the requested sealing order. Again, competent evidence

20   supporting the application to file documents under seal must be provided by

21   declaration.

22       Any document that is not confidential, privileged, or otherwise protectable in

23   its entirety will not be filed under seal if the confidential portions can be redacted.

24   If documents can be redacted, then a redacted version for public viewing, omitting

25   only the confidential, privileged, or otherwise protectable portions of the document,

26   shall be filed. Any application that seeks to file documents under seal in their

27   entirety should include an explanation of why redaction is not feasible.

28   / / /

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

PROPOSED STIPULATED FIRST AMENDED
PROTECTIVE ORDER

## 2. **DEFINITIONS**

2.1　Action means this pending federal lawsuit, *Sugarfina, Inc. v. Sweet Pete's, LLC*, Case No. 2:17-cv-4456-RSWL (JEMx) (C.D. Cal.).

2.2　Challenging Party means a Party or Non-Party that challenges the designation of information or items under this Order.

2.3　"CONFIDENTIAL" Material means material the Designating Party believes in good faith is not generally known to others, and that the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iii) believes in good faith to constitute or to contain confidential and/or proprietary information not otherwise known or available to the public. "CONFIDENTIAL" Material shall include all material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing. Any party may use the "CONFIDENTIAL" designation only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information and/or materials could be potentially harmful to the business or operations of the party.

2.4　"CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Material means material the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iii) believes in good faith constitutes proprietary financial, research, development, technical, or commercially sensitive competitive information that the Producing Party maintains as highly

PROPOSED STIPULATED FIRST AMENDED
PROTECTIVE ORDER

confidential in its business or the disclosure of which is likely to cause harm to the competitive position of the Producing Party. Financial Material that comprises proprietary financial or commercial information, including, without limitation, commercial agreements, licenses, and documents reflecting revenue, sales, profits, and/or costs may be designated as "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY." "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Material shall include all material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing.

2.5     Counsel means Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.6     Designating Party means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL" Material or "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Material.

2.7     Expert means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     In-House Counsel means an attorney who is an employee of a Party. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Material means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.10    Non-Party means any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record means attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2543

and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12   Party means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party means a Party or Non-Party that produces Material in this Action.

2.14   Professional Vendors means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material means any Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY." No Material shall be deemed Protected Material if:

(a) it is in the public domain at the time of disclosure;

(b) it becomes part of the public domain as a result of publication not involving a violation of this Protective Order, unless the publication was inadvertent;

(c) the Receiving Party can show it was in the Receiving Party's rightful and lawful possession at the time of disclosure; or

(d) the Receiving Party lawfully received it from a Non-Party without restriction as to disclosure, provided such Non-Party has the right to make the disclosure to the Receiving Party.

2.16   Privileged Material means a document, tangible item or electronically stored information that is privileged, protected by the work product doctrine, or subject to some other immunity from disclosure.

2.17   Receiving Party means a Party that receives Material from a Producing Party.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**3. SCOPE**

The protections conferred by this Stipulated First Amended Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

The terms of this Protective Order shall survive the final termination of this Action to the extent that any Protected Material is not or does not become known to the public. This Court shall retain jurisdiction over this Action for the purpose of enforcing this Protective Order. The Parties agree that any order of dismissal of this Action as to any or all Parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal. Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

**5. DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those documents or items that qualify, such that for example, an email or attachment that is otherwise associated or linked with the Protected Material, but that does not itself qualify for the same level of designation shall be designated separately. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be clearly so designated before the Material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in depositions that the Designating Party identifies the Material on the record, before the close of the deposition all protected testimony.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) For material made available for inspection by Outside Counsel

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

for the Receiving Party, that that Parties shall initially consider all such material to be "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" and subject to this Protective Order even though no formal designation has yet been made. Thereafter, the Producing Party shall have fourteen (14) days to review and designate the inspected Material as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" prior to furnishing copies to the Receiving Party.

    5.3    <u>Inadvertent Failures to Properly Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    5.4    <u>Non-Party Designations</u>. Non-Parties who produce Material in this Action may avail themselves of the provisions of this Protective Order, and such Material produced by Non-Parties shall be treated by the Parties in conformance with this Protective Order. A Non-Party's use of this Protective Order for production of its Material does not entitle that Non-Party to have access to Material produced by any other Party in this Action.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.*

    6.3    <u>Joint Stipulation</u>. Except as otherwise provided for in the Federal Rules of Civil Procedure, Local Rules or herein, any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

6.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges or designations, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party or Designating Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions for Final Disposition in Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 11 -

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided that they will not be permitted to keep any Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated First Amended Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) one (1) In-House Counsel of the Receiving Party, provided that: (a)

each such person has agreed to be bound by the provisions of the Protective

Order by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) no unresolved objections to such disclosure exist after proper notice has been

given to all Parties as set forth in Section 7.4.2 below; (c) no copies of the

Material designated "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

ONLY" may be stored or examined on the business premises of the Receiving

Party; and (d) no electronic copies of the Material designated "CONFIDENTIAL

– OUTSIDE COUNSEL'S EYES ONLY" may be stored or examined on servers

maintained by the Receiving Party.

(c) Experts (as defined in this Order) of the Receiving Party to whom

disclosure is reasonably necessary for this Action and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional

Vendors to whom disclosure is reasonably necessary for this Action and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or

a custodian or other person who otherwise possessed or knew the information;

(h) during depositions, Outside Counsel, one (1) In-House Counsel,

witnesses, and attorneys for witnesses, in the Action to whom disclosure is

reasonably necessary, provided that they will not be permitted to keep any

Protected Material unless they sign the "Acknowledgment and Agreement to Be

Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

by the court. Pages of transcribed deposition testimony or exhibits to depositions

that reveal Protected Material may be separately bound by the court reporter and

may not be disclosed to anyone except as permitted under this Stipulated First

Amended Protective Order; and

PROPOSED STIPULATED FIRST AMENDED
PROTECTIVE ORDER

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4   <u>Notice of Disclosure</u>

7.4.1   <u>Consent to be Bound by Protective Order</u>. Access by any person defined as an Expert to Protected Material shall be subject to the terms in this section, including the notice-and-objection provisions below, and the requirement that the Person sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The original signed copy of the "Acknowledgment and Agreement to Be Bound" by Protective Order shall be retained by Outside Counsel for the Party that retained the Person, and a copy shall be provided to the Producing Party.

7.4.2   <u>Written Notice</u>. Before a Receiving Party may disclose, directly or indirectly, any Protected Material to an Expert, the Receiving Party must give written notice to the Producing Party of the following information as it relates to the Expert:

(a)   current curriculum vitae, including the full name of the individual and the city and state of his or her primary residence;

(b)   business address and title;

(c)   the individual's current employer;

(d)   any previous or current relationship (personal or professional) with any of the Parties or prior assignees of any of the asserted patents;

(e)   a listing of other actions (including case name, case number, and court/agency) in which the individual has testified (at trial, deposition or in a hearing) in the last five (5) years;

(f)   an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not

PROPOSED STIPULATED FIRST AMENDED
PROTECTIVE ORDER

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services

(g)     a listing of all publications written by the individual for the past ten (10) years.

(h)     nature of business or profession;

(i)     an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims;

(j)     a signed copy of the Person's "Acknowledgment and Agreement to Be Bound" (Exhibit A).    A separate "Acknowledgment and Agreement to Be Bound" by Protective Order shall not be required for staff members working under the supervision of an individual signing Exhibit A. An individual signing Exhibit A, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with terms of this Protective Order.

7.4.3  Objection. A Party that makes a written notice and provides the information specified in Section 7.4.2 may disclose the Protected Material to the identified Person unless, within ten (10) days of the written notice, the Producing Party objects in writing, for good cause, and provides the basis for its objection. For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Protected Material in a way or ways that are inconsistent with the provisions contained in this Order. If relief is sought, Protected Material shall not be disclosed to the Person in question until the Court resolves the objection. However, an initial failure to object to a Person under this Section shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause. If a later objection is

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

PROPOSED STIPULATED FIRST AMENDED
PROTECTIVE ORDER

made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to seek judicial intervention, further Protected Material may thereafter be provided to the Person.

7.4.4 <u>Judicial Intervention</u>. If an objection is made, the Parties shall meet and confer to try to resolve the dispute by agreement. If no agreement is reached, the objecting Party may, within ten (10) days of the objection, move the Court for an order that access to the "CONFIDENTIAL" Material or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material be denied to the designated individual, or other appropriate relief. Unless and until the Court determines otherwise, no disclosure of any such Protected Material shall be made by the Receiving Party to any Person to whom an objection has been made. However, if the objecting Party does not move for relief within ten (10) days of the objection, the Receiving Party may disclose the Protected Material to the Person.

7.5 <u>Exceptions to Limitations on Disclosure</u>

7.5.1 Nothing herein shall prevent disclosure of Protected Material: (a) by the Producing Party to anyone else the Producing Party deems appropriate; (b) by the Receiving Party to an officer of the Producing Party; (c) by a Party to any Person, whether or not affiliated with the Producing Party at the time of disclosure, who either authored the Protected Material, in whole or in part, or who has independently received the Protected Material other than through a means constituting a breach of this Protective Order or inadvertent disclosure; or (d) to any Person who is reasonably identified as previously having had access to the Protected Material.

7.6 <u>Use at Depositions</u>. Except as may be otherwise ordered by the Court, any Person may be examined as a witness at depositions and trial and may testify concerning all Protected Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

(a)    A former or current director or officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Material which has been produced by that party;

(b)    Non-Parties that are not a former or current director or officer, and/or employee of a Producing Party may be examined or testify concerning any document containing Protected Material of a Producing Party which appears on its face or from other documents or testimony to have originated from the Non-Party or to have been communicated to the Non-Party by the Producing Party.

(c)    Nothing in the above provisions shall act as a waiver to a Party's right to object to the use of the Protected Material or to questions regarding or relating to the Protected Material.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated First Amended Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

PROPOSED STIPULATED FIRST AMENDED
PROTECTIVE ORDER

EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.3     If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated First Amended Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated First Amended Protective Order submitted to the Court.

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated First Amended Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Computation of time</u>. The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

12.4 <u>Filing Protected Material</u>.

PROPOSED STIPULATED FIRST AMENDED PROTECTIVE ORDER

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1     12.4.1  Absent written permission from the Producing Party or a

2   Court Order secured after appropriate notice to all interested persons, a Receiving

3   Party may not file or disclose in the public record any Protected Material.

4     12.4.2  Any Party is authorized in accordance with Local Rule

5   79-5 to file under seal with the Court any brief, document or materials that are

6   designated as Protected Material under this Order.

7   **13.FINAL DISPOSITION**

8     After the final disposition of this Action, defined as the entry of a final non-

9   appealable judgment or order, or the complete settlement of all claims asserted

10  against all Parties in this Action, within sixty (60) days of a written request by the

11  Designating Party, each Receiving Party must return all Protected Material to the

12  Producing Party or destroy such material. As used in this subdivision, "all Protected

13  Material" includes all copies, abstracts, compilations, summaries, and any other

14  format reproducing or capturing any of the Protected Material. Whether the

15  Protected Material is returned or destroyed, the Receiving Party must submit a

16  written certification to the Producing Party (and, if not the same person or entity, to

17  the Designating Party) by the sixty (60) day deadline that (1) all the Protected

18  Material that was returned or destroyed and (2) affirms that the Receiving Party has

19  not retained any copies, abstracts, compilations, summaries or any other format

20  reproducing or capturing any of the Protected Material. Notwithstanding this

21  provision, Outside Counsel of Record are entitled to retain an archival copy of all

22  pleadings, motion papers, trial, deposition, and hearing transcripts, legal

23  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

24  work product, and consultant and expert work product, even if such materials

25  contain Protected Material. Any such archival copies that contain or constitute

26  Protected Material remain subject to this Protective Order.

27  **14.VIOLATION**

28    Any violation of this Order may be punished by appropriate measures

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

PROPOSED STIPULATED FIRST AMENDED
PROTECTIVE ORDER

including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:    June 25, 2018                    Respectfully submitted,

TROUTMAN SANDERS LLP


By: */s/ Jenny Kim*
      Michael D. Hobbs
      Austin Padgett
      Jenny Kim
      Attorneys for Plaintiff and
      Counterclaim Defendant,
      SUGARFINA, INC.


By: */s/ Andrew S. Fraker*
      Karin G. Pagnanelli
      Michael G. Kelber
      Andrew S. Fraker
      Attorneys for Defendants
      MARCUS LEMONIS, ML SWEETS,
      LLC, PETER BEHRINGER, ALLISON
      BEHRINGER, ML BUENA PARK,
      LLC, AND ML FOOD GROUP, LLC
      and Defendant and Counterclaimant
      SWEET PETE'S LLC


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:    June 27, 2018

_____
Hon. John E. McDermott
United States Magistrate Judge

PROPOSED STIPULATED FIRST AMENDED
PROTECTIVE ORDER

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## ATTESTATION

    Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Jenny Kim, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:    June 25, 2018          Respectfully submitted,

                                 TROUTMAN SANDERS LLP

                                By: */s/ Jenny Kim*
                                    Jenny Kim
                                    Attorney for Plaintiff and
                                    Counterclaim Defendant,
                                    SUGARFINA, INC.

PROPOSED STIPULATED FIRST AMENDED
PROTECTIVE ORDER

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EXHIBIT A

Consent to be Bound by Protective Order

I, _____ , state

The undersigned hereby acknowledges that he or she has received and read the Protective Order entered in the United States District Court for the Central District of California in connection with the above-captioned action, and understands its terms and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any confidential information made available to him or her other than in accordance with said Protective Order. The undersigned further submits to the jurisdiction of this Court for purposes of enforcement of, or disputes relating to, said Protective Order.

I state under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Executed on _____     _____
                                Signature

PROPOSED STIPULATED FIRST AMENDED
PROTECTIVE ORDER

35517442v1