# EXHIBIT A

TROUTMAN SANDERS LLP
Michael D. Hobbs, Jr., admitted *pro hac vice*
michael.hobbs@troutman.com
John Bowler, admitted *pro hac vice*
john.bowler@troutman.com
Austin Padgett, CA Bar No. 296309
austin.padgett@troutman.com
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2231
Telephone: 404.885.3000
Facsimile:  404.885.3900

Jenny Kim, Bar No. 282562
jenny.kim@troutmansanders.com
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:  949.622.2700
Facsimile:   949.622.2739

Attorneys for Plaintiff
SUGARFINA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGARFINA, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>v.<br><br>SWEET PETE'S, LLC, a Florida limited liability company; MARCUS LEMONIS, an individual; ML SWEETS, LLC, a Delaware limited liability company; PETER BEHRINGER, an individual; ALLISON BEHRINGER, an individual; ML BUENA PARK, LLC, a Delaware limited liability company; and ML FOOD GROUP, LLC, a Delaware limited liability company,<br><br>              Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.  2:17-cv-4456 RSWL (JEMx)<br><br>**SECOND AMENDED COMPLAINT FOR FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, FEDERAL TRADEMARK INFRINGEMENT, FEDERAL COPYRIGHT INFRINGEMENT, STATE UNFAIR COMPETITION, COMMON LAW TRADEMARK INFRINGEMENT, TRADE LIBEL, AND CIVIL CONSPIRACY**<br><br>Judge:      Hon. Ronald S.W. Lew |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

36250615

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Plaintiff Sugarfina, Inc. ("Sugarfina") complains and alleges as follows against Defendants Sweet Pete's, LLC ("Sweet Pete's"), Marcus Lemonis, ML Sweets, LLC, Peter Behringer, Allison Behringer, ML Buena Park, LLC, dba Farrell's ("Farrell's"), and ML Food Group, LLC (collectively, "Defendants").

## NATURE OF THE ACTION

1.     Sugarfina revolutionized the candy industry when it was founded in 2012.  Its founders, Joshua Resnick and Rosie O'Neill, dreamt of creating a luxury boutique retailer of curated candies and sweets.  The inspiration behind Sugarfina was sprouted during a screening of the original "Willy Wonka and the Chocolate Factory" and the simple question: why should kids have all the fun?

2.     Since 2012, Mr. Resnick and Ms. O'Neill have traveled the world to meet with artisan candy-makers and have taste-tested thousands of candies in their search to find the best of the best.  Today, this experience has culminated in Sugarfina redefining confectioneries and the associated experience, including painstakingly creating high quality, distinctive packaging for its redefined confectionaries.  In the years since its founding, Sugarfina has established itself as offering unique luxury products and a highly engaged customer base.

3.     Sugarfina's efforts have now grown to a thriving business that employs over 300 people and operates across various commercial channels, including storefronts, e-commerce, wholesale, and corporate partnerships.

4.     Sugarfina's retail channel focuses on building a footprint at high-end luxury spaces.  Currently, Sugarfina operates over twenty-three (23) retail boutiques, with many additional storefronts planned throughout the globe.  Sugarfina also operates a series of "shop-in-shops" at fourteen (14) Nordstrom's locations in the United States and Canada.  Its wholesale channel caters to premium reseller partners such as Bergdorf Goodman and the Four Seasons Hotels.  Its corporate channel caters to institutional clients seeking to personalize packaging or coordinate events.

5. At present, Sugarfina's distribution channels have been well established and the Sugarfina brand itself has come to be uniquely synonymous with luxury boutique candy. Although international expansion will continue, Sugarfina has already become famous for its luxury items throughout the United States and Canada.

6. From inception, Sugarfina has cultivated unmistakable design features in its products and packaging. These design features have been used consistently throughout the course of its business.

7. Sugarfina currently has approximately 140 different lines of candy, i.e., products, each presented in a revolutionary and sophisticated presentation and packaging that evidences Sugarfina's commitment to luxury and quality. Among the signature innovations of Sugarfina's branding is its presentation of candy in museum-quality Lucite that emphasizes the artisanal and rarified quality of a gourmet small-portion tasting experience. Because of its innovative packaging and distinctive design, coupled with impeccable attention to the quality of its candy, Sugarfina products continue to thrive.

8. Sugarfina's creative achievements have resulted in broad intellectual property protection for Sugarfina's innovations, including design patents, trademarks, copyrights, and trade dress protection. Because of its success, Sugarfina's innovations have been the subject of emulation by its competitors, who have attempted to capitalize on Sugarfina's success by imitating Sugarfina's innovative, elegant, and distinctive products and packaging.

9. Among these imitators are Defendants, who have introduced a line of products to compete with Sugarfina products. Defendants are a part of a conglomerate owned and controlled by television personality, Marcus Lemonis. Mr. Lemonis is the star of the CNBC show, "The Profit," which follows Mr. Lemonis as he acquires and "turns around" struggling businesses. Defendants Sweet Pete's and Farrell's are two of those "success stories." Unfortunately, their

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

"turn around" strategy focused on ripping-off Sugarfina's intellectual property. Instead of pursuing independent product development, Defendants have chosen not only to copy Sugarfina's innovative, distinctive, and elegant product and packaging design, but have also copied the types of candy, and protectable names, offered by Sugarfina, in violation of Sugarfina's valuable intellectual property rights.

10.     As alleged below, Defendants have made and packaged their candy to look like Sugarfina's products through widespread copyright, trademark, and trade dress infringement.

11.     By this action, Sugarfina seeks to put a stop to Defendants' illegal conduct and obtain compensation for the violations that have occurred thus far.

## THE PARTIES

12.     Plaintiff Sugarfina is a Delaware corporation having its principal place of business at 1700 East Walnut Avenue, El Segundo, California 90245.

13.     Defendant Sweet Pete's, LLC is a Florida limited liability company with its principal office at 400 North Hogan Street, Jacksonville, Florida 32202.

14.     On information and belief, Defendant Marcus Lemonis is an individual residing in Illinois.  Mr. Lemonis is the star of the reality television show on CNBC *The Profit*, which has featured both Sweet Pete's and Farrell's.

15.     On information and belief, Defendant ML Sweets LLC is a Delaware limited liability company with its principal office at 794 Penllyn Blue Bell Pike, Blue Bell, Pennsylvania 19422.  ML Sweets, LLC is one of the managers of Sweet Pete's, LLC.  The sole manager of ML Sweets, LLC is Marcus Lemonis.

16.     On information and belief, Defendant Peter Behringer is an individual that may be contacted at 400 North Hogan Street, Jacksonville, Florida 32202. Mr. Behringer is the founder of Sweet Pete's.

17.     On information and belief, Defendant Allison Behringer is an individual that may be contacted at 400 North Hogan Street, Jacksonville, Florida 32202.  Ms. Behringer is the wife of Peter Behringer.  Ms. Behringer is one of the

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    managers of Sweet Pete's and one of the managers of Farrell's.

2         18.    On information and belief, Defendant Farrell's (i.e., ML Buena Park,

3    LLC, dba Farrell's) is a Delaware limited liability company with a place of business

4    at 8650 Beach Boulevard, Buena Park, CA 90620.  According to the Orange

5    County Clerk Recorder's records, File No. 20176479608, Farrell's holds

6    registrations for the fictitious business names of Sweet Pete's and Farrell's.

7    Sugarfina is informed and believes that Farrell's is the franchisor of "Farrell's"-

8    branded restaurants in other locations, including in Brea, California.

9         19.    On information and belief, Defendant ML Food Group, LLC is a

10   Delaware limited liability company with a place of business at 794 Penllyn Blue

11   Bell Pike, Suite 219, Blue Bell, Pennsylvania 19422.  ML Food Group, LLC is one

12   of the managers of Farrell's.  The sole manager of ML Food Group, LLC is Marcus

13   Lemonis.

14        20.    Plaintiff is informed and believes, and based thereon alleges, that at

15   all times herein mentioned, each of the Defendants was the agent, servant,

16   employee, and/or alter ego of each of the other Defendants, and in doing the things

17   hereinafter alleged, was acting within the course and scope of said agency and/or

18   employment, and with the permission and consent, express and/or implied, of the

19   other Defendants herein.  A unity of interest and ownership exists between and

20   among the Defendants such that there is no distinction between or among the

21   Defendants and if the acts alleged herein by one Defendant are treated as the acts of

22   that Defendant alone, an inequitable result will follow.  On information and belief,

23   Defendants have utilized these entities to commit the wrongs alleged herein, to

24   shield themselves from personal liability for their conduct, and to hinder, delay,

25   and/or defraud others. In order to effect justice herein, the corporate fiction

26   maintained by Defendants must be pierced, all relief and damages should be

27   awarded against all Defendants jointly and severally, and all acts of the Defendants

28   should be treated as the acts of the other Defendants.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## JURISDICTION

21.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents, copyrights, or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

22.     This Court has personal jurisdiction over Defendants because they have a regularly established place of business in this District, they have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271, 15 U.S.C. §§ 1114 and 1125, and 17 U.S.C. §§ 101 *et seq.*, and place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District.  The acts by Defendants cause injury to Sugarfina within this District.

23.     Upon information and belief, Defendants also derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, derive substantial revenue from interstate and international commerce, and have a regularly established place of business in this District.

## VENUE

24.     Venue is proper within this District under 28 U.S.C. §§ 1391(b) and 1367(a) because Defendants transact business within this district including having a regularly established place of business in this district and offering for sale in this district products that infringe the Sugarfina trade dress, copyrights and trademarks. In addition, venue is proper because Sugarfina's principal place of business is in this district and Sugarfina suffered harm in this district.  Moreover, a substantial part of the events giving rise to the claim occurred in this district.

/ / /

# **BACKGROUND**

## ***Sugarfina's Innovations***

25.     Sugarfina is a luxury candy boutique well recognized for its distinctive products sold under the SUGARFINA® brand using novel and original designs in its packaging.  Defendants are well aware that Sugarfina is the owner of numerous trademark registrations and copyright registrations, including the following (having received a cease and desist letter dated March 15, 2016).

- U.S. Copyright Reg. No. VA0001963483
- U.S. Copyright Reg. No. VA0001963482

26.     As a direct result of its innovative and distinctive design and packaging, Sugarfina products have been a great success, and their packaging, colors, and presentation have immediately become uniquely associated with Sugarfina as their source.

27.     Sugarfina products, with its branded packaging, have been extensively advertised throughout the United States to capitalize on the existing distribution channels, including social media and internet marketing, with the vast majority of the advertisements featuring photographs of the distinctive design of the Sugarfina products.

28.     In addition, Sugarfina's products have received unsolicited comment and attention in print and social media throughout the world.  Each new Sugarfina product is the subject of positive commentary and receives unsolicited praise from independent social commentators.  Frequently, these unsolicited commentaries are accompanied by images of various Sugarfina products, including their unique packaging.

29.     The Sugarfina product design has come to represent and symbolize the superb quality of Sugarfina's products and enjoys substantial goodwill among consumers.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

30.     Sugarfina has received a number of awards for its signature designs and innovations including, but not limited to, the Addy Gold award and the Chain Store Age Breakout Retailer award.

### *Sugarfina's IP Rights*

### *Sugarfina's Trademarks*

31.     Defendants' products are not merely likely to confuse customers; they are certain to confuse customers, and have actually confused customers, as Defendants use exact or near-exact replicas of Sugarfina's marks, including the following, in connection with the sale and marketing of their products:

- SUGARFINA®
- CUBA LIBRE®
- PEACH BELLINI®
- FRUTTINI™
- CANDY BENTO BOX®
- CANDY CUBE™
- CANDY CONCIERGE™

32.     Defendants' use of Sugarfina's marks creates a high likelihood of confusion, as Defendants alter virtually nothing about the marks and intentionally import the entire appearance, sound, and meaning of Sugarfina's marks to profit from the customer's association of the marks with Sugarfina.  Defendants also timed their use of Sugarfina's marks to follow closely after Sugarfina's first use.

33.     SUGARFINA®—attached as Exhibit 1 is a true and correct copy of U.S. Registration No. 4,677,276.  Sugarfina first used the SUGARFINA mark on July 16, 2012, and filed a trademark application for this mark on June 3, 2013.

34.     At least as early as 2017, shortly after Plaintiffs filed the original Complaint in this matter, Defendants began using an identical mark to redirect internet traffic to Defendants.  More specifically, the protected mark SUGARFINA® is used in its entirety by Defendants as an "AdWord" purchased

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  through Google to prioritize the placement of Defendants' advertisements, websites

2  and products.  Under the totality of circumstances, including the timing of

3  Defendants' purchase of the "Sugarfina" AdWord and the wholesale infringement

4  of Sugarfina's trade dress, trademark, and copyright rights, the sum effect of

5  Defendants' infringing use of the SUGARFINA® mark is to confuse customers

6  into finding Sweet Pete's when they are looking for Sugarfina.

7         35.    CUBA LIBRE®—attached as Exhibit 2 is a true and correct copy of

8  U.S. Registration No. 4,943,322.  Sugarfina first used the CUBA LIBRE® mark on

9  June 6, 2012, and filed a trademark application for this mark on August 14, 2015.

10 Defendants began using the same mark on a similar product shortly after Sugarfina

11 in 2016.

12        36.    The protected mark CUBA LIBRE® is used in its entirety on

13 Defendants' product—i.e., with the same appearance and sound. Both products are

14 gummy candies—i.e., with the same meaning. On both products, the mark appears

15 on a die-cut label consisting of a circle and a strip over a clear cube, making the

16 overall look and feel of Defendants' use of the mark similar to Sugarfina's.

17        37.    PEACH BELLINI®—attached as Exhibit 3 is a true and correct copy

18 of U.S. Registration No. 4,981752.  Sugarfina first used the PEACH BELLINI®

19 mark on December 3, 2013, and filed a trademark application for this mark on

20 August 14, 2015.  Defendants began using the same mark on a similar product in

21 2016.

22        38.    The protected mark PEACH BELLINI® is used in its entirety on

23 Defendants' product—i.e., with the same appearance and sound. Both products are

24 gummy candies—i.e., with the same meaning. On both products, the mark appears

25 on a die-cut label consisting of a circle and a strip over a clear cube, making the

26 overall look and feel of Defendants' use of the mark similar to Sugarfina's.

27        39.    FRUTTINI—Sugarfina has common law trademark rights in the

28 FRUTTINI mark.  Sugarfina began offering Blood Orange FRUTTINI and Italian

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Lemon FRUTTINI at least as early as August 2015. Defendants began using a similar mark for the same purpose in 2016.

40.    The protected mark FRUTTINI is used in its entirety, though with a slight spelling variation, on Defendants' product—i.e., with the same appearance and sound. Both products are gummy candies—i.e., with the same meaning. On both products, the mark appears on a die-cut label consisting of a circle and a strip over a clear cube, making the overall look and feel of Defendants' use of the mark similar to Sugarfina's.

41.    CANDY BENTO BOX®—attached as Exhibit 4 is a true and correct copy of U.S. Registration No. 4,838,646. Sugarfina first used the CANDY BENTO BOX® mark on November 23, 2013, and filed a trademark application for this mark on January 15, 2015. Defendants began calling their candy boxes "candy bento boxes" and "bento" boxes in 2016.

42.    Again, the protected mark CANDY BENTO BOX® is used in its entirety on Defendants' product—i.e., with the same appearance and sound. Both products are candy boxes in which a number of smaller CANDY CUBES™ are nested within—i.e., with the same meaning.

43.    CANDY CUBE™— attached as Exhibit 5 is a true and correct copy of U.S. Application No. 87/264,489. Sugarfina began using CANDY CUBE™ on or around 2013 and filed a trademark application for this mark on December 11, 2016. Sugarfina also has common law trademark rights in the CANDY CUBE mark. Sweet Pete's began using the same mark on identical packaging in 2016.

44.    The protected mark CANDY CUBE™ is used in its entirety on Defendants' product—i.e., with the same appearance and sound. Both products are packaging for candies—i.e., with the same meaning. On both products, the mark appears on a die-cut label consisting of a circle and a strip over a clear cube, making the overall look and feel of Defendants' use of the mark similar to Sugarfina's.

36250615

- 9 -

45.    CANDY CONCIERGE—Sugarfina has common law trademark rights in the CANDY CONCIERGE mark.  Sugarfina began calling its customer service team the CANDY CONCIERGE in 2013.  Defendants began using the same mark for the identical purpose in 2016.

46.    The protected mark CANDY CONCIERGE is used in its entirety on Sweet Pete's website—i.e., with the same appearance and sound. Both uses of CANDY CONCIERGE refer to the respective companies' customer service team— i.e., with the same meaning.

### *Sugarfina's Trade Dress*

47.    Sugarfina holds trade dress protection in the design and appearance of all of its confectionaries' offerings, together with their distinctive product packaging.

48.    Sugarfina's product packaging and presentation are radically different from the candy stores that preceded it.  It has a distinctive presentation and appearance—a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales techniques.  As shown below, the end result is a luxury product that is accessible and visually appealing to the ordinary observer.  Sugarfina's product design immediately became closely associated with Sugarfina.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 10 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545













2014 VALENTINE'S DAY









49.     Each of these elements of the Sugarfina products is distinctive and serves to identify Sugarfina as the source of its products.

50.     The following elements of Sugarfina's product packaging designs comprise the trade dress at issue in this case (the "Sugarfina Trade Dress"):

- an individual clear cube with a label with a patterned band and shapes (namely, circles, diamonds, or hearts), and a tapered end-tab containing candy product, as depicted above and in Paragraph 73;

- a rectangular product package with minimal lettering;

- a magnetic flap on the product package;

- the inside bottom surface of the product package dominated by a series of cube wells or trays;

- the series of clear cubes with labels with a patterned band and shapes (namely, circles, diamonds, or hearts), and a tapered end-tab containing candy product that each reside in a corresponding cube inside the box;

- in-store arrangement of individual cubes (including on a "candy wall" comprised of multiple shelves) bearing individual cubes arranged in repetitive and/or stacked patterns, as depicted above and in Paragraph 73.

51.     Despite being on clear notice of infringement of these and other intellectual property rights owned by Sugarfina, Defendants have capitalized on Sugarfina's distinctive, novel, and original designs that customers have come to associate with the high quality and innovative candy products that Sugarfina offers.

52.     Defendants have purposely taken steps to increase their similarity to Sugarfina, and to encourage consumers to confuse the two brands to profit from the goodwill Sugarfina has acquired through its careful and diligent marketing.

*Sugarfina's Copyrights*

53.     Sugarfina has protected its innovative designs and packaging through copyrights registered with the United States Copyright Office.  The Sugarfina copyrights cover the same famous and original ornamental features of Sugarfina

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

candy packaging, such as the spaced cube arrangement, the spaced cube receiving wells, and the distinctive use of a box to hold the clear cubes.

54.    Sugarfina owns all right, title, and interest in and to each of the following asserted copyrights, true and correct copies of which are attached as Exhibits 6 and 7: Reg. Nos. VA0001963482 and VA0001963483.

### *Defendants' Infringing Products*

55.    Defendants have imported into or sold in the United States the following products, each of which infringes one or more of Sugarfina's Intellectual Property Rights: "Cuba Libre Cocktail," "Ooh So Organic Peach Bellini," "Candy Bento Box" or "Bento" box, "Passion Fruitini," and "Candy Cube," among others (collectively, the "Accused Products"). Attached as Exhibit 8 is a true and correct copy of the Accused Products.

56.    Rather than innovate and develop its own packaging and unique style for its candy products, Defendants chose to copy Sugarfina's innovative style in these infringing products.

### *Sweet Pete's*

57.    Sweet Pete's had many options in developing its candy. Indeed, Peterbrooke Chocolatier (a predecessor entity to Sweet Pete's) had sold candy for as many as 30 years, but never embodied the same combination of design elements of Sugarfina's presentation.

58.    Sweet Pete's was a failing business prior to its radical transformation into a Sugarfina copycat. As Peter Behringer and Alison Behringer admitted in an episode of the CNBC show, *The Profit*, published on March 28, 2014, at https://www.youtube.com/watch?v=l-kHNxz5NFI&t=178s, Sweet Pete's lost $17,000 that year and lost $3,000 the previous year, even though Sweet Pete's was

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

not paying Peter Behringer even a fair wage of $12.00 per hour as an employee.[1]

Peter Behringer and Alison Behringer made only $10,000 combined in 2013.

59.    Also during this time period before 2014, **none** of Sweet Pete's products were marketed using Sugarfina's intellectual property.  The products shown in the episode of *The Profit* are markedly different from the products sold by Sweet Pete's today, and used generic packaging with an entirely different look and feel from Sugarfina's distinctive packaging.  In contrast to Sugarfina's clean lines, disciplined color palette, and subtle details underscoring the sophisticated tastes of adult customers, Sweet Pete's prior look of carnival motifs of oversized lollipops, chalkboard signage, and wild patterns and colors have the aesthetic of a children's candy store.

 

 

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

---

[1] *See* https://www.youtube.com/watch?v=l-kHNxz5NFI&t=178s, at 6:25 to 7:00.







60.    Marcus Lemonis was undoubtedly aware of Sugarfina when Sweet Pete's undertook to change its packaging and motif.  Indeed, in February 2015, Marcus Lemonis visited Sugarfina's website and opted-in to receive Sugarfina's marketing materials.  Branden Stanley, the Marketing Director at Marcus Lemonis LLC for Sweet Pete's and Farrell's, followed suit by signing-up for Sugarfina's marketing materials shortly after she joined the company in September 2016.  They both continue to receive those materials, but have never made a purchase with Sugarfina.com.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

61.    Sweet Pete's experienced a dramatic turnaround in success and profitability after it began infringing Sugarfina's trade dress, trademarks, and copyrights.  In an episode of the *Shark Tank Podcast*, published on September 21, 2016, at https://www.youtube.com/watch?v=rwpHRzdl5T4, Peter Behringer stated that Sweet Pete's was earning revenue of $260,000 per month (or $3,120,000 per year), up from $7,500 per month (or $90,000 per year) before 2014.[2]  The newly revamped Sweet Pete's is shown to rely heavily on several design elements of the Sugarfina Trade Dress.



---

[2] https://www.youtube.com/watch?v=rwpHRzdl5T4, at 27:05 to 27:32.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545





62.     Thus, without investing any of the resources or innovation required in developing a strong brand identity and intellectual property portfolio, Sweet Pete's reaped all the benefits of Sugarfina's investment and goodwill in the market.

### _Farrell's_

63.     Farrell's has sold candy since 2009.  As with Sweet Pete's, Farrell's candy offerings and marketing were entirely dissimilar from Sugarfina's.  That all

1  changed, however, with Marcus Lemonis's involvement.  The "Farrell's" episode

2  of *The Profit* aired on August 23, 2016 (available at

3  https://www.youtube.com/watch?v=ulLQ_adBbuI).  In that episode, Marcus

4  Lemonis described Farrell's pre-2016 candy store as resembling a local

5  convenience store.[3]  He further opined that the candy store was key to the

6  marketing, and ultimately the success, of Farrell's "because it's the first thing you

7  see when you come into the store."[4]

8       64.    Prior to Farrell's misappropriation of Sugarfina's marketing and

9  branding in its redesigned candy store, Farrell's candy store was a failing business.

10  Farrell's admitted that it made only about $2,000 in candy per month, which Mr.

11  Lemonis described as "terrible."[5]

12      65.    Also, during this time period before 2016, *none* of Farrell's products

13  were marketed using Sugarfina's intellectual property.  The products shown in the

14  episode of *The Profit* are markedly different from the products sold by Farrell's

15  today, and used generic packaging with an entirely different look and feel from

16  Sugarfina's distinctive packaging.  Here are pictures from the episode of Farrell's

17  candy offerings before Marcus Lemonis's involvement.

18

19

20

21

22

23

24

25

26

---

[3] *See* https://www.youtube.com/watch?v=ulLQ_adBbuI, at 8:38.

[4] *See id.* at 9:17.

[5] *See id.* at 9:38.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545





36250615





TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





66.    As depicted below, after its "turn around" and re-launch, the newly revamped Farrell's is shown to rely heavily on several design elements that have become strongly associated with Sugarfina and established good will with the purchasing public.  Similar to the formula for Sweet Pete's "turn-around," the Farrell's recipe for success is based in large part on utilizing Sugarfina's signature packaging, motif, and look and feel.



 

67.    In an episode of the Shark Tank Podcast, published on September 8, 2016, at https://www.youtube.com/watch?v=ywA23GXdX_0, Farrell's employee and part-owner Travis Lee attributed Farrell's newfound success to the very branding initiatives that Sweet Pete's stole from Sugarfina: "Allison and Pete have been a major part of in this rebranding of Farrell's. . . . ***What they are most famous for are their cubes*** and their sea salt caramels and their fine chocolates, and now we have all of that stuff in our Farrell's location."[6]  Mr. Lee further stated that the infringing Farrell's-branded candy cubes were available for sale online and through Sweet Pete's stores.[7]  As discussed, they are also now available directly on Farrell's own websites and in its restaurants.

### *Infringement of Sugarfina's Trademarks*

68.    In addition to copying the Sugarfina Trade Dress, Sweet Pete's has also copied and sells (and Farrell's sells) numerous products in which Sugarfina has valid trademark rights, as shown below:

---

[6] *See* https://www.youtube.com/watch?v=ywA23GXdX_0, at 6:14.
[7] *See id.* at 15:56.

a.    **CUBA LIBRE®**

| *Sugarfina's Original Use* | *Defendants' Infringing Use* |
|---|---|
|  |  |

b.    **PEACH BELLINI®**

| *Sugarfina's Original Use* | *Defendants' Infringing Use* |
|---|---|
|  |  |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

36250615

c.    **FRUTTINI**

| Sugarfina's Original Use | Defendants' Infringing Use |
|---|---|



d.    **CANDY BENTO BOX®**

| Sugarfina's Original Use | Defendants' Infringing Use |
|---|---|

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

e.    **CANDY CUBE**

| Sugarfina's Original Use | Defendants' Infringing Use |
|---|---|



f.    **CANDY CONCIERGE**

| Sugarfina's Original Use | Defendants' Infringing Use |
|---|---|

g.    **SUGARFINA**

69.    In addition, Defendants have deliberately taken steps to misappropriate Sugarfina's valuable brand by redirecting customers searching for Sugarfina products on the internet to Defendant's advertisements, websites, and products. As shown below, by purchasing the AdWord SUGARFINA® to prioritize the placement of Defendants' advertisements following a Google search for

36250615                                    - 27 -

1  SUGARFINA®, Defendants invite consumer confusion and admit that they make

2  knowing efforts to tie Sweet Pete's to Sugarfina and its goodwill, and purposefully

3  to market Sweet Pete's products to Sugarfina's customers and potential customers.



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

11  70.    Defendants' use of various trade names that infringe Sugarfina's

12  trademark rights, particularly in combination with its adoption of a trade dress that

13  copies the Sugarfina Trade Dress as described below, is likely to cause confusion or

14  mistake, or to deceive consumers, purchasers, and others into thinking that Sweet

15  Pete's and Farrell's products are Sugarfina products, or that they are sponsored by

16  or affiliated with Sugarfina, when they are not.

17  71.    Sugarfina's goodwill among consumers is closely tied to its position as

18  an outlier in confectioners' products—that of luxury and sophistication.

19  Defendants' flagrant and relentless copying of Sugarfina's intellectual property

20  rights in its candy products not only allows Defendants to benefit from Sugarfina's

21  investment, but it also threatens to diminish the very important goodwill that

22  Sugarfina has cultivated with its products.  The value of such goodwill is evident in

23  part in the success that resulted from Defendants' wrongful appropriation: after

24  stealing Sugarfina's aesthetic and branding strategies, Sweet Pete's was resurrected

25  from a failing company that *lost* $17,000 per year to a profitable company

26  generating an annualized revenue of $3,120,000.

27  72.    Sugarfina's efforts to address Defendants' pervasive copying of

28  Sugarfina's innovations and intellectual property directly with Defendants have

been unsuccessful.  Those efforts included multiple cease and desist letters to Sweet Pete's and follow-up telephone calls to both Peter Behringer and Marcus Lemonis. Defendants chose to infringe Sugarfina's copyright, trade dress, and trademark rights through the design, packaging and promotion of their candy products, and they did so willfully to trade upon the goodwill that Sugarfina has developed in connection with its luxury branded products.

<em>Infringement of Sugarfina's Trade Dress</em>

73.    Sugarfina is informed and believes that Defendants began producing, selling, and marketing its copycat products after Sugarfina's first use of the asserted trade dress.

| *Sugarfina's Original Use* | *Defendants' Infringing Use* |
| --- | --- |
|  | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545







TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28











2014 VALENTINE'S DAY

2016 VALENTINE'S DAY

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
















74.     Each of Defendants' Accused Products embodies a combination of several elements of the Sugarfina Trade Dress identified above, namely, a product configuration with a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales techniques.

75.     Instead of complying with Sugarfina's demand that Defendants cease their unlawful activities, Defendants escalated their unlawful activities and engaged in a coordinated campaign to harm Sugarfina in the marketplace.  Finding the wholesale theft of Sugarfina's intellectual property to be insufficient, Defendants also used Mr. Lemonis's public platform as a television celebrity to stoke anger against Sugarfina and to promote the sale by Sweet Pete's of the very items at issue here.  As shown below, Defendants widely broadcasted on Facebook, without any basis, that Sugarfina has a "habit" of suing others.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545





76.    These statements are demonstrably false and made in bad faith, as this present action against Defendants is the first infringement litigation Sugarfina has ever filed.  In fact, this present action against Defendant is the first time Sugarfina has ever been the plaintiff in any kind of litigation.

77.     To date, these statements have been disseminated to Mr. Lemonis's approximately 830,000 Facebook followers, and to Sweet Pete's approximately 46,500 Facebook followers.

### *Infringement of Sugarfina's Copyrights*

78.     Sugarfina also has copyright protections for its three-piece designer candy boxes and its designer candy bento boxes at Reg. Nos. VA0001963482 and VA0001963483.

79.     Defendants have had access to the copyrighted candy boxes because Sugarfina has been selling and marketing them to the public, in the same industry and using the same marketing channels as Defendants, since at least as early as their copyright registrations in 2013.

80.     In a blatant attempt to copy Sugarfina, Defendants designed and developed near exact imitations of Sugarfina's registered works.

81.     At least as early as 2016, Defendants began actively selling these infringing products to retailers and unwitting consumers.  Defendants' infringing products are strikingly similar imitations of Sugarfina's protected products. Defendants copied all the original and distinctive qualities of Sugarfina's products, including the configuration of three-by-three cells or three cells of transparent cubes spaced apart and nested fully within a rectangular box with high, straight walls; the use of a die-cut labels on the clear cubes within the outer box; and specific graphic elements designed by Sugarfina, such as the prints, patterns, and colors imprinted on the boxes and labels.

82.     Defendants have no license from Sugarfina to make replicas of Sugarfina's registered original works.  On the contrary, at least as early as March 15, 2016, Sugarfina demanded that Defendants cease their infringing activities. Defendants refused to comply and continued knowingly and willfully to create, market, and distribute products infringing Sugarfina's copyrights.

/ / /

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# **FIRST CLAIM FOR RELIEF**

## **(Trade Dress Infringement)**

## **(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

83.     Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

84.     Sugarfina is the owner of all right and title to the distinctive Sugarfina Trade Dress.  The Sugarfina Trade Dress, as embodied in Sugarfina products, has acquired secondary meaning, and is not functional.  In addition, the Sugarfina Trade Dress, embodied in the packaging for the Sugarfina products, is inherently distinctive and not functional.

85.     In addition, based on extensive and consistent advertising, promotion and sales throughout the United States, the Sugarfina Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Sugarfina as the source of these products.

86.     Sugarfina's extensive promotion of the distinctive Sugarfina Trade Dress has resulted in Sugarfina's acquisition of valuable, legally protected rights in the Sugarfina Trade Dress as well as considerable customer goodwill.

87.     Defendants' line of products has misappropriated the Sugarfina Trade Dress by mimicking a combination of several elements of that trade dress. The manufacture and distribution of Defendants' products with packaging and product design features that mimic a combination of several elements of the Sugarfina Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Defendants' goods, services or commercial activities.

88.     Defendants' actions constitute unfair competition and false designation or origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

89.    Defendants knew of the Sugarfina Trade Dress when they designed their products, and at least as early as March 15, 2016, have refused to change their product or packaging design in response to Sugarfina's request.  Accordingly, Defendants' infringement has been and continues to be intentional, willful and without regard to Sugarfina's rights in the Sugarfina Trade Dress.

90.    As a direct and proximate result of Defendants' unlawful acts and practices, including those set forth above, Defendants have caused, are causing, and unless immediately enjoined by this Court, will continue to cause immediate and irreparable harm to Sugarfina, for which there is no adequate remedy at law, and for which it is entitled to injunctive relief.

91.    Sugarfina is informed and believes, and on that basis, alleges, that Defendants have gained profits by virtue of their infringement of the Sugarfina Trade Dress.

92.    Sugarfina also has sustained damages as a direct and proximate result of Defendants' infringement of the Sugarfina Trade Dress in an amount to be proven at trial.

93.    Because Defendants' actions have been willful, Sugarfina is entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement)

### (15 U.S.C. § 1114)

94.    Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

95.    Sugarfina owns three federal trademark registrations for the distinctive naming of several of its product lines, i.e., the Registered Trademarks.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

96.    The Defendants' line of products has infringed the Registered Trademarks by using identical names in Defendants' products.

97.    Defendants' use of its infringing product lineup is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Defendants' goods, services or commercial activities.

98.    Defendants' use of the infringing product lineup enables Defendants to benefit unfairly from Sugarfina's reputation and success, thereby giving Defendants sales and commercial value they otherwise would not have.

99.    Before Defendants' first use of the infringing product lineup, Defendants were aware of Sugarfina's business and had either actual notice and knowledge, or constructive notice of, Sugarfina's Registered Trademarks.

100.    Defendants' unauthorized use of the infringing product lineup is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of Defendants' products and/or to cause confusion or mistake as to any affiliation, connection or association between Sugarfina and Defendants, in violation of 15 U.S.C. § 1114(a).

101.    Sugarfina is informed and believes, and on that basis alleges, that Defendants' infringement of Sugarfina's Registered Trademarks as described herein has been and continues to be intentional, willful and without regard to Sugarfina's rights.

102.    Sugarfina is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of Sugarfina's Registered Trademarks.

103.    Sugarfina will suffer and is suffering irreparable harm from Defendants' infringement of Registered Trademarks insofar as Sugarfina's invaluable goodwill is being eroded by continuing infringement.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

104. Sugarfina has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from Defendants' infringing activities. Pursuant to 15 U.S.C. § 1116, Sugarfina is entitled to an injunction against Defendants' continuing infringement of Sugarfina's Registered Trademarks. Unless enjoined, Defendants will continue their infringing conduct.

105. Because Defendants' actions have been committed with intent to damage Sugarfina and to confuse and deceive the public, Sugarfina is entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

### (15 U.S.C. § 1125)

106. Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

107. Sugarfina has prior rights in Sugarfina's Registered Trademarks and other unregistered marks, including SUGARFINA, CUBA LIBRE, PEACH BELLINI, FRUTTINI, CANDY BENTO BOX, CANDY CUBE, and CANDY CONCIERGE.

108. Defendants' product lineup has infringed Sugarfina's Registered Trademarks and unregistered common law marks by using identical or similar names in Defendants' products.

109. Defendants' use of its infringing naming convention is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Defendants' goods, services or commercial activities.

110.    Defendants' use of the infringing product lineup enables Defendants to benefit unfairly from Sugarfina's reputation and success, thereby giving Defendants sales and commercial value they otherwise would not have.

111.    Prior to Defendants' first use of the infringing marks, Defendants were aware of Sugarfina's business and had either actual notice and knowledge, or constructive notice of Sugarfina's Registered Trademarks and other unregistered marks.

112.    Defendants' unauthorized use of the infringing product lineup is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of Defendants' product lineup and/or to cause confusion or mistake as to any affiliation, connection or association between Sugarfina and Defendants, in violation of 15 U.S.C. § 1125(a).

113.    Sugarfina is informed and believes, and on that basis alleges, that Defendants' infringement of Sugarfina's Registered Trademarks and unregistered marks, as described herein, has been and continues to be intentional, willful and without regard to Sugarfina's rights in its Registered Trademarks and unregistered common law marks.

114.    Sugarfina is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of Sugarfina's Registered Trademarks and unregistered common law marks.

115.    Sugarfina will suffer and is suffering irreparable harm from Defendants' infringement of Sugarfina's Registered Trademarks and unregistered common law marks insofar as Sugarfina's invaluable goodwill is being eroded by Defendants' continuing infringement.  Sugarfina has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from the Defendants' infringing activities.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 40 -

116.     Sugarfina is entitled to an injunction against Defendants' continuing infringement of Sugarfina's Registered Trademarks and unregistered common law marks.  Unless enjoined, Defendants will continue its infringing conduct.

117.     Because Defendants' actions have been committed with intent to damage Sugarfina and to confuse and deceive the public, Sugarfina is entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

## FOURTH CLAIM FOR RELIEF

### (Unfair Business Practices – California Business and Professions Code § 17200, *et seq.*)

118.     Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

119.     The acts of Defendants described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, *et seq.*

120.     Sugarfina has valid and protectable prior rights in the Sugarfina Trade Dress, and the Registered Trademarks. The Sugarfina Trade Dress identifies Sugarfina as the source of its candy products.  The Sugarfina Trade Dress is inherently distinctive, and, through Sugarfina's long use, has come to be associated solely with Sugarfina as the source of the products on which it is used.

121.     Defendants' use of its infringing trade dress is likely to cause confusion as to the source of Defendants' products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Defendants and Sugarfina or that Defendants' products are affiliated with or sponsored by Sugarfina.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

122.    The above-described acts and practices by Defendants are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

123.    The above-described acts constitute unfair competition and trade dress and trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of California Business & Professions Code §§ 17200, *et seq.*

124.    Defendants acted willfully and intentionally in designing its infringing trade dress and product packaging, with full knowledge of Sugarfina's prior rights in the distinctive Sugarfina Trade Dress, Registered Trademarks, and its common law trademarks, and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Defendants and Sugarfina or between Defendants' products and Sugarfina's products.

125.    The unlawful and fraudulent business practices of Defendants described above present a continuing threat to, and is meant to deceive members of, the public in that Defendants desire to promote their products by wrongfully trading on the goodwill of the Sugarfina Trade Dress, the Registered Trademarks, and its common law trademarks.

126.    As a direct and proximate result of these acts, Defendants have received, and will continue to profit from, the strength of the Sugarfina Trade Dress, the Registered Marks, Sugarfina's common law trademarks.

127.    As a direct and proximate result of Defendants' wrongful conduct, Sugarfina has been injured in fact and has lost money and profits, and such harm will continue unless Defendants' acts are enjoined by the Court.

128.    Sugarfina has no adequate remedy at law for Defendants' continuing violation of Sugarfina's rights.

129.    Defendants should be required to restore to Sugarfina any and all profits earned as a result of their unlawful and fraudulent actions, or provide Sugarfina with any other restitutionary relief as the Court deems appropriate.

**FIFTH CLAIM FOR RELIEF**

**(Copyright Infringement)**

**(17 U.S.C. §§ 101, *et. seq.*)**

130.    Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

131.    Sugarfina is the owner of exclusive rights under copyright with respect to the three-piece designer candy box and the designer candy bento box, Reg. Nos. VA0001963482 and VA0001963483.

132.    Sugarfina has never granted to Defendants any license to make or market any unauthorized copies of, or derivative works based on, Sugarfina's products or registered works.

133.    By means of the actions complained of herein, Defendants have infringed and will continue to infringe Sugarfina's copyright in and relating to its registered works by creating, reproducing, distributing, selling, and/or offering for sale infringing products and product packaging containing strikingly similar reproductions of the registered works without authorization from Sugarfina.

134.    Sugarfina is entitled to an injunction restraining Defendants, and all persons acting in concert with it, from engaging in further acts in violation of the copyright laws.

135.    Sugarfina is further entitled to recover from Defendants the damages Sugarfina has sustained, and will sustain, as a result of Defendants' wrongful acts in an amount to be proven at trial.  Sugarfina is further entitled to recover from Defendants any gains, profits, and advantages Defendants have obtained as a result of their wrongful acts.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

136.   Sugarfina is also entitled to damages, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq.*, for Defendants' willful and continued infringement of the registered works and attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### (Trade Libel)

137.   Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

138.   On June 17, 2017, Mr. Lemonis and Sweet Pete's, in coordination with each other and the other Defendants, published identical posts on Facebook referring to this instant lawsuit: "It's total bs and based on public records they [Sugarfina] have a habit of doing it to others."  These posts, hereinafter referred to as the "Defamatory Comments," were disseminated and published to Mr. Lemonis's approximately 830,000 Facebook followers and Sweet Pete's approximately 46,500 Facebook followers.

139.   The Defamatory Comments were made of and concerning Sugarfina's business and were so understood by those who read them.  Sugarfina relies heavily on its reputation for fair dealing and originality in holding itself out as a leading innovator in the confectionary industry.  Sugarfina's intellectual property is unique and proprietary to Sugarfina and carefully enforced so as to maintain Sugarfina's valuable brand equity.

140.   The Defamatory Comments disparaged Sugarfina in that they impute to Sugarfina a lack of honesty and integrity in its business dealings and accuse it of engaging in frivolous litigation in order to vex and harass its competitors to obtain an unfair advantage in the marketplace.

141.   On information and belief, the Defamatory Comments by Mr. Lemonis and Sweet Pete's have been repeated by Defendants to others on other occasions, and/or the other Defendants have ratified, endorsed, authorized or

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

otherwise consented to such comments.  The above-described comments were spoken without justification and without privilege.

142.    The Defamatory Comments are false.

143.    Defendants communicated the Defamatory Comments with knowledge of their falsity or with reckless disregard for their truth or falsity.

144.    As a proximate result of Defendants' publication of the Defamatory Comments, prospective customers have been deterred from purchasing products from Sugarfina and from otherwise dealing with Sugarfina.

145.    By making the Defamatory Comments concerning Sugarfina's originality, integrity, and/or competitive strategies, Defendants acted with malice, oppression and fraud in that they were motivated by ill will, hatred toward Sugarfina and an attempt to seek an unfair competitive business advantage. Sugarfina seeks an award of punitive damages based upon this outrageous conduct. On information and belief, Defendants are guilty of oppression, fraud or malice within the meaning of California Civil Code section 3294 and authorized, ratified, or performed the acts, entitling Sugarfina to punitive or exemplary damages in an amount appropriate to punish Defendants and to make an example of them to the community.

## SEVENTH CLAIM FOR RELIEF

### (Civil Conspiracy)

146.    Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

147.    Defendants entered into an agreement, combination, understanding or scheme with the intent of misappropriating Sugarfina's valuable goodwill in the marketplace and deceiving the purchasing public into believing that Defendants' products were associated with and or sponsored by or affiliated with Sugarfina.

148.    Under the direction of Mr. Lemonis, who controls Sweet Pete's and Farrell's, Defendants engaged in a coordinated campaign to undermine and usurp

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   Sugarfina's reputation as a leading innovator in the confectionary industry, not only

2   by their wholesale theft of Sugarfina's intellectual property, but also by

3   misrepresenting Sugarfina as a vexatious competitor who seeks to gain an unfair

4   advantage in the marketplace by means of frivolous litigation.

5       149.    Each Defendant knowingly, voluntarily and intentionally

6   participated as a member of the conspiracy to steal Sugarfina's intellectual property

7   and diminish the value of Sugarfina's brand in the marketplace.

8                        **PRAYER FOR RELIEF**

9       WHEREFORE, Sugarfina prays for relief, as follows:

10      1.      An order preliminarily and permanently enjoining Defendants and

11  their officers, directors, agents, servants, employees, affiliates, attorneys, and all

12  others acting in privity or in concert with them, and their parents, subsidiaries,

13  divisions, successors and assigns, from directly or indirectly infringing the

14  Sugarfina Trade Dress, Registered Trademarks, unregistered common law

15  trademarks, or using any other product or packaging design or designations similar

16  to or likely to cause confusion with the Sugarfina Trade Dress, Registered

17  Trademarks, and unregistered common law trademarks; from passing off

18  Defendants' products as being associated with and or sponsored or affiliated with

19  Sugarfina; from committing any other unfair business practices directed toward

20  obtaining for themselves the business and customers of Sugarfina; and from

21  committing any other unfair business practices directed toward devaluing or

22  diminishing the brand or business of Sugarfina.

23      2.      Actual damages suffered by Sugarfina as a result of Defendants'

24  unlawful conduct, in an amount to be proven at trial, as well as prejudgment

25  interest as authorized by law;

26      3.      Reasonable funds for future corrective advertising;

27      4.      An accounting of Defendants' profits pursuant to 15 U.S.C. § 1117;

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

36250615                          - 46 -

1    5.    A judgment trebling any damages award pursuant to 15 U.S.C.

2  § 1117;

3    6.    Punitive damages pursuant to California Civil Code § 3294;

4    7.    Restitutionary relief against Defendants and in favor of Sugarfina,

5  including disgorgement of wrongfully obtained profits and any other appropriate

6  relief;

7    8.    Costs of suit and reasonable attorneys' fees, including, but not

8  limited to, a finding that this case is exceptional and awarding attorneys' fees and

9  costs pursuant to 35 U.S.C. § 285; and

10    9.    Any other remedy to which Sugarfina may be entitled, including all

11  remedies provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof Code §§ 17200, *et*

12  *seq.,* 17500, *et seq.,* and under any other California law.

13  Dated:  September 7, 2018                Respectfully submitted,

14                                          TROUTMAN SANDERS LLP

15

16                                          By:  /s/ Jenny Kim
                                            Michael D. Hobbs, Jr.
17                                          John Bowler
                                            Austin Padgett
18                                          Jenny Kim

19                                          Attorneys for Plaintiff
                                            SUGARFINA, INC.

20

21

22

23

24

25

26

27

28

# **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury of all triable issues.

Dated:  September 7, 2018                     TROUTMAN SANDERS LLP


By: /s/ Jenny Kim
        Michael D. Hobbs, Jr.
        John Bowler
        Austin Padgett
        Jenny Kim

        Attorneys for Plaintiff
        SUGARFINA, INC.

# EXHIBIT B

Troutman Sanders LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA  30308-2216

troutman.com

**troutman
sanders**

**Michael D. Hobbs, Jr.**
michael.hobbs@troutman.com

July 20, 2018

**VIA EMAIL ONLY**

Michael G. Kelber
Andrew S. Fraker
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-381
Email: mkelber@ngelaw.com
        afraker@nge.com

Karin G. Pagnanelli
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Email: kgp@msk.com

**Re:     Sugarfina, Inc. v. Sweet Pete's LLC, et al.**

Dear Counsel:

This letter is Sugarfina, Inc.'s ("Sugarfina") meet-and-confer request to Defendants Sweet Pete's, Farrell's, Marcus Lemonis, Allison Behringer, Peter Behringer, ML Sweets, and ML Food Group ("Defendants") regarding Defendants' deficient discovery, as outlined below. Sugarfina requests that Defendants supplement their document production to comply with their obligations under the Federal Rules.

**I.    Defendants' Rule 33(d) Interrogatory Responses Must Be Supplemented**

Sugarfina requests that Defendants immediately supplement their Rule 33(d) interrogatory responses. Defendants cited Rule 33(d) in a number of their responses but have failed to fully supplement these responses. For example, Defendants have not yet produced documents sufficient to "[i]dentify the number of the Accused Products sold or offered for sale, the number of customers or potential customers targeted, and an analysis of the revenue, sales, and costs relating to the Accused Products on a monthly, quarterly, and annual basis."[1]

Accordingly, Sugarfina requests that Defendants immediately supplement their responses to Interrogatory Nos. 1, 7, 8, 9, 13, 14, 16, 17, and 18 to Sweet Pete's; 1, 9, 16, and

---

[1] *See* Interrogatory No. 16 to Sweet Pete's; 16 to Farrell's; 16 to ML Sweets.

Michael G. Kelber
Karin G. Pagnanelli
July 20, 2018
Page 2



17 to Farrell's; 1 and 11 to Marcus Lemonis; 1, 6, 7, 8, 10, 11, and 13 to Allison Behringer; 1, 6, 7, 8, 10, 11, and 13 to Peter Behringer; and 14 to ML Sweets.

## II.    Defendants' Financial Documents Must Be Produced

Sugarfina requests that Defendants produce all relevant financial information, including both the production of documents and supplements to the interrogatory responses identified above. Only for one year, 2016, did Sweet Pete's produce a full year's profit and loss statement and balance sheet.[2] For the other years, the production includes only partial information for the profit and loss statement and balance sheet: January to September 2014,[3] January to May 2015,[4] and none for 2017 and 2018. Conversely, the production includes an operational report from January to July 2017,[5] but none for the other years. None of the other relevant entities have produced financial information.

Accordingly, to fill in the obvious holes in Defendants' document production, Defendants must produce at least the following for Sweet Pete's, Camping World, and Marcus Lemonis LLC:

1. Full annual profit and loss statements from 2014 to 2018 (up until Q2)

2. Operational reports from 2014 to 2018

3. Tax returns from 2014 to 2017.

The same information must be produced for Farrell's from 2016 to the present.

Regarding the sales of the Accused Products, Sugarfina's preliminary review of the documents produced indicate that the Accused Products are identified by product names and UPC numbers, including, but not limited to, those listed in the chart in Appendix A.[6] The documents, however, do not reflect the volume of units sold, revenue, and costs relating to the Accused Products on a monthly, quarterly, and annual basis. Therefore, your Rule 33(d) responses relating to the financial data, which is readily available to Defendants with minimal burden, must be supplemented at least with the information sufficient to populate the fields charted in Appendix A.

Similarly, several of Defendants' documents mention that Sweet Pete's uses Quickbooks. For example, an email thread containing a Farrell's sales receipt states, "Did you

---

[2] *See* SP013674.
[3] *See* CW009622.
[4] *See* CW011041.
[5] *See* SP001821.
[6] This non-exclusive list of Accused Products is based on information available in the following documents: SP012045, SP013720, SP014476, SP022752, and SP024654.

Michael G. Kelber
Karin G. Pagnanelli
July 20, 2018
Page 3



send them the credit? How much was the credit? So I can book on Quickbooks."[7] But Defendants have not produced any Quickbooks data. To the extent the interrogatory responses do not accurately reflect the volume of units sold, the revenue, and the costs of the Accused Products, Defendants must supplement their document production with the underlying financial data from their Quickbooks files and/or the raw data in Xcel format.

### III.    Defendants' Basecamp Documents Must Be Produced

Defendants' document production includes email notifications showing that their team members posted updates on the website Basecamp. Many of the produced Basecamp email notifications show that attachments were included in the original Basecamp messages. However, Defendants did not include the attachments in their document production. For example, one Basecamp email notification includes a message about marketing and graphics for Sweet Pete's Fall Bento Insert, showing that two PDFs entitled "Fall Bento Insert" and "Halloween Bento Insert 2" were attached.[8] Another Basecamp email notification discusses coupons and promotions for Sweet Pete's "Gummy Cube" and shows that two screenshots were attached, presumably showing Defendants' products.[9]

These messages and their attachments are relevant to proving Sugarfina's infringement claims, namely that there is a likelihood of confusion between Sugarfina's trade dress and trademarks and Defendants' products. If Defendants do not produce the attachments to their Basecamp email notifications, Sugarfina will be unable to fully understand the context of the messages. Accordingly, Sugarfina requests that Defendants produce messages directly from the Basecamp website, including any attachments included therein, for the following documents:

SP003469, SP013762, SP017299, SP008215, SP005757, SP006253, SP007123, SP007356, SP013152, SP013551, SP016310, SP016377, SP016378, SP016379, SP016380, SP016381, SP016382, SP016461, SP016463, SP016474, SP016493, SP016494, SP016521, SP016543, SP017123, SP017187, SP017198, SP017222, SP017225, SP017239, SP017243, SP017245, SP017296, SP017318, SP017320, SP017405, SP017550, SP017587, SP017670, SP017902, SP017924, SP018108, SP018121, SP018163, SP018458, SP018477, SP018754, SP019124, SP019359, SP019375, SP019380, SP019412, SP019517, SP019623, SP019646, SP019647, SP019919, SP020526, SP020569, SP020570, SP020577, SP021047, SP021083, SP021280, SP021406, SP021956, SP022019, SP022020, SP022022, SP022042, SP024247, SP024520, SP024532, SP024533, SP024596, SP024934, SP025049, SP025059, SP025105, SP025111, SP025112, SP025379, SP025424, SP025438, SP026002, SP009056, SP009062, SP009065, SP009066, SP009077, SP009121, SP009126, SP009272, SP009377, SP009425, SP010004, SP010005.

/ / /

---

[7] *See* SP001136; SP001141.
[8] *See* SP005757.
[9] *See* SP007356.

**troutman**
**sanders**

## IV.    Defendants' Google AdWords Documents Must Be Produced

Defendants produced a May 2014 email string between Good Sam Enterprises' ("Good Sam") employees discussing the performance of Defendants' Google AdWords. Specifically, this email reported on the number of visits, number of conversions, and amount of revenue that Defendants' AdWords generated.[10] Defendants failed to produce any other reports regarding the performance of their AdWords. Significantly, Defendants have produced no documents relating to their AdWords activities around the time they received Sugarfina's demand on June 23, 2017, that Defendants cease and desist using the SUGARFINA® mark

Defendants' AdWords reports are relevant to Sugarfina's claim that Defendants purchased the AdWord SUGARFINA® to prioritize the placement of Defendants' advertisements, websites, and products following a Google search for SUGARFINA®, knowingly tied Sweet Pete's to Sugarfina and its goodwill, and purposefully marketed Sweet Pete's products to Sugarfina's customers and potential customers. Accordingly, Sugarfina requests that Defendants immediately produce all reports regarding the performance of their AdWords.

## V.    Camping World and Good Sam Emails Must Be Dedesignated

Defendants designated several documents disclosed to employees from Camping World Holdings, Inc. ("Camping World") and/or Good Sam as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," including 490 emails that were not even disclosed to Sweet Pete's.[11] The Court's Protective Order defines "confidential" material as:

> [M]aterial the Designating Party believes in good faith is not generally known to others, and that the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iii) believes in good faith to constitute or to contain confidential and/or proprietary information not otherwise known or available to the public. "CONFIDENTIAL" Material shall include all material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing. Any party may use the "CONFIDENTIAL" designation only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information and/or materials could be potentially harmful to the business or operations of the party.[12]

---

[10] *See* SP021683.
[11] *See, e.g.*, SP000180; SP001837.
[12] Dkt. No. 54 at 2.3.

troutman sanders

The Protective Order defines "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" material as:

> [M]aterial the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (1) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iii) believes in good faith constitutes proprietary financial, research, development, technical, or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business or the disclosure of which is likely to cause harm to the competitive position or the Producing Party. Financial Material that comprises proprietary financial or commercial information, including, without limitation, commercial agreements, licenses, and documents reflecting revenue, sales, profits, and/or costs may be designated as "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY." "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Material shall include all material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing.[13]

Any communications between Defendants and third parties (including Camping World and Good Sam) are not confidential and should be designated as such. Defendants have not produced any Non-Disclosure Agreements governing third-party communications, and have not referred to any other duty to keep these documents confidential. Moreover, even if such obligations existed at one point, many of these documents and communications are over four years old and do not contain current competitive information. These documents must be de-designated such that they should not be treated as either CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.

## VI.    Defendants Must Produce A Privilege Log

Finally, Defendants must produce a privilege log to identify documents that were withheld from the production. Sweet Pete's document production has been substantially complete since May 30, 2018, giving Defendants ample time to prepare their privilege logs. To the extent such privilege log relies on relationships with attorneys who are not directly employed with Defendants, the privilege log should also explain the basis for the assertion of an attorney-client relationship.

---

[13] Dkt. No. 54 at 2.4.

Michael G. Kelber
Karin G. Pagnanelli
July 20, 2018
Page 6



VII.    <u>**Conclusion**</u>

Pursuant to Local Rule 37-1, I am requesting a pre-filing conference of counsel. We are required to conduct this conference within 10 days of your receipt of this letter. Below is my availability for this conference. All proposed times are for the Eastern time zone. Please let me know which date and time works best for you. If you refuse to provide your availability for this conference within the proscribed timeframe, pursuant to Local Rule 37-2.4, we will proceed with filing our motion to compel with a declaration of non-cooperation.

Monday July 23, 9:00-11:00; 3:00 -7:00

Tuesday July 24, 9:00 – 10:30; 2:00 – 7:00

Wednesday July 25, 9:00 – 11; 3:30-7:00

Thursday July 26, 9:00-12:00

Sincerely,

*Michael D. Hobbs Jr.*

Michael D. Hobbs, Jr.

cc:    Lance Miller, Esq. (General Counsel at Sugarfina)

Michael G. Kelber
Karin G. Pagnanelli
July 20, 2018
Page 7

**troutman**
**sanders**

## APPENDIX A

## TEMPLATE FOR SUPPLEMENTAL RESPONSE TO
## INTERROGATORY NO. 16 TO SWEET PETE'S[14]

| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Classic Chocolate Raisins Dark | 210000002620 | | | |
| Cube Forbidden Fruit Berries | 602310252744 | | | |
| Cube Rambo Sour Watermelon Logs | 602310252751 | | | |
| Cube Pucker Up Peach | 602310252768 | | | |
| Cube Peanut Butter Toffee Bites | 602310252812 | | | |
| Cube Dark Chocolate Almond Toffee | 602310252836 | | | |
| Cube Fruit Slice | 602310252843 | | | |
| Cube Milk Chocolate Sea Salt Popcorn | 602310253000 | | | |
| Cube Dark Chocolate Sea Salt Popcorn | 602310253017 | | | |
| Cube Ripe Red Raspberries | 602310253192 | | | |
| Cube Burstin' Blue Raspberries | 602310253208 | | | |
| Case Dark Rocky Road oz | 602310253475 | | | |
| Case White Signature Piece oz | 602310253529 | | | |
| Cube Milk Chocolate Pretzel Clusters | 602310253642 | | | |
| Cube Pretzel Clusters Dark | 602310253659 | | | |
| Cube Pretzel Clusters White | 602310253666 | | | |
| Cube Milk Chocolate Haystacks | 602310253673 | | | |
| Cube Dark Chocolate Coconut Haystacks | 602310253680 | | | |
| Cube Candy Tears | 602310253987 | | | |
| Cube Sugar Brains | 602310253994 | | | |
| Cube Fruit Salad | 602310254014 | | | |
| Cube Sundae Coconut | 602310254021 | | | |
| Cube Coconut Watermelon Slice | 602310254038 | | | |
| Cube Coconut Creamsicle | 602310254045 | | | |
| Cube Gummy Alphabet Letter | 602310254052 | | | |
| Cube Mini Neon Sour Worms | 602310254069 | | | |

---

[14] In responding fully to the interrogatory, this chart should be replicated for each of the months and quarters of 2014, 2015, 2016, 2017, and 2018.

Michael G. Kelber
Karin G. Pagnanelli
July 20, 2018
Page 8



| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Rainbow Twister Licorice | 602310254076 | | | |
| Cube Sour Shivers | 602310254113 | | | |
| Cube Kicked Up Lemonade Gumballs | 602310254137 | | | |
| Cube Licorice Laces Black | 602310254144 | | | |
| Cube Apple Dumplin Gumballs | 602310254205 | | | |
| Natural Jelly Beans  Assorted | 602310254212 | | | |
| Cube Peanut Butter Bites | 602310254236 | | | |
| Cube Toffee Hazelnuts | 602310254243 | | | |
| Cube Awesome Blossoms | 602310254427 | | | |
| Cube Paintball Jawbreakers | 602310254441 | | | |
| Cube Enchanted Butterflies | 602310254458 | | | |
| Cube Candy Galaxy | 602310254472 | | | |
| Cube Funny Bones | 602310254502 | | | |
| Cube Guzzling Grape Gumballs | 602310254519 | | | |
| Cube Gummy Centipedes | 602310254533 | | | |
| Cube Dairy Cows | 602310254540 | | | |
| Cube Summer is Here Flip Flops | 602310254557 | | | |
| Cube Swamp Gators | 602310254564 | | | |
| Cube Swines | 602310254571 | | | |
| Cube Outrageous Orange Gumballs | 602310254700 | | | |
| Cube Strawberry Shortcake Gumballs | 602310254724 | | | |
| Cube Sugar Stache | 602310254731 | | | |
| Cube #sweetpetes | 602310254960 | | | |
| Gift Cube Pete's Signature Peanut Butter Meltaways  Dark Chocolate Medium | 602310254984 | | | |
| Cube Candy Chompers | 602310255165 | | | |
| Cube Rainforest Frogs | 602310255172 | | | |
| Cube Sour Farts | 602310255189 | | | |
| Cube Milk Graham Cracker | 602310255738 | | | |
| Cube Graham Cracker Dark Chocolate | 602310255745 | | | |
| Cube Small Sea Salt Caramel Popcorn | 602310256049 | | | |
| Life Swirls On Lollipops Cherry | 602310256056 | | | |
| Life Swirls On Lollipops Cinnamon Ancho | 602310256117 | | | |
| Cube Milk Mint Meltaways | 602310256124 | | | |

Michael G. Kelber
Karin G. Pagnanelli
July 20, 2018
Page 9



| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Pastel Mint Meltaways | 602310256131 | | | |
| Cube Milk Caramel Pecan Clusters | 602310256889 | | | |
| Cube Banarama Marshmallows | 602310256902 | | | |
| Cube Fungidelic Marshmallows | 602310256919 | | | |
| Cube Mister Bear Puff | 602310256926 | | | |
| Cube Tree Hugger Organic Gumballs | 602310256933 | | | |
| Cube Oh My Chai Cordials | 602310256940 | | | |
| Cube Rum Splashed Raisins | 602310256964 | | | |
| Cube Crispy Cookie Crumbs | 602310256971 | | | |
| Cube I Can't Believe It's Buttercrunch | 602310256988 | | | |
| Cube Just One S'more | 602310256995 | | | |
| Cube Strawberry Shake Malt Balls | 602310257039 | | | |
| Cube Mint Gems | 602310257046 | | | |
| Cube Life's A Beach Chocolate Sea Shells | 602310257053 | | | |
| Cube Caramel Pecan Clusters Dark | 602310257329 | | | |
| Life Swirls On Lollipops Key Lime | 602310258630 | | | |
| Cube Ice Cream Sundae Gumballs | 602310258838 | | | |
| Cube Blots Gumballs | 602310258852 | | | |
| Cube Italian Cookie Crumble Gelato | 602310259545 | | | |
| Cube Krispy Krumbs | 602310259569 | | | |
| Cube Aphrodite's Temptations | 602310259576 | | | |
| Cube Sun-Kissed Santorini Oranges | 602310259583 | | | |
| Cube Double Chocolate Coconut Delight | 602310259590 | | | |
| Cube Imperial Kumquat | 602310259606 | | | |
| Cube Dark Chocolate Strawberry Torte | 602310259613 | | | |
| Cube Ball & Chain | 602310259910 | | | |
| Cube Amarena Morsels | 602310259927 | | | |
| Cube Mediterranean Sours | 602310259934 | | | |
| Cube Grecian Citrus | 602310259941 | | | |
| Cube Gourmet Jelly Beans Wild Cherry | 602310260213 | | | |
| Cube Chicken Feet | 602310261036 | | | |
| Gummy Fried Eggs | 602310261067 | | | |
| Cube Wasabi Peas | 602310261524 | | | |

Michael G. Kelber
Karin G. Pagnanelli
July 20, 2018
Page 10

**troutman**
**sanders**

| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Pete's Rockin Bear Peach | 602310261692 | | | |
| Cube Pete's Rockin Bear Pink Grapefruit | 602310261708 | | | |
| Cube Pete's Rockin Bear Strawberry | 602310261715 | | | |
| Cube Pete's Rockin Bear Orange | 602310261722 | | | |
| Cube Pete's Rockin Bear Green Apple | 602310261739 | | | |
| Cube Pete's Rockin Bear Cherry | 602310261746 | | | |
| Cube Pete's Rockin Bear Fruit Salad | 602310261753 | | | |
| Cube Currant-ly Chillin' | 602310261838 | | | |
| Cube Viva La Bubbly | 602310261845 | | | |
| Cube Giant Rattlesnakes | 602310261852 | | | |
| Cube Leap Frogs | 602310261883 | | | |
| Cube Pete's Rockin Bear Assorted | 602310261975 | | | |
| Cube Superfly Octopi | 602310262248 | | | |
| Chocolate Shoe Summer | 712201663686 | | | |
| Cube Orange Taffy | 712201663693 | | | |
| Cube Vanilla Taffy | 712201663709 | | | |
| Cube Cherry Taffy SHIPPING | 712201664003 | | | |
| Cube Candy Blocks | 712201664058 | | | |
| Corporate Bento Box Gift 3 pc | 712201664065 | | | |
| Corporate Bento Box 9 pc | 712201664072 | | | |
| Petes Pick Collection 9 pc | 712201664096 | | | |
| Cube Chocolate Absinthe Cordials | 712201664164 | | | |
| Cube Cognac Cordials | 712201664195 | | | |
| Cube Apricot Mousse | 712201664201 | | | |
| Cube Dark Cranberries | 712201664218 | | | |
| Cube Appletini Cordials | 712201664232 | | | |
| Cube Green Apple Martini | 712201664232 | | | |
| Cube Kelly Green Jordan Almonds | 712201664263 | | | |
| Cube Pastel Pink Jordan Almonds | 712201664270 | | | |
| Cube Sambuca Cordials | 712201664317 | | | |
| Cube Dark Cinnamon | 712201664355 | | | |
| Natural Jelly Beans  Applelicious | 712201664409 | | | |
| Cube Organic Gummy Worms | 712201667158 | | | |
| Cube Assorted Gourmet Jelly Beans | 712201667189 | | | |
| Cube Pink Grapefruit Gummy Bears | 712201667240 | | | |

Michael G. Kelber
Karin G. Pagnanelli
July 20, 2018
Page 11



| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Triple Layer Hearts | 712201667585 | | | |
| Cube Strawberry Shortbread | 712201667820 | | | |
| Cube Fruit Marshmallow Gummy Clouds Blueberry | 712201667844 | | | |
| Cube Rainforest Frogs | 712201667912 | | | |
| Cube Cherry Gummy Rings | 712201667929 | | | |
| Cube Sour Poppers | 712201667936 | | | |
| Cube Malt Balls Mint Chip | 712201667967 | | | |
| Cube Soda Fountain Gumballs | 712201667981 | | | |
| Cube Gumballs Filled Nerds | 712201668018 | | | |
| Cube Root Beer Gumballs | 712201668025 | | | |
| Cube Candy Pebbles | 712201668032 | | | |
| Cube Milk Chocolate Cranberries | 712201668049 | | | |
| Cube Chocolate Brownie Bite | 712201668179 | | | |
| Cube Cookie Dough Bites | 712201668186 | | | |
| Cube Chocolate Dipped Red Fish | 712201668193 | | | |
| Cube Starfish Gummies | 712201668315 | | | |
| Cube Pretzel Twist Dark | 712201668360 | | | |
| Cube Blueberry Taffy | 712201668414 | | | |
| Cube Strawberry Taffy SHIPPING | 712201668421 | | | |
| Cube Assorted Wild Sunflower Seeds | 712201668438 | | | |
| Cube Superfruit Jelly Bean | 712201668445 | | | |
| Cube Razzberry Pucker Bottles | 712201668520 | | | |
| Cube Dark Chocolate Cacao Nibs | 712201668629 | | | |
| Cube Chocolate Trufflez | 712201668636 | | | |
| Cube Nuts for Mint | 712201668643 | | | |
| Cube Purrfect Peach | 720990987203 | | | |
| Cube Lemonade Fizzies | 720990987210 | | | |
| Cube Honey-Do List | 720990987227 | | | |
| Cube Grow a Pear | 720990987234 | | | |
| Cube Cuba Libre Cocktail | 720990987241 | | | |
| Cube Lotta Colada | 720990987258 | | | |
| Cube Jammin' Juicies | 720990987265 | | | |
| Cube Passion Fruitini | 720990987272 | | | |
| Cube Dino DNA | 720990987616 | | | |
| Cube Sugar Shades | 720990987623 | | | |
| Cube Mint Julep | 720990987630 | | | |
| Cube Moo Moo Milkshake | 720990987647 | | | |
| Cube Seahorse Splash | 720990987654 | | | |
| Cube Raspberry Licorice Clouds | 794008940757 | | | |

Michael G. Kelber
Karin G. Pagnanelli
July 20, 2018
Page 12



| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Sugar Free Double Dipped Macadamias | 795008925522 | | | |
| Cube Barista Blend Medley | 795400891791 | | | |
| Cube Natural Apple Jelly Beans | 795400891814 | | | |
| Natural Jelly Beans  Luscious Lemon | 795400891821 | | | |
| Cube Green Beans Orange Punch | 795400891838 | | | |
| Cube Green Beans Apple | 795400891845 | | | |
| Cube Pomegranate Jelly Beans | 795400891845 | | | |
| Natural Jelly Beans  Strawberry | 795400891852 | | | |
| Cube Gourmet Jelly Beans Seedless Grape | 795400891869 | | | |
| Natural Jelly Beans  Black Cherry | 795400891876 | | | |
| Natural Jelly Beans  Pomegranate | 795400891883 | | | |
| Cube Green Beans Root Beer | 795400891890 | | | |
| Natural Jelly Beans  French Vanilla | 795400891913 | | | |
| Cube Gourmet Jelly Beans Cranberry | 795400891920 | | | |
| Cube Apricot Jelly Beans | 795400891951 | | | |
| Cube Gourmet Jelly Beans Pineapple | 795400891968 | | | |
| Cube Gourmet Jelly Beans Watermelon | 795400891982 | | | |
| Cube Gourmet Jelly Beans Grapefruit | 795400892002 | | | |
| Cube Gourmet Jelly Beans Pear | 795400892019 | | | |
| Cube Gourmet Jelly Beans Tropical Coconut | 795400892026 | | | |
| Cube Gourmet Jelly Beans Tangerine | 795400892033 | | | |
| Cube Guava Jelly Bean | 795400892040 | | | |
| Cube Gourmet Jelly Beans Buttered Popcorn | 795400892071 | | | |
| Gourmet Jelly Beans Buttered Popcorn Cube | 795400892071 | | | |
| Cube Chocolate Dipped Strawberries | 795400892088 | | | |
| Cube Dark Brandied Cherries | 795400892095 | | | |
| Cube Nuts for Truffles Almonds | 795400892095 | | | |
| Cube Razzcherries | 795400892101 | | | |
| Cube Wild Blackberries Milk | 795400892118 | | | |

**Michael G. Kelber**
**Karin G. Pagnanelli**
July 20, 2018
Page 13

**troutman**
**sanders**

| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Rockin' Raspberries | 795400892125 | | | |
| Cube Lemon Ginger Blueberries | 795400892132 | | | |
| Cube Chile Lime Mango Chocolates | 795400892149 | | | |
| Cube Down Home Southern Pecans Milk | 795400892156 | | | |
| Cube Classic Milk Cashews | 795400892163 | | | |
| Cube Milk Chocolate Walnuts | 795400892170 | | | |
| Cube Coconut Curry Cashews | 795400892187 | | | |
| Cube Salt Sprinkled Dark Cashews | 795400892194 | | | |
| Cube Salt Sprinkled Milk Cashews | 795400892200 | | | |
| Cube Toffee Hazelnuts | 795400892217 | | | |
| Cube Sugar Free Dark Caramels | 795400892217 | | | |
| Cube Sugar Free Dark Caramels | 795400892217 | | | |
| Cube Chocolate Toffee Hazelnuts | 795400892217 | | | |
| Cube Classic Chocolate Almonds Milk Chocolate | 795400892224 | | | |
| Cube Matcha Green Tea Almonds | 795400892231 | | | |
| Cube Big Easy Praline Almonds | 795400892248 | | | |
| Cube Truffle Almonds | 795400892255 | | | |
| Cube Toffee Almond Bites (Powdered) | 795400892262 | | | |
| Cube Chip Chip Chipotle Dark Almonds | 795400892279 | | | |
| Cube Sweet Soy Lemongrass Almonds | 795400892286 | | | |
| Cube Coffee House Cappuccino Almonds | 795400892293 | | | |
| Cube Macadamia Madness | 795400892309 | | | |
| Cube Pistachio Perfection | 795400892316 | | | |
| Cube Licorice Buttons | 795400892323 | | | |
| Cube Celestial Sours | 795400892330 | | | |
| Cube Raspberry Trufflz | 795400892354 | | | |
| Cube Champagne Trufflz | 795400892361 | | | |
| Cube Cocoa Biscotti | 795400892378 | | | |
| Cube Lemon Blueberry Shortbread | 795400892385 | | | |
| Cube Gingerbread Cookie Bites | 795400892408 | | | |
| Cube Pretzel Bites (Milk) | 795400892415 | | | |
| Cube Bacon Pretzel Bites | 795400892422 | | | |
| Cube Hot Mints | 795400892439 | | | |

**Michael G. Kelber**
**Karin G. Pagnanelli**
July 20, 2018
Page 14

troutman
sanders

| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Dark Chocolate Coffee Toffee | 795400892453 | | | |
| Cube Peanut Butter Toffee | 795400892460 | | | |
| Cube Bacon Toffee Bites | 795400892484 | | | |
| Cube Matcha Green Tea Caramels | 795400892507 | | | |
| Cube Peanut Butter Malt Balls | 795400892521 | | | |
| Cube Organic Gumballs | 795400892712 | | | |
| Pete's Signature Peanut Butter Meltaways Peanut Butter Meltaways Cube | 795400892767 | | | |
| Cube Color Me Nuts | 795400892873 | | | |
| Cube Dark Cashews | 795400892880 | | | |
| Cube White Toffee Cashews | 795400892903 | | | |
| Cube Classic Dark Chocolate Hazelnuts | 795400892910 | | | |
| Cube Milk Hazelnuts | 795400892927 | | | |
| Cube Sticky Buns | 795400892934 | | | |
| Cube Brazilian Beauties | 795400892941 | | | |
| Cube Classic Chocolate Peanuts Dark | 795400892958 | | | |
| Cube Milk Peanuts | 795400892965 | | | |
| Cube Sugar Free Milk Chocolate Peanuts | 795400892972 | | | |
| Cube Dark Raisins | 795400892989 | | | |
| Cube Classic Chocolate Raisins Milk | 795400892996 | | | |
| Cube Vineyard Grape Chocolates | 795400893009 | | | |
| Cube Sugar Free Milk Raisins | 795400893023 | | | |
| Cube Florida Orange Peels Dark | 795400893030 | | | |
| Cube Who Doesn't Love a Ginger | 795400893047 | | | |
| Cube Pineapple Party Dark | 795400893054 | | | |
| Cube Superfood Goji Berries Dark | 795400893061 | | | |
| Cube Superfood Goji Berries Dark | 795400893061 | | | |
| Cube Premium Superfood Pomegranate Seeds | 795400893078 | | | |
| Cube Classic Malt Balls Dark Chocolate | 795400893085 | | | |
| Cube Classic Malt Balls Milk Chocolate | 795400893092 | | | |
| Cube French Vanilla Malt Balls | 795400893108 | | | |
| Cube Malt Balls Ultimate | 795400893115 | | | |

**troutman
sanders**

| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Assorted Candy Coated Malt Balls | 795400893122 | | | |
| Cube Mayan Cayenne Almonds | 795400893139 | | | |
| Cube Sugar Free Dark  Almonds | 795400893146 | | | |
| Cube Sugar Free Almonds Milk Chocolate | 795400893153 | | | |
| Cube Cayenne Chocolates Dark | 795400893177 | | | |
| Cube Dark Rosemary | 795400893184 | | | |
| Cube Lovely Lavender | 795400893191 | | | |
| Cube A Rose Petal by Any Other Name | 795400893207 | | | |
| Cube Florida Orange Blossoms | 795400893214 | | | |
| Cube Lemon Zest | 795400893221 | | | |
| Cube Sea Salt Dark Chocolates | 795400893238 | | | |
| Cube Cinnamon Pecan Bun | 795400893245 | | | |
| Cube Key Lime Cookie Bites | 795400893269 | | | |
| Cube Marzipan Limoncello Pie | 795400893313 | | | |
| Cube Greek Yogurt Apricots | 795400893337 | | | |
| Cube Greek Yogurt Blueberries | 795400893344 | | | |
| Cube Greek Yogurt Cranberries | 795400893351 | | | |
| Cube Greek Yogurt Strawberries | 795400893368 | | | |
| Cube Greek Yogurt Covered Cherries | 795400893375 | | | |
| Cube Mint Pearls Dark | 795400893382 | | | |
| Cube Fruit Filled Candy Shells | 795400893412 | | | |
| Cube Strawberry Delights | 795400893436 | | | |
| Cube Fruit Frenzy | 795400893474 | | | |
| Cube Ooh So Organic Sour Gummy Worms | 795400893566 | | | |
| Cube Ooh So Organic Sour Gummy Worms | 795400893566 | | | |
| Cube Gumball Peaches and Cream | 795400893573 | | | |
| Cube Outrageous Orange Gumballs | 795400893641 | | | |
| Cube All The Fish In The Sea | 795400893702 | | | |
| Cube Ice Cream Delights | 795400893719 | | | |
| Cube Dates | 795400893740 | | | |
| Cube Choc Rock N Roll | 795400893757 | | | |
| Cube Kettle Corn | 795400893801 | | | |
| Cube Assorted Chocolate Sunflower Seeds | 795400893818 | | | |

**Michael G. Kelber**
**Karin G. Pagnanelli**
July 20, 2018
Page 16



| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Ooh So Organic Peach Bellini | 795400893825 | | | |
| Cube Ooh So Organic Watermelon Martini | 795400893832 | | | |
| Cube Ooh So Organic Gummy Worms | 795400893849 | | | |
| Cube Ooh So Organic Sour Bear Cubs | 795400893863 | | | |
| Cube Ooh So Organic Fruity Vegan Bears | 795400893870 | | | |
| Cube Ooh So Organic Gummy Bear Cubs | 795400893887 | | | |
| Cube Chocolate Papa Bears | 795400893894 | | | |
| Cube Swedish Sweet Licorice | 795400893917 | | | |
| Cube Sweet and Salty Licorice | 795400893924 | | | |
| Cube Super Sour Wrenches | 795400893931 | | | |
| Cube Sugar Love | 795400893948 | | | |
| Cube Strawberry Fields Forever | 795400893962 | | | |
| Cube Ferrari Gummis | 795400893979 | | | |
| Cube Sour Watermelon | 795400893993 | | | |
| Cube Sour Peaches | 795400894037 | | | |
| Cube Razzberry Sour Pop | 795400894051 | | | |
| Cube Raspberry Pops | 795400894068 | | | |
| Cube Strawberry Licorice Clouds | 795400894082 | | | |
| Cube Peppermint Licorice Clouds | 795400894105 | | | |
| Cube One Eyed Monster | 795400894129 | | | |
| Cube Berry Blasts | 795400894181 | | | |
| Cube Sugar Free Assorted Hard Candy | 795400894242 | | | |
| Cube Assorted Bear Cubs | 795400894266 | | | |
| Cube Assorted Gummy Worms | 795400894273 | | | |
| Cube Black Cherry Gummy Bears | 795400894280 | | | |
| Cube Gummy Bear Cubs Apple | 795400894297 | | | |
| Cube Gummy Bear Cubs Orange | 795400894303 | | | |
| Cube Gummy Bear Cubs Pineapple | 795400894310 | | | |
| Cube Gummy Bear Cubs Grape | 795400894327 | | | |
| Cube Gummy Bear Cubs Red Raspberry | 795400894334 | | | |
| Cube Gummy Bear Cubs Mango | 795400894341 | | | |
| Cube Gummy Bear Cubs Peach | 795400894358 | | | |

Michael G. Kelber
Karin G. Pagnanelli
July 20, 2018
Page 17

| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Gummy Bear Cubs Strawberry | 795400894365 | | | |
| Cube Gummy Bear Cubs Watermelon | 795400894372 | | | |
| Cube Gummy Bear Cubs Banana | 795400894389 | | | |
| Cube Gummy Bear Cubs Blue Raspberry | 795400894396 | | | |
| Cube Gummy Bear Cubs Pink Grapefruit | 795400894402 | | | |
| Cube Jet Fighters (Gummy) | 795400894440 | | | |
| Cube Sour Gummy Worms | 795400894488 | | | |
| Cube Granny Smith Gummies (Apple Rings) | 795400894501 | | | |
| Cube Sweet Peach Rings | 795400894518 | | | |
| Cube Sugar Free Gummy Bear Cubs | 795400894549 | | | |
| Cube Sugar Free Gummy Worms | 795400894556 | | | |
| Cube Watermelon Gummy Rings | 795400894570 | | | |
| Cube Sugar Free Peach Gummy Rings | 795400894587 | | | |
| Cube Building Candy Blocks | 795400894822 | | | |
| Pete's Famous Sea Salt Caramel Large (1 pound) | 795400895195 | | | |
| Cube Dark Potato Chips | 795400895546 | | | |
| Cube Milk Potato Chips | 795400895553 | | | |
| Cube White Potato Chips | 795400895560 | | | |
| Cube PB Meltaways | 795400895607 | | | |
| Gift Cube Pete's Signature Peanut Butter Meltaways  Traditional Medium | 795400895614 | | | |
| Gift Cube Pete's Signature Peanut Butter Meltaways  Traditional Large | 795400895621 | | | |
| Peanut Butter Meltaways Dark Small Cube | 795400895638 | | | |
| Gift Cube Med Dark PB Meltaways | 795400895645 | | | |
| Gift Cube Pete's Signature Peanut Butter Meltaways  Dark Chocolate Large | 795400895652 | | | |
| Pete's Famous Sea Salt Caramel Medium (6.5 ounces) | 795400895669 | | | |

**troutman**
**sanders**

| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Sea Salt Caramel Popcorn Medium | 795400895676 | | | |
| Cube Saltwater Taffy | 795400895683 | | | |
| Cube Milk Non Pareils | 795400895713 | | | |
| Cube Dark Non Pareils | 795400895720 | | | |
| Cube White Non Pareils | 795400895737 | | | |
| Cube Gourmet Jelly Beans Assorted | 795400895751 | | | |
| Cube Classic Chocolate Almonds Dark Chocolate | 795400895768 | | | |
| Cube Gummy Bear Cubs Sour | 795400895904 | | | |
| Cube Rainbow Drops | 795400895911 | | | |
| Gift Large Sea Salt Caramel Popcorn | 795400896314 | | | |
| Cube Large Mixed Taffy | 795400896406 | | | |
| Cube Rum Cordials | 795400896420 | | | |
| Cube Italian Amaretto Cordials | 795400896437 | | | |
| Cube Irish Creme Cordial | 795400896444 | | | |
| Cube Blackberry Brandy Cordials | 795400896451 | | | |
| Cube Apricot Brandy Chocolate Cordials | 795400896468 | | | |
| Cube Peach Brandy Cordials | 795400896475 | | | |
| Cube Double Barrell Whiskey Cordials | 795400896482 | | | |
| Cube Sambuca Cordials | 795400896505 | | | |
| Cube Martini Olive Cordials | 795400896512 | | | |
| Cube Margarita Cordials | 795400896543 | | | |
| Cube Tequila Cordials | 795400896567 | | | |
| Cube Creme Brulee Cordials | 795400896581 | | | |
| Cube Tiramisu Cordial | 795400896598 | | | |
| Cube Classic Sugar Cookies | 795400896666 | | | |
| Cube Malt Balls Ice Cream Sundae | 795400896680 | | | |
| Cube Cookies and Cream Malt Balls | 795400896697 | | | |
| Cube Malt Balls Mint Cookies | 795400896710 | | | |
| Cube Purple Jordan Almonds | 795400896741 | | | |
| Cube Creme De Menthe Cordials | 795400897199 | | | |
| Cube Grandma Bombs Southern Divinity | 795400897281 | | | |
| Cube Lemon Rhubarb Bars | 795400897489 | | | |
| Cube Malt Balls Color | 795400897502 | | | |

**Michael G. Kelber**
**Karin G. Pagnanelli**
July 20, 2018
Page 19

troutman
sanders

| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Fruit Marshmallow Gummy Clouds Strawberry | 795400897540 | | | |
| Cube Sour Watermelon Sour Straws | 795400897557 | | | |
| Cube Sweet Lips | 795400897656 | | | |
| Cube Lemon Meringue Pie Malt Balls | 795400897786 | | | |
| Cube Sweetheart Gummies | 795400897816 | | | |
| Cube Gourmet Jelly Beans Sour Mix | 795400897854 | | | |
| Pete's Famous Vegan Sea Salt Caramel Small 4 ounces | 795400897915 | | | |
| Cube Milk Natural Blueberries | 795400897953 | | | |
| Cube Dark Sugar Free Raisins | 795400897960 | | | |
| Cube Holland Mint | 795400897991 | | | |
| Cube Salty Licorice | 795400898004 | | | |
| Cube Licorice Laces Black | 795400898028 | | | |
| Cube Licorice Lace Rainbow | 795400898035 | | | |
| Cube Coffee Explosion | 795400898271 | | | |
| Cube French Mints | 795400898295 | | | |
| Cube Angel Mint | 795400898417 | | | |
| Cube Apple Taffy | 795400898424 | | | |
| Cube Banana Taffy SHIPPING | 795400898431 | | | |
| Cube Berry Poppins | 795400898448 | | | |
| Cube Choco Mints | 795400898509 | | | |
| Cube Natural Holland Mints | 795400898530 | | | |
| Cube Cola Cola Cola | 795400898561 | | | |
| Cube Flower Power | 795400898585 | | | |
| Cube Assorted Natural Jelly Beans | 795400898646 | | | |
| Cube Necco Wafers | 795400898653 | | | |
| Natural Jelly Beans Peach Pucker | 795400898677 | | | |
| Natural Jelly Beans Root Beer | 795400898684 | | | |
| Cube Key Lime Taffy | 795400898691 | | | |
| Cube Lemon Taffy SHIPPING | 795400898707 | | | |
| Natural Jelly Beans Blueberry | 795400898783 | | | |
| Cube Peanut Butter Bites | 795400899025 | | | |
| Cube Peppermint Pebbles | 795400899032 | | | |
| Cube Christmas Creams | 795400899056 | | | |
| Cube Holly Leaves and Berries | 795400899087 | | | |
| Cube Strawberry Cake | 795400899094 | | | |
| Cube White Malt Balls | 795400899100 | | | |

Michael G. Kelber
Karin G. Pagnanelli
July 20, 2018
Page 20



| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| Cube Strawberry Sour Straws | 795400899117 | | | |
| Cube Milk Cranberries | 795400899216 | | | |
| Cube Sparkling Champagne Cordial | 795400899261 | | | |
| Cube Sour Oranges | 795400899483 | | | |
| Cube Gourmet Jelly Beans Raspberry | 795408919374 | | | |
| Cube Triple Chocolate Toffee | 799665549879 | | | |
| Cube Blueberry Surprise | 799665549886 | | | |
| Cube Nut for Nuts | 799665549893 | | | |
| Base CYO Smiley Face (pressed Candy) | 10629217008929 | | | |
| Base CYO Gumballs Filled Nerds | 10629217030005 | | | |
| Base CYO Wicked Watermelon Gumball | 10629217040240 | | | |
| Base CYO Soda fountain Gumball | 10629217040561 | | | |
| Base CYO Nitwitz (mini Fruit Shapes) | 10629217042909 | | | |
| Base CYO Skulls Pressed Candy | 10629217042978 | | | |
| Base CYO Aquarium Pressed Candy | 10629217042985 | | | |
| Base CYO  Ice Cream Cones Pressed Candies | 10629217042992 | | | |
| Base CYO Funny Bones Dextrose Candy | 10629217043517 | | | |
| Base CYO Candy Galaxy | 10629217043548 | | | |
| Base CYO Hot Cinnamon Jawbreakers | 10629217047232 | | | |
| Base CYO Shiver Super Sour Coating Gumballs | 10629217047348 | | | |
| Base CYO Kicked Up Lemonade Gumballs | 10629217047423 | | | |
| Base CYO Bubble Brights Assorted Gumballs 1 | 10629217048901 | | | |
| Base CYO Blueberry Gumballs | 10629217056838 | | | |
| Base CYO Strawberry Shortcake Gumball | 10629217240015 | | | |
| CYO Cube 7.00 | | | | |
| Pete's Famous Vegan Sea Salt Caramel Large (1.2 pounds) | | | | |
| Bento Box 8 PIECE | | | | |
| 2 PIECE BENTO | | | | |

troutman
sanders

| Product Name | UPC | Vol. Units Sold | Revenue | COGs |
|---|---|---|---|---|
| 4 PIECE BENTO | | | | |
| Cube Strawberry Mini Hand Pulled Lollipops | | | | |
| Cube Watermelon taffy | | | | |
| Bento Box 9 pc Discount Empty | | | | |
| Base CYO Wrapped Peanut Butter Meltaway Dark  1 oz | | | | |
| Base CYO Wrapped Peanut Butter Meltaways | | | | |
| Base CYO Green Apple Gumball | | | | |
| Base CYO Jawbreakers Blots Multi 1 | | | | |
| Cube Peppermint Pebbles | | | | |
| Base CYO Root Beer Gumball | | | | |
| Cube Sugar Free Dark Chocolate Peanuts | | | | |
| Cube Wasabi Peas | | | | |

# EXHIBIT C

1  TROUTMAN SANDERS LLP
   Jennifer Trusso Salinas, Bar No. 198579
2  jennifer.salinas@troutman.com
   Jenny Kim, Bar No. 282562
3  jenny.kim@troutman.com
   5 Park Plaza, Suite 1400
4  Irvine, CA  92614-2545
   Telephone:   949.622.2700
5  Facsimile:   949.622.2739

6  Austin Padgett, CA Bar No. 296309
   austin.padgett@troutman.com
7  600 Peachtree Street NE, Suite 5200
   Atlanta, GA 30308-2231
8  Telephone: 404.885.3000
   Facsimile:  404.885.3900

9
   Attorneys for Plaintiff and Counterclaim Defendant,
10 SUGARFINA, INC.

11                   UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13

14

15 SUGARFINA, INC., a Delaware          Case No. 2:17-cv-4456 RSWL (JEMx)
   corporation,
16                                       Hon. Ronald S.W. Lew
                Plaintiff,
17                                       **PLAINTIFF SUGARFINA, INC.'S**
           v.                            **INTERROGATORIES TO SWEET**
18                                       **PETE'S, LLC**
   SWEET PETE'S, LLC, a Florida
19 limited liability company; MARCUS
   LEMONIS, an individual; ML
20 SWEETS, LLC, a Delaware limited
   liability company; PETER
21 BEHRINGER, an individual;
   ALLISON BEHRINGER, an
22 individual; ML BUENA PARK, LLC,
   a Delaware limited liability company;
23 and ML FOOD GROUP, LLC, a
   Delaware limited liability company,
24
                Defendants.
25

26 AND RELATED COUNTERCLAIM

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1         Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff

2    Sugarfina, Inc. ("Sugarfina") requests that Defendant Sweet Pete's, LLC ("Sweet

3    Pete's") answer the following Interrogatories separately and fully, in writing and

4    under oath in accordance with the definitions and instructions set forth herein,

5    within thirty (30) days from the date of service.

6    **DEFINITIONS**

7         Unless the context indicates otherwise, the following terms and phrases are

8    defined and used herein as follows:

9         1.     The terms "Sweet Pete's," "you," and "your" shall refer to Sweet

10   Pete's, LLC, a Florida limited liability company, its predecessors, successors,

11   subsidiaries, divisions, departments, affiliates, and any and all past or present

12   officers, directors, agents, employees, consultants, experts, attorneys, parents,

13   subsidiaries, and other persons appearing or purporting to act on its behalf.

14        2.     The term "Defendants" shall refer to the following entities and

15   individuals, both collectively and individually: Sweet Pete's, LLC, Marcus

16   Lemonis, ML Sweets, LLC, Peter Behringer, Allison Behringer, ML Buena Park,

17   LLC, dba Farrell's, and ML Food Group, LLC, their predecessors, successors,

18   subsidiaries, divisions, departments, affiliates, and any and all past or present

19   officers, directors, agents, employees, consultants, experts, attorneys, parents,

20   subsidiaries, and other persons appearing or purporting to act on behalf of

21   Defendants.

22        3.     The term "FAC" refers to the First Amended Complaint filed by

23   Sugarfina against Defendants at Docket No. 26 in this case (Case No. 2:17-cv-

24   04456-RSWL-JEM).

25        4.     The term "Answer" refers to the Answer filed by Sweet Pete's against

26   Sugarfina at Docket No. 40 in this case.

27        5.     The term "Counterclaim" refers to the Counterclaim filed by Sweet

28   Pete's against Sugarfina at Docket No. 40 in this case.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

6.      The term the "Asserted Marks" shall refer to the following registered and unregistered trademarks:

- SUGARFINA®;
- CUBA LIBRE®;
- PEACH BELLINI®;
- FRUTTINI;
- CANDY BENTO BOX®;
- CANDY CUBE™; and
- CANDY CONCIERGE.

7.      The term "Sugarfina Trade Dress" shall refer to the elements of Sugarfina's product packaging designs identified in paragraphs 48 and 50 of the FAC.

8.      The "'641 patent" and the "patent-in-suit" shall refer to U.S. Design Patent No. D755,641.

9.      The term "Asserted Copyrights" shall refer to U.S. Copyright Reg. Nos. VA0001963482 and VA0001963483.

10.     The term "Sugarfina Intellectual Property Rights" shall mean the Asserted Marks, the Sugarfina Trade Dress, the '641 patent, and the Asserted Copyrights, collectively.

11.     The term "Sweet Pete's Product Names" shall refer to Defendants' use of the names "Sugarfina," "Cuba Libre Cocktail," "Ooh So Organic Peach Bellini," "Passion Fruitini," "Candy Bento Box" or "Bento" box, "Candy Cube," and "Candy Concierge" as identified in paragraphs 34, 36, 38, 40, 42, 44, 46, and 57 of the FAC and Answer, Exhibit 9 of the FAC, and any word, name, symbol, or device (including any key words or metatags) incorporating, based on, or derived from those terms, in whole or in part, that Defendants have used or caused or authorized to be used from 2012 to the present in connection with the advertising, promotion, marketing, or sale of any goods or services.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

12.     The term the "Accused Products" shall mean any product identified in the FAC (including, without limitation, in Exhibit 9 of the FAC) as infringing Sugarfina's asserted trademarks, trade dress, patents, and copyrights, which Defendants made, used, sold, offered for sale, or imported from 2012 to the present. The term "Accused Products" includes products using the Sweet Pete's Product Names as defined above.

13.     The terms "person," "individual," and "entity" means any natural person, agent, licensee, firm, association, organization, partnership, business, trust, corporation, joint venture and all other forms of legal entities.

14.     The terms "infringe" and "infringement" shall mean any type of infringement, including literal infringement and infringement under the doctrine of equivalents, and direct, inducement, and contributory infringement.

15.     "Document" and "documents" shall have the broadest meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure and shall include, without limitation, all the writings, recordings, and photographs within the scope of Federal Rule of Evidence 1001. The terms "document" and "documents" include, but is not limited to, anything in which there is portrayed or contained, or from which can be retrieved, any facts, information, or data, including, without limitation: (i) all writings of every kind, including, but not limited to, letters, telegrams, memoranda, reports, studies, calendar and diary entries, pamphlets, notes, charts, drawings, graphs, tabulations, analyses, statistical or other informational accumulations, advertisements, portfolios, file folders or jackets, folder covers, and any kind of records of meetings and conversations (also including, without limitation, audio recordings), (ii) photographs and film impressions, digital images captured in any media, moving pictures, (iii) all ESI as defined below, (iv) data accessible via the Internet (including, but not limited to, http, html, xml, java, or Adobe Flash web pages and/or web data), or stored on magnetic tapes or on any other data storage media, (v) sound or mechanical

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  reproductions or recordings, and (vi) copies of documents that are not identical to

2  the duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear

3  thereon or are attached thereto), whether or not the originals are in your possession,

4  custody, or control. A draft, alternate version, or non-identical copy, including any

5  copy on which any mark, alteration, writing, attachment, or any other change from

6  the original appears, is a separate document within the meaning of this term.

7       16.    "Electronically Stored Information" ("ESI") shall mean all data

8  recorded or stored on or in main frame computers, network file systems, servers

9  (including web servers), workstations, computer databases, personal computers

10  (whether or not connected to a network), laptop computers, telephones (including,

11  but not limited to, cell phones and smart phones), zip$^{TM}$ drives, flash memory

12  media, including, but not limited to, thumb drives, memory sticks, and flash

13  memory cards, external drives, removable drives, diskettes, optical media,

14  including, but not limited to, CDs, DVDs, and magneto-optical discs, personal

15  digital assistants ("PDAs," *e.g.*, Palm$^{TM}$, Blackberry$^{TM}$, and iPhone$^{TM}$ devices, and

16  the like), digital photographs, digital movies, videotapes, audio tapes, and similar

17  media. This includes, by way of example and not limitation, CAD, CAM, and

18  similar drawings, digital photographs and movies, electronic mail (also referred to

19  herein as "e-mail") (and attachments thereto), short message service ("SMS")

20  messages, multimedia messaging service ("MMS") messages (and attachments

21  thereto), metadata, object code, presentations, software, source code, spreadsheets,

22  voice mail, word processor files, Internet webpages, and other electronically stored

23  data compilations. All versions and drafts are to be produced as separate items.

24       17.    The term "thing" means any tangible thing or object other than a

25  document, whether or not it is privileged or within your possession, custody or

26  control.

27       18.    The term "communication" means any oral, written or electronically

28  recorded utterance, notation, or statement of any nature whatsoever, by and to

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  whomsoever made, including, without limitation, electronic mail, instant messages,

2  correspondence, conversations, telephone calls, dialogues, discussions, interviews,

3  consultations, agreements and any other understandings between or among two or

4  more persons or any document that recorded or reflected any such communication.

5      19.    The term "agreement" shall mean any contract, undertaking, promise,

6  covenant, arrangement, or understanding, or other agreement of whatever kind or

7  nature whatsoever, whether written or oral, including all supplements and additions,

8  changes, amendments, and modifications thereto, and all cancellations, revocations,

9  rescissions, and terminations thereof.

10      20.    "Concerning," "referring to," and "relating to" shall mean identifying,

11  referring to, concerning, evidencing, demonstrating, summarizing, reflecting,

12  constituting, containing, embodying, mentioning, pertaining to, commenting upon,

13  connected with, discussing, describing, analyzing, showing, comprising, or relating

14  to in any way relevant to a particular subject, in whole or in part, either directly or

15  indirectly.

16                          **INSTRUCTIONS**

17      A.    These Interrogatories call for all information that is known or available

18  to you, including all information in the possession of or available to your attorneys,

19  agents, or representatives, or any investigators or any other person acting on your

20  behalf, or under the direction or control of your attorneys, agents, or

21  representatives.

22      B.    These Interrogatories seek disclosure to the full extent of the Federal

23  Rules of Civil Procedure, and shall be interpreted as inclusive rather than exclusive.

24  your obligation to respond to these Interrogatories is continuing and the responses

25  to the following Interrogatories are to be supplemented no more than thirty (30)

26  days after you acquire such knowledge or information in accordance with the

27  requirements of Federal Rule of Civil Procedure 26(e).

28

SUGARFINA'S INTERROGATORIES TO SWEET PETE'S, LLC

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

C.      To the extent any definition or instruction herein conflicts with any other relevant definition or instruction, interpret the definition or instruction broadly, as necessary to bring within the scope of these Interrogatories any response that might otherwise be construed to be outside their scope.

D.      If any information, document or thing was, but no longer is, in your possession, custody, or control, state whether it has been lost, destroyed, transferred, or otherwise disposed of, and explain the circumstances surrounding the disposition of the information, document or thing including the date of the disposition.

E.      In the event that you claim that an Interrogatory is overbroad, vague, ambiguous or unduly burdensome, you shall respond to that portion of the Interrogatory that is not objectionable, and shall specifically state how the Interrogatory is overbroad, vague, ambiguous or unduly burdensome.

F.      When used in reference to a person, "identify" means to set forth that person's full name and, on the first occasion that such person is identified, the following information:

        a.      present or last known residence address and telephone number;

        b.      present or last known business address and telephone number;

        c.      present or last known employer;

        d.      present or last known job title; and

        e.      any other information reasonably necessary to permit efficient contact of the person.

G.      When used in reference to an entity, "identify" means to state the entity's:

        a.      full name or designation;

        b.      legal classification (e.g., corporation, partnership, etc.) giving the state of incorporation where appropriate;

        c.      principal place of business;

d.      current or last known address and telephone number; and

e.      any other information reasonably necessary to permit efficient contact of the organization.

H.      When used in reference to a document or written statement, "identify" means to state (i) the production number affixed to the document or written statement if such has been or is being produced in this litigation; or (ii), if the document or written statement will not be produced in this litigation:

a.      the date the document or writing was created;

b.      the name of the author;

c.      the addressee or recipient;

d.      a basic description of the nature of the document or writing, including, if applicable, the title; and

e.      the present location of the document or written statement.

I.      If you contend that any requested information is privileged or otherwise excludable from discovery, provide all responsive information that is not privileged, and identify the information, document, communication or thing with respect to which you claim a privilege, and state:

a.      the basis on which the privilege is claimed;

b.      the author or originator of the information, document, communication or thing;

c.      each individual or other person to whom the information, document, communication, copy thereof or thing was sent or otherwise disclosed;

d.      a summary of the subject matter of such information, document, communication, or thing in sufficient detail to permit the Court to reach a determination in the event of a motion under Federal Rule of Civil Procedure 37 and applicable local rules; and

e.      the date of the information, document, communication, or thing.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA'S INTERROGATORIES TO SWEET PETE'S, LLC

J.      The singular form of a noun or pronoun shall be construed to include within its meaning the plural form of noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

K.      "And" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed outside their scope.

L.      If any of your contentions are based "on information and belief," indicate whether each is based on information, belief, or both, and describe in detail what information and beliefs are relied upon, and how and when any such information was obtained.

M.      In all cases where you opt to specify documents under Federal Rule of Civil Procedure 33(d), you may supply fully legible copies of such documents and set forth the basis for your contention that the burden of ascertaining the answer to the Interrogatory is substantially the same for Sugarfina as it is for you. This permission, however, shall in no way prejudice Sugarfina's right to require production of the document, communication, or thing pursuant to Federal Rule of Civil Procedure 34.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

If you dispute that you infringe or have infringed any of the Sugarfina Intellectual Property Rights, set forth in specific detail the complete basis for your contention, including an identification of (a) each fact, opinion, argument, inference, and document that supports your contention and (b) each person with firsthand knowledge or possession of each such fact, opinion, or document.

**INTERROGATORY NO. 2:**

Identify all goods and services offered for sale, sold, provided or intended to be offered for sale, sold, or provided by or for you in the United States using any of the Sweet Pete's Product Names, including but not limited to product prototypes, discontinued products lines, limited edition versions of the Accused Products, and special promotions incorporating the Sweet Pete's Product Names.

**INTERROGATORY NO. 3:**

Describe in detail the facts and circumstances surrounding the conception, creation, design, development, production or use of the Accused Products, including the design of the packaging of the Accused Products, the selection of the names for each Accused Product, alternative designs and names considered for each Accused Product, and identifying all persons who were or are, responsible for or participating in, the conception, creation, design, development, selection, production or use of the Accused Products.

**INTERROGATORY NO. 4:**

Identify any searches relating to the Sugarfina Intellectual Property Rights, third party intellectual property rights, or other due diligence conducted in connection with the Accused Products, including by identifying the persons involved in the review of any such search, investigation, or other inquiry.

**INTERROGATORY NO. 5:**

Describe in detail the circumstances under which you first became aware of Sugarfina, including by identifying each document that relates to or supports your answer to this Interrogatory and each person who has knowledge of any facts asserted by your answer, and setting forth with specificity the steps that you took to investigate and respond to this Interrogatory, including the specific people and other sources from whom/which responsive information was sought or identified.

**INTERROGATORY NO. 6:**

Describe in detail the circumstances under which you first became aware of

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  any of the Sugarfina Intellectual Property Rights, including by identifying each

2  document that relates to or supports your answer to this Interrogatory and each

3  person who has knowledge of any facts asserted by your answer, and setting forth

4  with specificity the steps that you took to investigate and respond to this

5  Interrogatory, including the specific people and other sources from whom/which

6  responsive information was sought or identified.

7  **INTERROGATORY NO. 7:**

8      Identify all Sugarfina products you have purchased, the date of the purchase,

9  and the purpose for your purchase.

10  **INTERROGATORY NO. 8:**

11      Identify all dates in which you visited the website www.sugarfina.com,

12  including the date of your first visit, how you found or navigated to the website

13  (e.g., via search terms, links, etc.), and the purpose of your viewing the website.

14  **INTERROGATORY NO. 9:**

15      Describe your advertisements, promotional materials, and marketing

16  materials (including mail and email marketing, search engine advertisements,

17  website storefronts, and television programs) including by identifying specific

18  media (Google.com, Amazon.com, CNBC television, and attendance at corporate

19  events) in which you have displayed, sold, or offered for sale any of the Accused

20  Products.

21  **INTERROGATORY NO. 10:**

22      Describe all channels of trade in the United States through which you have

23  offered for sale, sold, or provided or intend to offer for sale, sell, or provide the

24  Accused Products.

25  **INTERROGATORY NO. 11:**

26      Identify all surveys conducted by you or on your behalf concerning any of

27  the Accused Products by date, title, the entity conducting the survey, and the person

28  requesting the survey.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**INTERROGATORY NO. 12:**

Identify all surveys conducted by you or on your behalf concerning the market for the Accused Products, including targeted customers, by date, title, the entity conducting the survey, and the person requesting the survey.

**INTERROGATORY NO. 13:**

Identify all agreements concerning any of the Accused Products by date, the parties to the agreement, and the subject matter of the agreement including any agreements that relate to the conception, design, development, manufacturing, sale or promotion of the Accused Products.

**INTERROGATORY NO. 14:**

Describe in detail any communications, including communications via social media, between you and any third party (including Defendants' customers and potential customers) concerning Sugarfina or Sugarfina's Intellectual Property Rights, and any actions taken by you as a result of such communications.

**INTERROGATORY NO. 15:**

Describe each and every instance of which you are aware in which any person has been in any way confused, mistaken, or deceived as to the origin or sponsorship of any of the Accused Products, including but not limited to identifying each and every circumstance where the Accused Products were confused or associated with Sugarfina's goods or services.

**INTERROGATORY NO. 16:**

Identify the number of the Accused Products sold or offered for sale, the number of customers or potential customers targeted, and an analysis of the revenue, sales, and costs relating to the Accused Products on a monthly, quarterly, and annual basis.

**INTERROGATORY NO. 17:**

Identify the number of your products sold or offered for sale, the number of customers or potential customers targeted, and an analysis of the revenue, sales, and

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

SUGARFINA'S INTERROGATORIES TO SWEET PETE'S, LLC

1    costs relating to your products on a monthly, quarterly, and annual basis, from 2010

2    to the present.

3    **INTERROGATORY NO. 18:**

4         Identify any third party that provides any portion of the Accused Products or

5    are involved in creating, designing, or producing any of the Accused Products; the

6    nature of any such portion or involvement of the third party; and all contracts,

7    statements of work, specifications, communications and the primary points of

8    contact (at both your office and the third party) related to each third-party

9    relationship.

10   **INTERROGATORY NO. 19:**

11        Identify all persons that furnished information for the response to these

12   Interrogatories, designating the number of each Interrogatory for which such

13   persons furnished information.

14   **INTERROGATORY NO. 20:**

15        Describe in detail the basis for which you asserted on Facebook that

16   Sugarfina had a "habit" of suing others, as set forth in paragraph 77 of the FAC,

17   including what factual investigations you made before making these claims.

18   **INTERROGATORY NO. 21:**

19        Describe in detail the circumstances in which you purchased the Google

20   Adword "Sugarfina," including by identifying all geographic regions in the United

21   States in which you purchased the "Sugarfina" AdWord, what information you

22   relied on regarding Sugarfina's market in those geographic regions, and the persons

23   involved in the process of determining whether to purchase the "Sugarfina"

24   AdWord in those geographic regions.

25

26

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA'S INTERROGATORIES TO SWEET PETE'S, LLC

1  Dated:  November 16, 2017

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

TROUTMAN SANDERS LLP

By:  */s/ Jennifer Trusso Salinas*
Jennifer Trusso Salinas
Austin Padgett
Jenny Kim

Attorneys for Plaintiff
SUGARFINA, INC.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

33272249v3

- 14 -

# EXHIBIT D

1  TROUTMAN SANDERS LLP
   Jennifer Trusso Salinas, Bar No. 198579
2  jennifer.salinas@troutman.com
   Jenny Kim, Bar No. 282562
3  jenny.kim@troutman.com
   5 Park Plaza, Suite 1400
4  Irvine, CA  92614-2545
   Telephone:  949.622.2700
5  Facsimile:  949.622.2739

6  Austin Padgett, CA Bar No. 296309
   austin.padgett@troutman.com
7  600 Peachtree Street NE, Suite 5200
   Atlanta, GA 30308-2231
8  Telephone: 404.885.3000
   Facsimile: 404.885.3900
9
   Attorneys for Plaintiff and Counterclaim Defendant,
10 SUGARFINA, INC.

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14
15 SUGARFINA, INC., a Delaware           Case No. 2:17-cv-4456 RSWL (JEMx)
   corporation,
                                         Hon. Ronald S.W. Lew
16              Plaintiff,
                                         **PLAINTIFF SUGARFINA, INC.'S**
17        v.                             **REQUEST FOR PRODUCTION OF**
                                         **DOCUMENTS TO SWEET PETE'S,**
18 SWEET PETE'S, LLC, a Florida          **LLC**
   limited liability company; MARCUS
19 LEMONIS, an individual; ML
   SWEETS, LLC, a Delaware limited
20 liability company; PETER
   BEHRINGER, an individual;
21 ALLISON BEHRINGER, an
   individual; ML BUENA PARK, LLC,
22 a Delaware limited liability company;
   and ML FOOD GROUP, LLC, a
23 Delaware limited liability company,

24              Defendants.

25
   AND RELATED COUNTERCLAIM
26

27

28

   33274363v3                        - 1 -

   SUGARFINA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO SWEET PETE'S, LLC

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rules 34-1 to 34-3, Plaintiff Sugarfina, Inc. ("Sugarfina") requests that Defendant Sweet Pete's, LLC produces for inspection and copying the documents described herein. The requested documents shall be produced at the offices of Troutman Sanders LLP, 5 Park Plaza, Suite 1400, Irvine, CA 92614, within thirty (30) days after service of these Requests, or at such other time and place as may be agreed upon in advance by the parties through their counsel.

## **<u>DEFINITIONS</u>**

Unless the context indicates otherwise, the following terms and phrases are defined and used herein as follows:

1. The terms "Sweet Pete's," "you," and "your" shall refer to Sweet Pete's, LLC, a Florida limited liability company, its predecessors, successors, subsidiaries, divisions, departments, affiliates, and any and all past or present officers, directors, agents, employees, consultants, experts, attorneys, parents, subsidiaries, and other persons appearing or purporting to act on its behalf.

2. The term "Defendants" shall refer to the following entities and individuals, both collectively and individually: Sweet Pete's, LLC ("Sweet Pete's"), Marcus Lemonis, ML Sweets, LLC, Peter Behringer, Allison Behringer, ML Buena Park, LLC, dba Farrell's ("Farrell's"), and ML Food Group, LLC, their predecessors, successors, subsidiaries, divisions, departments, affiliates, and any and all past or present officers, directors, agents, employees, consultants, experts, attorneys, parents, subsidiaries, and other persons appearing or purporting to act on behalf of Defendants.

3. The term "FAC" refers to the operative First Amended Complaint filed by Sugarfina against Defendants at Docket No. 26 in this case (Case No. 2:17-cv-04456-RSWL-JEM).

4. The term "Answer" refers to the Answer filed by Sweet Pete's against Sugarfina at Docket No. 40 in this case.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

5.      The term "Counterclaim" refers to the Counterclaim filed by Sweet Pete's against Sugarfina at Docket No. 40 in this case.

6.      The term the "Asserted Marks" shall refer to the following registered and unregistered trademarks:

- SUGARFINA®;
- CUBA LIBRE®;
- PEACH BELLINI®;
- FRUTTINI;
- CANDY BENTO BOX®;
- CANDY CUBE™; and
- CANDY CONCIERGE.

7.      The term "Sugarfina Trade Dress" shall refer to the elements of Sugarfina's product packaging designs identified in paragraphs 48 and 50 of the FAC.

8.      The "'641 patent" and the "patent-in-suit" shall refer to U.S. Design Patent No. D755,641.

9.      The term "Asserted Copyrights" shall refer to U.S. Copyright Reg. Nos. VA0001963482 and VA0001963483.

10.      The term "Sugarfina Intellectual Property Rights" shall mean the Asserted Marks, the Sugarfina Trade Dress, the '641 patent, and the Asserted Copyrights, collectively.

11.      The term "Sweet Pete's Product Names" shall refer to Defendants' use of the names "Sugarfina," "Cuba Libre Cocktail," "Ooh So Organic Peach Bellini," "Passion Fruitini," "Candy Bento Box" or "Bento" box, "Candy Cube," and "Candy Concierge" as identified in paragraphs 34, 36, 38, 40, 42, 44, 46, and 57 of the FAC and Answer, Exhibit 9 of the FAC, and any word, name, symbol, or device (including any key words or metatags) incorporating, based on, or derived from those terms, in whole or in part, that Defendants have used or caused or authorized

1    to be used from 2012 to the present in connection with the advertising, promotion,

2    marketing, or sale of any goods or services.

3        12.    The term the "Accused Products" shall mean any product identified in

4    the FAC (including, without limitation, in Exhibit 9 of the FAC) as infringing

5    Sugarfina's asserted trademarks, trade dress, patents, and copyrights, which

6    Defendants made, used, sold, offered for sale, or imported from 2012 to the present.

7    The term "Accused Products" includes products using the Sweet Pete's Product

8    Names as defined above.

9        13.    The terms "person," "individual," and "entity" means any natural

10   person, agent, licensee, firm, association, organization, partnership, business, trust,

11   corporation, joint venture and all other forms of legal entities.

12       14.    The terms "infringe" and "infringement" shall mean any type of

13   infringement, including literal infringement and infringement under the doctrine of

14   equivalents, and direct, inducement, and contributory infringement.

15       15.    "Document" and "documents" shall have the broadest meaning

16   accorded by Rule 34(a) of the Federal Rules of Civil Procedure and shall include,

17   without limitation, all the writings, recordings, and photographs within the scope of

18   Federal Rule of Evidence 1001.  The terms "document" and "documents" include,

19   but is not limited to, anything in which there is portrayed or contained, or from

20   which can be retrieved, any facts, information, or data, including, without

21   limitation:  (i) all writings of every kind, including, but not limited to, letters,

22   telegrams, memoranda, reports, studies, calendar and diary entries, pamphlets,

23   notes, charts, drawings, graphs, tabulations, analyses, statistical or other

24   informational accumulations, advertisements, portfolios, file folders or jackets,

25   folder covers, and any kind of records of meetings and conversations (also

26   including, without limitation, audio recordings), (ii) photographs and film

27   impressions, digital images captured in any media, moving pictures, (iii) all ESI as

28   defined below, (iv) data accessible via the Internet (including, but not limited to,

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

SUGARFINA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO SWEET PETE'S, LLC

1  http, html, xml, java, or Adobe Flash web pages and/or web data), or stored on

2  magnetic tapes or on any other data storage media, (v) sound or mechanical

3  reproductions or recordings, and (vi) copies of documents that are not identical to

4  the duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear

5  thereon or are attached thereto), whether or not the originals are in your possession,

6  custody, or control.  A draft, alternate version, or non-identical copy, including any

7  copy on which any mark, alteration, writing, attachment, or any other change from

8  the original appears, is a separate document within the meaning of this term.

9      16.    "Electronically Stored Information" ("ESI") shall mean all data

10  recorded or stored on or in main frame computers, network file systems, servers

11  (including web servers), workstations, computer databases, personal computers

12  (whether or not connected to a network), laptop computers, telephones (including,

13  but not limited to, cell phones and smart phones), zip$^{TM}$ drives, flash memory

14  media, including, but not limited to, thumb drives, memory sticks, and flash

15  memory cards, external drives, removable drives, diskettes, optical media,

16  including, but not limited to, CDs, DVDs, and magneto-optical discs, personal

17  digital assistants ("PDAs," *e.g.*, Palm$^{TM}$, Blackberry$^{TM}$, and iPhone$^{TM}$ devices, and

18  the like), digital photographs, digital movies, videotapes, audio tapes, and similar

19  media. This includes, by way of example and not limitation, CAD, CAM, and

20  similar drawings, digital photographs and movies, electronic mail (also referred to

21  herein as "e-mail") (and attachments thereto), short message service ("SMS")

22  messages, multimedia messaging service ("MMS") messages (and attachments

23  thereto), metadata, object code, presentations, software, source code, spreadsheets,

24  voice mail, word processor files, Internet webpages, and other electronically stored

25  data compilations. All versions and drafts are to be produced as separate items.

26      17.    The term "thing" means any tangible thing or object other than a

27  document, whether or not it is privileged or within your possession, custody or

28  control.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO SWEET PETE'S, LLC

18.    The term "communication" means any oral, written or electronically recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, without limitation, electronic mail, instant messages, correspondence, conversations, telephone calls, dialogues, discussions, interviews, consultations, agreements and any other understandings between or among two or more persons or any document that recorded or reflected any such communication.

19.    The term "agreement" shall mean any contract, undertaking, promise, covenant, arrangement, or understanding, or other agreement of whatever kind or nature whatsoever, whether written or oral, including all supplements and additions, changes, amendments, and modifications thereto, and all cancellations, revocations, rescissions, and terminations thereof.

20.    "Concerning," "referring to," and "relating to" shall mean identifying, referring to, concerning, evidencing, demonstrating, summarizing, reflecting, constituting, containing, embodying, mentioning, pertaining to, commenting upon, connected with, discussing, describing, analyzing, showing, comprising, or relating to in any way relevant to a particular subject, in whole or in part, either directly or indirectly.

## **INSTRUCTIONS**

A.    These Requests seek disclosure to the full extent of the Federal Rules of Civil Procedure and shall be interpreted as inclusive rather than exclusive. Pursuant to Federal Rule of Civil Procedure 26(e) these Requests are continuing in nature. If, after producing the requested documents, you obtain or become aware of any further or different information, you are required to produce such additional documents.

B.    To the extent any definition or instruction herein conflicts with any other relevant definition or instruction, interpret the definition or instruction broadly, as necessary to bring within the scope of these Requests any documents, communications or things that might otherwise be construed to be outside their

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO SWEET PETE'S, LLC

scope.

C.    If you object to any Request, set forth the basis for the objection, and produce documents, communications and things in response to the Request to the extent that it is not objected to.

D.    If any requested document or thing was, but no longer is, in your possession, custody, or control, state whether it has been lost, destroyed, transferred, or otherwise disposed of, and explain the circumstances surrounding its loss, transfer, destruction or other type of disposition of the document or thing including the date or dates relevant to those circumstances.

E.    If you contend that any requested document or thing is privileged or otherwise excludable from discovery, provide all responsive material that is not privileged and, with respect to each responsive document or thing withheld or redacted, provide the following information:

a.    The nature of the document;

b.    The author, sender, and recipient of the original and each recipient of the copy and the names appearing on any circulation list associated with such document;

c.    The date of the document;

d.    A summary of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion under Federal Rule of Civil Procedure 37 and applicable local rules; and

e.    An indication of the basis for assertion of privilege or other immunity.

F.    In the event any request herein is objected to on grounds of lack of relevancy or over-breadth, you shall state the specific basis for the objection and shall respond to the request as narrowed to conform to you' objection.

G.    With regard to any physical item or other item of which a meaningful

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  copy cannot be made, and which you elect to make available for inspection in lieu

2  of producing the original, mark that item with a unique production number and state

3  in your response that the item is available for inspection.

4      H.    The singular form of a noun or pronoun shall be construed to include

5  within its meaning the plural form of noun or pronoun so used, and vice versa; the

6  use of the masculine form of a pronoun shall be considered to include also within

7  its meaning the feminine form of the pronoun so used, and vice versa; and the use

8  of any tense of any verb shall be considered to include within its meaning all other

9  tenses of the verb so used.

10     I.    "And" and "or" are terms of inclusion and not of exclusion and are to

11  be construed either disjunctively or conjunctively as necessary to bring within the

12  scope of these requests any documents or responses which might be otherwise

13  construed outside their scope.

14     J.    Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), all

15  documents and electronically stored information shall be numbered, with each page

16  bearing a unique production number and produced as TIFF images with OCR,

17  searchable metadata, and suitable files for loading the images onto standard

18  database programs such as Concordance and Relativity. All Microsoft Excel files

19  shall be produced in native format, rather than as TIFF images. Any document

20  produced in native format should contain a TIFF placeholder identifying the

21  production number of the document, and referencing that the file has been produced

22  in native. Sugarfina reserves the right to seek other documents in native format, as

23  necessary.

24          **REQUESTS FOR PRODUCTION**

25  **REQUEST FOR PRODUCTION NO. 1:**

26          All documents and things supporting or refuting any allegations in your

27  Answer in this action.

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO SWEET PETE'S, LLC

**REQUEST FOR PRODUCTION NO. 2:**

All documents and things evidencing or relating to your denial of any allegation in the FAC.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and things evidencing or relating to your allegations or defenses in the Answer.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things relied upon by you in drafting the Answer.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and things evidencing or relating to Sweet Pete's allegations in the Counterclaim.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and things relied upon by Sweet Pete's in drafting the Counterclaim.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning the facts alleged in the Counterclaim including but not limited to the circumstances surrounding Sweet Pete's discovery of the facts alleged in the Counterclaim.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to your refuting that Sugarfina's products are distinctive and nonfunctional, including but not limited to all documents concerning the response in paragraphs 6 to 10, 25 to 29, 50, and 76 of the Answer in which you "further deny that the design elements of Sugarfina's products and packaging asserted in the Amended Complaint are distinctive and nonfunctional."

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to whether or not ML Buena Park, LLC is a franchisor of Farrell's-branded restaurants, including but not limited to all documents concerning the response in paragraph 18 of the Answer in which you

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO SWEET PETE'S, LLC

"[d]enied that ML Buena Park, LLC is the 'franchisor of 'Farrell's-branded restaurants.'"

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning the members and managers of ML Food Group, LLC, including but not limited to all documents concerning your response in paragraph 19 of the Answer in which you deny that "ML Food Group, LLC is one of the managers of Farrell's (i.e., ML Buena Park, LLC d/b/a Farrell's)."

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning your purchase of the term Sugarfina as a Google AdWord, as admitted to in paragraphs 34 and 71 of the Answer.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to the term "candy bento box," including but not limited to your use of the term "candy bento box," your denial in paragraphs 41 and 42 of the Answer that "Plaintiff has any trademark rights in the term 'candy bento box,'" and in which "Defendant Sweet Pete's, LLC, admits that it has used the terms 'bento box' descriptively and/or generically."

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to the term "candy cube," including but not limited to your use of the term "candy cube," your response in paragraphs 43 and 44 of the Answer that you "used the terms 'candy cube' descriptively and/or generically," in which you deny that Plaintiff has any trademark rights in the terms 'candy cube' and that "Sweet Pete's began using the same mark on identical packaging in 2016."

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to the term "candy concierge," including but not limited to your use of the term "candy concierge," your response in paragraphs 45 and 46 of the Answer that "Defendant Sweet Pete's, LLC, admits that it has used the terms 'candy concierge' descriptively and/or generically," that you "deny that Plaintiff has any trademark rights in the terms 'candy concierge,'" and that

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

"Defendants began using the same mark on identical packaging in 2016."

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to any statements made by any Defendant regarding Sugarfina, including but not limited to all documents relating to Defendants' admission in paragraph 77 of the Answer that Marcus Lemonis and Sweet Pete's broadcasted on Facebook that Sugarfina has a "habit" of suing others.

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to Marcus Lemonis's and Sweet Pete's Facebook followers, including but not limited to all documents relating to your response in paragraph 156 of the Answer denying that the Facebook posts referred to as the "Defamatory Comments" "were disseminated and published to Mr. Lemonis's approximately 830,000 Facebook followers and Sweet Pete's approximately 46,500 Facebook followers."

**REQUEST FOR PRODUCTION NO. 17:**

All documents relating to your contention that Sugarfina's product packaging is not distinctive to Sugarfina and has not acquired secondary meaning as indicating Sugarfina as a source, including but not limited to all documents concerning your allegations in paragraph 7 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 18:**

All documents relating to your contention that use of a magnetic latch is functional for Sugarfina's products, is not distinctive to Sugarfina, and has not acquired secondary meaning as indicating Sugarfina as a source, including but not limited to all documents concerning the allegations in paragraph 8 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to your contention that "[t]he use of 'a rectangular product package with minimal lettering' is functional for Sugarfina's products, is not distinctive to Sugarfina, and has not acquired secondary meaning as indicating

Sugarfina as a source," including but not limited to all documents concerning your allegations in paragraph 9 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to your contention that "[t]he use of an 'inside bottom surface of the product package dominated by a series of cube wells or trays' is functional for Sugarfina's products, is not distinctive to Sugarfina, and has not acquired secondary meaning as indicating Sugarfina as a source," including but not limited to all documents relating to your allegations in paragraph 10 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 21:**

All documents relating to your contention that "[t]he use of a 'series of cube wells each being spaced from one another within the product package' is functional for Sugarfina's products, is not distinctive to Sugarfina, and has not acquired secondary meaning as indicating Sugarfina as a source," including but not limited to all documents relating to your allegations in paragraph 11 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 22:**

All documents relating to your contention that "[t]he use of a 'series of clear cubes containing candy product that each reside in a corresponding cube well and are immediately visible upon opening the box' is functional for Sugarfina's products, is not distinctive to Sugarfina, and has not acquired secondary meaning as indicating Sugarfina as a source," including but not limited to all documents relating to your allegations in paragraph 12 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to your contention that "[n]one of these alleged elements, nor the combination of these alleged elements, gives rise to valid or protectable trade dress rights," including but not limited to all documents relating to your allegations in paragraph 13 of the Counterclaim.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO SWEET PETE'S, LLC

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to your contention that "Sugarfina's alleged trademark[] CUBA LIBRE . . .[is] generic for the relevant goods and services, or [is] merely descriptive and lack secondary meaning," including but not limited to all documents relating to your allegations in paragraph 15 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to your contention that "Sugarfina's alleged trademark[] . . . PEACH BELLINI . . . [is] generic for the relevant goods and services, or [is] merely descriptive and lack secondary meaning," including but not limited to all documents relating to your allegations in paragraph 15 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 26:**

All documents relating to your contention that "Sugarfina's alleged trademark[] . . . FRUTTINI . . . [is] generic for the relevant goods and services, or [is] merely descriptive and lack secondary meaning," including but not limited to all documents relating to your allegations in paragraph 15 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 27:**

All documents relating to your contention that "Sugarfina's alleged trademark[] . . . CANDY BENTO BOX . . . [is] generic for the relevant goods and services, or [is] merely descriptive and lack secondary meaning," including but not limited to all documents relating to your allegations in paragraph 15 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating to your contention that "Sugarfina's alleged trademark[] . . . CANDY CONCIERGE [is] generic for the relevant goods and services, or are merely descriptive and lack secondary meaning," including but not limited to all documents relating to your allegations in paragraph 15 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 29:**

All documents relating to your contention that "Sugarfina's alleged trademark PEACH BELLINI describes an aspect of the goods for which Sugarfina uses the mark, namely the flavor of the candies," including but not limited to all documents relating to your allegations in paragraph 18 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to your contention that "Sugarfina's alleged mark [PEACH BELLINI] has not acquired secondary meaning as distinguishing Sugarfina as the source of such candies," including but not limited to all documents relating to your allegations in paragraph 19 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 31:**

All documents relating to your contention that "Sugarfina's alleged trademark[] CUBA LIBRE . . . [is] generic for the goods for which [it is] registered," including but not limited to all documents relating to your allegations in paragraph 22 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 32:**

All documents relating to your contention that "Sugarfina's alleged trademark[] . . . CANDY BENTO BOX [is] generic for the goods for which [it is] registered," including but not limited to all documents relating to your allegations in paragraph 22 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 33:**

All documents relating to your contention that "Sugarfina's copyright protection does not, as alleged, extend to 'the configuration of three-by-three cells or three cells of transparent cubes spaced apart and nestled fully within a rectangular box with high, straight walls; the use of a die-cut labels [sic] on the clear cubes within the outer box' because such elements do not constitute protectable expression and are entirely functional, and are not original to Sugarfina, and therefore the copyrights asserted by Sugarfina are invalid," including but not

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

1    limited to all documents relating to your allegations in paragraph 30 of the

2    Counterclaim.

3    **REQUEST FOR PRODUCTION NO. 34:**

4        All documents relating to your contention that "[w]ith respect to the 'specific

5    graphic elements designed by Sugarfina, such as the prints, patterns, and colors

6    imprinted on the boxes and labels,' Counterclaimants' products are not

7    substantially similar to Sugarfina's copyrighted designs as a matter of law,"

8    including but not limited to all documents relating to your allegations in paragraph

9    31 of the Counterclaim.

10   **REQUEST FOR PRODUCTION NO. 35:**

11       Documents showing your electronic data and document retention policies.

12   **REQUEST FOR PRODUCTION NO. 36:**

13       Documents sufficient to show the terms of any insurance coverage for this

14   lawsuit.

15   **REQUEST FOR PRODUCTION NO. 37:**

16       Documents sufficient to show the terms of any indemnification agreement for

17   this lawsuit.

18   **REQUEST FOR PRODUCTION NO. 38:**

19       All documents concerning your consideration, selection, conception,

20   creation, or adoption of any of the Sweet Pete's Product Names for use on or in

21   connection with any goods or services, including but not limited to all documents

22   related to alternative product names for each product.

23   **REQUEST FOR PRODUCTION NO. 39:**

24       Documents sufficient to show the conception, design, development,

25   implementation, testing, production or use of the Accused Products, including

26   documents relating to research, functional specifications, design specifications,

27   other specifications, or similar documents and any alternative designs considered or

28   being considered.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

33274363v3

- 15 -

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show who was responsible for the conception, design, development, implementation, testing, production or use of the Accused Products, including documents relating to those involved in the research, functional specifications, design specifications, other specifications, or similar documents and any alternative designs considered or being considered.

**REQUEST FOR PRODUCTION NO. 41:**

All documents relating to any known, planned, potential, or implemented design-around of the '641 patent.

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating to any known, planned, potential, or implemented design-around of the designer candy bento boxes embodied in the copyrighted work, Reg. No. VA0001963482.

**REQUEST FOR PRODUCTION NO. 43:**

All documents relating to any known, planned, potential, or implemented design-around of the designer candy bento boxes embodied in the copyrighted work, Reg. No. VA0001963483.

**REQUEST FOR PRODUCTION NO. 44:**

All documents relating to any known, planned, potential, or implemented design-around of Sugarfina's four-cell candy bento box, as shown in paragraph 75 of the FAC.

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to show the circumstances of your first use of any of the Sweet Pete's Product Names anywhere in the United States, including, but not limited to, the time, place, and manner of such use.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show the circumstances of your first sale or offer for sale of the Accused Products anywhere in the United States, including, but not

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    limited to, the time, place, and manner of such sale or offer for sale.

2    **REQUEST FOR PRODUCTION NO. 47:**

3        Documents sufficient to identify the geographic regions in the United States

4    in which you have or have caused to be advertised, promoted, marketed, displayed,

5    distributed, or sold, or plans or intends to advertise, promote, market, display

6    distribute, or sell, either directly or through others, any goods or services in

7    connection with any of the Sweet Pete's Product Names.

8    **REQUEST FOR PRODUCTION NO. 48:**

9        Documents sufficient to identify the geographic regions in the United States

10   in which you have or have caused to be advertised, promoted, marketed, displayed,

11   distributed, or sold, or plans or intends to advertise, promote, market, display

12   distribute, or sell, either directly or through others, any goods or services in

13   connection with any of the Accused Products.

14   **REQUEST FOR PRODUCTION NO. 49:**

15       Documents evidencing each type of advertisement and promotional material

16   (e.g., print, radio, television, brochures, catalogues, flyers, press releases, website

17   pages, website banners, social media, in-store displays, point-of-sale promotional

18   items) that has displayed or that will display any of the Accused Products, including

19   documents sufficient to show every manner of presentation of each of the Accused

20   Products in each type of advertisement or promotional material.

21   **REQUEST FOR PRODUCTION NO. 50:**

22       Representative samples of all instances, manners, and ways in which you

23   have offered or sold goods or services in connection with the Accused Products,

24   including, without limitation, images of products, packaging, labels, tags, wrappers,

25   containers, advertisements, promotional materials, internet websites, or brochures.

26   **REQUEST FOR PRODUCTION NO. 51:**

27       Documents sufficient to identify all goods and services sold or intended to be

28   sold by you in connection with any of the Accused Products.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to show any planned or future development of any goods or services in connection with any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to identify all channels of trade through which you advertise, promote, distribute, or sell, or plan to advertise, promote, distribute, or sell, directly or indirectly, any goods or services in connection with any of the Accused Products, including documents identifying the distributors, retail, or other business outlets that offer or will offer for sale your goods or services in connection with any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 54:**

All television, newspaper, magazine, newsletter, trade journal, website, and other media coverage concerning any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to identify any person actually or intended to be employed, retained, or engaged by you to advertise or promote any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to describe the actual and target purchasers of goods or services sold or planned or intended to be sold by you in connection with any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to identify any person to or with whom you market, sell, or distribute or intend to market, sell, or distribute any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to identify each price at which you have marketed or sold, or currently plan or intend to market or sell, any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 59:**

Documents sufficient to show any graphic, package, or other designers contacted or engaged by you with respect to the preparation of any materials bearing or otherwise using any of Accused Products, and all communications between you and each designer.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents concerning the Sugarfina Intellectual Property Rights, including, but not limited to, all documents reflecting communications about Sugarfina's use of the Sugarfina Intellectual Property Rights.

**REQUEST FOR PRODUCTION NO. 61:**

Copies of all trademark searches, trademark clearances, internet print-outs, and other inquiries conducted by or on behalf of you concerning the availability to use or register any of the Sweet Pete's Product Names, and all memos, correspondence, and other documents relating thereto.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and things constituting or relating to your conducting any searches or other due diligence in connection with the Accused Products, including without limitation all documents and things relating to the Sugarfina Intellectual Property Rights and third party intellectual property rights.

**REQUEST FOR PRODUCTION NO. 63:**

All documents concerning any opinion letter, analysis, or other communication concerning whether you have the freedom, right or ability to use or register any of the Sweet Pete's Product Names as a trademark, service mark, domain name, or other designation of origin, including the opinion document and documents sufficient to show the identity of the individual or entity that requested the opinion, when the opinion was requested, and who prepared the opinion.

**REQUEST FOR PRODUCTION NO. 64:**

All documents concerning any opinion letter, analysis, or other

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  communication regarding the validity or invalidity, enforceability or

2  unenforceability, scope, infringement or non-infringement, or claim interpretation

3  of the '641 patent, including the opinion document and documents sufficient to

4  show the identity of the individual or entity that requested the opinion, when the

5  opinion was requested, and who prepared the opinion.

6  **REQUEST FOR PRODUCTION NO. 65:**

7      All studies, surveys, investigations, research, development, analysis, or

8  opinions concerning any of the Sweet Pete's Product Names, including, but not

9  limited to, any such documents comparing any of the Sweet Pete's Product Names

10  to the Asserted Marks or concerning any similarity, actual confusion, or likelihood

11  of confusion between any of the Sweet Pete's Product Names and the Asserted

12  Marks.

13  **REQUEST FOR PRODUCTION NO. 66:**

14      All studies, surveys, investigations, research, development, analysis, or

15  opinions concerning any of the Accused Products, including, but not limited to, any

16  such documents comparing any of the Accused Products to the Sugarfina

17  Intellectual Property or concerning any similarity, actual confusion, or likelihood of

18  confusion between any of the Accused Products and the Sugarfina Intellectual

19  Property.

20  **REQUEST FOR PRODUCTION NO. 67:**

21      All market studies, marketing presentations, and any other document relating

22  to demand for the Accused Products.

23  **REQUEST FOR PRODUCTION NO. 68:**

24      Documents sufficient to show any lawsuit filed by any third party against you

25  claiming trademark infringement, trademark dilution, trade dress infringement,

26  unfair competition, or any violation of the Lanham Act.

27  **REQUEST FOR PRODUCTION NO. 69:**

28      All documents and things constituting or relating to any and all cease and

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

SUGARFINA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO SWEET PETE'S, LLC

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

desist letters, objections, protests, disputes, expressions of concern, controversies, claims, lawsuits, oppositions, cancellations or other legal actions involving the Sweet Pete's Product Names or variants thereof, whether sent, raised, threatened or instituted by or against you and the outcomes of those cease and desist letters, objections, disputes, lawsuits, oppositions, cancellations or other legal actions.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and things constituting or relating to the transfer, assignment, conveyance, or licensing of any of the Sweet Pete's Product Names.

**REQUEST FOR PRODUCTION NO. 71:**

All trademark or trade dress licensing agreements or agreements settling any dispute arising out of the Lanham Act, actual or potential, that you have entered into, including but not limited to agreements relating to the Accused Products, and all documents relating to such agreements.

**REQUEST FOR PRODUCTION NO. 72:**

All patent licensing agreements or agreements settling any patent dispute, actual or potential, that you have entered into, including but not limited to agreements relating to the Accused Products, and all documents relating to such agreements.

**REQUEST FOR PRODUCTION NO. 73:**

All copyright licensing agreements or agreements settling any copyright dispute, actual or potential, that you have entered into, including but not limited to agreements relating to the Accused Products, and all documents relating to such agreements.

**REQUEST FOR PRODUCTION NO. 74:**

All documents concerning any observations, perceptions, impressions, or inquiries as to whether Accused Products are produced by, sponsored, or endorsed by, or in any manner associated or affiliated with Sugarfina or any goods or services offered under the Asserted Marks.

**REQUEST FOR PRODUCTION NO. 75:**

All documents concerning any consumer, governmental, or other complaints or investigations concerning the Accused Products.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to show the monthly, quarterly, and annual volume of sales (in dollars and units) of all goods or services sold, directly or indirectly, by you in connection with any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 77:**

Documents sufficient to show projected sales of goods or services sold or intended to be sold, directly or indirectly, by you in connection with any of the Accused Products, including but not limited to documents sufficient to show the information on which such calculations are based.

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to show the calculation of the gross and net profits realized by you, directly or indirectly, from the sale of any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 79:**

Documents sufficient to show any costs or expenses incurred by you in connection with any of the Accused Products, including all documents on which you intend to rely to show your costs or expenses in this action.

**REQUEST FOR PRODUCTION NO. 80:**

Documents sufficient to show the monthly, quarterly, and annual volume of sales (in dollars and units) of all goods or services sold, directly or indirectly, by you from 2010 to the present, excluding the Accused Products.

**REQUEST FOR PRODUCTION NO. 81:**

Documents sufficient to show projected sales of goods or services sold or intended to be sold, directly or indirectly, by you from 2010 to the present, excluding the Accused Products, including but not limited to documents sufficient to show the information on which such calculations are based.

**REQUEST FOR PRODUCTION NO. 82:**

Documents sufficient to show the calculation of the gross and net profits realized by you, directly or indirectly, from 2010 to the present in connection with your goods and services, excluding the Accused Products.

**REQUEST FOR PRODUCTION NO. 83:**

Documents sufficient to show any costs or expenses incurred by you from 2010 to the present in connection with your goods and services, excluding the Accused Products.

**REQUEST FOR PRODUCTION NO. 84:**

Documents sufficient to identify any person used or intended to be used by you to manufacture or develop any goods, services, tags, labels, packaging, signs, or displays, or other materials, in connection with any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 85:**

All documents relating to, referring or referencing Sugarfina.

**REQUEST FOR PRODUCTION NO. 86:**

All documents relating to the relationship between the Defendants including but not limited to copies of all agreements between the Defendants.

**REQUEST FOR PRODUCTION NO. 87:**

All documents relating to Marcus Lemonis's relationship with Sweet Pete's, and his role including duties and responsibilities within Sweet Pete's.

**REQUEST FOR PRODUCTION NO. 88:**

All documents relating to Marcus Lemonis's relationship with ML Sweets, LLC, and his role including duties and responsibilities within ML Sweets, LLC.

**REQUEST FOR PRODUCTION NO. 89:**

All documents relating to Marcus Lemonis's relationship with Peter Behringer, including any duties and responsibilities to Peter Behringer, fiduciary or otherwise.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO SWEET PETE'S, LLC

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST FOR PRODUCTION NO. 90:**

All documents relating to Marcus Lemonis's relationship with Allison Behringer, including any duties and responsibilities to Allison Behringer, fiduciary or otherwise.

**REQUEST FOR PRODUCTION NO. 91:**

All documents relating to Marcus Lemonis's relationship with Farrell's, and his role including duties and responsibilities within Farrell's.

**REQUEST FOR PRODUCTION NO. 92:**

All documents relating to Marcus Lemonis's relationship with ML Food Group, LLC, and his role including duties and responsibilities within ML Food Group, LLC.

**REQUEST FOR PRODUCTION NO. 93:**

All documents relating to who is responsible for Marcus Lemonis' social media posts including Facebook, Twitter, Instagram, and other social media platforms.

**REQUEST FOR PRODUCTION NO. 94:**

All documents relating to who is responsible for Sweet Pete's social media posts including Facebook, Twitter, Instagram, and other social media platforms.

**REQUEST FOR PRODUCTION NO. 95:**

Copies of all agreements between you and any other person involving any of the Accused Products, or the manufacturing, advertising, promotion, marketing, distribution, or sale of any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 96:**

All documents concerning your registration, licensing, current or previous ownership, or transfer of any domain name that incorporates any of the Sweet Pete's Product Names, in whole or in part.

**REQUEST FOR PRODUCTION NO. 97:**

All documents concerning your purchasing of any Google AdWord that

1  incorporates any of the Sweet Pete's Product Names, in whole or in part.

2  **REQUEST FOR PRODUCTION NO. 98:**

3      All documents and things evidencing or relating to any websites that display

4  the Accused Products, including without limitation any past, historical, or archival

5  versions of such website(s).

6  **REQUEST FOR PRODUCTION NO. 99:**

7      All documents and things evidencing, relating to, or analyzing any visitors of

8  any websites that display the Accused Products.

9  **REQUEST FOR PRODUCTION NO. 100:**

10      All documents and things relating to any contention that you do not infringe

11  the '641 patent.

12  **REQUEST FOR PRODUCTION NO. 101:**

13      All documents and things relating to the level of ordinary skill in the art to

14  which the '641 patent pertains.

15  **REQUEST FOR PRODUCTION NO. 102:**

16      All documents and things relating to alleged prior art to the '641 patent.

17  **REQUEST FOR PRODUCTION NO. 103:**

18      All documents and things relating to Branden Stanley.

19  **REQUEST FOR PRODUCTION NO. 104:**

20      All documents and things relating to Mike Fleming.

21  **REQUEST FOR PRODUCTION NO. 105:**

22      All documents and things relating to Paul Kramer.

23  **REQUEST FOR PRODUCTION NO. 106:**

24      All documents and things relating to Shauna Fleming.

25  **REQUEST FOR PRODUCTION NO. 107:**

26      All documents not otherwise specified herein that relate to, bear upon, or

27  provide evidence concerning any of the allegations in the FAC.

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUGARFINA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO SWEET PETE'S, LLC

**REQUEST FOR PRODUCTION NO. 108:**

All documents that support or refute your first affirmative defense of trade dress invalidity asserted in this litigation, including, but not limited to, any documents that support or refute any factual allegations or legal theories or conclusions you have presented or relied on or intend to present or rely on in connection with such defense.

**REQUEST FOR PRODUCTION NO. 109:**

All documents that support or refute your second affirmative defense of trademark invalidity asserted in this litigation, including, but not limited to, any documents that support or refute any factual allegations or legal theories or conclusions you have presented or relied on or intend to present or rely on in connection with such defense.

**REQUEST FOR PRODUCTION NO. 110:**

All documents that support or refute your third affirmative defense of patent invalidity asserted in this litigation, including, but not limited to, any documents that support or refute any factual allegations or legal theories or conclusions you have presented or relied on or intend to present or rely on in connection with such defense.

**REQUEST FOR PRODUCTION NO. 111:**

All documents that support or refute your fourth affirmative defense asserted in this litigation that Sugarfina does not have protectable copyrights, including, but not limited to, any documents that support or refute any factual allegations or legal theories or conclusions you have presented or relied on or intend to present or rely on in connection with such defense.

**REQUEST FOR PRODUCTION NO. 112:**

All documents that support or refute your fifth affirmative defense asserted in this litigation that "The statement alleged to have been posted on the Facebook pages of Marcus Lemonis and Sweet Pete's, LLC expresses opinion, is protected

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

speech under the First Amendment to the Constitution and was made without malice," including, but not limited to, any documents that support or refute any factual allegations or legal theories or conclusions you have presented or relied on or intend to present or rely on in connection with such defense.

**REQUEST FOR PRODUCTION NO. 113:**

All documents that support or refute Sweet Pete's Counterclaim in this litigation, including, but not limited to, any documents that support or refute any factual allegations or legal theories or conclusions Sweet Pete's has presented or relied on or intend to present or rely on in connection with such Counterclaim.

**REQUEST FOR PRODUCTION NO. 114:**

All documents and things referred to, identified in, or used in the preparation of your responses to Sugarfina's Interrogatories.

Dated:  November 16, 2017

Respectfully submitted,

TROUTMAN SANDERS LLP

By: */s/ Jennifer Trusso Salinas*
Jennifer Trusso Salinas
Austin Padgett
Jenny Kim

Attorneys for Plaintiff
SUGARFINA, INC.

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

# EXHIBIT E



CONFIDENTIAL