TROUTMAN SANDERS LLP
Oscar Figueroa, Bar No. 313238
oscar.figueroa@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone: 949.622.2700
Facsimile:  949.622.2739

TROUTMAN SANDERS LLP
Michael D. Hobbs, Jr., admitted *pro hac vice*
michael.hobbs@troutman.com
John Bowler, admitted *pro hac vice*
john.bowler@troutman.com
Austin Padgett, CA Bar No. 296309
austin.padgett@troutman.com
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2231
Telephone: 404.885.3000
Facsimile:  404.885.3900

Attorneys for Plaintiff and Counter-Defendant
SUGARFINA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGARFINA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SWEET PETE'S, LLC, a Florida limited liability company; et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.  2:17-cv-4456 RSWL (JEMx)<br><br>Hon. Ronald S.W. Lew<br><br>**(PROPOSED) ORDER ENTERING JUDGMENT AND INJUNCTION** |

38107910

This matter comes before the Court on the parties' Proposed Order Entering Judgment and Injunction ("Proposed Order") disposing of this action. It appearing that the parties have reached a settlement of all matters in dispute in this action without trial, and that, as part of such settlement, the parties, through their counsel of record, consent and agree to the entry of this Proposed Order, which shall constitute a final judgment in this action.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. The Court has jurisdiction over the subject matter of the case and defendant Sweet Pete's LLC pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. §1338(a), 28 U.S.C. 1338(b), 28 U.S.C. § 1367, 35 U.S.C. § 271, 15 U.S.C. §§ 114 and 1125, 17 U.S.C. § 101, and its inherent equitable authority.

2. Venue as to this action and the Defendant in the Central District of California (Western Division – Los Angeles) is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1367(a).

3. On June 15, 2017, plaintiff Sugarfina, Inc. ("Sugarfina") filed its Complaint (Doc. No. 1) in this action alleging claims for federal trade dress infringement under 15 U.S.C. §1125(a), federal trademark infringement and federal unfair competition and false designation of origin (15 U.S.C. §§ 1115, 1125(a)), state unfair business practices (Cal. Bus. & Prof. Code § 17200, *et seq.*), federal copyright infringement (17 U.S.C. § 101, *et seq.*), design patent infringement (35 U.S.C. § 271(a)), trade liable, and civil conspiracy.

4. Defendant was served with the Summons and Complaint on June 22 and 23, 2017 (Doc. Nos. 8, 9, 11, 12), and on July 28, 2017, appeared through its counsel of record and filed a motion to dismiss the case. (Doc. No. 18).

5. On September 25, 2017, the Court entered an order (Doc. No. 25) granting in part and denying in part Defendant's motion to dismiss (Doc. No. 18).

6. On October 16, 2017, Sugarfina filed its First Amended Complaint (Doc. No. 26), as corrected (Doc. No. 38), which Defendant answered together with its defenses and declaratory judgment on October 30, 2017 (Doc. Nos. 37, 40).

7. The First Amended Complaint sets forth causes of action against Defendant for federal trade dress infringement under 15 U.S.C. §1125(a), federal trademark infringement and federal unfair competition and false designation of origin (15 U.S.C. §§ 1115, 1125(a)), state unfair business practices (Cal. Bus. & Prof. Code § 17200, *et seq.*), federal copyright infringement (17 U.S.C. § 101, *et seq.*), design patent infringement (35 U.S.C. § 271(a)), trade liable, and civil conspiracy.

8. Pursuant to a stipulation of the parties (Doc. No. 60), Sugarfina withdrew its claim of patent infringement of U.S. Design Patent No. D755,641 (Fifth Count of the First Amended Complaint) and that count was dismissed with prejudice. (Doc. No. 64). All other claims contained in Sugarfina's First Amended Complaint remain. *Id.*

9. On September 7, 2018, Sugarfina filed a motion for leave to file a Second Amended Complaint. (Doc. No. 80). The motion is fully-briefed (Doc. Nos. 80, 81, 82, and 83) and a ruling on that motion has been held in abeyance, initially pursuant to a stipulation of the parties (Doc. No. 86) and subsequently by further order of the Court. (Doc. No. 95)

10. Among the intellectual property that Sugarfina asserts in this action are the following trademarks used in connection with the sale and marketing of Sugarfina's products: SUGARFINA® (U.S. Reg. No. 4,677,276), CUBA LIBRE® (U.S. Reg. No. 4,943,322), PEACH BELLINI® (U.S. Reg. No. 4,981,752), FRUTTINI™, CANDY BENTO BOX® (U.S. Reg. 4,838,646), CANDY CUBE™, and CANDY CONCIERGE™.

11. Sugarfina also asserts trade dress rights with respect to the total image and overall appearance of its product packaging, including the size, shape, color, and color combinations, texture, graphics, and sales techniques, that include

individually and jointly the following elements:

    (a)    The combination of an individual clear cube with a label with a patterned band and shapes (namely, circles, diamonds, or hearts), and a tapered end-tab containing candy product as exemplified by the photos below; or





2014 VALENTINE'S DAY



    (b)    Product assortment packaging consisting of the following as exemplified by the photos below:

        (i)    a rectangular product package with minimal lettering;

        (ii)    the inside bottom surface of the product package dominated by a series of cube wells or trays; and

        (iii)    a series of clear cubes; or






(c) In-store arrangement of individual clear cubes on a "candy wall" comprised of multiple shelves bearing individual cubes arranged in repetitive and/or stacked patterns as exemplified by the picture below.



38107910

- 4 -

12. Sugarfina also owns all rights, title, and interest to copyrights registered with the United States Copyright Office, Reg. Nos. VA0001963482 and VA0001963483.

13. Sugarfina's asserted trademarks, trade dress, and copyrights as described in paragraphs 10-12 above are collectively referred to in this Stipulation of Judgment as the "SUGARFINA INTELLECTUAL PROPERTY."

14. Defendant acknowledges liability for infringement of the SUGARFINA INTELLECTUAL PROPERTY and admits the Court's jurisdiction, and the validity and Sugarfina's ownership of the SUGARFINA INTELLECTUAL PROPERTY, as set forth above.

15. The settlement of this dispute is fair, reasonable, and just.

16. The parties understand and agree that any violation of any term of this Order shall give rise to the available contempt remedies and penalties.

## ORDER

### I. PARTIES BOUND

**IT IS HEREBY ORDERED** that this Order shall apply to and be binding upon Sugarfina and Defendant and their successors. Unless by operation of law, no change or changes in the ownership or corporate status or other legal status of Defendant, including, but not limited to, any transfer of assets or of real or personal property, shall in any way alter Defendant's responsibilities under this Order, Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendant, and its officers, agents, servants, representatives, employees, attorneys, and all other persons or entities in active concert or participation with it, who receive actual notice of this Order by personal service or otherwise.

### II. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that, by consent of the parties, Sugarfina is awarded judgment against Defendant Sweet Pete's LLC in the principal amount of

1 United States Two Million Dollars (USD 2,000,000.00), plus interest at the legal
2 rate imposed on judgments after entry, the Court finding such sum to be reasonable
3 based on the facts presented in this action.

### III.  PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendant Sweet Pete's LLC and its officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with anyone described in Federal Rule of Civil Procedure 65 (d)(2)(A) or (B), whether acting directly or through any person or entity, are hereby ordered not to infringe the SUGARFINA INTELLECTUAL PROPERTY and is permanently enjoined and restrained from, or assisting others from infringing the following:

(1) Sugarfina's registered trademarks shown in U.S. Trademark Registrations Nos. 4,677,276 (SUGARFINA®), 4,943,322 (CUBA LIBRE®), 4,981,752 (PEACH BELLINI®), 4,838,646 (CANDY BENTO BOX®) in violation of 15 U.S.C. § 1114 by developing, manufacturing, importing and/or exporting, advertising, marketing, promoting, offering for sale, selling, or distributing products or services or product packaging that bear marks that are the same as or confusingly similar to Sugarfina's registered trademarks, and any product that is merely a colorable imitation thereof, including, but not limited to, "Candy Gift Box 8," "Candy Gift Box 4" (also referred to as Bento Box 4"), "Candy Gift Box 3," and "Candy Cube";

(2) Sugarfina's common law trademarks FRUTTINI™, CANDY CUBE™, and CANDY CONCIERGE™, in violation of 15 U.S.C. § 1125(a) by developing, manufacturing, importing and/or exporting, advertising, marketing, promoting, offer for sale, selling, or distributing products or services or product packaging that bear marks that are the same as or confusingly similar to Sugarfina's common law trademarks, and any product that is merely a colorable imitation thereof, including,

1  but not limited to "Candy Gift Box 8," "Candy Gift Box 4" (also referred to as
2  Bento Box 4"), "Candy Gift Box 3," and "Candy Cube";
3       (3)   Sugarfina's trade dress in violation of 15 U.S.C. § 1125(a) by
4  developing, manufacturing, importing and/or exporting, advertising, marketing,
5  promoting, offer for sale, selling, or distributing products or services that use trade
6  dress that is confusingly similar to Sugarfina's trade dress as set forth in Paragraph
7  11 above, and any product that is the same as , or merely a colorable imitation
8  thereof, including, but not limited to "Candy Gift Box 8," "Candy Gift Box 4" (also
9  referred to as Bento Box 4"), "Candy Gift Box 3," and "Candy Cube"; and
10       (4)   Sugarfina's copyrights shown in U.S. Copyright Registration Nos.
11 VA001963483 and VA0001963482 in violation of 17 U.S.C. § 101, *et seq.*, by
12 developing, manufacturing, importing and/or exporting, advertising, marketing,
13 promoting, creating, reproducing, offering for sale, selling, or distributing products
14 or services and product packaging consisting of or containing the same or strikingly
15 similar reproductions of the registered works, and any product that is merely a
16 colorable imitation thereof, including, but not limited to, "Candy Gift Box 8,"
17 "Candy Gift Box 4" (also referred to as Bento Box 4"), "Candy Gift Box 3," and
18 "Candy Cube".

## IV.  OTHER CONDUCT ORDERED

**IT IS FURTHER ORDERED** that Defendant shall:

21       (1)   Within fourteen (14) days of entry of this Order on the Court's docket,
22 deliver copies of this Order to all of its officers and directors, and to all agents,
23 managers and employees who have responsibility directly or indirectly for any
24 matters covered by this Order, and maintain a record of recipients to whom the
25 Order has been distributed; and
26       (2)   if, at any time, Defendant learns of any past or future violations of this
27 Order, Defendant shall, within seven (7) days after such knowledge is obtained or
28

sooner if feasible, take appropriate action to terminate or modify the activity so as to comply with this Order.

## V. WAIVERS AND RELEASES

**IT IS FURTHER ORDERED** that:

(1) Fed. R. Civ. P. 62 is and shall be waived and inapplicable to this Order, such that Sugarfina shall be entitled to immediately, among other things, record and enforce the terms hereof, subject to the terms of the separate Settlement Agreement.

(2) The parties waive and release: (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Order; and (b) any claim that a party may have against the other party, its employees, representatives, agents, or attorneys, or that relate to the matters alleged in the First Amended Complaint or stated herein, subject to the terms of the separate Settlement Agreement.

(3) This Order and the separate Settlement Agreement constitute a complete settlement and release by Sugarfina of all claims asserted, or that could have been asserted, in its First Amended Complaint and heretofore pending proposed Second Amended Complaint against Defendant, its employees, representatives, or agents, which are dismissed with prejudice, subject to any claim against Defendant arising out of any violation of this Order or the Settlement Agreement.

## VI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that:

(1) this Court shall retain jurisdiction of this matter for purpose of construction, modification, and enforcement of this Order and the separate Settlement Agreement reached by the parties, and making any further orders necessary or proper for the construction of this Order, the enforcement thereof, and the punishment of any violations thereof; and

(2) if at any future time Defendant is found to have violated this Order, Defendant shall be liable for all attorney's fees and costs reasonably incurred to enforce this Order or otherwise remedy such violation.

## VII. PUBLIC RECORD

**IT IS FURTHER ORDERED** that this Order shall be a matter of public record.

## VIII. COSTS AND ATTORNEY'S FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorney's fees incurred in connection with this action, except as provided herein with respect to any future violations by Defendant of this Order.

## IX. NOTICE OF ENTRY OF ORDER

**IT IS FURTHER ORDERED** that entry in the docket of this Order by the Clerk of Court shall constitute notice to Defendant of the terms and conditions of this Order, and that Defendant waives all rights to contest in any future proceeding whether Defendant was properly served with the Order.

## X. GOVERNING LAW

This Order shall be governed by the law of the State of California.

## XI. DEFENDANTS' REVIEW AND APPROVAL OF ORDER

Defendant acknowledges that they have thoroughly reviewed this Order with its attorneys, that it understands and agree to its terms, and that it agrees that the terms of this Order shall be entered as the Order of this Court.

**IT IS SO ORDERED.**

Dated: _____          _____
                               Honorable Ronald S.W. Lew
                               United States District Judge